## OPERATIONAL PROCEDURES FOR HARDSHIP WITHDRAWALS BY PHONE

- Payment needed to prevent eviction under the terms of a lease agreement or foreclosure on the mortgage of the participants primary residence.

  A Notice of Eviction or Foreclosure in writing from the landlord or mortgage holder, including the amount in arrears that must be paid in order to avoid eviction or foreclosure.

6. If the application and documentation meet the requirements, the Recordkeeper will process the transaction and the Trustee will mail the check directly to the participant's home.

7. If the application and documentation do not meet the requirements, the Recordkeeper will send a letter to the Participant indicating that the hardship request was rejected and the reason for rejection (i.e. no signature, improper documentation).

8. If the Recordkeeper is unsure whether the Participant's documentation meets the requirements, the Recordkeeper will forward the hardship request to the Company for direction (written approval or rejection).

LEHMAN BROTHERS HOLDINGS INC.

By: _____

Date: 1/22/2007

In order to properly exercise control over the assets in their accounts, participants and beneficiaries must be provided or have the opportunity to obtain sufficient investment information to make informed investment decisions. Reg. § 2550.404c-1(b)(2)(B). Accordingly, the Named Fiduciary and the Trustee, under the Direction of the Named Fiduciary, as applicable, each agree to provide or distribute, as the case may be, the information required for such purpose under such regulations, in the manner set forth below.

1. The Named Fiduciary will prepare or work with the Trustee to prepare, for either direct distribution through the Company or  distribution by the Trustee or both, the following:

    a. an explanation that the Plan is intended to constitute an ERISA section 404(c) plan and that fiduciaries may be relieved of liability for losses which are the direct and necessary result of investment directions given by the participant or beneficiary;

    b. Identification of any designated investment managers;

    c. An explanation of the circumstances under which Participants  may give investment instructions, including specified limitations, restrictions on transfers, and any restrictions on the exercise of voting, tender and similar rights relating to the Participant's interest in each designated investment alternative; provided, that the description of any such limitations or restrictions on transfer imposed by any Fidelity Mutual Fund, or by any Non-Fidelity Mutual Fund for which the Trustee or Recordkeeper agrees in an addendum to this Schedule N to provide the applicable information, shall be furnished by the Trustee;

    d. A description of any transaction fees and expenses that are charged to a Participant's  account (e.g., commissions, sales loads, deferred sales charges, redemption or exchange fees); provided, that the description of any such fees and expenses imposed by any Fidelity Mutual Fund, or by any Non-Fidelity Mutual Fund for which the Trustee or Recordkeeper agrees in an addendum to this Schedule N to provide the applicable information, shall be furnished by the Trustee;

    e. A description of the information available on request as (described under heading II below, and the name, address and phone number of the plan fiduciary (and the person[s] designated by the plan fiduciary to act on his behalf) responsible for providing requested information), provided that such name and address and phone

f.  number of the Trustee or any of its affiliates and persons designated to act their behalf shall be that furnished by the Trustee to the Company.

g.  A description of the investment alternatives available under the Plan and, for each such alternative, a general description of its investment objectives, risk and return characteristics, and information relating to the type and diversification of assets comprising the portfolio.

2. The Trustee or Recordkeeper shall distribute:

a.  In the case of an investment alternative subject to the disclosure requirements of the Securities Act of 1933, such as each Fidelity Mutual Fund and Non-Fidelity Mutual Fund, the most recent prospectus, which must be delivered immediately after the Participant's initial investment (if not previously supplied prior to the investment);

b.  Material provided to the Trustee by Company and drafted by the Company or the Named Fiduciary relating to the exercise of voting or tender rights, as outlined in Section 5(b) of the Agreement, passed through to Participants under the terms of the Plan.

FIRST AMENDMENT TO TRUST, RECORDKEEPING AND
ADMINISTRATIVE SERVICES AGREEMENT BETWEEN
FIDELITY MANAGEMENT TRUST COMPANY AND
LEHMAN BROTHERS HOLDINGS INC.

**THIS FIRST AMENDMENT**, dated and effective as of the 16th day of May, 2007, to the
Trust, Recordkeeping and Administrative Services Agreement, as restated as of January 1, 2006,
(the "Agreement") by and between Fidelity Management Trust Company (the "Trustee") and
Lehman Brothers Holdings Inc. (the "Company");

### WITNESSETH:

**WHEREAS**, the Trustee and the Company heretofore entered into the
Agreement, with regard to the Lehman Brothers Savings Plan (the "Plan"); and

**WHEREAS**, the Company has informed the Trustee that it requires prompt
notice of any errors made by Recordkeeper in administering the Plan; and

**WHEREAS**, the Trustee and the Company, at the direction of the Committee,
now desire to amend said Agreement as provided for in Section 14 thereof;

**NOW THEREFORE**, the Trustee and the Company hereby amend and restate in
it entirety Section 6(g) of the Agreement to read as follows, effective as of the date hereof:

> Errors. The Company shall promptly notify the Recordkeeper of
> any error discovered by the Company and furnish to the
> Recordkeeper all data in the Company's possession that is
> reasonably necessary to diagnose and correct such error. The
> Recordkeeper shall promptly notify the Company of any error
> discovered by the Recordkeeper, and shall furnish to the Company
> all data requested by the Company that is reasonably necessary to
> diagnose and correct such error. The Recordkeeper at its own
> expense shall correct processing errors caused by the Recordkeeper
> or errors which result from malfunction of its systems or error by
> its staff, or are otherwise caused by the acts or omissions of its
> officers, employees, contractors and agents, as soon as reasonably
> practicable after such errors are discovered by the Company or the
> Recordkeeper. The Recordkeeper at its own expense shall correct
> errors in its recordkeeping and administration of the Plan where
> such errors result from the clarification of existing law and
> regulations to the extent that the Company relied on the
> Recordkeeper's prior interpretation. The Recordkeeper shall
> attempt to correct errors resulting from the Company's error, errors
> by the Company's staff or otherwise caused by the acts of the

Company's officers, employees or agents, as soon as reasonably practicable after such errors are discovered by the Company or the Recordkeeper. The Company shall reimburse the Recordkeeper for the actual cost of such corrections.

IN WITNESS WHEREOF, the Trustee and the Company have caused this First Amendment to be executed by their duly authorized officers effective as of the day and year first above written, unless otherwise specified herein.

LEHMAN BROTHERS HOLDINGS INC.

FIDELITY MANAGEMENT TRUST COMPANY

By: _____ 5/22/07

Date

By: _____ 5/15/07

FMTC Authorized Signatory          Date

## SECOND AMENDMENT TO TRUST, RECORDKEEPING AND ADMINISTRATIVE SERVICES AGREEMENT BETWEEN FIDELITY MANAGEMENT TRUST COMPANY AND LEHMAN BROTHERS HOLDINGS INC.

**THIS SECOND AMENDMENT**, dated the 29th day of June, 2007, to the Trust, Recordkeeping and Administrative Services Agreement ("Trust Agreement"), restated effective as of January 1, 2006, (the "Agreement") by and between Fidelity Management Trust Company (the "Trustee") and Lehman Brothers Holdings Inc. (the "Company");

### WITNESSETH:

**WHEREAS,** the Trustee and the Company heretofore entered into the Trust Agreement, with regard to the Lehman Brothers Savings Plan (the "Plan"); and

**WHEREAS**, the Company, at the direction of the Committee, hereby directs the Trustee, in accordance with Section 8(c) titled, "Directions from the Named Fiduciary", of the Trust Agreement, as follows: (i) on June 29th, 2007, to liquidate all participant balances held in the LB 10 Uncommon Values Fund at its net asset value on such day, and to invest the proceeds in the Vanguard Institutional Index Fund at its net asset value on such day; and (ii) to redirect all participant contributions directed to the LB 10 Uncommon Values Fund after June 29, 2007, to be invested in the Vanguard Institutional Index Fund; and (iii) to permit no further investments in the LB 10 Uncommon Fund as an investment option for the Plan after June 29, 2007.  The parties hereto agree that the Trustee shall have no discretionary authority with respect to this sale and transfer directed by the Company, at the direction of the Committee. Any variation from the procedure described herein may be instituted only at the express written direction of the Company; and

**WHEREAS**, the Trustee and the Company, at the direction of the Committee, now desire to amend said Trust Agreement as provided for in Section 14 thereof;

**NOW THEREFORE**, the Trustee and the Company hereby amend the Trust Agreement as follows, effective as of the date hereof:

> (1)    Effective at the close of business (4:00 PM EST), on June 29, 2007, amending the "Investment Options" section of Schedule "C" to delete the following:
>
> - LB 10 Uncommon Values

1

*Confidential Information*

IN WITNESS WHEREOF, the Trustee and the Company have caused this Second Amendment to be executed by their duly authorized officers effective as of the day and year first above written, unless otherwise specified herein. By signing below, the undersigned represent that they are authorized to execute this document on behalf of the respective parties. Notwithstanding any contradictory provision of the Trust Agreement that this document amends, each party may rely without duty of inquiry on the foregoing representation.

**LEHMAN BROTHERS HOLDINGS INC.**

**FIDELITY MANAGEMENT TRUST COMPANY**

By: _____ 6/27/07
                                 Date

By: _____
    FMTC Authorized Signatory   Date

Lehman DC Trust
Restatement
Amend#2

2

*Confidential Information*

## THIRD AMENDMENT TO TRUST, RECORDKEEPING AND ADMINISTRATIVE SERVICES AGREEMENT BETWEEN FIDELITY MANAGEMENT TRUST COMPANY AND LEHMAN BROTHERS HOLDINGS INC.

**THIS THIRD AMENDMENT**, dated the 12th day of October, 2007, to the Trust, Recordkeeping and Administrative Services Agreement ("Trust Agreement"), restated effective as of January 1, 2006, (the "Agreement") by and between Fidelity Management Trust Company (the "Trustee") and Lehman Brothers Holdings Inc. (the "Company");

### WITNESSETH:

**WHEREAS,** the Trustee and the Company heretofore entered into the Trust Agreement, with regard to the Lehman Brothers Savings Plan (the "Plan"); and

**WHEREAS**, the Sponsor hereby directs the Trustee, in accordance with Section 8(c) titled, "Directions from Named Fiduciary" of the Trust Agreement, as follows: (i) on October 12, 2007, to liquidate all participant balances held in the Fidelity Equity-Income Fund at its net asset value on such day, and to invest the proceeds in the Neuberger Berman Partners Fund - Investor Class at its net asset value on such day; and (ii) to redirect all participant contributions directed to the Fidelity Equity-Income Fund after 4:00 PM EST on October 12, 2007 to be invested in the Neuberger Berman Partners Fund - Investor Class; and (iii) to permit no further investments in the Fidelity Equity-Income Fund as an investment option for the Plan after 4:00 PM EST on October 12, 2007. The parties hereto agree that the Trustee shall have no discretionary authority with respect to this sale and transfer directed by the Sponsor. Any variation from the procedure described herein may be instituted only at the express written direction of the Sponsor; and

**WHEREAS**, the Sponsor hereby directs the Trustee, in accordance with Section 8(c) titled, "Directions from Named Fiduciary" of the Trust Agreement, as follows: (i) on October 12, 2007, to liquidate all participant balances held in the Neuberger Berman Focus Fund - Investor Class at its net asset value on such day, and to invest the proceeds in the Neuberger Berman Partners Fund - Investor Class at its net asset value on such day; and (ii) to redirect all participant contributions directed to the Neuberger Berman Focus Fund - Investor Class after 4:00 PM EST on October 12, 2007 to be invested in the Neuberger Berman Partners Fund - Investor Class; and (iii) to permit no further investments in the Neuberger Berman Focus Fund - Investor Class as an investment option for the Plan after 4:00 PM EST on October 12, 2007. The parties hereto agree that the Trustee shall have no discretionary authority with respect to this sale and transfer directed by the Sponsor. Any variation from the procedure described herein may be instituted only at the express written direction of the Sponsor; and

**WHEREAS**, the Sponsor hereby directs the Trustee, in accordance with Section 8(c) titled, "Directions from Named Fiduciary" of the Trust Agreement, as follows: (i) on October 12, 2007, to liquidate all participant balances held in the Neuberger Berman Fasciano Fund - Investor Class at its net asset value on such day, and to invest the proceeds in the Century Small Cap Select Fund – Institutional Class at its net asset value on such day; and (ii) to redirect all participant contributions directed to the Neuberger Berman Fasciano Fund - Investor Class after 4:00 PM EST on October 12, 2007 to be invested in the Century Small Cap Select Fund - Institutional Class; and (iii) to permit no further investments in the Neuberger Berman Fasciano Fund - Investor Class as an investment option for the Plan after 4:00 PM

*Confidential Information*

EST on October 12, 2007. The parties hereto agree that the Trustee shall have no discretionary authority with respect to this sale and transfer directed by the Sponsor. Any variation from the procedure described herein may be instituted only at the express written direction of the Sponsor;

**WHEREAS**, the Trustee and the Company, at the direction of the Committee, now desire to amend said Trust Agreement as provided for in Section 14 thereof;

**NOW THEREFORE**, the Trustee and the Company hereby amend the Trust Agreement as follows, effective as of the date hereof:

(1)     Effective after the close of business (4:00 PM EST), on October 12, 2007, amending the "Investment Options" section of Schedule "C" to delete the following:

- Fidelity Equity-Income Fund

- Neuberger Berman Focus Fund – Investor Class

- Neuberger Berman Fasciano Fund – Investor Class

**IN WITNESS WHEREOF,** the Trustee and the Company have caused this Third Amendment to be executed by their duly authorized officers effective as of the day and year first above written, unless otherwise specified herein. By signing below, the undersigned represent that they are authorized to execute this document on behalf of the respective parties. Notwithstanding any contradictory provision of the Trust Agreement that this document amends, each party may rely without duty of inquiry on the foregoing representation.

**LEHMAN BROTHERS HOLDINGS INC.**

**FIDELITY MANAGEMENT TRUST COMPANY**

By: _____ 9/19/07
                          Date

By: _____
   FMTC Authorized Signatory     Date

*Confidential Information*

### FOURTH AMENDMENT TO TRUST, RECORDKEEPING AND ADMINISTRATIVE SERVICES AGREEMENT BETWEEN FIDELITY MANAGEMENT TRUST COMPANY AND LEHMAN BROTHERS HOLDINGS INC.

