**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS SECURITIES AND<br>ERISA LITIGATION<br><br>This Document Applies to: ALL CASES | 09 MD 2017 (LAK) |

## LEAD PLAINTIFFS' MEMORANDUM IN RESPONSE TO ARKANSAS PLAINTIFFS' MOTION TO MODIFY PRETRIAL ORDER NO. 1

Lead Plaintiffs[1] respectfully submit this memorandum in response to the motion of plaintiffs Glen Deathrow, Barbara Kattell, Madeline Dimodica, Cecil Mease, Rena Caldwell, and Michael Shipley (collectively, "Arkansas Plaintiffs") to modify Pretrial Order No. 1 ("Order No. 1") to permit them to bring claims on behalf of persons or entities that purchased bonds Lehman Brothers Holdings Inc. ("Lehman") issued prior to February 13, 2007.

### PRELIMINARY STATEMENT

Lead Plaintiffs take no position on whether the Court should permit the Arkansas Plaintiffs to pursue claims on behalf of persons or entities that purchased bonds Lehman issued prior to February 13, 2007. However, Lead Plaintiffs vigorously dispute the Arkansas Plaintiffs' characterization that Lead Plaintiffs have somehow "abandoned" those claims. Lead Plaintiffs also oppose the Arkansas Plaintiffs' motion to the extent it seeks to modify Order No. 1 to have

---

[1] Lead Plaintiffs refer to Alameda County Employees' Retirement Association, Government of Guam Retirement Fund, Northern Ireland Local Government Officers' Superannuation Committee, City of Edinburgh Council as Administering Authority of the Lothian Pension Fund and Operating Engineers Local 3 Trust Fund (collectively, "Lead Plaintiffs"), the court-appointed lead plaintiffs in *In re Lehman Brothers Equity/Debt Securities Litigation*, 08-cv-5523 (LAK)("*Equity/Debt Action*").

their counsel, J. Allen Carney of Carney, Williams, Bates, Bozeman & Pulliam, PLLC, appointed to the Executive Committee.

## BACKGROUND

*Operative Plasterers and Cement Masons Int'l Assoc. Local 262 Annuity Fund v. Lehman Brothers Holdings Inc.*, No. 08-Civ-5523 (LAK) ("*Operative Plasterers Action*"), was filed in this Court on June 18, 2008. On July 31, 2008, in accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), the Court issued an Order ("Lead Plaintiff Order") that appointed Lead Plaintiffs, a group of institutional investors including four public pension funds, to serve as the lead plaintiffs in the *Operative Plasterers Action*. Kehoe Decl. Ex. A (Lead Plaintiff Order).[2]

On January 9, 2009, this Court issued Order No. 1, which, *inter alia*: (i) consolidated for pretrial purposes the *Operative Plasterers Action* with seven separate actions brought against Lehman and certain other defendants by or on behalf of purchasers of Lehman debt and equity securities, to be referred to collectively as "*In re Lehman Brothers Equity/Debt Securities Litigation*" (Order No. 1 ¶ 1.1.1); (ii) applied its provisions prospectively to actions "later instituted in or removed or transferred to this Court," including cases transferred for pretrial purposes under 28 U.S.C. § 1407, involving "claims relating to Lehman Brothers securities" (*id.* ¶ 2.5); (iii) confirmed the appointment of Lead Plaintiffs and the undersigned as Lead Counsel (*id.* ¶ 3.1); (iv) established an Executive Committee consisting of lead counsel in each of the *Equity/Debt Action*, ERISA Litigation, and the Mortgage-Backed Securities Litigation (*id.* ¶ 3.1);

---

[2] All exhibits referenced herein are exhibits annexed to the Declaration of John A. Kehoe in Support of Lead Plaintiffs' Memorandum in Response to Arkansas Plaintiffs' Motion to Modify Pretrial Order No. 1 ("Kehoe Decl.").

and (v) required a single consolidated amended complaint in the *Equity/Debt Action* to be filed and served by February 23, 2009 (*id.* ¶ 2.2). Kehoe Decl. Ex. B (Order No. 1).[3]

