# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
OPERATIVE PLASTERERS & CEMENT MASONS
INTERNATIONAL ASSOCIATION LOCAL 262
ANNUITY FUND, et al.,

                Plaintiffs,

      -against-                                08 Civ. 5523 (LAK)

RICHARD S. FULD, JR., et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re

LEHMAN BROTHERS ERISA LITIGATION,           08 Civ. 5598 (LAK)


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
N.J. CARPENTERS HEALTH FUND,

                Plaintiff,

      -against-                                08 Civ. 6762 (LAK)

LEHMAN XS TRUST SERIES 2005-5N, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
FOGEL CAPITAL MANAGEMENT, INC.,

                Plaintiff,

      -against-                                08 Civ. 8225 (LAK)

RICHARD S. FULD, JR., et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
------------------------------------x
ANTHONY PEYSER,

                         Plaintiff,

         -against-                                    08 Civ. 9404 (LAK)

RICHARD S. FULD, JR., et al.,

                         Defendants.
------------------------------------x
STEPHEN P. GOTT,

                         Plaintiff,

         -against-                                    08 Civ. 9578 (LAK)

UBS FINANCIAL SERVICES, INC., et al.,

                         Defendants.
------------------------------------x
JEFFREY STARK, et al.,

                         Plaintiffs,

         -against-                                    08 Civ. 9793 (LAK)

ERIN CALLAN, et al.,

                         Defendants.
------------------------------------x
STANLEY TOLIN,

                         Plaintiff,

         -against-                                    08 Civ. 10008 (LAK)

RICHARD S. FULD, JR., et al.,

                         Defendants.
------------------------------------x
```

```
------------------------------------- x
ENRIQUE AZPIAZU,

                    Plaintiff,

       -against-                                                    08 Civ. 10058 (LAK)

UBS FINANCIAL SERVICES, INC., et al.,

                    Defendants.
------------------------------------- x
BROOKS FAMILY PARTNERSHIP, LLC, et al.,

                    Plaintiffs,

       -against-                                                    08 Civ. 10206 (LAK)

RICHARD S. FULD, JR., et al.,

                    Defendants.
------------------------------------- x
ALASKA ELECTRICAL PENSION FUND,

                    Plaintiff,

       -against-                                                    08 Civ. 10686 (LAK)