**THIS FOURTH AMENDMENT**, dated the twenty-fourth day of December, 2007, to the Trust, Recordkeeping and Administrative Services Agreement ("Trust Agreement"), restated effective as of January 1, 2006, (the "Agreement") by and between Fidelity Management Trust Company (the "Trustee") and Lehman Brothers Holdings Inc. (the "Company");

### WITNESSETH:

**WHEREAS**, the Trustee and the Company heretofore entered into the Trust Agreement, with regard to the Lehman Brothers Savings Plan (the "Plan"); and

**WHEREAS**, the Trustee and the Company, at the direction of the Committee, now desire to amend said Trust Agreement as provided for in Section 14 thereof;

**NOW THEREFORE**, the Trustee and the Company hereby amend the Trust Agreement as follows, effective as of the date hereof:

(1)    Effective December 24, 2007, amending the "Investment Options" section of Schedule "C" to add the following:

- Fidelity Freedom 2015 Fund®
- Fidelity Freedom 2025 Fund®
- Fidelity Freedom 2035 Fund®
- Fidelity Freedom 2045 Fund®
- Fidelity Freedom 2050 Fund®

(2)    Effective December 24, 2007, amending and restating the second paragraph of Schedule "C" to read as follows:

The Named Fiduciary hereby directs that for Plan assets allocated to a Participant's account under:

1. The last sentence of Section 5(c),
2. In the case of the termination or reallocation of an investment option, or
3. In the case of Plan assets described in Section 5(e)(vi)(B)(5)

the assets shall be invested in one of the Fidelity Freedom Funds, as determined according to a methodology developed by the Trustee and approved by the Named Fiduciary in writing. In the case of unallocated Plan assets, the Plan's default fund shall be the PRIMCO Stable Value Fund.

Confidential Information

On the effective date of this Amendment, in lieu of receiving a printed copy of the prospectus for each Fidelity Mutual Fund selected by the Named Fiduciary as a new Plan investment option or short-term investment fund, the Named Fiduciary hereby consents to receiving such documents electronically. Named Fiduciary shall access each prospectus on the internet after receiving notice from the Trustee that a current version is available online at a website maintained by the Trustee or its affiliate. The Trustee represents that on the effective date of this Amendment, a current version of each such prospectus is available at http://www.fidelity.com or such successor website as the Trustee may notify Named Fiduciary of in writing from time to time. Named Fiduciary represents that it has accessed/will access each such prospectus at http://www.fidelity.com or such successor website as the Trustee may notify Named Fiduciary of in writing from time to time as of the effective date of this Amendment.

IN WITNESS WHEREOF, the Trustee and the Company have caused this Fourth Amendment to be executed by their duly authorized officers effective as of the day and year first above written, unless otherwise specified herein. By signing below, the undersigned represent that they are authorized to execute this document on behalf of the respective parties. Notwithstanding any contradictory provision of the Trust Agreement that this document amends, each party may rely without duty of inquiry on the foregoing representation.

**LEHMAN BROTHERS HOLDINGS INC.**

By: _____  12/21/07

Authorized Signatory          Date

**FIDELITY MANAGEMENT TRUST COMPANY**

By: _____

Authorized Signatory          Date

Confidential Information

Form **5500**

Department of the Treasury
Internal Revenue Service

Department of Labor
Employee Benefits Security
Administration

Pension Benefit Guaranty Corporation

## Annual Return/Report of Employee Benefit Plan

This form is required to be filed under sections 104 and 4065 of the Employee
Retirement Income Security Act of 1974 (ERISA) and sections 6047(e),
6057(b), and 6058(a) of the Internal Revenue Code (the Code).

▶ Complete all entries in accordance with
the instructions to the Form 5500.

Official Use Only
OMB Nos. 1210 - 0110
1210 - 0089

**2006**

This Form is Open to
Public Inspection.

| Part I | Annual Report Identification Information |
|---|---|

For the calendar plan year 2006 or fiscal plan year beginning                    and ending

A  This return/report is for:  (1) ☐ a multiemployer plan;
(2) ☒ a single-employer plan (other than a
multiple-employer plan);

(3) ☐ a multiple-employer plan; or
(4) ☐ a DFE (specify) _____

B  This return/report is:  (1) ☐ the first return/report filed for the plan;
(2) ☐ an amended return/report;

(3) ☐ the final return/report filed for the plan;
(4) ☐ a short plan year return/report (less than 12 months).

C  If the plan is a collectively-bargained plan, check here ............................................... ▶ ☐

D  If filing under an extension of time or the DFVC program, check box and attach required information. (see instructions)........................ ▶ ☒

| Part II | Basic Plan Information -- enter all requested information. |
|---|---|

**1a** Name of plan

LEHMAN BROTHERS SAVINGS PLAN

**1b** Three-digit
plan number (PN) ▶          003

**1c** Effective date of plan (mo., day, yr.)
01/01/1984

**2a** Plan sponsor's name and address (employer, if for a single-employer plan)
(Address should include room or suite no.)

LEHMAN BROTHERS HOLDINGS INC.

1301 AVENUE OF THE AMERICAS, 6TH FL

NEW YORK                                    NY        10019-0000

**2b** Employer Identification Number (EIN)
13-3216325

**2c** Sponsor's telephone number
212-526-7000

**2d** Business code (see instructions)
523110

Caution: A penalty for the late or incomplete filing of this return/report will be assessed unless reasonable cause is established.

Under penalties of perjury and other penalties set forth in the instructions, I declare that I have examined this return/report, including accompanying schedules, statements and attachments, as well as the electronic version of this return/report if it is being filed electronically, and to the best of my knowledge and belief, it is true, correct and complete.

SIGN
HERE

Signature of plan administrator                    Date        10/15/2007        WENDY M. UVINO

Type or print name of individual signing as plan administrator

SIGN
HERE

Signature of employer/plan sponsor/DFE                    Date        Type or print name of individual signing as employer, plan sponsor or DFE

For Paperwork Reduction Act Notice and OMB Control Numbers, see the instructions for Form 5500.        v9.0        Form **5500** (2006)



0   2   0   6   1   2   0   1   0   C

Form 5500 (2006)                                                                 Page **2**

|  |  |
|---|---|
|  | Official Use Only |

**3a** Plan administrator's name and address (If same as plan sponsor, enter "Same")
EMPLOYEE BENEFIT PLANS COMMITTEE

**3b** Administrator's EIN
13-3216325

**3c** Administrator's telephone number
212-526-7000

1301 AVE OF THE AMERICAS, 6TH FLOOR

NEW YORK                                    NY        10019-0000

**4** If the name and/or EIN of the plan sponsor has changed since the last return/report filed for this plan, enter the name,
EIN and the plan number from the last return/report below:

**a** Sponsor's name

**b** EIN

**c** PN

**5** Preparer information (optional)    **a** Name (including firm name, if applicable) and address

**b** EIN

**c** Telephone number

| | | |
|---|---|---|
| **6** Total number of participants at the beginning of the plan year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **6** | 18949 |
| **7** Number of participants as of the end of the plan year (welfare plans complete only lines **7a**, **7b**, **7c**, and **7d**) | | |
| **a** Active participants. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **7a** | 18108 |
| **b** Retired or separated participants receiving benefits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **7b** | 0 |
| **c** Other retired or separated participants entitled to future benefits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **7c** | 6651 |
| **d** Subtotal. Add lines **7a**, **7b**, and **7c** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **7d** | 24759 |
| **e** Deceased participants whose beneficiaries are receiving or are entitled to receive benefits . . . . . . . . . . . . . . . . . . | **7e** | 46 |
| **f** Total. Add lines **7d** and **7e** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **7f** | 24805 |
| **g** Number of participants with account balances as of the end of the plan year (only defined contribution plans complete this item) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **7g** | 20319 |
| **h** Number of participants that terminated employment during the plan year with accrued benefits that were less than 100% vested. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **7h** | 488 |
| **i** If any participant(s) separated from service with a deferred vested benefit, enter the number of separated participants required to be reported on a Schedule SSA (Form 5500) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **7i** | 1438 |

**8** Benefits provided under the plan (complete **8a** and **8b**, as applicable)

**a** ☒ Pension benefits (check this box if the plan provides pension benefits and enter the applicable pension feature codes from the List of Plan
Characteristics Codes printed in the instructions):   `2E` `2F` `2G` `2J` `2K`

**b** ☐ Welfare benefits (check this box if the plan provides welfare benefits and enter the applicable welfare feature codes from the List of Plan
Characteristics Codes printed in the instructions):

**9a** Plan funding arrangement (check all that apply)
- (1) ☒ Insurance
- (2) ☐ Code section 412(i) insurance contracts
- (3) ☒ Trust
- (4) ☐ General assets of the sponsor

**9b** Plan benefit arrangement (check all that apply)
- (1) ☒ Insurance
- (2) ☐ Code section 412(i) insurance contracts
- (3) ☒ Trust
- (4) ☐ General assets of the sponsor

v9.0

0   2   0   6   1   2   0   2   0   D

Form 5500 (2006)                                                                    Page 3

Official Use Only

10    Schedules attached (Check all applicable boxes and, where indicated, enter the number attached. See instructions.)

a    **Pension Benefit Schedules**                          b    **Financial Schedules**

(1)  ☒    R    (Retirement Plan Information)                (1)  ☒       H    (Financial Information)

(2)  ☐    B    (Actuarial Information)                      (2)  ☐       I    (Financial Information -- Small Plan)

(3)  ☐    E    (ESOP Annual Information)                    (3)  ☒   2   A    (Insurance Information)

(4)  ☒    **SSA** (Separated Vested Participant Information)    (4)  ☒       C    (Service Provider Information)

                                                            (5)  ☐       D    (DFE/Participating Plan Information)

                                                            (6)  ☐       G    (Financial Transaction Schedules)

v9.1





0   2   0   6   1   2   0   3   0   E

## SCHEDULE A
### (Form 5500)

Department of the Treasury
Internal Revenue Service

Department of Labor
Employee Benefits Security Administration

Pension Benefit Guaranty Corporation

# Insurance Information

This schedule is required to be filed under section 104 of the
Employee Retirement Income Security Act of 1974.

▶ File as an attachment to Form 5500.

▶ Insurance companies are required to provide this information
pursuant to ERISA section 103(a)(2).

Official Use Only

OMB No. 1210-0110

## 2006

This Form is Open to
Public Inspection.

For calendar plan year 2006 or fiscal plan year beginning _____ , and ending _____

| A  Name of plan | B  Three-digit plan number  ▶ | 003 |
|---|---|---|
| LEHMAN BROTHERS SAVINGS PLAN | | |

| C  Plan sponsor's name as shown on line 2a of Form 5500 | D  Employer Identification Number |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC. | 13-3216325 |

**Part I**  Information Concerning Insurance Contract Coverage, Fees, and Commissions

Provide information for each contract on a separate Schedule A. Individual contracts grouped as a unit in Parts II and III can be reported on a single Schedule A.

1  Coverage:

(a)  Name of insurance carrier

ING LIFE INSURANCE AND ANNUITY CO.

| (b) EIN | (c) NAIC code | (d) Contract or identification number | (e) Approximate number of persons covered at end of policy or contract year | Policy or contract year | |
|---|---|---|---|---|---|
| | | | | (f) From | (g) To |
| 71-0294708 | 86509 | 60118 | 0 | 01/01/2006 | 12/31/2006 |

2  Insurance fees and commissions paid to agents, brokers and other persons. Enter the total fees and total commissions below and list agents, brokers and other persons individually in descending order of the amount paid in the items on the following page(s) in Part I.

| Totals | |
|---|---|
| Total amount of commissions paid | Total fees paid / amount |
| | |

For Paperwork Reduction Act Notice and OMB Control Numbers, see the instructions for Form 5500.     v9.0     Schedule A (Form 5500) 2006





0  6  0  6  1  2  0  1  0  G

Schedule A (Form 5500) 2006                                             Page **2**

Official Use Only

**(a)** Name and address of the agents, brokers or other
persons to whom commissions or fees were paid

| **(b)** Amount of commissions paid | Fees paid | | **(e)** Organization code |
| --- | --- | --- | --- |
| | **(c)** Amount | **(d)** Purpose | |
| | | | |

**(a)** Name and address of the agents, brokers or other
persons to whom commissions or fees were paid

| **(b)** Amount of commissions paid | Fees paid | | **(e)** Organization code |
| --- | --- | --- | --- |
| | **(c)** Amount | **(d)** Purpose | |
| | | | |

**(a)** Name and address of the agents, brokers or other
persons to whom commissions or fees were paid

| **(b)** Amount of commissions paid | Fees paid | | **(e)** Organization code |
| --- | --- | --- | --- |
| | **(c)** Amount | **(d)** Purpose | |
| | | | |

v9.0





Schedule A (Form 5500) 2006            Page **3**

Official Use Only

| **Part II** | **Investment and Annuity Contract Information** |
| --- | --- |

Where individual contracts are provided, the entire group of such individual contracts with each carrier may be treated as a unit for purposes of this report.

| | | |
| --- | --- | --- |
| 3 | Current value of plan's interest under this contract in the general account at year end . . . . . . . . . . . . . . . . . . . . . . . . . | |
| 4 | Current value of plan's interest under this contract in separate accounts at year end . . . . . . . . . . . . . . . . . . . . . . . | |
| 5 | Contracts With Allocated Funds | |
| a | State the basis of premium rates ▶ | |
| b | Premiums paid to carrier . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| c | Premiums due but unpaid at the end of the year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| d | If the carrier, service, or other organization incurred any specific costs in connection with the acquisition or retention of the contract or policy, enter amount . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| | Specify nature of costs ▶ | |
| e | Type of contract   (1) ☐ individual policies     (2) ☐ group deferred annuity | |
| | (3) ☐ other (specify) ▶ | |
| f | If contract purchased, in whole or in part, to distribute benefits from a terminating plan check here . . . . . . . . . ▶ ☐ | |
| 6 | Contracts With Unallocated Funds (Do not include portions of these contracts maintained in separate accounts) | |
| a | Type of contract   (1) ☐ deposit administration            (2) ☐ immediate participation guarantee | |
| | (3) ☒ guaranteed investment            (4) ☐ other (specify below) ▶ | |
| b | Balance at the end of the previous year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 22965472 |
| c | Additions: (1) Contributions deposited during the year . . . . . . . . . . . . . . . . . . . . . . 4000000 | |
| | (2) Dividends and credits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| | (3) Interest credited during the year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1118070 | |
| | (4) Transferred from separate account . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| | (5) Other (specify below) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| | ▶ | |
| | (6) Total additions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 5118070 |
| d | Total of balance and additions (add **b** and **c**(6)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 28083542 |
| e | Deductions: | |
| | (1) Disbursed from fund to pay benefits or purchase annuities during year . . . . . | |
| | (2) Administration charge made by carrier . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| | (3) Transferred to separate account . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| | (4) Other (specify below) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2000000 | |
| | ▶ WITHDRAWAL | |
| | (5) Total deductions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2000000 |
| f | Balance at the end of the current year (subtract **e**(5) from **d**) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 26083542 |

v9.0





Schedule A (Form 5500) 2006

Page **4**

Official Use Only

| **Part III** | **Welfare Benefit Contract Information** |

If more than one contract covers the same group of employees of the same employer(s) or members of the same employee organization(s), the information may be combined for reporting purposes if such contracts are experience–rated as a unit. Where individual contracts are provided, the entire group of such individual contracts with each carrier may be treated as a unit for purposes on this report.