Beginning months before Lehman announced (on September 15, 2008) that it intended to file a petition under Chapter 11 of the U.S. Bankruptcy Code, and continuing through the present, Lead Plaintiffs, through their undersigned counsel Bernstein Litowitz Berger & Grossmann LLP and Barroway Topaz Kessler Meltzer & Check LLP (together "Co-Lead Counsel"), have been working diligently to safeguard the interests of persons and entities that purchased Lehman issued securities, including common stock, preferred shares, and bonds. Among other things, Co-Lead Counsel have:

- interviewed numerous former Lehman employees, including persons at key subsidiaries, to investigate the Class's claims;

- moved to secure the Class's interests in Lehman's bankruptcy by retaining experienced bankruptcy counsel, appearing in the bankruptcy court and joining in the motion for appointment of an Examiner;

- retained and consulted with experts, including individuals with specialized knowledge in the areas of damages, accounting standards, and the investment banking industry;

- communicated with the Class by establishing and maintaining a website (http://www.lehmansecuritieslitigation.com/) to inform the Class about developments in the *Equity/Debt Action*;

- extensively evaluated hundreds of Lehman offerings and asserted cognizable claims for each such offering identified in the Second Amended Consolidated Class Action Complaint, filed on February 23, 2009 (the "Complaint");

---

[3]  The structure of the consolidated action *In re Lehman Brothers Securities and ERISA Litigation*, 09 MD 2017, and the issuance of Order No. 1, resulted from motion practice filed after the Court issued the Lead Plaintiff Order, including motions to consolidate various actions (*see* Dkt. Items 57, 66, Case No. 08-cv-5523), and lead plaintiff motions filed in a related case, *Fogel Capital Management, Inc. v. Fuld, et al.*, Case No. 08-cv-8225. (Dkt. Items 19, 44, 47, 50, Case No. 08-cv-8225.)

- added additional plaintiffs in the Complaint to bolster the representation for the Class in accordance with Second Circuit precedent;

- filed the Complaint on behalf of purchasers of Lehman common stock and Lehman bonds and preferred shares in more than 600 separate offerings; and

- participated in conferences with defense counsel concerning the schedule in this case, proceedings before the Judicial Panel on Multi-District Litigation ("JPML"), and various other case management issues.

Following extensive investigation, Lead Plaintiffs filed the Complaint on behalf of all persons, except Defendants and their affiliates, (1) who purchased Lehman securities (identified in Appendix A affixed to the Complaint) between February 13, 2007 and September 15, 2008, inclusive, pursuant or traceable to a shelf-registration statement dated May 30, 2006; or (2) who purchased Lehman common stock, call options, and/or who sold Lehman put options between June 12, 2007 and September 15, 2008.

Between October 21, 2008 and November 4, 2008, nearly three months after issuance of the Lead Plaintiff Order, the Arkansas Plaintiffs, comprised of six individuals, filed four separate class action complaints ("Arkansas Actions") in several different Arkansas state circuit courts, alleging violations of the Securities Act of 1933 against many of the same defendants named in the *Equity/Debt Action*. The Arkansas Actions were filed by the law firm Cauley Bowman Carney & Williams, PLLC, and in some cases together with the Bassett Law Firm LLP.[4]

---

[4] The Arkansas Plaintiffs' combined purchases of bonds Lehman issued prior to Feb. 13, 2007 approximate $95,000 (with an unspecified amount purchased by plaintiff Rena Caldwell). Specifically, Cecil Mease is alleged to have purchased $30,000 of Lehman's 5.75% subordinated notes due Jan. 3, 2017 (*Mease v. Fuld et al.*, Compl. at ¶ 7, Dkt. Item 1, Part 2, Case No. 09-cv-01232) and $30,000 of 5.50% of Lehman subordinated notes due Apr. 4, 2016 (*Mease v. Fuld et al.*, Compl. at ¶ 7, Dkt. Item 1, Case No. 09-cv-01231). Plaintiff Rena Caldwell did not specify the amount of Lehman bonds purchased (*Id.* at ¶ 8). Michael Shipley is alleged to have purchased $35,000 of Lehman's 5% senior unsecured notes due Jan. 14, 2011 (*Shipley v. Fuld et al.*, Compl. at ¶ 7, *see also* ¶ 45, Dkt, Item 8, Part 2, Case No. 09-cv-01235). The three individual plaintiffs comprising the *Deathrow Action*, Glen Deathrow, Barbara Kattel, and Madeline Dimodica, purchased bonds that are already included within the more than 600 bonds at issue in the *Equity/Debt Action*. (*Deathrow v. Fuld et al.*, Compl. at ¶ 7 (6.50%