LEHMAN BROTHERS HOLDINGS, INC., et al.,

                    Defendants.
------------------------------------- x
```

## PRETRIAL ORDER NO. 1
### (Initial Case Management Order)

LEWIS A. KAPLAN, *District Judge.*

　　　　It appearing that these cases merit special attention as complex litigation and the Court having considered various motions, heard argument, and conducted a conference with counsel, it is hereby

　　　　**ORDERED,** as follows:

2

1       **Consolidation**

      1.1.    **Substantive Consolidation**

           1.1.1. *In re Lehman Brothers Equity/Debt Securities Litigation.* The following actions are consolidated for all pretrial purposes with 08 Civ. 5523 (LAK): 08 Civ. 5523, 08 Civ. 8225, 08 Civ. 9404, 08 Civ. 9578, 08 Civ. 9793, 08 Civ. 10008, 08 Civ. 10058, and 08 Civ. 10206. They are referred to collectively as *In re Lehman Brothers Equity/Debt Securities Litigation.*

           1.1.2. *In re Lehman Brothers Mortgage-Backed Securities Litigation.* The following actions are consolidated for all purposes into 08 Civ. 6762 (LAK), and the caption of that action is amended to be *In re Lehman Brothers Mortgage-Backed Securities Litigation:* 08 Civ. 6762 and 08 Civ. 10686.

      1.2.    **Discovery Consolidation.** *In re Lehman Brothers Equity/Debt Securities Litigation* (08 Civ. 5523 (LAK)), *In re Lehman Brothers Mortgage-Backed Securities Litigation* (08 Civ. 6762) (LAK) and *In re Lehman Brothers ERISA Litigation* (08 Civ. 5598 (LAK)) are consolidated for discovery purposes.

2.      **Captions and Filing**

           2.1.1   **Master Docket and File.** The Clerk will maintain a master docket and case file under the style *In re Lehman Brothers Securities and ERISA Litigation* to which he shall assign a file number in the "MD" series.

           2.1.2   **Captions; Separate Filing.** All orders, pleadings, motions and other documents filed in any or all of the actions now or hereafter subject to this order shall bear the following caption with the "MD" file number assigned by the Clerk:

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re:

LEHMAN BROTHERS SECURITIES
AND ERISA LITIGATION                                    09 MD ____ (LAK)

This Document Applies to:   [insert]
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

A paper pertinent to all of the actions consolidated for discovery purposes by Section 1.2 of this Order shall state that it applies to "ALL CASES." A paper pertinent to fewer than all of the actions shall state the docket number of each individual case to which it pertains. All papers filed in any of these cases shall be docketed on the master docket and on the docket of each individual case to which it pertains.

**2.2**   **Pleadings.** There shall be a single consolidated amended complaint in each of *In re Lehman Brothers Equity/Debt Securities Litigation* and *In re Lehman Brothers Mortgage-Backed Securities Litigation*, each of which shall be served and filed no later than 45 days after the date hereof. Defendants thereafter shall answer, move or otherwise response thereto no later than 45 days later.

**2.3**   **Motions.**

   **2.3.1**   No motion shall be filed under Rule 11, Rule 37, or Rule 56 without the movant first having sought a premotion conference with the Court.

   **2.3.2**   No motion (other than under Rule 12) shall be filed unless it includes a certification that the movant has conferred with opposing parties and made a good faith effort to resolve the matter without court action.

4

**2.4** **Discovery.**

    **2.4.1** **Non-filing of Discovery Documents.** Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses will not be filed with the court except when specifically so ordered by the court or to the extent needed in connection with a motion.

    **2.4.2** **Pending and New Discovery.** Pending the development of a fair and efficient schedule, any outstanding discovery proceedings are suspended until further order of this Court, and no further discovery shall be initiated save that the parties in *In re Lehman Brothers ERISA Litigation* may conduct such uniquely ERISA-related discovery as they may agree upon or as the Court by subsequent order may permit. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

**2.5** **Later Cases.** The provisions of this Order, including pretrial consolidation, shall apply automatically to actions later instituted in or removed or transferred to this Court (including cases transferred for pretrial purposes under 28 U.S.C. § 1407) that involve claims relating to Lehman Brothers securities.

**3.** **Designation of Lead Plaintiffs and Lead Counsel**

    **3.1.** *In re Lehman Brothers Equity/Debt Securities Litigation.* The parties and counsel previously designated as lead plaintiff(s) and lead counsel in 08 Civ. 5523 shall serve as lead plaintiff(s) and lead counsel in *In re Lehman Brothers Equity/Debt Securities Litigation.*

    **3.2.** *In re Lehman Brothers Mortgage-Backed Securities Litigation.* The Local

5

302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Trust and Christopher Lometti of the firm of Schoengold, Sporn, Laitman & Lometti, P.C., are designated Lead Plaintiff and Lead Counsel in *In re Lehman Brothers Mortgage-Backed Securities Litigation*.

**Organization of Plaintiffs' Counsel**

    3.1    **Executive Committee.** There shall be a Plaintiffs' Executive Committee consisting of lead counsel in each of *In re Lehman Brothers Equity/Debt Securities Litigation, In re Lehman Brothers Mortgage-Backed Securities Litigation*, and *In re Lehman Brothers ERISA Litigation* and Daniel C. Girard of the firm of Girard, Gibbs & De Bartolomeo, LLP.

    3.2    **Executive Committee Chair.** The Executive Committee shall select a Chair from among its number within 14 days after the date hereof and inform the Court of its selection. Failing a timely selection, the Court will designate a Chair.

    3.3    **Role of Executive Committee.** Plaintiffs' Executive Committee shall be responsible for coordinating the activities of plaintiffs during pretrial proceedings and shall: (a) determine (after such consultation with other plaintiffs' counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on matters arising during pretrial proceedings; (b) coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(b)(1) and (2), and (g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions; (c) conduct settlement negotiations on behalf of plaintiffs, but

6

not enter binding agreements except as may be authorized by the Court; (d) delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically; (e) enter into stipulations, with opposing counsel, necessary for the conduct of the litigation; (f) prepare and distribute to the parties periodic status reports; (g) maintain adequate time and disbursement records covering services as Executive Committee members; (h) monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and (i) perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of the Court.

3.4   **Executive Committee Coordination of Efforts of Plaintiffs' Counsel.** No discovery or other actions in this litigation shall be undertaken on behalf of any plaintiff except at the direction or with the permission of the Chair and/or Executive Committee, provided, however, that any attorney aggrieved by any refusal of permission may seek review of such refusal by the Court. Any services provided by counsel to their clients without the prior approval of the Chair and/or the Executive Committee may not be compensated in the event of any recovery.

4. **Compensation and Time and Expense Records**

   4.1   **Record Keeping.** Counsel who anticipate seeking an award of attorneys' fees and reimbursement of expenditures from the Court shall comply with the directives contained in The Manual for Complex Litigation, Fourth § 14.213 regarding the maintenance and filing of contemporaneous records reflecting the services performed and the expenses incurred.

7

5. **Termination of Pending Motions.** This order resolves, and the clerk shall terminate, the following motions:

| Case No. | Docket Item(s) |
|---|---|
| 08 Civ. 5523 | 9, 14, 17, 19, 22, 26 |
| 08 Civ. 6762 | 21 |
| 08 Civ. 8225 | 40, 44, 47, 50, 60, 71 |
| 08 Civ. 9404 | 14, 18, 21, 23, 26, 30 |
| 08 Civ. 9578 | 9, 14, 17, 19, 22, 26 |
| 08 Civ. 9793 | 16 |
| 08 Civ. 10008 | 2, 8 |
| 08 Civ. 10058 | 4, 8, 11, 13, 16, 20 |
| 08 Civ. 10206 | 5, 9, 17 |

Dated:   January 9, 2009

/s/ Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)