**7**  Benefit and contract type (check all applicable boxes)

| | | | | |
|---|---|---|---|---|
| a ☐ Health (other than dental or vision) | b ☐ Dental | c ☐ Vision | d ☐ Life Insurance | |
| e ☐ Temporary disability (accident and sickness) | f ☐ Long-term disability | g ☐ Supplemental unemployment | h ☐ Prescription drug | |
| i ☐ Stop loss (large deductible) | j ☐ HMO contract | k ☐ PPO contract | l ☐ Indemnity contract | |
| m ☐ Other (specify) ▶ | | | | |

**8**  Experience–rated contracts

**a**  Premiums: (1) Amount received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(2)  Increase (decrease) in amount due but unpaid . . . . . . . . . . . . . . . . . . . . . . .

(3)  Increase (decrease) in unearned premium reserve. . . . . . . . . . . . . . . . . . . . . .

(4)  Earned ((1) + (2) – (3)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  0

**b**  Benefit charges: (1) Claims paid. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(2)  Increase (decrease) in claim reserves. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(3)  Incurred claims (add (1) and (2)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  0

(4)  Claims charged. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**c**  Remainder of premium: (1) Retention charges (on an accrual basis) ––

(A)  Commissions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(B)  Administrative service or other fees. . . . . . . . . . . . . . . . . . . . . . . . . . . .

(C)  Other specific acquisition costs. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(D)  Other expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(E)  Taxes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(F)  Charges for risks or other contingencies. . . . . . . . . . . . . . . . . . . . . . . . .

(G)  Other retention charges . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(H)  Total retention. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  0

(2)  Dividends or retroactive rate refunds. (These amounts were ☐ paid in cash, or ☐ credited.) . . . . . . . . . . .

**d**  Status of policyholder reserves at end of year: (1) Amount held to provide benefits after retirement . . . . . . . . . . .

(2)  Claim reserves . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(3)  Other reserves . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**e**  Dividends or retroactive rate refunds due. (Do not include amount entered in c(2).) . . . . . . . . . . . . . . . . . . . . . . . . .

**9**  Nonexperience–rated contracts:

**a**  Total premiums or subscription charges paid to carrier . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**b**  If the carrier, service, or other organization incurred any specific costs in connection with the acquisition

or retention of the contract or policy, other than reported in Part I, item 2 above, report amount . . . . . . . . . . . . . . .

Specify nature of costs ▶

v9.0





0   6   0   6   1   2   0   4   0   J

## SCHEDULE A
(Form 5500)

Department of the Treasury
Internal Revenue Service

Department of Labor
Employee Benefits Security Administration

Pension Benefit Guaranty Corporation

# Insurance Information

This schedule is required to be filed under section 104 of the
Employee Retirement Income Security Act of 1974.

▶ File as an attachment to Form 5500.

▶ Insurance companies are required to provide this information
pursuant to ERISA section 103(a)(2).

Official Use Only

OMB No. 1210–0110

## 2006

This Form is Open to
Public Inspection.

For calendar plan year 2006 or fiscal plan year beginning ___ and ending ___

**A** Name of plan
LEHMAN BROTHERS SAVINGS PLAN

**B** Three–digit
plan number ▶ 003

**C** Plan sponsor's name as shown on line 2a of Form 5500
LEHMAN BROTHERS HOLDINGS INC.

**D** Employer Identification Number
13-3216325

### Part I — Information Concerning Insurance Contract Coverage, Fees, and Commissions

Provide information for each contract on a separate Schedule A. Individual contracts grouped as a unit in Parts II and III can be reported on a single Schedule A.

1 Coverage:

(a) Name of insurance carrier

| (b) EIN | (c) NAIC code | (d) Contract or identification number | (e) Approximate number of persons covered at end of policy or contract year | Policy or contract year | |
|---|---|---|---|---|---|
| | | | | (f) From | (g) To |
| | | | | | |

2 Insurance fees and commissions paid to agents, brokers and other persons. Enter the total fees and total commissions below and list agents, brokers and other persons individually in descending order of the amount paid in the items on the following page(s) in Part I.

### Totals

| Total amount of commissions paid | Total fees paid / amount |
|---|---|
| | |

For Paperwork Reduction Act Notice and OMB Control Numbers, see the instructions for Form 5500.    v9.0    Schedule A (Form 5500) 2006





Official Use Only

**(a)** Name and address of the agents, brokers or other
persons to whom commissions or fees were paid

| **(b)** Amount of commissions paid | Fees paid | | **(e)** Organization code |
| | **(c)** Amount | **(d)** Purpose | |
| | | | |
| | | | |

**(a)** Name and address of the agents, brokers or other
persons to whom commissions or fees were paid

| **(b)** Amount of commissions paid | Fees paid | | **(e)** Organization code |
| | **(c)** Amount | **(d)** Purpose | |
| | | | |
| | | | |

**(a)** Name and address of the agents, brokers or other
persons to whom commissions or fees were paid

| **(b)** Amount of commissions paid | Fees paid | | **(e)** Organization code |
| | **(c)** Amount | **(d)** Purpose | |
| | | | |
| | | | |

v9.0





0   6   0   6   1   2   0   2   0   H

Schedule A (Form 5500) 2006                                                      Page 3

Official Use Only

| Part II | Investment and Annuity Contract Information |
|---|---|

Where individual contracts are provided, the entire group of such individual contracts with each carrier may be treated as a unit for purposes of this report.

3   Current value of plan's interest under this contract in the general account at year end. . . . . . . . . . . . . . . . . . . . . . .

4   Current value of plan's interest under this contract in separate accounts at year end . . . . . . . . . . . . . . . . . . . . . . . .

5   Contracts With Allocated Funds

a   State the basis of premium rates ▶

b   Premiums paid to carrier. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

c   Premiums due but unpaid at the end of the year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

d   If the carrier, service, or other organization incurred any specific costs in connection with the acquisition
    or retention of the contract or policy, enter amount. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
    Specify nature of costs ▶

e   Type of contract   (1) ☐ individual policies        (2) ☐ group deferred annuity
    (3) ☐ other (specify) ▶

f   If contract purchased, in whole or in part, to distribute benefits from a terminating plan check here . . . . . . . . . ▶

6   Contracts With Unallocated Funds (Do not include portions of these contracts maintained in separate accounts)

a   Type of contract   (1) ☐ deposit administration          (2) ☐ immediate participation guarantee
                        (3) ☐ guaranteed investment          (4) ☐ other (specify below)
    ▶

b   Balance at the end of the previous year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

c   Additions: (1) Contributions deposited during the year. . . . . . . . . . . . . . . . . . . . . . .
    (2) Dividends and credits. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
    (3) Interest credited during the year. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
    (4) Transferred from separate account . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
    (5) Other (specify below). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
    ▶
    (6) Total additions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     0

d   Total of balance and additions (add b and c(6)). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     0

e   Deductions:
    (1) Disbursed from fund to pay benefits or purchase annuities during year. . . . .
    (2) Administration charge made by carrier. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
    (3) Transferred to separate account. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
    (4) Other (specify below). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
    ▶
    (5) Total deductions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     0

f   Balance at the end of the current year (subtract e(5) from d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     0

v9.0





0   6   0   6   1   2   0   3   0   1

Schedule A (Form 5500) 2006

Page 4

Official Use Only

| Part III | Welfare Benefit Contract Information |

If more than one contract covers the same group of employees of the same employer(s) or members of the same employee organization(s), the information may be combined for reporting purposes if such contracts are experience–rated as a unit. Where individual contracts are provided, the entire group of such individual contracts with each carrier may be treated as a unit for purposes on this report.

7  Benefit and contract type (check all applicable boxes)

- a ☐ Health (other than dental or vision)
- b ☐ Dental
- c ☐ Vision
- d ☐ Life Insurance
- e ☐ Temporary disability (accident and sickness)
- f ☐ Long-term disability
- g ☐ Supplemental unemployment
- h ☐ Prescription drug
- i ☐ Stop loss (large deductible)
- j ☐ HMO contract
- k ☐ PPO contract
- l ☐ Indemnity contract
- m ☐ Other (specify) ▶

8  Experience–rated contracts

a  Premiums: (1) Amount received . . . . . . . . . . . . . . . . . . . . . . . . . . .

   (2)  Increase (decrease) in amount due but unpaid . . . . . . . . . . . . . . . . . . . . . .

   (3)  Increase (decrease) in unearned premium reserve. . . . . . . . . . . . . . . . . . . . .

   (4)  Earned ((1) + (2) – (3)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    0

b  Benefit charges: (1) Claims paid. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

   (2)  Increase (decrease) in claim reserves. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

   (3)  Incurred claims (add (1) and (2)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    0

   (4)  Claims charged. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

c  Remainder of premium: (1) Retention charges (on an accrual basis) --

     (A)  Commissions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

     (B)  Administrative service or other fees. . . . . . . . . . . . . . . . . . . . . . . . . .

     (C)  Other specific acquisition costs. . . . . . . . . . . . . . . . . . . . . . . . . . . .

     (D)  Other expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

     (E)  Taxes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

     (F)  Charges for risks or other contingencies. . . . . . . . . . . . . . . . . . . . . . . .

     (G)  Other retention charges . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

     (H)  Total retention. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    0

   (2)  Dividends or retroactive rate refunds. (These amounts were ☐ paid in cash, or ☐ credited.) . . . . . . . . . . .

d  Status of policyholder reserves at end of year: (1) Amount held to provide benefits after retirement . . . . . . . . . . . .

   (2)  Claim reserves . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

   (3)  Other reserves . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

e  Dividends or retroactive rate refunds due. (Do not include amount entered in c(2).) . . . . . . . . . . . . . . . . . . . . . . .

9  Nonexperience–rated contracts:

a  Total premiums or subscription charges paid to carrier . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

b  If the carrier, service, or other organization incurred any specific costs in connection with the acquisition
   or retention of the contract or policy, other than reported in Part I, item 2 above, report amount . . . . . . . . . . . . . . .
   Specify nature of costs ▶

v9.0





0 6 0 6 1 2 0 4 0 J

**SCHEDULE C**
**(Form 5500)**

Department of the Treasury
Internal Revenue Service

Department of Labor
Employee Benefits Security Administration

Pension Benefit Guaranty Corporation

# Service Provider Information

This schedule is required to be filed under section 104 of the
Employee Retirement Income Security Act of 1974.

▶ **File as an attachment to Form 5500.**

Official Use Only

OMB No. 1210-0110

## 2006

This Form is Open to
Public Inspection.

For calendar plan year 2006 or fiscal plan year beginning _____ , _____ and ending _____ , _____

| A  Name of plan | B  Three-digit |
|---|---|
| LEHMAN BROTHERS SAVINGS PLAN | plan number  ▶     003 |

| C  Plan sponsor's name as shown on line 2a of Form 5500 | D  Employer Identification Number |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC. | 13-3216325 |

**Part I   Service Provider Information (see instructions)**

1   Enter the total dollar amount of compensation paid by the plan to all persons, other than those
listed below, who received compensation during the plan year: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**                 0

2   On the first item below list the contract administrator, if any, as defined in the instructions. On the other items, list service providers in
descending order of the compensation they received for the services rendered during the plan year. List only the top 40. 103–12 IEs should
enter N/A in (c) and (d).

| (a) Name | (b) Employer identification number (see instructions) | (c) Official plan position |
|---|---|---|
|  |  | Contract administrator |

| (d) Relationship to employer, employee organization, or person known to be a party-in-interest | (e) Gross salary or allowances paid by plan | (f) Fees and commissions paid by plan | (g) Nature of service code(s) (see instructions) |
|---|---|---|---|
|  |  |  | 12 |

| (a) Name | (b) Employer identification number (see instructions) | (c) Official plan position |
|---|---|---|
| FIDELITY INV. INST. OPS. CO. | 04-2647786 | RECORDKEEPER |

| (d) Relationship to employer, employee organization, or person known to be a party-in-interest | (e) Gross salary or allowances paid by plan | (f) Fees and commissions paid by plan | (g) Nature of service code(s) (see instructions) |
|---|---|---|---|
| RECORDKEEPER |  | 616381 | 24 |

For Paperwork Reduction Act Notice and OMB Control Numbers, see the instructions for Form 5500.      v9.0      Schedule C (Form 5500) 2006





Schedule C (Form 5500) 2006

Page 2

Official Use Only

| (a) Name | (b) Employer identification number (see instructions) | (c) Official plan position | |
|---|---|---|---|
| MERCER HUMAN RESOURCE | 13-2834414 | CONSULTANT | |
| (d) Relationship to employer, employee organization, or person known to be a party-in-interest | (e) Gross salary or allowances paid by plan | (f) Fees and commissions paid by plan | (g) Nature of service code(s) (see instructions) |
| NONE | | 115978 | 17 |

| (a) Name | (b) Employer identification number (see instructions) | (c) Official plan position | |
|---|---|---|---|
| KRAMER LEVIN | 13-1944339 | LEGAL | |
| (d) Relationship to employer, employee organization, or person known to be a party-in-interest | (e) Gross salary or allowances paid by plan | (f) Fees and commissions paid by plan | (g) Nature of service code(s) (see instructions) |
| NONE | | 47793 | 22 |

| (a) Name | (b) Employer identification number (see instructions) | (c) Official plan position | |
|---|---|---|---|
| | | | |
| (d) Relationship to employer, employee organization, or person known to be a party-in-interest | (e) Gross salary or allowances paid by plan | (f) Fees and commissions paid by plan | (g) Nature of service code(s) (see instructions) |
| | | | |

v9.0





Schedule C (Form 5500) 2006 — Page 3

Official Use Only

**Part II** Termination Information on Accountants and Enrolled Actuaries (see instructions)

(a) Name _____ (b) EIN _____

(c) Position _____

(d) Address _____

(e) Telephone No. _____

Explanation: _____
_____
_____

(a) Name _____ (b) EIN _____

(c) Position _____

(d) Address _____

(e) Telephone No. _____

Explanation: _____
_____
_____

(a) Name _____ (b) EIN _____

(c) Position _____

(d) Address _____

(e) Telephone No. _____

Explanation: _____
_____
_____

v9.0





1  0  0  6  1  2  0  3  0  D

**SCHEDULE H**
**(Form 5500)**

Department of the Treasury
Internal Revenue Service

Department of Labor
Employee Benefits Security
Administration

Pension Benefit Guaranty Corporation

# Financial Information

This schedule is required to be filed under Section 104 of the Employee
Retirement Income Security Act of 1974 (ERISA) and section 6058(a) of the
Internal Revenue Code (the Code).

▶ File as an attachment to Form 5500.

Official Use Only

OMB No. 1210-0110

**2006**

This Form is Open to
Public Inspection.