On November 13, 2008, Defendants removed each of the Arkansas Actions to the United States District Courts for the Eastern and Western Districts of Arkansas. On November 26, 2008, the Arkansas Plaintiffs filed a motion to remand the Arkansas Actions, which motions Defendants opposed. On February 9, 2009, before the Arkansas District Court ruled on the motions to remand, the JPML issued an Order transferring the Arkansas Actions "for coordinated or consolidated pretrial proceedings" to this Court. Kehoe Decl. Ex. D (Transfer Order). On February 13, 2009, this Court entered Pretrial Order No. 3, which affirmed that Order No. 1 shall apply "to all cases in all respects." Kehoe Decl. Ex. E (Pretrial Order No. 3).

The Arkansas Plaintiffs have not moved in this Court, or any other court, pursuant to the lead plaintiff provisions of the PSLRA, to be appointed lead plaintiff on behalf of a class of persons or entities who purchased Lehman bonds issued prior to February 13, 2007. Now, the Arkansas Plaintiffs seek to sidestep the PSLRA lead plaintiff provisions by asking this Court to modify Order No. 1 to permit them and their chosen counsel, Roy Jacobs & Associates and Carney Williams Bates Bozeman & Pulliam PLLC, to pursue those claims.

## ARGUMENT

### A.    Lead Plaintiffs Do Not Seek to Preclude the Arkansas Plaintiffs' From Pursuing Claims for Lehman Bonds Issued Prior to February 13, 2007

Lead Plaintiffs asserted the claims included in the Complaint after an extensive investigation and evaluation of the factual and legal merit of all potential claims. As noted above, the proposed Class includes persons and entities that purchased Lehman securities (identified in Appendix A to the Complaint) between February 13, 2007 and September 15,

---

*(con't from previous page)*

subordinated notes due June 21, 2037), ¶ 8 (6.625% senior unsecured bonds due July 27, 2027), ¶ 9 (6.75% bonds due Nov. 22, 2027), Dkt. Item 1, Part 2, Case No. 09-cv-01230). Kehoe Decl. Ex. C (Deathrow Complaint).

2008.  Now, the Arkansas Plaintiffs seek to carve out for themselves a niche by pursuing claims that pre-date February 13, 2007.

While Lead Plaintiffs take no position on whether the Court should allow the Arkansas Plaintiffs to pursue claims on their own behalf or on behalf of persons or entities that purchased Lehman issued bonds prior to February 13, 2007, Lead Plaintiffs vigorously dispute the Arkansas Plaintiffs' characterization that Lead Plaintiffs have somehow "abandoned" those claims.  *See* Movants' Br. at 1.  The Complaint's factual contentions have a basis of evidentiary support developed after an extensive investigation under the circumstances.  Although the Complaint does not allege claims for Lehman bonds issued before February 13, 2007, Lead Plaintiffs would certainly seek leave of the Court to amend the Complaint, pursuant to Rule 15(a), to include claims on behalf of purchasers of Lehman bonds issued prior to February 13, 2007, should Lead Plaintiffs obtain sufficient evidentiary support after a reasonable opportunity for further investigation or discovery.  Such further evidentiary support may be revealed during the course of formal discovery in the *Equity/Debt Action*, or through ongoing investigations into the factual allegations set forth in the Complaint, including investigations by Lead Plaintiffs, the Department of Justice, the Securities and Exchange Commission, and the independent Examiner appointed in the Lehman bankruptcy proceeding before Hon. James M. Peck, in the United States Bankruptcy Court, in this District (Case No. 08-13455).