For calendar year 2006 or fiscal plan year beginning _____ , and ending _____

| A Name of plan | B Three-digit |
|---|---|
| LEHMAN BROTHERS SAVINGS PLAN | plan number ▶ 003 |

| C Plan sponsor's name as shown on line 2a of Form 5500 | D Employer Identification Number |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC. | 13-3216325 |

## Part I Asset and Liability Statement

1   Current value of plan assets and liabilities at the beginning and end of the plan year. Combine the value of plan assets held in more than one trust. Report the value of the plan's interest in a commingled fund containing the assets of more than one plan on a line-by-line basis unless the value is reportable on lines 1c(9) through 1c(14). Do not enter the value of that portion of an insurance contract which guarantees, during this plan year, to pay a specific dollar benefit at a future date. **Round off amounts to the nearest dollar.** MTIAs, CCTs, PSAs, and 103–12 IEs do not complete lines 1b(1), 1b(2), 1c(8), 1g, 1h, and 1i. CCTs, PSAs, and 103–12 IEs also do not complete lines 1d and 1e. See instructions.

| Assets | | (a) Beginning of Year | (b) End of Year |
|---|---|---|---|
| a  Total noninterest-bearing cash | a | | |
| b  Receivables (less allowance for doubtful accounts): | | | |
| (1) Employer contributions | b(1) | 20254480 | 25539341 |
| (2) Participant contributions | b(2) | | |
| (3) Other | b(3) | 391343 | 757559 |
| c  General investments: | | | |
| (1) Interest-bearing cash (include money market accounts & certificates of deposit) | c(1) | 11816885 | 9424833 |
| (2) U.S. Government securities | c(2) | | |
| (3) Corporate debt instruments (other than employer securities): | | | |
| (A) Preferred | c(3)(A) | | |
| (B) All other | c(3)(B) | | |
| (4) Corporate stocks (other than employer securities): | | | |
| (A) Preferred | c(4)(A) | | |
| (B) Common | c(4)(B) | 584784391 | 616313736 |
| (5) Partnership/joint venture interests | c(5) | | |
| (6) Real estate (other than employer real property) | c(6) | | |
| (7) Loans (other than to participants) | c(7) | | |
| (8) Participant loans | c(8) | 12605884 | 14584860 |
| (9) Value of interest in common/collective trusts | c(9) | | |
| (10) Value of interest in pooled separate accounts | c(10) | | |
| (11) Value of interest in master trust investment accounts | c(11) | | |
| (12) Value of interest in 103-12 investment entities | c(12) | | |
| (13) Value of interest in registered investment companies (e.g., mutual funds) | c(13) | 678409144 | 879453478 |
| (14) Value of funds held in insurance co. general account (unallocated contracts) | c(14) | 22965472 | 26083542 |
| (15) Other | c(15) | 169023859 | 180648204 |

For Paperwork Reduction Act Notice and OMB Control Numbers, see the instructions for Form 5500.       v9.0       Schedule H (Form 5500) 2006





1   8   0   6   1   2   0   1   0   J

Schedule H (Form 5500) 2006

Page **2**

Official Use Only

| | | | (a) Beginning of Year | (b) End of Year |
|---|---|---|---|---|
| 1d | Employer-related investments: | | | |
| | (1) Employer securities | d(1) | 167607012 | 229250249 |
| | (2) Employer real property | d(2) | | |
| e | Buildings and other property used in plan operation | e | | |
| f | Total assets (add all amounts in lines 1a through 1e) | f | 1667858470 | 1982055802 |

**Liabilities**

| | | | | |
|---|---|---|---|---|
| g | Benefit claims payable | g | | |
| h | Operating payables | h | 0 | 130157 |
| i | Acquisition indebtedness | i | | |
| j | Other liabilities | j | 18468 | 0 |
| k | Total liabilities (add all amounts in lines 1g through 1j) | k | 18468 | 130157 |

**Net Assets**

| | | | | |
|---|---|---|---|---|
| l | Net assets (subtract line 1k from line 1f) | l | 1667840002 | 1981925645 |

**Part II   Income and Expense Statement**

2   Plan income, expenses, and changes in net assets for the year. Include all income and expenses of the plan, including any trust(s) or separately maintained fund(s) and any payments/receipts to/from insurance carriers. Round off amounts to the nearest dollar. MTIAs, CCTs, PSAs, and 103–12 IEs do not complete lines 2a, 2b(1)(E), 2e, 2f, and 2g.

| Income | | (a) Amount | (b) Total |
|---|---|---|---|
| a   Contributions: | | | |
| (1) Received or receivable in cash from:  (A) Employers | a(1)(A) | 25541306 | |
| (B) Participants | a(1)(B) | 122608492 | |
| (C) Others (including rollovers) | a(1)(C) | 22953813 | |
| (2) Noncash contributions | a(2) | | |
| (3) Total contributions. Add lines 2a(1)(A), (B), (C), and line 2a(2) | a(3) | | 171103611 |
| b   Earnings on investments: | | | |
| (1) Interest: | | | |
| (A) Interest-bearing cash (including money market accounts and certificates of deposit) | b(1)(A) | 714658 | |
| (B) U.S. Government securities | b(1)(B) | | |
| (C) Corporate debt instruments | b(1)(C) | | |
| (D) Loans (other than to participants) | b(1)(D) | | |
| (E) Participant loans | b(1)(E) | 863930 | |
| (F) Other | b(1)(F) | 1776526 | |
| (G) Total interest. Add lines 2b(1)(A) through (F) | b(1)(G) | | 3355114 |
| (2) Dividends:  (A) Preferred stock | b(2)(A) | | |
| (B) Common stock | b(2)(B) | 7542092 | |
| (C) Total dividends. Add lines 2b(2)(A) and (B) | b(2)(C) | | 7542092 |
| (3) Rents | b(3) | | |
| (4) Net gain (loss) on sale of assets:  (A) Aggregate proceeds | b(4)(A) | 160124625 | |
| (B) Aggregate carrying amount (see instructions) | b(4)(B) | 145545877 | |
| (C) Subtract line 2b(4)(B) from line 2b(4)(A) and enter result | b(4)(C) | | 14578748 |

v9.0





Schedule H (Form 5500) 2006

Page 3

|  | | (a) Amount | (b) Total |
|---|---|---|---|
| | | | Official Use Only |
| **2b** (5) Unrealized appreciation (depreciation) of assets:  (A) Real estate . . . . . . . . | b(5)(A) | | |
| (B) Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | b(5)(B) | 72296381 | |
| (C) Total unrealized appreciation of assets. Add lines 2b(5)(A) and (B) . . . . . . | b(5)(C) | | 72296381 |
| (6) Net investment gain (loss) from common/collective trusts. . . . . . . . . . . . . . . | b(6) | | |
| (7) Net investment gain (loss) from pooled separate accounts. . . . . . . . . . . . . . . . | b(7) | | |
| (8) Net investment gain (loss) from master trust investment accounts . . . . . . . . . | b(8) | | |
| (9) Net investment gain (loss) from 103–12 investment entities . . . . . . . . . . . . . . | b(9) | | |
| (10) Net investment gain (loss) from registered investment companies | | | |
| (e.g., mutual funds) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | b(10) | | 98937728 |
| **c** Other income . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | c | | 7265344 |
| **d** Total income. Add all **income** amounts in column (b) and enter total . . . . . . . . . . | d | | 375079018 |
| **Expenses** | | | |
| **e** Benefit payment and payments to provide benefits: | | | |
| (1) Directly to participants or beneficiaries, including direct rollovers . . . . . . . . . . | e(1) | 89715502 | |
| (2) To insurance carriers for the provision of benefits. . . . . . . . . . . . . . . . . . . . . | e(2) | | |
| (3) Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | e(3) | | |
| (4) Total benefit payments. Add lines 2e(1) through (3). . . . . . . . . . . . . . . . . . . . | e(4) | | 89715502 |
| **f** Corrective distributions (see instructions) . . . . . . . . . . . . . . . . . . . . . . . . . . . | f | | 55117 |
| **g** Certain deemed distributions of participant loans (see instructions) . . . . . . . . . . | g | | 33175 |
| **h** Interest expense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | h | | |
| **i** Administrative expenses:    (1) Professional fees . . . . . . . . . . . . . . . . . . . . . . . | i(1) | | |
| (2) Contract administrator fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | i(2) | | |
| (3) Investment advisory and management fees . . . . . . . . . . . . . . . . . . . . . . . . . | i(3) | 503710 | |
| (4) Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | i(4) | 276442 | |
| (5) Total administrative expenses. Add lines 2i(1) through (4) . . . . . . . . . . . . . . . | i(5) | | 780152 |
| **j** Total expenses. Add all **expense** amounts in column (b) and enter total . . . . . . . . | j | | 90583946 |
| **Net Income and Reconciliation** | | | |
| **k** Net income (loss) (subtract line 2j from line 2d) . . . . . . . . . . . . . . . . . . . . . . . | k | | 284495072 |
| **l** Transfers of assets: | | | |
| (1) To this plan. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | l(1) | | 29590571 |
| (2) From this plan. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | l(2) | | |

**Part III    Accountant's Opinion**

3  Complete lines 3a through 3c if the opinion of an independent qualified public accountant is attached to this Form 5500.
    Complete line 3d if an opinion is not attached.

**a** The attached opinion of an independent qualified public accountant for this plan is (see instructions):
    (1) ☒ Unqualified    (2) ☐ Qualified    (3) ☐ Disclaimer    (4) ☐ Adverse

**b** Did the accountant perform a limited scope audit pursuant to 29 CFR 2520.103–8 and/or 103–12(d)? . . . . . . . . . . . . . . . . .  ☐ Yes  ☒ No

**c** Enter the name and EIN of the accountant (or accounting firm) ▶ _____ 13-6565596
    ERNST & YOUNG

**d** The opinion of an independent qualified public accountant is **not attached** because:
    (1) ☐ this form is filed for a CCT, PSA or MTIA.    (2) ☐ it will be attached to the next Form 5500 pursuant to 29 CFR 2520.104–50.

v9.0

1 8 0 6 1 2 0 3 0 L

Schedule H (Form 5500) 2006                                         Page **4**

Official Use Only

## Part IV    Transactions During Plan Year

4   CCTs and PSAs do not complete Part IV. MTIAs, 103–12 IEs, and GIAs do not complete 4a, 4e, 4f, 4g, 4h, 4k, or 5.
    103–12 IEs also do not complete 4j.

| During the plan year: | | Yes | No | Amount |
|---|---|---|---|---|
| a  Did the employer fail to transmit to the plan any participant contributions within the time period described in 29 CFR 2510.3–102? (See instructions and DOL's Voluntary Fiduciary Correction Program.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | a | | X | |
| b  Were any loans by the plan or fixed income obligations due the plan in default as of the close of plan year or classified during the year as uncollectible? Disregard participant loans secured by participant's account balance. (Attach Schedule G (Form 5500) Part I if "Yes" is checked) . . | b | | X | |
| c  Were any leases to which the plan was a party in default or classified during the year as uncollectible? (Attach Schedule G (Form 5500) Part II if "Yes" is checked) . . . . . . . . . . . . . . . . | c | | X | |
| d  Were there any nonexempt transactions with any party-in-interest? (Do not include transactions reported on line 4a. Attach Schedule G (Form 5500) Part III if "Yes" is checked on line 4d.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | d | | X | |
| e  Was this plan covered by a fidelity bond? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | e | X | | 100000000 |
| f  Did the plan have a loss, whether or not reimbursed by the plan's fidelity bond, that was caused by fraud or dishonesty? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | f | | X | |
| g  Did the plan hold any assets whose current value was neither readily determinable on an established market nor set by an independent third party appraiser? . . . . . . . . . . . . . . . . . . . | g | | X | |
| h  Did the plan receive any noncash contributions whose value was neither readily determinable on an established market nor set by an independent third party appraiser? . . . . . . . . . . . . . . | h | | X | |
| i  Did the plan have assets held for investment? (Attach schedule(s) of assets if "Yes" is checked, and see instructions for format requirements) . . . . . . . . . . . . . . . . . . . . . . . . . . . | i | X | | |
| j  Were any plan transactions or series of transactions in excess of 5% of the current value of plan assets? (Attach schedule of transactions if "Yes" is checked and see instructions for format requirements) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | j | | X | |
| k  Were all the plan assets either distributed to participants or beneficiaries, transferred to another plan, or brought under the control of the PBGC? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | k | | X | |

5a  Has a resolution to terminate the plan been adopted during the plan year or any prior plan year? If yes, enter the amount of any plan assets that
    reverted to the employer this year. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ☐ Yes   ☒ No     Amount _____

5b  If, during this plan year, any assets or liabilities were transferred from this plan to another plan(s), identify the plan(s) to which assets or liabilities
    were transferred. (See instructions).

| **5b(1)**  Name of plan(s) | **5b(2)**  EIN(s) | **5b(3)**  PN(s) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

v9.0





Official Use Only

## SCHEDULE R
### (Form 5500)

Department of the Treasury
Internal Revenue Service

Department of Labor
Employee Benefits Security
Administration

Pension Benefit Guaranty Corporation

# Retirement Plan Information

This schedule is required to be filed under sections 104 and 4065 of the Employee Retirement Security Act of 1974 (ERISA) and section 6058(a) of the Internal Revenue Code (the Code).

▶ **File as an Attachment to Form 5500.**

OMB No. 1210-0110

## 2006

This Form is Open to
Public Inspection.

| For calendar year 2006 or fiscal plan year beginning | and ending | | |
|---|---|---|---|

**A** Name of plan
LEHMAN BROTHERS SAVINGS PLAN

**B** Three-digit plan number ▶ 003

**C** Plan sponsor's name as shown on line 2a of Form 5500
LEHMAN BROTHERS HOLDINGS INC.

**D** Employer Identification Number
13-3216325

### Part I    Distributions

All references to distributions relate only to payments of benefits during the plan year.

1 Total value of distributions paid in property other than in cash or the forms of property specified in the instructions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    **1** $ 0

2 Enter the EIN(s) of payor(s) who paid benefits on behalf of the plan to participants or beneficiaries during the year (if more than two, enter EINs of the two payors who paid the greatest dollar amounts of benefits). 04-6568107

Profit-sharing plans, ESOPs, and stock bonus plans, skip line 3.

3 Number of participants (living or deceased) whose benefits were distributed in a single sum, during the plan year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    **3**

### Part II    Funding Information (If the plan is not subject to the minimum funding requirements of section 412 of the Internal Revenue Code or ERISA section 302, skip this Part)

4 Is the plan administrator making an election under Code section 412(c)(8) or ERISA section 302(c)(8)?. . . . . . . . . . . .    ☐ Yes    ☐ No    ☐ N/A

If the plan is a defined benefit plan, go to line 7.

5 If a waiver of the minimum funding standard for a prior year is being amortized in this plan year, see instructions, and enter the date of the ruling letter granting the waiver . . . . . . . . . . . . . ▶    Month _____ Day _____ Year _____

If you completed line 5, complete lines 3, 9, and 10 of Schedule B and do not complete the remainder of this schedule.

6a Enter the minimum required contribution for this plan year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    **6a** $

b Enter the amount contributed by the employer to the plan for this plan year . . . . . . . . . . . . . . . . . . . . . . . .    **6b** $

c Subtract the amount in line 6b from the amount in line 6a. Enter the result (enter a minus sign to the left of a negative amount) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    **6c** $

If you completed line 6c, skip lines 7 and 8 and complete line 9.