Further, the Arkansas Plaintiffs offer no support for their contention that offerings issued prior to February 13, 2007 "exhibit factual distinctions that would make it impermissible to include those transactions within any expanded settlement class or to regard them as resolved under principles of *res judicata.*"  Movants' Br. at 5, n.2 (internal quotation marks omitted).  To the contrary, the JPML centralized the Arkansas Actions with the *Equity/Debt Action* under 28

U.S.C. § 1407 after having found that the actions shared factual questions relating to whether defendants allegedly made materially false and/or misleading statements that had a negative impact on Lehman Brothers securities, and that "all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses." *In re Lehman Bros. Holdings, Inc., Sec. & Employee Retirement Income Security Act (ERISA) Litig.*, 598 F. Supp. 2d 1362, 1364 (J.P.M.L. 2009).

Likewise, there are no grounds to support the Arkansas Plaintiffs' bald contention that their claims "would eventually be lost, prejudiced, or sold out too cheaply…" Movants' Br. at 4. (citations omitted). The Arkansas Plaintiffs have not put forth a reasoned basis to find that Lead Plaintiffs, comprised of large and sophisticated institutional investors and represented by experienced counsel, would do anything other than vigorously protect the interests of purchasers of Lehman bonds included in both the *Equity/Debt Action* and the Arkansas Actions by seeking appropriate discovery to further bolster the factual contentions in both Actions.

Should the Court permit the Arkansas Plaintiffs to pursue the claims for offerings before February 13, 2007, Lead Plaintiffs respectfully submit that the Court stay the Arkansas Actions. Such a stay would streamline issues and save judicial and party resources in the approaching responsive pleading motion practice in the *Equity/Debt Action*. It will also allow for efficient discovery at the appropriate time.

**B.**    **There Is No Cause to Alter the Current Executive Committee Structure**

There is no need to appoint J. Allen Carney, of Carney, Williams, Bates, Bozeman & Pulliam, PLLC, to serve in this consolidated proceeding as an additional representative on the Executive Committee. Order No. 1 ¶ 3.3(a) requires "consultation with other plaintiffs' counsel as may be appropriate" prior to presenting the Court with all plaintiffs' positions on pretrial

matters, and ¶ 3.3(b) requires Lead Plaintiffs to "coordinate the litigation and conduct of discovery on behalf of plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(b)(1) and (2), and (g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions." Co-Lead Counsel will abide by those directives.

When formal discovery proceeds in the *Equity/Debt Action*, Lead Plaintiffs will pursue evidence supporting claims against Defendants, including whether additional viable claims exist, and if appropriate, would add claims for damages in connection with offerings that took place prior to February 13, 2007. Given Lead Plaintiffs' active prosecution of this action in the interests of damaged purchasers of Lehman common stock, bonds, and preferred shares, and in light of the discovery consultation provision of Order No. 1, there is no good reason to diverge from the Executive Committee structure set forth in Order No. 1. Indeed, the Court recently denied the request of counsel for plaintiffs in four actions removed from the California Superior Court and transferred to this Court to be appointed Liaison Counsel. Kehoe Decl. Ex. F (Pretrial Order No. 7).

## CONCLUSION

For the foregoing reasons, Lead Plaintiffs take no position on whether Order No. 1 should be modified to permit the Arkansas Plaintiffs to pursue claims on behalf of persons or entities that purchased bonds Lehman issued prior to February 13, 2007, but oppose modifying Order No. 1 to the extent the Arkansas Plaintiffs seek to add J. Allen Carney to serve on the Executive Committee.

DATED:  April 16, 2009
         New York, New York

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP


_____
s/ David R. Stickney
David R. Stickney


John P. Coffey
Avi Josefson
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel:    (212) 554-1400
Fax:   (212) 554-1444

       -and-

David R. Stickney
David A, Thorpe
Jon F. Worm
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:   (858) 793-0323

*Co-Lead Counsel for Plaintiffs*


BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP


_____
s/ John A. Kehoe
John A. Kehoe

David Kessler
John A. Kehoe
Benjamin J. Hinerfeld
Michelle M. Newcomer
Richard A. Russo, Jr.
280 King of Prussia Road
Radnor, PA 19087
Tel:    (610) 667-7706
Fax:   (610) 667-7056

*Co-Lead Counsel for Plaintiffs*