7 If a change in actuarial cost method was made for this plan year pursuant to a revenue procedure providing automatic approval for the change or a class ruling letter, does the plan sponsor or plan administrator agree with the change?. .    ☐ Yes    ☐ No    ☐ N/A

### Part III    Amendments

8 If this is a defined benefit pension plan, were any amendments adopted during this plan year that increased or decreased the value of benefits? If yes, check the appropriate box(es). If no, check the "No" box. (See instructions.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    ☐ Increase    ☐ Decrease    ☐ No

### Part IV    Coverage (See instructions.)

9 Check the box for the test this plan used to satisfy the coverage requirements . . . .    ☒ the ratio percentage test    ☐ average benefit test

For Paperwork Reduction Act Notice and OMB Control Numbers, see the instructions for Form 5500.    v9.0    Schedule R (Form 5500) 2006



2 2 0 6 1 2 0 1 0 E

FINANCIAL STATEMENTS AND SUPPLEMENTAL SCHEDULE
Lehman Brothers Savings Plan

Years Ended December 31, 2006 and 2005
with Report of Independent Registered Public Accounting Firm

Lehman Brothers Savings Plan

Financial Statements
and Supplemental Schedule

Years Ended December 31, 2006 and 2005

## **Contents**

Report of Independent Registered Public Accounting Firm ................................................... 1

Financial Statements

Statements of Net Assets Available for Benefits..................................................................... 2
Statements of Changes in Net Assets Available for Benefits.................................................. 3
Notes to Financial Statements................................................................................................. 4

Supplemental Schedule

Schedule H, Line 4(i)—Schedule of Assets (Held at End of Year)....................................... 13



■ Ernst & Young LLP
5 Times Square
New York, New York 10036-6530

■ Phone: (212) 773-3000
www.ey.com

## Report of Independent Registered Public Accounting Firm

Employee Benefit Plans Committee
Lehman Brothers Holdings Inc.

We have audited the accompanying statements of net assets available for benefits of the Lehman Brothers Savings Plan (the "Plan") as of December 31, 2006 and 2005, and the related statements of changes in net assets available for benefits for the years then ended. These financial statements are the responsibility of the Plan's management. Our responsibility is to express an opinion on these financial statements based on our audits.

We conducted our audits in accordance with the standards of the Public Company Accounting Oversight Board (United States). Those standards require that we plan and perform the audit to obtain reasonable assurance about whether the financial statements are free of material misstatement. We were not engaged to perform an audit of the Plan's internal control over financial reporting. Our audits included consideration of internal control over financial reporting as a basis for designing audit procedures that are appropriate in the circumstances, but not for the purpose of expressing an opinion on the effectiveness of the Plan's internal control over financial reporting. Accordingly, we express no such opinion. An audit also includes examining, on a test basis, evidence supporting the amounts and disclosures in the financial statements, assessing the accounting principles used and significant estimates made by management, and evaluating the overall financial statement presentation. We believe that our audits provide a reasonable basis for our opinion.

In our opinion, the financial statements referred to above present fairly, in all material respects, the net assets available for benefits of the Plan at December 31, 2006 and 2005, and the changes in its net assets available for benefits for the years then ended, in conformity with U.S. generally accepted accounting principles.

Our audits were performed for the purpose of forming an opinion on the financial statements taken as a whole. The accompanying supplemental schedule of assets (held at end of year) as of December 31, 2006, is presented for purposes of additional analysis and is not a required part of the financial statements but is supplementary information required by the Department of Labor's Rules and Regulations for Reporting and Disclosure under the Employee Retirement Income Security Act of 1974. This supplemental schedule is the responsibility of the Plan's management. The supplemental schedule has been subjected to the auditing procedures applied in our audits of the financial statements and, in our opinion, is fairly stated in all material respects in relation to the financial statements taken as a whole.

*Ernst & Young LLP*

New York, New York
June 26, 2007

# Lehman Brothers Savings Plan

## Statements of Net Assets Available for Benefits

|  | December 31, | |
| --- | --- | --- |
|  | 2006 | 2005 |
|  | (in thousands) | |
| **Assets** |  |  |
| Investments, at fair value | $    1,938,795  $ | 1,633,182 |
| Participant loans | 14,849 | 12,606 |
| Contribution receivables | 25,405 | 20,254 |
|  | 1,979,049 | 1,666,042 |
| **Liabilities** |  |  |
| Accrued and other liabilities | 43 | 18 |
| Net assets available for benefits, at fair value | 1,979,006 | 1,666,024 |
| Adjustment from fair value to contract value for fully benefit-responsive investment contracts | 3,012 | 1,816 |
| Net assets available for benefits | $    1,982,018  $ | 1,667,840 |

*See accompanying notes to financial statements.*

## Lehman Brothers Savings Plan

### Statements of Changes in Net Assets Available for Benefits

| | | Years Ended December 31, | |
|---|---|---|---|
| Additions: | | 2006 | 2005 |
| Additions to net assets attributed to: | | (in thousands) | |
| Investment income: | | | |
| Net realized and unrealized appreciation in fair | | | |
| value | $ | 149,063 $ | 178,931 |
| Interest and dividends | | 54,393 | 32,543 |
| | | 203,456 | 211,474 |
| Contributions: | | | |
| Participants | | 122,608 | 95,232 |
| Employer | | 25,405 | 20,254 |
| Rollovers | | 22,954 | 21,139 |
| | | 170,967 | 136,625 |
| Transfers in from other Plans: | | | |
| BNC Mortgage Inc. | | 18,210 | - |
| Finance America, LLC | | 10,509 | - |
| | | 28,719 | - |
| Total additions | | 403,142 | 348,099 |
| Deductions: | | | |
| Deductions from net assets attributed to: | | | |
| Participant withdrawals | | (88,663) | (68,955) |
| Administrative fees | | (301) | (220) |
| Total deductions | | (88,964) | (69,175) |
| Net increase | | 314,178 | 278,924 |
| Net assets available for benefits: | | | |
| Beginning of year | | 1,667,840 | 1,388,916 |
| End of year | $ | 1,982,018 $ | 1,667,840 |

*See accompanying notes to financial statements.*

Lehman Brothers Savings Plan

## Notes to Financial Statements

December 31, 2006

### 1. Description of the Plan

#### General

The Lehman Brothers Savings Plan (the "Plan") is a defined contribution plan. The Plan became effective January 1, 1984 and was amended and restated from time to time thereafter, including a restatement on December 22, 2006. Under the terms of the Plan, qualified employees of Lehman Brothers Holdings Inc. ("Lehman") and its participating subsidiaries (collectively, the "Company") are eligible to participate in the Plan as soon as administratively practicable following their date of employment.

The December 2006 Plan restatement amended the Plan to permit the end-of-year-employment requirement for eligibility to share in employer Matching contributions to be satisfied by employment with an Affiliate not participating in the Plan, rather than solely by employment with participating employers, effective January 1, 2006, and to eliminate the minimum dollar amounts required for withdrawals, except for loans and hardship withdrawals, effective December 4, 2006.

The December 2006 Plan restatement also included amendments providing for the merger of the Townsend Analytics, Ltd. 401(k) Plan and the Campus Door 401(k) Plan into the Plan effective January 2, 2007 and January 16, 2007, respectively. The amendments also provided past service credit, for purposes of eligibility to share in Employer Contributions and vesting, (x) to anyone employed by Townsend Analytics, Ltd. on (i) January 1, 2007 or (ii) any applicable earlier date during 2005 or 2006 immediately preceding their transfer to the employ of the Company, and (y) to anyone employed by Campus Door Inc. on (i) January 1, 2007 or (ii) any applicable earlier date during 2006 immediately preceding their transfer to the employ of the Company.

A prior Plan restatement on December 29, 2005 included amendments to (i) reflect the final 401(k) and 401(m) regulations, (ii) provide past service credit for purposes of eligibility to share in Employer Contributions and vesting to certain employees of BNC Mortgage, Inc. and Finance America, LLC and (iii) merge the BNC Mortgage, Inc. 401(k) Plan and the Finance America 401(k) Retirement Savings Plan into the Plan, effective February 1, 2006.

The Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). A more complete description of the Plan is contained in the Plan document, which is available to all participants from the Lehman Brothers Holdings Inc. Employee Benefit Plans Committee (the "Plan Administrator").

Records of all financial transactions involving Plan assets including receipt of contributions and investment earnings, payment of benefits and expenses, and purchase and sale of investments, are maintained by Fidelity Management Trust Company and its affiliates (collectively referred to as "FMTC").

Notes to Financial Statements (continued)

## 1. Description of the Plan (continued)

### Contributions

Upon enrollment, a participant may elect to contribute, on a pre-tax basis, between one and fifty percent of eligible compensation, as defined by the Plan document. The Company provides a discretionary matching contribution, in Lehman stock or cash, on behalf of eligible participants who have a twelve month period of service, as defined by the Plan document, and are employees on the last day of the Plan year. The amount of the discretionary contribution, if any, will be determined by the Company's Board of Directors.

In the event a discretionary matching contribution is made, it will be allocated as follows:

1. Participants with annual compensation below $50,000, and who are not in any position designated to be excluded from the Company contribution, will receive a Company contribution of $500 plus 100% of the first $3,500 of their pre-tax contributions.

2. Participants with annual compensation between $50,000 and $200,000 will receive a Company contribution up to 100% of the first $4,000 of their pre-tax contributions, only if there are funds remaining after contributions are made for the participants making less than $50,000 per year.

3. Company contributions are not made for participants with annual compensation in excess of $200,000.

For the 2006 and 2005 Plan years, Company contributions were made in cash, which was invested in the Lehman Brothers Common Stock Fund.

Participant pre-tax contributions are not subject to tax until distribution. The Internal Revenue Code of 1986, as amended (the "Code"), provides that pre-tax contributions (and any elective deferrals to other plans containing a cash or deferred arrangement) will be included in participant gross income to the extent such contributions exceed the statutory limitation. The maximum limitation amount was $15,000 for 2006 and $14,000 for 2005. The Company's contributions on behalf of participants, as well as the income and appreciation on amounts invested in the Plan, are also not subject to tax until distributed.

As allowed under the Economic Growth and Tax Relief Reconciliation Act of 2001 ("EGTRRA"), the Plan was amended to allow participants to contribute Catch-Up contributions, as defined in EGTRRA, to the Plan. Participants who are at least 50 years old as of December 31 of any Plan year may elect to contribute, on a pre-tax basis, between one and twenty-five percent of eligible compensation, as defined in the Plan document, as Catch-Up contributions. The maximum limitation for Catch-Up contributions was $5,000 for 2006 and $4,000 for 2005.

Notes to Financial Statements (continued)

## 1. Description of the Plan (continued)

### Contributions (continued)

Rollover contributions represent contributions to the Plan of certain assets previously held on behalf of participants by other qualified plans.

Participants may direct how their contributions are to be invested in the available investment options offered by the Plan. Although the basic and discretionary employer matching contributions are directly invested into the Lehman Common Stock Fund, participants immediately have the right to diversify out of this fund.

### Participant Accounts

Separate accounts are maintained for each participant whereby the participant's account is credited for contributions and credited or charged, as appropriate, for investment experience. Participant accounts are also charged for withdrawals, loans and any applicable administrative fees. The periodic allocation of investment experience is based upon the participant's beneficial interest in each of the investment funds on the valuation date.

### Vesting

Participants are immediately 100% vested in their pre-tax and Catch-up contributions for all Plan years and in any Company contributions that were made for any Plan year prior to 2005. Participants shall be 100% vested in their Company contributions made for 2005 and later Plan years once they have attained three years of vesting service, as defined by the Plan document.

### Participant Loans

Generally, participants may borrow from their plan accounts a minimum of $1,000 up to a maximum of $50,000 or 50% of their vested account balance, whichever is less. Loan terms range from 1 year to 5 years or up to 10 years for the purchase of a primary residence, as long as documentation is provided. The loans are secured by the participant's account and bear interest at the rate of prime plus one percent. Principal and interest are paid ratably through biweekly or monthly payroll deductions, depending on the frequency with which the employee is paid. Participants that are still employed by Lehman, but are not able to repay their loans through payroll deductions, are required to repay their loans through monthly payments made directly to FMTC. Participants who terminate their employment with outstanding loan balances have 90 days following termination to repay the loan. Loans not repaid in that timeframe (or the grace period for curing the default) will be reported as taxable distributions. Outstanding loan balances will also be treated as taxable distributions for those participants who request a distribution of their account prior to repaying their loan. For the years ended December 31, 2006 and 2005, $1,080,934 and $162,774, respectively, in outstanding loan balances have been reported as taxable distributions to participants.

Notes to Financial Statements (continued)

## 1. Description of the Plan (continued)

### Payment of Benefits

A participant may elect, after attaining the age of 59-1/2, to withdraw all or a portion of the value of their accounts. Prior to December 4, 2006, each withdrawal must have been for a minimum of $1,000 (or 100% of the value of their account if less than $1,000). Withdrawals by actively employed participants, before the age of 59-1/2, are permitted for pre-tax contributions and pre-1989 earnings thereon, only after meeting specified financial hardship criteria and after obtaining approval from the Plan Administrator. Participants can elect to withdraw all or a portion of their rollover contributions made to the Plan.

If the participant's employment with the Company terminates, at any point prior to death the participant may elect to receive a full or partial distribution of his account balance. Prior to December 4, 2006, each withdrawal must have been for a minimum of $1,000 (or 100% of the value of their account if less than $1,000). In the event the participant's account does not exceed $1,000 ($5,000 prior to March 28, 2005), an immediate lump sum payment will be made automatically. After participants attain the age of 70-1/2, they must begin receipt of their remaining account balance in accordance with the minimum required distribution provision and the Plan rules.

Upon death, the balance in the participant's account is paid to the designated beneficiary (as provided by the Plan) in a lump-sum payment; however, the beneficiary may elect instead to receive one or more payments over a period of up to five years following death if the account exceeds $1,000 ($5,000 prior to March 28, 2005).

### Forfeited Accounts

At December 31, 2006 and 2005 there were no forfeited non-vested participant accounts. In the event there were forfeitures, such amounts would have been used to either reduce employer contributions or defray administrative expenses of the Plan.

### Administrative Expenses

Except to the extent paid by the Company, all expenses of the Plan are paid by the Plan. In 2006 and 2005, the Plan was charged $300,919 and $219,590 for third party administrative expenses incurred during the respective years. The Company paid all expenses not directly relating to the administration of the Plan.

Notes to Financial Statements (continued)

## 2. Summary of Significant Accounting Policies

### New Accounting Pronouncement

In December 2005, the Financial Accounting Standards Board (the "FASB") issued FASB Staff Position AAG INV-1 and SOP 94-4-1, *Reporting of Fully Benefit Responsive Investment Contracts Held by Certain Investment Companies Subject to the AICPA Investment Company Guide and Defined-Contribution Health and Welfare and Pension Plans* (the "FSP"). The FSP defines the circumstances in which an investment contract is considered fully benefit responsive and provides certain reporting and disclosure requirements for fully benefit responsive investment contracts in defined contribution health and welfare and pension plans. The financial statement presentation and disclosure provisions of the FSP are effective for financial statements issued for annual periods ending after December 15, 2006 and are required to be applied retroactively to all prior periods presented for comparative purposes. The Plan has adopted the provisions of the FSP at December 31, 2006.

As required by the FSP, investments in the accompanying Statements of Net Assets Available for Benefits include fully benefit responsive investment contracts recognized at fair value. AICPA Statement of Position 94-4-1, *Reporting of Investment Contracts Held by Health and Welfare Benefit Plans and Defined Contribution Pension Plans*, as amended, requires fully benefit responsive investment contracts to be reported at fair value in the Plan's Statement of Net Assets Available for Benefits with a corresponding adjustment to reflect these investments at contract value. The requirements of the FSP have been applied retroactively to the Statement of Net Assets Available for Benefits as of December 31, 2005 presented for comparative purposes. Adoption of the FSP had no effect on the Statement of Changes in Net Assets Available for Benefits for any period presented.

### Basis of Accounting

The financial statements of the Plan have been prepared on the accrual basis of accounting in accordance with U.S. generally accepted accounting principles.

### Use of Estimates

The preparation of financial statements in accordance with U.S. generally accepted accounting principles requires management to make estimates and assumptions that affect the reported amounts in the financial statements and accompanying notes. Actual results could differ from those estimates.

Lehman Brothers Savings Plan

Notes to Financial Statements (continued)

## 2. Summary of Significant Accounting Policies (continued)

### Investment Valuation and Income Recognition

Except for certain investment contracts, the Plan's investments are stated at fair value which equals the quoted market price on the last business day of the Plan year. The shares of registered investment companies are valued at quoted market prices which represent the net asset values of shares held by the Plan at year-end. Investment securities not traded on any public exchange are valued at $0. Participant loans are valued at their outstanding balances, which approximate fair value.

Investment contracts held in the Plan's Stable Value Fund ("Stable Value Fund"), a separate account established by the Company for the exclusive benefit of Plan participants, are recorded at their contract values, which represent contributions and reinvested income, less any withdrawals plus accrued interest, because these investments have fully benefit-responsive features. For example, participants may ordinarily direct the withdrawal or transfer of all or a portion of their investment at contract value. However, withdrawals influenced by Company-initiated events, such as in connection with the sale of a business, may result in a distribution at other than contract value. There are no reserves against contract values for credit risk of contract issues or otherwise. The fair value of the investment contracts at December 31, 2006 and 2005 approximated $206,657,957 and $195,231,000, respectively. The average yield was approximately 5.11% in 2006 and 4.88% in 2005, respectively. The crediting interest rate for these investment contracts is reset monthly by the issuer but cannot be less than zero and was 5.10% at December 31, 2006 and 4.78% at December 31, 2005.

Purchases and sales of securities are recorded on a trade-date basis. Dividends are recorded on the ex-dividend date.

### Payment of Benefits

Benefits are recorded when paid.

Notes to Financial Statements (continued)

### 3. Investments

Investment of contributions among the investment funds can be made in increments of 1%, with a maximum of 50% of contributions permitted to be invested in the Lehman Brothers Common Stock Fund. Participants can elect to change their contribution rate and investment direction of new contributions on a daily basis. Participants may also elect to transfer existing fund balances among investment funds on a daily basis.

The following table presents the investments at fair value held by the Plan at December 31, 2006 and 2005, respectively:

|  | December 31, | |
| --- | --- | --- |
|  | **2006** | 2005 |
|  | **(in thousands)** | |
| Investments, at fair value |  |  |
| Mutual Funds | $ **1,469,679** $ | 1,235,680 |
| Stock Funds | **262,456** | 202,269 |
| Stable Value Fund | **206,658** | 195,231 |
| Self-Directed Accounts | **2** | 2 |
| Total | $ **1,938,795** $ | 1,633,182 |

The following table presents the net appreciation in fair value of investments held by the Plan at December 31, 2006 and 2005, respectively:

|  | Years Ended December 31, | |
| --- | --- | --- |
|  | **2006** | 2005 |
|  | **(in thousands)** | |
| Net appreciation in fair value of investments: |  |  |
| Mutual Funds | $ **102,424** $ | 123,441 |
| Stock Funds | **46,639** | 55,490 |
| Total | $ **149,063** $ | 178,931 |

Notes to Financial Statements (continued)

### 3. Investments (continued)

The following is a schedule of investments held in excess of 5% of the net assets available for benefits at December 31, 2006 and 2005, respectively:

|  | Fair Value at December 31, | |
|---|---|---|
|  | 2006 | 2005 |
|  | (in thousands) | |
| Funds: |  |  |
| Neuberger Berman Value Equity | $ 590,226 | $ 557,271 |
| Lehman Brothers Common Stock | 233,380 | 170,973 |
| Vanguard Institutional Index | 136,796 | 115,310 |

### 4. Risks and Uncertainties

The Plan invests in various investment securities. Investment securities are exposed to various risks such as interest rate, market and credit risks. Due to the level of risk associated with certain investment securities, it is at least reasonably possible that changes in the values of investment securities will occur in the near term and that such changes could materially affect participant account balances and the amounts reported in the statements of net assets available for benefits.

### 5. Plan Termination

While it has not expressed any intent to do so, the Company has the right to terminate the Plan at any time subject to the provisions set forth in ERISA and the Code. In the event of Plan termination, participants would immediately become 100% vested in their employer contributions.

### 6. Income Tax Status

The Plan received a determination letter from The Internal Revenue Service dated August 19, 2003, stating that the Plan is qualified under Section 401(a) of the Code and, therefore, the related trust is exempt from taxation. Subsequent to this determination by the Internal Revenue Service, the Plan was amended and restated. Once qualified, the Plan is required to operate in conformity with the Code to maintain its qualification. The Plan's Administrator believes the Plan is being operated in compliance with the applicable requirements of the Code and, therefore, believes that the Plan is qualified and the related trust is tax exempt.

Notes to Financial Statements (continued)

### 7. Party in Interest Transactions

Certain Plan investments were managed and held in trust by FMTC during 2006 and 2005. This qualifies FMTC as a party in interest.

### 8. Reconciliation of Financial Statements to Form 5500

The following is a reconciliation of net assets available for benefits per the financial statements at December 31, 2006, to the Form 5500:

|  |  | In thousands |
|---|---|---|
| Net assets available for benefits per the financial statements | $ | 1,982,018 |
| Adjustment from contract value to fair value for fully benefit-responsive investment contracts |  | (3,012) |
| Net assets available for benefits per the Form 5500 | $ | 1,979,006 |

The following is a reconciliation of the change in net assets available for benefits per the financial statements for the year ended December 31, 2006, to the Form 5500:

|  |  | In thousands |
|---|---|---|
| Net increase in net assets available for benefits per the financial statements | $ | 314,178 |
| Less: Adjustment from contract value to fair value for fully benefit-responsive investment contracts |  | (3,012) |
| Net increase assets available for benefits per the Form 5500 | $ | 311,166 |

The accompanying financial statements present fully benefit-responsive investment contracts at contract value. The Form 5500 requires fully benefit-responsive investment contracts to be reported at fair value. Therefore, the adjustment from contract value to fair value for fully benefit-responsive investment contracts represents a reconciling item.

### 9. Subsequent Events

The Plan was amended, effective April 18, 2007, to retroactively eliminate the requirement than no more than 2 participant loans may be initiated within any 12-month rolling period. This 12-month restriction was incorrectly programmed in the Plan's recordkeeping system since it was added to the Plan in 2001. The Plan submitted a Voluntary Corrective Procedure ("VCP") filing to the IRS in December 2006 and upon receipt of the VCP approval the Plan was amended to retroactively eliminate this restriction.

Supplemental Schedule

EIN: 13-3216325
Plan: 003

# Lehman Brothers Savings Plan

## Schedule H, Line 4(i)—Schedule of Assets (Held at End of Year)

### December 31, 2006

|  | Par Value/ Number of Shares | Current Value at December 31, 2006 |
|---|---|---|
| **Stable Value Fund** | | |
| Bank of America | | |
| Contract #05-034 | 32,729,797 | $41,366,928 |
| ING Life Insurance and Annuity Co. | | |
| Contract # 60118 | 21,575,184 | 25,868,624 |
| JPMorgan Chase Bank | | |
| Contract # 431429-S | 19,964,801 | 23,937,776 |
| State Street Bank & Trust | | |
| Contract # 105019 | 32,967,507 | 36,922,915 |
| UBS AG | | |
| Contract # 5206 | 20,302,915 | 31,701,075 |
| UBS AG | | |
| Contract # 5186 | 7,551,665 | 7,348,736 |
| IXIS | | |
| Contract # 1921 | 32,654,289 | 36,572,118 |
| Fidelity Management Trust Co. (a) | | |
| Contract GDLE | 2,939,774 | 2,939,785 |
| | | 206,657,957 |
| | | |
| **Stock Funds** | | |
| American Express Company Common Stock | 2,264,442.563 | 29,075,443 |
| Lehman Brothers Common Stock (a) | 11,882,915.373 | 233,380,458 |
| | | 262,455,901 |
| **Mutual Funds** | | |
| Fidelity Equity Income (a) | 251,080.127 | 14,700,741 |
| Fidelity Capital and Income (a) | 5,226,974.075 | 46,467,800 |
| Fidelity Select Biotech (a) | 80,485.356 | 5,228,329 |
| Fidelity Select Healthcare (a) | 77,736.333 | 9,721,706 |
| Fidelity Select Technology (a) | 119,346.774 | 8,102,452 |
| Fidelity Select Telecomm (a) | 59,876.548 | 2,908,204 |
| Fidelity Asset Manager (a) | 1,543,211.076 | 24,861,130 |
| Fidelity Low Price Stock (a) | 1,030,473.985 | 44,866,837 |
| Fidelity Diversified International (a) | 2,293,318.911 | 84,738,134 |
| Fidelity Large-Cap Stock (a) | 5,349,832.253 | 93,729,061 |
| Fidelity Freedom 2010 (a) | 293,056.234 | 4,284,482 |
| Fidelity Freedom 2020 (a) | 555,388.651 | 8,625,186 |
| Fidelity Freedom 2030 (a) | 554,968.980 | 8,896,153 |
| Fidelity US Bond Index (a) | 3,355,655.654 | 36,442,420 |

13

EIN: 13-3216325
Plan: 003

# Lehman Brothers Savings Plan

## Schedule H, Line 4(i)—Schedule of Assets (Held At End of Year) (continued)

### December 31, 2006

|  | Par Value/ Number of Shares | Current Value at December 31, 2006 |
|---|---|---|
| **Mutual Funds (continued)** | | |
| Fidelity Freedom 2040 (a) | 860,222.595 | $ 8,154,910 |
| Neuberger Berman Partners (a) | 901,805.265 | 28,001,054 |
| Allianz Emerging Co Is | 511,843.032 | 11,255,428 |
| Pimco Total Return Administrative | 2,412,621.612 | 25,043,012 |
| Neuberger Berman Genesis Investor (a) | 1,311,264.116 | 43,743,771 |
| Templeton Developing Markets A | 769,138.321 | 21,751,232 |
| Calamos Growth | 801,368.360 | 43,193,755 |
| Vanguard Institutional Index | 1,055,603.916 | 136,795,711 |
| Lehman Brothers 10 Uncommon Val (a) | 1,102,540.287 | 14,608,659 |
| Neuberger Berman Fasciano Investor (a) | 148,818.770 | 6,271,223 |
| MFS Value Fund A | 282,704.133 | 7,567,990 |
| Vanguard Total Stock Market | 548,928.913 | 18,712,987 |
| Hartford Cap App IA | 373,156.742 | 19,960,154 |
| TRP Mid Cap Value | 1,164,089.950 | 29,591,167 |
| Neuberger Berman High Inc Bond Inv (a) | 363,604.403 | 3,345,161 |
| American Cap World G&I R4 | 410,392.348 | 17,183,128 |
| Neuberger Berman Focus Investments (a) | 235,906.163 | 7,421,608 |
| Neuberger Berman International Inv (a) | 1,376,313.574 | 33,692,156 |
| Neuberger Berman Socially Responsible (a) | 187,035.080 | 4,808,672 |
| Century SM Cap | 196,993.656 | 4,779,066 |
| Neuberger Berman Value Equity (a) | 10,003,488.284 | 590,225,816 |
| | | 1,469,679,295 |
| **Self-Directed Accounts** | | |
| Monte Carlo Corp. * | 1,000 | - |
| Omnimax Inc. | 2,000 | - |
| Paratech International Inc. * | 4,000 | - |
| Buscemi's Intl Inc/New * | 20 | - |
| Westmore Intl Inc. * | 500 | - |
| Strips-Tint-05/15/2008 | 2,000 | 1,872 |
| First Capital Holdings Corp. * | 100 | - |
| Access International Education Ltd. | 80 | 4 |
| Xebec * | 700 | - |
| | | 1,876 |
| **Total Investments before Participant Loans** | | 1,938,795,029 |
| **Participant Loans** (a) | | 14,848,783 |
| **Total Investments and Participant Loans** | | $1,953,643,812 |

\* Unpriced Securities, valued at zero
(a) Indicates party in interest to the Plan

14

SECURITIES AND EXCHANGE COMMISSION

Washington, D.C. 20549

_____

FORM 11-K

_____

[X]    ANNUAL REPORT PURSUANT TO SECTION 15(d) OF THE SECURITIES

EXCHANGE ACT OF 1934

For the fiscal year ended December 31, 2007

OR

[ ]    TRANSITION REPORT PURSUANT TO SECTION 15(d) OF THE SECURITIES

EXCHANGE ACT OF 1934

For the transition period from _____ to _____

_____

COMMISSION FILE NUMBER 1-_____

_____

A.    Full title of the plan and the address of the plan, if different from that of the issuer named below:

LEHMAN BROTHERS SAVINGS PLAN

B.    Name of issuer of the securities held pursuant to the plan and the address of its principal executive office:

LEHMAN BROTHERS HOLDINGS INC.
745 Seventh Avenue
NEW YORK, NY 10019

FINANCIAL STATEMENTS AND SUPPLEMENTAL SCHEDULE
Lehman Brothers Savings Plan

Years Ended December 31, 2007 and 2006
with Reports of Independent Registered Public Accounting Firms

Lehman Brothers Savings Plan

Financial Statements
and Supplemental Schedule

Years Ended December 31, 2007 and 2006

## Contents

Reports of Independent Registered Public Accounting Firms.................................................................................................................1-2

Financial Statements

Statements of Net Assets Available for Benefits.................................................................................................................3
Statements of Changes in Net Assets Available for Benefits.................................................................................................................4
Notes to Financial Statements.................................................................................................................5-13

Supplemental Schedule

Schedule H, Line 4(i)—Schedule of Assets (Held at End of Year).................................................................................................................14-15

Signature

Exhibit Index

Exhibit 23.1 Consent of Independent Public Accounting Firm – Mitchell & Titus

Exhibit 23.2 Consent of Independent Public Accounting Firm – Ernst & Young

REPORT OF INDEPENDENT REGISTERED PUBLIC ACCOUNTING FIRM

The Employee Benefit Plan Committee
Lehman Brothers Holdings Inc.

We have audited the accompanying statement of net assets available for benefits of the Lehman Brothers Savings Plan ("the Plan") as of December 31, 2007 and the related statement of change in net assets available for benefits for the year then ended. These financial statements are the responsibility of the Plan's administrators.  Our responsibility is to express an opinion on these financial statements based on our audit.

We conducted our audit in accordance with the standards of the Public Company Accounting Oversight Board (United States). Those standards require that we plan and perform the audit to obtain reasonable assurance about whether the financial statements are free of material misstatement. We were not engaged to perform an audit of the Plan's internal control over financial reporting. Our audit included consideration of internal control over financial reporting as a basis for designing audit procedures that are appropriate in the circumstances, but not for the purpose of expressing an opinion on the effectiveness of the Plan's internal control over financial reporting. Accordingly, we express no such opinion. An audit also includes examining, on a test basis, evidence supporting the amounts and disclosures in the financial statements, assessing the accounting principles used and significant estimates made by management, and evaluating the overall financial statement presentation. We believe that our audit provides a reasonable basis for our opinion.

In our opinion, the financial statements referred to above present fairly, in all material respects, the net assets available for benefits of the Plan at December 31, 2007, and the changes in its net assets available for benefits for the year then ended in conformity with accounting principles generally accepted in the United States of America.

Our audit was performed for the purpose of forming an opinion on the financial statements taken as a whole. The accompanying supplemental schedule of Assets (Held At End of Plan's Year) is presented for purposes of additional analysis and is not a required part of the financial statements but is supplementary information required by the Department of Labor's Rules and Regulations for Reporting and Disclosure under the Employee Retirement Income Security Act of 1974. This supplemental schedule is the responsibility of the Plan's administrators. The supplemental schedule has been subjected to the auditing procedures applied in the audit of the financial statements and, in our opinion, is fairly stated in all material respects in relation to the financial statements taken as a whole.

/s/ Mitchell & Titus, LLP

New York, New York
June 26, 2008

1

Report of Independent Registered Public Accounting Firm

Employee Benefit Plans Committee
Lehman Brothers Holdings Inc.

We have audited the accompanying statements of net assets available for benefits of the Lehman Brothers Savings Plan (the "Plan") as of December 31, 2006 and the related statement of changes in net assets available for benefits for the year ended December 31, 2006. These financial statements are the responsibility of the Plan's management. Our responsibility is to express an opinion on these financial statements based on our audit.

We conducted our audit in accordance with the standards of the Public Company Accounting Oversight Board (United States). Those standards require that we plan and perform the audit to obtain reasonable assurance about whether the financial statements are free of material misstatement. We were not engaged to perform an audit of the Plan's internal control over financial reporting. Our audit included consideration of internal control over financial reporting as a basis for designing audit procedures that are appropriate in the circumstances, but not for the purpose of expressing an opinion on the effectiveness of the Plan's internal control over financial reporting. Accordingly, we express no such opinion. An audit also includes examining, on a test basis, evidence supporting the amounts and disclosures in the financial statements, assessing the accounting principles used and significant estimates made by management, and evaluating the overall financial statement presentation. We believe that our audit provides a reasonable basis for our opinion.

In our opinion, the financial statements referred to above present fairly, in all material respects, the net assets available for benefits of the Plan at December 31, 2006, and the changes in its net assets available for benefits for the year ended December 31, 2006, in conformity with accounting principles generally accepted in the United States.

/s/ Ernst & Young LLP

New York, New York
June 26, 2007

2

Lehman Brothers Savings Plan

Statements of Net Assets Available for Benefits

| | December 31, | |
|---|---|---|
| | **2007** | 2006 |
| | (in thousands) | |
| **Assets** | | |
| Investments, at fair value | $ 2,154,184 | $1,938,795 |
| Participant loans | 16,724 | 14,849 |
| Contribution receivables | 28,170 | 25,405 |
| | 2,199,078 | 1,979,049 |
| **Liabilities** | | |
| Accrued and other liabilities | 168 | 43 |
| Net assets available for benefits, at fair value | 2,198,910 | 1,979,006 |
| Adjustment from fair value to contract value for fully benefit-responsive investment contracts | (2,714) | 3,012 |
| Net assets available for benefits | $ 2,196,196 | $1,982,018 |

*See accompanying notes to financial statements.*

3

Lehman Brothers Savings Plan

Statements of Changes in Net Assets Available for Benefits

|  | Years Ended December 31, | |
|  | 2007 | 2006 |
|  | (in thousands) | |
| Additions: | | |
| Additions to net assets attributed to: | | |
| Investment income: | | |
| Net realized and unrealized appreciation in fair value | $  28,081 | $  149,063 |
| Interest and dividends | 87,313 | 54,393 |
| Total investment income | 115,394 | 203,456 |
| Contributions: | | |
| Participants | 144,410 | 122,608 |
| Employer | 28,296 | 25,405 |
| Rollovers | 27,115 | 22,954 |
| Total contributions | 199,821 | 170,967 |
| Transfers in from other Plans: | | |
| BNC Mortgage Inc. | - | 18,210 |
| Finance America, LLC | - | 10,509 |
| Campus Door/Townsend Analytics | 9,386 | - |
| Capital Crossing | 8,238 | - |
| Eagle/Lightpoint | 2,605 | - |
| Total transfers | 20,229 | 28,719 |
| Total additions | | |
|  | 335,444 | 403,142 |
| Deductions: | | |
| Deductions from net assets attributed to: | | |
| Participant withdrawals | (120,587) | (88,663) |
| Administrative fees | (679) | (301) |
| Total deductions | (121,266) | (88,964) |
| Net increase in net assets | 214,178 | 314,178 |
| Net assets available for benefits: | | |
| Beginning of year | 1,982,018 | 1,667,840 |
| End of year | $  2,196,196 | $  1,982,018 |

*See accompanying notes to financial statements.*

Lehman Brothers Savings Plan
Notes to Financial Statements
For the year ended December 31, 2007

**1. Description of the Plan**

**General**

The Lehman Brothers Savings Plan (the "Plan") is a defined contribution plan. The Plan became effective January 1, 1984 and was amended and restated from time to time thereafter, including a restatement on December 27, 2007. Under the terms of the Plan, qualified employees of Lehman Brothers Holdings Inc. ("Lehman") and its participating subsidiaries (collectively, the "Company") are eligible to participate in the Plan as soon as administratively practicable following their date of employment.

The December 2007 Plan restatement amended the Plan to change the Plan's default fund from the Stable Value Fund to the Fidelity Freedom Fund (a lifecycle fund) that best corresponds to the individual's 65th birthday, to reduce the maximum percentage allowed to be allocated to the Lehman Brothers Common Stock Fund (either through contributions or through an assets transfer) from 50% to 20%, and to change the investment direction of employer contributions from the Lehman Brothers Common Stock Fund to match the participant's investment elections for their employee contributions.

The December 2007 Plan restatement also incorporated an April 18, 2007 amendment to retroactively eliminate the requirement that no more than 2 participant loans may be initiated within any 12-month rolling period. This 12-month restriction was incorrectly programmed in the Plan's recordkeeping system since it was added to the Plan in 2001. The Plan submitted a Voluntary Corrective Procedure ("VCP") filing to the IRS in December 2006 and upon receipt of the VCP approval the Plan was amended to retroactively eliminate this restriction.

The December 2007 Plan restatement also included amendments providing for the merger of a portion of the Capital Crossing Inc. 401(k) Plan, and of the entire LightPoint Capital Management, LLC 401(k) Plan, and the Eagle Energy Partners LLP 401(k) Plan into the Plan effective August 1, 2007, December 10, 2007 and December 12, 2007, respectively. The amendments also provided past service credit, for purposes of eligibility to share in Employer Contributions and vesting, (x) to anyone employed by Capital Crossing Inc. on (i) July 1, 2007 or (ii) any applicable earlier date during 2007 immediately preceding their transfer to the employ of the Company, (y) to anyone employed by LightPoint Capital Management, LLC on August 26, 2007, and (z) to anyone employed by Eagle Energy Partners LLP on (i) October 1, 2007 or (ii) any applicable earlier date during 2007 immediately preceding their transfer to the employ of the Company.

The Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). A more complete description of the Plan is contained in the Plan document, which is available to all participants from the Lehman Brothers Holdings Inc. Employee Benefit Plans Committee (the "Plan Administrator").

Lehman Brothers Savings Plan
Notes to Financial Statements
For the year ended December 31, 2007

**1. Description of the Plan (continued)**

**General(continued)**

Records of all financial transactions involving Plan assets including receipt of contributions and investment earnings, payment of benefits and expenses, and purchase and sale of investments, are maintained by Fidelity Management Trust Company and its affiliates (collectively referred to as "FMTC").

**Contributions**

Upon enrollment, a participant may elect to contribute, on a pre-tax basis, between one and fifty percent of eligible compensation, as defined by the Plan document. The Company provides a discretionary matching contribution, in Lehman stock or cash, on behalf of eligible participants who have a twelve month period of service, as defined by the Plan document, and are employees on the last day of the Plan year. The amount of the discretionary contribution, if any, will be determined by the Company's Board of Directors.

In the event a discretionary matching contribution is made, it will be allocated as follows:

1.  Participants with annual compensation below $50,000, and who are not in any position designated to be excluded from the Company contribution, will receive a Company contribution of $500 plus 100% of the first $3,500 of their pre-tax contributions.

2.  Participants with annual compensation between $50,000 and $200,000 will receive a Company contribution up to 100% of the first $4,000 of their pre-tax contributions, only if there are funds remaining after contributions are made for the participants making less than $50,000 per year.

3.  Company contributions are not made for participants with annual compensation in excess of $200,000.

For the 2007 Plan year, Company contributions were made in cash and were invested in accordance with the participant's elections for their employee contributions. For the 2006 Plan year, Company contributions were made in cash, which was invested in the Lehman Brothers Common Stock Fund.

Participant pre-tax contributions are not subject to tax until distribution. The Internal Revenue Code of 1986, as amended (the "Code"), provides that pre-tax contributions (and any elective deferrals to other plans containing a cash or deferred arrangement) will be included in participant gross income to the extent such contributions exceed the statutory limitation. The maximum limitation amount was $15,500 for 2007 and $15,000 for 2006.

6

Lehman Brothers Savings Plan
Notes to Financial Statements
For the year ended December 31, 2007

**1. Description of the Plan (continued)**

**Contributions (continued)**

The Company's contributions on behalf of participants, as well as the income and appreciation on amounts invested in the Plan, are also not subject to tax until distributed.

As allowed under the Economic Growth and Tax Relief Reconciliation Act of 2001 ("EGTRRA"), the Plan was amended to allow participants to contribute Catch-Up contributions, as defined in EGTRRA, to the Plan. Participants who are at least 50 years old as of December 31 of any Plan year may elect to contribute, on a pre-tax basis, between one and twenty-five percent of eligible compensation, as defined in the Plan document, as Catch-Up contributions. The maximum limitation for Catch-Up contributions was $5,000 for 2007 and 2006.

Rollover contributions represent contributions to the Plan of certain assets previously held on behalf of participants by other qualified plans.

Participants may direct how their contributions are to be invested in the available investment options offered by the Plan.

**Participant Accounts**

Separate accounts are maintained for each participant whereby the participant's account is credited for contributions and credited or charged, as appropriate, for investment experience. Participant accounts are also charged for withdrawals, loans and any applicable administrative fees. The periodic allocation of investment experience is based upon the participant's beneficial interest in each of the investment funds on the valuation date.

**Vesting**

Participants are immediately 100% vested in their pre-tax and Catch-up contributions for all Plan years and in any Company contributions that were made for any Plan year prior to 2005. Participants shall be 100% vested in their Company contributions made for 2005 and later Plan years once they have attained three years of vesting service, as defined by the Plan document.

**Participant Loans**

Generally, participants may borrow from their plan accounts a minimum of $1,000 up to a maximum of $50,000 or 50% of their vested account balance, whichever is less. Loan terms range from 1 year to 5 years or up to 10 years for the purchase of a primary residence, as long as documentation is provided. The loans are secured by the participant's account and bear interest at the rate of prime plus one percent. Principal and interest are paid ratably through biweekly or monthly payroll deductions, depending on the frequency with which the employee is paid. Participants that are still employed by Lehman, but are not able to repay their loans through payroll deductions, are required to repay their loans through monthly payments made directly to FMTC.

Lehman Brothers Savings Plan
Notes to Financial Statements
For the year ended December 31, 2007

**1. Description of the Plan (continued)**

**Participant Loans (continued)**

Participants who terminate their employment with outstanding loan balances have 90 days following termination to repay the loan. Loans not repaid in that timeframe (or the grace period for curing the default) will be reported as taxable distributions. Outstanding loan balances will also be treated as taxable distributions for those participants who request a distribution of their account prior to repaying their loan. For the years ended December 31, 2007 and 2006, $1,797,970 and $1,080,934, respectively, in outstanding loan balances have been reported as taxable distributions to participants.

**Payment of Benefits**

A participant may elect, after attaining the age of 59-1/2, to withdraw all or a portion of the value of their accounts. Withdrawals by actively employed participants, before the age of 59-1/2, are permitted for pre-tax contributions and pre-1989 earnings thereon, only after meeting specified financial hardship criteria and after obtaining approval from the Plan Administrator. Participants can elect to withdraw all or a portion of their rollover contributions made to the Plan.

If the participant's employment with the Company terminates, at any point prior to death the participant may elect to receive a full or partial distribution of his/her account balance. In the event the participant's account does not exceed $1,000, an immediate lump sum payment will be made automatically. After participants attain the age of 70-1/2, they must begin receipt of their remaining account balance in accordance with the minimum required distribution provision and the Plan rules.

Upon death, the balance in the participant's account is paid to the designated beneficiary (as provided by the Plan) in a lump-sum payment; however, the beneficiary may elect instead to receive one or more payments over a period of up to five years following death if the account exceeds $1,000.

**Forfeited Accounts**

The balance on the forfeited non-vested participant accounts was $2,262,489 and $615,261 at December 31, 2007 and 2006 respectively. The amounts will be used to either reduce employer contributions or defray administrative expenses of the Plan.

Lehman Brothers Savings Plan
Notes to Financial Statements
For the year ended December 31, 2007

**1. Description of the Plan (continued)**

**Administrative Expenses**

Except to the extent paid by the Company, all expenses of the Plan are paid by the Plan. In 2007 and 2006, the Plan was charged $678,749 and $300,919 for third party administrative expenses incurred during the respective years. The Company paid all expenses not directly relating to the administration of the Plan.

**2. Summary of Significant Accounting Policies**

**Basis of Accounting**

The financial statements of the Plan have been prepared on the accrual basis of accounting in accordance with U.S. generally accepted accounting principles.

**Reporting of Investment Contracts**

As required by the FASB Staff Position AAG INV-1 and SOP 94-4-1, *Reporting of Fully Benefit Responsive Investment Contracts Held by Certain Investment Companies Subject to the AICPA Investment Company Guide and Defined-Contribution Health and Welfare and Pension Plans* (the "FSP"), investments in the accompanying Statements of Net Assets Available for Benefits include fully benefit responsive investment contracts recognized at fair value. AICPA Statement of Position 94-4-1, *Reporting of Investment Contracts Held by Health and Welfare Benefit Plans and Defined Contribution Pension Plans*, as amended, requires fully benefit responsive investment contracts to be reported at fair value in the Plan's Statement of Net Assets Available for Benefits with a corresponding adjustment to reflect these investments at contract value.

**Use of Estimates**

The preparation of financial statements in accordance with U.S. generally accepted accounting principles requires management to make estimates and assumptions that affect the reported amounts in the financial statements and accompanying notes. Actual results could differ from those estimates.

**Investment Valuation and Income Recognition**

Except for certain investment contracts, the Plan's investments are stated at fair value which equals the quoted market price on the last business day of the Plan year. The shares of registered investment companies are valued at quoted market prices which represent the net asset values of shares held by the Plan at year-end. Investment securities not traded on any public exchange are valued at $0. Participant loans are valued at their outstanding balances, which approximate fair value.

9

Lehman Brothers Savings Plan
Notes to Financial Statements
For the year ended December 31, 2007

**2. Summary of Significant Accounting Policies (continued)**

**Investment Valuation and Income Recognition (continued)**

Investment contracts held in the Plan's Stable Value Fund ("Stable Value Fund"), a separate account established by the Company for the exclusive benefit of Plan participants, are recorded at their contract values, which represent contributions and reinvested income, less any withdrawals plus accrued interest, because these investments have fully benefit-responsive features. For example, participants may ordinarily direct the withdrawal or transfer of all or a portion of their investment at contract value. However, withdrawals influenced by Company-initiated events, such as in connection with the sale of a business, may result in a distribution at other than contract value. There are no reserves against contract values for credit risk of contract issues or otherwise. The fair value of the investment contracts at December 31, 2007 and 2006 approximated $239,369,604 and $206,657,957, respectively. The average yield was approximately 5.17% in 2007 and 5.11% in 2006, respectively. The crediting interest rate for these investment contracts is reset monthly by the issuer but cannot be less than zero and were 5.00% at December 31, 2007 and 5.10% at December 31, 2006.

Purchases and sales of securities are recorded on a trade-date basis. Dividends are recorded on the ex-dividend date.

**Payment of Benefits**

Benefits are recorded when paid.

**3. Investments**

Investment of contributions among the investment funds can be made in increments of 1%, with a maximum of 20% of contributions permitted to be invested in the Lehman Brothers Common Stock Fund (50% prior to December 27, 2007). Participants can elect to change their contribution rate and investment direction of new contributions on a daily basis. Participants may also elect to transfer existing fund balances among investment funds on a daily basis.

10

Lehman Brothers Savings Plan
Notes to Financial Statements
For the year ended December 31, 2007

**3. Investments (continued)**

The following table presents the investments at fair value held by the Plan at December 31, 2007 and 2006, respectively:

|  | December 31, | |
|  | 2007 | 2006 |
|  | (in thousands) | |
| Investments, at fair value |  |  |
| Mutual Funds | $ 1,686,121 | $ 1,469,679 |
| Stock Funds | 228,691 | 262,456 |
| Stable Value Fund | 239,370 | 206,658 |
| Self-Directed Accounts | 2 | 2 |
| Total | $ 2,154,184 | $ 1,938,795 |

The following table presents the net appreciation in fair value of investments held by the Plan at December 31, 2007 and 2006, respectively:

|  | Years Ended December 31, | |
|  | 2007 | 2006 |
|  | (in thousands) | |
| Net appreciation in fair value of investments: |  |  |
| Mutual Funds | $ 74,463 | $ 102,424 |
| Stock Funds | (46,382) | 46,639 |
| Total | $ 28,081 | $ 149,063 |

The following is a schedule of investments held in excess of 5% of the net assets available for benefits at December 31, 2007 and 2006, respectively:

|  | Fair Value at December 31, | |
|  | 2007 | 2006 |
|  | (in thousands) | |
| Funds: |  |  |
| Neuberger Berman Value Equity | $ 618,094 | $ 590,226 |
| Lehman Brothers Common Stock | 228,691 | 233,380 |
| Vanguard Institutional Index | 157,329 | 136,796 |
| Fidelity Diversified International | 111,840 | - |

11

Lehman Brothers Savings Plan
Notes to Financial Statements
For the year ended December 31, 2007

**4. Risks and Uncertainties**

The Plan invests in various investment securities. Investment securities are exposed to various risks such as interest rate, market and credit risks. Due to the level of risk associated with certain investment securities, it is at least reasonably possible that changes in the values of investment securities will occur in the near term and that such changes could materially affect participant account balances and the amounts reported in the statements of net assets available for benefits.

**5. Plan Termination**

While it has not expressed any intent to do so, the Company has the right to terminate the Plan at any time subject to the provisions set forth in ERISA and the Code. In the event of Plan termination, participants would immediately become 100% vested in their employer contributions.

**6. Income Tax Status**

The Plan received a determination letter from The Internal Revenue Service dated August 19, 2003, stating that the Plan is qualified under Section 401(a) of the Code and, therefore, the related trust is exempt from taxation. Subsequent to this determination by the Internal Revenue Service, the Plan was amended and restated. Once qualified, the Plan is required to operate in conformity with the Code to maintain its qualification. The Plan's Administrator believes the Plan is being operated in compliance with the applicable requirements of the Code and, therefore, believes that the Plan is qualified and the related trust is tax exempt.

**7. Party in Interest Transactions**

Certain Plan investments were managed and held in trust by FMTC during 2007 and 2006. This qualifies FMTC as a party in interest.

**8. Reconciliation of Financial Statements to Form 5500**

The following is a reconciliation of net assets available for benefits per the financial statements at December 31, 2007, to the Form 5500:

|  | In thousands |
|---|---|
| Net assets available for benefits per the financial statements | $  2,196,196 |
| Adjustment from contract value to fair value for fully benefit-responsive investment contracts | 2,714 |
| Net assets available for benefits per the Form 5500 | $  2,198,910 |

12

Lehman Brothers Savings Plan
Notes to Financial Statements
For the year ended December 31, 2007

**8. Reconciliation of Financial Statements to Form 5500 (continued)**

The accompanying financial statements present fully benefit-responsive investment contracts at contract value. The Form 5500 requires fully benefit-responsive investment contracts to be reported at fair value. Therefore, the adjustment from contract value to fair value for fully benefit-responsive investment contracts represents a reconciling item.

**9. New Accounting Pronouncement**

In September 2006, the FASB issued SFAS No.157, Fair Value Measurements "SFAS 157." SFAS 157 defines fair value, establishes a framework for measuring fair value in GAAP and expands disclosures about fair value measurements. SFAS 157 applies to accounting pronouncements that require or permit assets or liabilities to be measured at fair value and does not expand the use of fair value in any new circumstances. SFAS 157 is effective for financial statements issued for fiscal years beginning after November 15, 2007. The Plan is currently evaluating the effect that the adoption of SFAS 157 will have on its statement of net assets available for benefits and statement of changes in net assets available for benefits.

13

Supplemental Schedule

14

EIN: 13-3216325
Plan: 003

Lehman Brothers Savings Plan

Schedule H, Line 4(i)—Schedule of Assets (Held at End of Year)

December 31, 2007

| | Par Value/ Number of Shares | Current Value at December 31, 2007 |
|---|---|---|
| **Stable Value Fund** | | |
| Bank of America | | |
| Contract #05-034 | 43,485,150 | $ 46,194,710 |
| ING Life Insurance and Annuity Co. | | |
| Contract # 60118 | 29,720,995 | 31,572,910 |
| JPMorgan Chase Bank | | |
| Contract # 431429-S | 27,377,379 | 29,083,264 |
| State Street Bank & Trust | | |
| Contract # 105019 | 34,507,041 | 41,801,795 |
| UBS AG | | |
| Contract # 5206 | 20,355,585 | 35,126,244 |
| UBS AG | | |
| Contract # 5186 | 8,512,754 | 7,741,877 |
| IXIS | | |
| Contract # 1921 | 35,078,217 | 42,493,717 |
| Fidelity Management Trust Co. (a) | | |
| Contract GDLE | 5,355,087 | 5,355,087 |
| | | 239,369,604 |
| **Stock Funds** | | |
| Lehman Brothers Common Stock (a) | 13,743,452.374 | 228,691,047 |
| **Mutual Funds** | | |
| Fidelity Capital and Income (a) | 6,062,673.336 | 52,624,005 |
| Fidelity Select Biotech (a) | 90,843.296 | 6,057,431 |
| Fidelity Select Healthcare (a) | 94,818.454 | 11,930,058 |
| Fidelity Select Technology (a) | 169,137.846 | 13,754,290 |
| Fidelity Select Telecomm (a) | 103,659.015 | 5,394,415 |
| Fidelity Asset Manager (a) | 1,724,833.023 | 26,752,160 |
| Fidelity Low Price Stock (a) | 1,040,455.176 | 42,793,921 |
| Fidelity Diversified International (a) | 2,803,009.973 | 111,840,098 |
| Fidelity Large-Cap Stock (a) | 5,441,649.879 | 105,187,092 |
| Fidelity Freedom 2010 (a) | 402,015.865 | 5,957,875 |
| Fidelity Freedom 2020 (a) | 717,367.829 | 11,341,585 |
| Fidelity Freedom 2030 (a) | 816,937.299 | 13,495,804 |
| Fidelity US Bond Index (a) | 3,571,827.932 | 38,897,206 |
| Fidelity Freedom 2040 (a) | 1,243,609.223 | 12,100,318 |
| Fidelity Freedom 2015 (a) | 2,708.093 | 33,770 |

15

EIN: 13-3216325
Plan: 003

Lehman Brothers Savings Plan

Schedule H, Line 4(i)—Schedule of Assets (Held At End of Year) (continued)

December 31, 2007

| | Par Value/ Number of Shares | Current Value at December 31, 2007 |
|---|---|---|
| **Mutual Funds (continued)** | | |
| Fidelity Freedom 2025 (a) | 9,376.489 | 123,582 |
| Fidelity Freedom 2035 (a) | 3,090,656 | 42,280 |
| Fidelity Freedom 2045 (a) | 2,227.393 | 25,281 |
| Fidelity Freedom 2050 (a) | 5,865.379 | 67,041 |
| Neuberger Berman Partners (a) | 1,752,771.680 | 57,525,967 |
| Allianz Emerging Co Is | 537,751.709 | 10,647,484 |
| Pimco Total Return Administrative | 3,039,526.401 | 32,492,537 |
| Neuberger Berman Genesis Investor (a) | 1,619,653.051 | 55,635,082 |
| Templeton Developing Markets A | 1,261,607.018 | 38,479,014 |
| Vanguard Total Stock Market SIG | 686,348.513 | 23,425,075 |
| Calamos Growth | 931,480.801 | 54,631,349 |
| Vanguard Institutional Index | 1,172,874.313 | 157,329,360 |
| MFS Value Fund A | 483,377.972 | 12,824,018 |
| Hartford Cap App IA | 615,090.529 | 32,267,649 |
| TRP Mid Cap Value | 1,580,351.620 | 35,494,697 |
| Neuberger Berman High Inc Bond Inv (a) | 527,571.639 | 4,574,046 |
| American Cap World G&I R4 | 806,099.670 | 35,903,679 |
| Neuberger Berman International Inv (a) | 1,920,907.682 | 40,146,971 |
| Neuberger Berman Socially Responsible (a) | 254,254.573 | 6,770,799 |
| Century SM Cap | 506,653.601 | 11,460,504 |
| Neuberger Berman Value Equity (a) | 9,578,701.413 | 618,094,445 |
| | | 1,686,120,888 |
| | | |
| **Self-Directed Accounts** | | |
| Monte Carlo Corp. * | 1,000 | - |
| Omnimax Inc. | 2,000 | - |
| Paratech International Inc. * | 4,000 | - |
| Buscemi's Intl Inc/New * | 20 | - |
| Westmore Intl Inc. * | 500 | - |
| Strips-Tint-05/15/2008 | 2,000 | 1,977 |
| First Capital Holdings Corp. * | 100 | - |
| Access International Education Ltd. | 80 | 5 |
| Xebec * | 700 | - |
| | | 1,982 |
| | | |
| **Total Investments before Participant Loans** | | 2,154,183,521 |
| | | |
| **Participant Loans (a)** | | 16,724,317 |
| | | |
| **Total Investments and Participant Loans** | | $2,170,907,838 |

* Unpriced Securities, valued at zero
(a) Indicates party in interest to the Plan

16

SIGNATURE

Pursuant to the requirements of the Securities Exchange Act of 1934, the Lehman Brothers Holdings Inc. Employee Benefit Plans Committee has duly caused this annual report to be signed on its behalf by the undersigned hereunto duly authorized.

LEHMAN BROTHERS SAVINGS PLAN

By: /s/ Wendy M. Uvino

Wendy M. Uvino
Chairperson
Lehman Brothers Holdings Inc.
Employee Benefit Plans Committee

June 26, 2008

17

EXHIBIT INDEX

| Exhibit No. | Description |
| --- | --- |
| 23.1 | Consent of Independent Registered Accounting Firm - Mitchell & Titus LLP |
| 23.2 | Consent of Independent Registered Accounting Firm - Ernst & Young LLP |

18

Exhibit 23.1

**CONSENT OF INDEPENDENT REGISTERED PUBLIC ACCOUNTING FIRM**

We consent to the incorporation by reference in the Registration Statement No. 33-53923 on Form S-8 pertaining to the Lehman Brothers Savings Plan of our report dated June 26, 2008 with respect to the financial statements and supplemental schedule of the Lehman Brothers Savings Plan included in this Annual Report (Form 11-K) for the year ended December 31, 2007.

/s/ Mitchell & Titus LLP

New York, New York
June 26, 2008

Exhibit 23.2

**CONSENT OF INDEPENDENT REGISTERED PUBLIC ACCOUNTING FIRM**

We consent to the incorporation by reference in the Registration Statement No. 33-53923 pertaining to the Lehman Brothers Savings Plan of our report dated June 26, 2007, with respect to the financial statements and supplemental schedule of the Lehman Brothers Savings Plan included in this Annual Report (Form 11-K) for the year ended December 31, 2006.

/s/ Ernst & Young LLP

New York, New York
June 26, 2007