UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -

IN RE LEHMAN BROTHERS SECURITIES
AND ERISA LITIGATION

: USDC SDNY
: DOCUMENT
: ELECTRONICALLY FILED
: DOC #: _____
: DATE FILED #: 10/7/09

: Civil Action 09 MD 2017 (LAK)

This Document Applies To:
*In re Lehman Brothers ERISA Litigation,*
08 Civ. 5598 (LAK)

**PROTECTIVE
ORDER**

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

### [PROPOSED] PROTECTIVE ORDER

To protect confidential, personal, business and trade secret information consistent with the public's right of access to the Court's records and processes, the Court hereby enters the following Protective Order (the "Order") pursuant to Fed. R. Civ. P. 26(c), which binds all parties and counsel of record in *In re Lehman Brothers ERISA Litigation* (the "Action"):

**I.    Information That May Be Designated Confidential or Highly Confidential**

1.    The term "Information" as used herein shall include any document as that term is defined in Local Rule 26.3 including, without limitation, electronic or computerized data compilations, deposition testimony, deposition exhibit, interrogatory response, response to requests for admission or any other material or information disclosed or produced by or on behalf of a party (or any of its attorneys or agents), or by or on behalf of a non-party (or any of its attorneys or other agents), and all information derived therefrom.

2.    "Confidential" Information includes, but is not limited to Information that:

      (a)    contains competitively sensitive technical, marketing, financial, sales, or other confidential business information;

      (b)    contains private or confidential personal or financial information;

      (c)    contains information received in confidence from non-parties; or

(d)    the producing party otherwise believes in good faith
to be entitled to protection under Rule 26(c)(1)(G) of the
Federal Rules of Civil Procedure or applicable case law.

3.    "Highly Confidential" Information shall include any Confidential Information that contains *highly sensitive* business or personal information, including, without limitation, (a) individuals' family, financial, medical or personnel records; (b) valuation of assets; (c) current or prospective business plans, market analysis or internal strategy or proprietary planning processes; (d) material or information constituting a trade secret in the possession of such party or person, including trade secrets of customers of that party or person; (e) non-public information relating to past, current or potential future customers or competitors; or (f) material or information in possession of a party or person concerning which said party or person has a written independent obligation of confidentiality to a party or person.

4.    Any copies or reproductions, excerpts, summaries or other documents or media (e.g., electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of (other than in general terms) Confidential Information or Highly Confidential Information shall also be treated as Confidential Information or Highly Confidential Information, respectively, pursuant to this Order.

II.    **Designation of Discovery Materials as Confidential or Highly Confidential**

5.    Information may be designated by any individual or entity that has produced such Information ("Producing Person") as "Confidential" or "Highly Confidential" within the meaning of this Protective Order.    "Producing Person" shall include all parties and any non-parties from whom discovery is sought by the parties to this Action.

6.    Non-parties from whom discovery is sought by the parties to this Action may designate Information as "Confidential" or "Highly Confidential" consistent with the terms of this Protective Order.    Under such circumstances, Information designated "Confidential" or

2

"Highly Confidential" by a non-party is assigned the same protection as Information designated by a party, and all duties applicable to a party shall apply to a non-party designating materials or Information "Confidential" or "Highly Confidential." All obligations applicable to a party receiving such Information from another party shall apply to any party receiving such Information from a non-party.

7.      Information shall be designated "Confidential" or "Highly Confidential" only if the Producing Person has a reasonable, good faith belief that the Information so designated is confidential within the meaning of Fed. R. Civ. P. 26(c) and/or as further defined herein.

8.      Any Information that is to be designated "Confidential" or "Highly Confidential" may be so designated by the Producing Person by (i) providing copies of the Information so designated, stamped or electronically tagged with the legend "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY, SUBJECT TO PROTECTIVE ORDER". Information stamped or designated "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY, SUBJECT TO PROTECTIVE ORDER," including Information produced in prior litigation bearing such stamp or designation and subsequently made available in this Action, shall be treated as Confidential or Highly Confidential, respectively, for the purposes of this Order.  To the extent a Producing Person makes documents available for inspection and copying prior to a confidentiality designation of the documents, such materials shall be treated as Highly Confidential until such time as they are produced and assigned confidentiality designations in accordance with this Order.

9.      If Confidential Information or Highly Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party or non-party responsible for the disclosure shall, upon learning of such disclosure, immediately (but in no event more than

3

five business days after learning of such disclosure) inform the Producing Person of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

10.  Failure to designate any Information as Confidential or Highly Confidential shall not be deemed a waiver of the Producing Person's claim of confidentiality or other applicable privilege as to such Information or as to the subject matter of such information, and the Producing Person may thereafter designate such information as Confidential or Highly Confidential, as is appropriate.

11.  In the event that a party or non-party produces two or more identical or substantially identical copies of a document or other Information, and any copy is designated Confidential or Highly Confidential while other copies are not so designated, all such identical or substantially identical documents or other Information shall be treated as Confidential or Highly Confidential, respectively, once notice is given of the inconsistent designation. The Producing Person shall be responsible for giving notice of the inconsistent designation.

12.  The parties shall serve a copy of this Order simultaneously with any discovery request made to any non-party in this Action.

13.  Deposition testimony and the transcripts and video recordings of depositions and/or the exhibits thereto, conducted during pretrial discovery shall be treated as Highly Confidential for a period of 40 days, or for as many days as the parties shall agree, after receipt of such deposition transcript and/or video recordings to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all parties of any Highly Confidential Information or Confidential Information.  Such Highly Confidential or Confidential Information shall be designated by page and line number, and video cassettes (or other storage media) shall be labeled in accordance with the provisions of this Order.  Such

4

Confidential or Highly Confidential Information may also be designated at the deposition by making a statement for inclusion in the deposition transcripts.

III.    **Procedures Concerning Inadvertent Disclosure**

14.    Inadvertent disclosure of any Information shall not be deemed a waiver of the Producing Person's claim of confidentiality or other applicable privilege as to such Information or as to the subject matter of such Information.

15.    Inadvertent disclosure of any Information produced in response to discovery requests in this Action that a party or non-party later claims should have been withheld on grounds of a privilege, *inter alia*, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Disclosed Information"), will not be deemed to waive any privilege or work product protection as to the Information itself or the subject matter of that Information. The procedure for handling Inadvertently Disclosed Information shall be as follows:

a.    A party or non-party may request the return of Inadvertently Disclosed Information by giving notice to each party to which it produced such Information identifying such Information and stating the basis for designating such Information Confidential or Highly Confidential ("Notice of Recall").

b.    A party or non-party shall issue its Notice of Recall within ten business days of discovery of the inadvertent disclosure.

c.    In the event that only part of the Inadvertently Disclosed Information is claimed to be privileged or protected, the party or non-party asserting inadvertent disclosure shall furnish to the parties to which it produced the Inadvertently Disclosed Information a redacted copy of such information, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice.

5

d.  Upon receipt of the Notice of Recall, a party shall use commercially reasonable efforts to promptly destroy or return to the party or non-party asserting inadvertent disclosure all copies of the Inadvertently Disclosed Information and refrain from reviewing the same for any purpose.  All electronic copies maintained on a database shall be rendered unviewable pending the resolution of any dispute as to the recalled documents.  If a receiving party has already disclosed the Inadvertently Disclosed Information, that receiving party must take commercially reasonable efforts to retrieve all copies of the Inadvertently Disclosed Information and either destroy or return to the party or non-party asserting inadvertent disclosure the Inadvertently Disclosed Information.

e.  Within ten business days of receipt of the Notice of Recall, a party contesting application of the privilege must give written notice to the Producing Person that the party is contesting privilege.

f.  Within fifteen business days of giving notice that the party is contesting privilege or some other date as may be mutually agreed upon between the parties, the parties shall meet and confer regarding the privilege claim.

g.  If, after compliance with the foregoing steps (a) through (f), a party contesting application of the privilege concludes that it still disputes the validity of the claim of privilege, it may bring the matter to the Court's attention under Local Civil Rule 37.2 within (i) 30 days after the parties' meet and confer; or (ii) 30 days after a party's request for a meet and confer, in the case that the meet and confer does not timely occur; or (iii) such other time period as to which the applicable parties and/or non-parties have agreed in writing; or (iv) such time required pursuant to a court order.

h.  If the recall of the Inadvertently Disclosed Information is made during the taking of a deposition or shortly before the occurrence of a deposition, the examining counsel,

6

defending counsel and counsel for the Producing Person shall meet and confer in good faith at the earliest possible opportunity and in any event prior to the deposition to determine appropriate steps under the circumstances. In the event the parties cannot agree to the appropriate steps under the circumstances, the Inadvertently Disclosed Information shall not be used at the deposition. In the event that the claim of privilege is withdrawn or the Court determines the Inadvertently Disclosed Information to not be subject to a valid claim of privilege after the deposition has concluded, if examining counsel and defending counsel do not agree otherwise, the Court shall determine any appropriate remedy, including whether and to what extent a reopening of the deposition may be necessary.

i. The terms of this Paragraph shall not be deemed a waiver of a party's right to challenge the Producing Person's designation of Information as privileged (provided, however, that any such challenge to the designation may only be made following the return or destruction based on commercially reasonable efforts of such identified Information to the Producing Person). Additionally, neither inadvertent disclosure of any Information that is subsequently retrieved pursuant to this Paragraph nor any alleged delay or alleged lack of timeliness in the retrieval shall be deemed to be a waiver of, or estoppel as to, any claim of privilege or right to designate the Information Confidential or Highly Confidential asserted by the Producing Person.

j. If a request for an informal conference pursuant to Local Civil Rule 37.2 has either been denied or the discovery dispute has not been resolved as a consequence of such conference, no party moving the Court for an Order compelling production of the material shall assert as ground for entering such an Order that the Producing Person

7

waived any privilege or the right to designate the Information Confidential or Highly Confidential because of the inadvertent disclosure.

16. A party or non-party that has inadvertently produced Confidential or Highly Confidential Information without designating it as Confidential or Highly Confidential may at any time prior to fact discovery cutoff in this Action (should one be imposed) redesignate such Information as Confidential or Highly Confidential. The party receiving such redesignated Confidential or Highly Confidential Information shall make a reasonable good faith effort to ensure that any analysis, memoranda, notes, or other material that were generated based upon such Information shall immediately be treated in conformity with any such redesignation. Persons who obtain access to such Information prior to its redesignation shall, from the time of notice to them of the Information's redesignation, restrict their review or use of that Information in accordance with the higher protection level.

IV.    **Permissible Uses of Discovery**

17. All Information, whether designated Confidential/ Highly Confidential or not, that is produced or exchanged in the course of this Action (other than information that is publicly available), shall be used by the party or parties to whom the information is produced solely for the purpose of this Action.

18. Nothing herein shall impose any restrictions on the use or disclosure by a party, non-party or witness of documents, materials or information obtained by such party, non-party or witness independently of the discovery proceedings in this Action, whether or not such documents, material or information are also obtained through discovery proceedings in this Action.

8

19. Confidential Information, except with the prior consent of the Producing Person or upon prior order of this Court, shall not be disclosed by any party to any person other than the following:

a. the Court, any appellate court, and any mediator or arbitrator engaged by the parties to this Action or appointed by the Court;

b. outside counsel for the parties in this litigation, regardless of whether they appear, and their secretaries, legal assistants, or other support personnel as reasonably necessary to assist outside counsel in this litigation;

c. outside experts, consultants, and/or litigation support vendors or services, including outside copying services or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, who are not parties in this Action or employees of any party (nor known to the engaging party to have accepted an offer to become an employee of a party in this Action) and who are expressly retained to assist counsel for a party (collectively "Outside Litigation Assistants"), and provided that any report created by such expert or consultant relying on or incorporating Confidential Information in whole or in part shall be designated as "Confidential" by the party responsible having such report created;

d. associated personnel of any person within categories (a) – (c) for whom access to Confidential Information is necessary to assist such persons in this Action, including any Court personnel assisting the Court in this Action, secretarial or other clerical personnel, stenographers, court reporters, videographers or other person who are retained to transcribe or videotape testimony in this Action, and principals and employees of the firm with which consultants or experts are associated;

9

e.  any person who wrote or received the document designated "Confidential" or "Highly Confidential";

f.  during their depositions or at a hearing, witnesses in this Action to whom the disclosure is reasonably necessary, consistent with the provisions of Paragraph 22 below;

g.  a party's insurance carrier;

h.  a potential witness, whose deposition has been noticed, who signs the Certification in the form attached hereto as Exhibit A ("Certification").

i.  in-house counsel and legal assistants and other support personnel assisting in-house counsel in this litigation.  Parties that do not employ in-house counsel may each designate, and identify to the other parties, one officer, director or employee in the place of in-house counsel pursuant to this provision.  No party shall disclose confidential information to a designated non-legal staff person pursuant to this paragraph until: (1) the proposed recipient has executed a confidentiality agreement in accordance with the procedures set forth in Paragraph 22, and (2) notice of the designation and intended disclosure has been provided to all parties without objection for at least seven days.  The court will entertain any objection to the disclosure of Confidential Information pursuant to this Paragraph that is made within seven days of receipt of notice of the intended disclosure; and

j.  if the party is an individual, such individual.

20.  Highly Confidential Information. Except with the prior consent of the Producing Person or upon order of the Court, may be disclosed only to any persons falling within categories (a) – (g) in paragraph 19 above.

10

21.  Notwithstanding the provisions in paragraphs 19 and 20 above, Confidential and Highly Confidential Information may be disclosed to any current employee of the Producing Person producing such Information.

22.  Subject to the terms of this order and the Federal Rules of Civil Procedure, any party may use Confidential or Highly Confidential Information in the course of a deposition or hearing provided that, prior to any examination of a witness with respect to such Confidential or Highly Confidential Information, the witness and court reporters are furnished with a copy of this Order, and are shown a confidentiality agreement and submit an executed copy of the Certification in the form attached as Exhibit A ("Certification") to the Order.  Counsel for each party representing a deposition witness shall have responsibility for supplying this Order to that witness before the deposition and attempting to obtain their execution of the Certification. Witnesses not represented by a party's counsel shall be provided with a copy of this Order at the start of the examination, and shall be advised on the record that he or she is subject to sanctions for violating the terms of this Order.  If a witness refuses to execute a copy of the Certification, the admonition in the immediately preceding sentence shall serve as a substitute for the execution of the Certification, and shall be sufficient to allow for examination of the witness as to Confidential or Highly Confidential documents and information.  A copy of this Order (including a copy of the Certification) shall be included with each subpoena served on non-parties, and the subpoena shall state that this Order shall apply to all documents or other information produced in response to the subpoena.

23.  In addition to persons identified in paragraphs 19 through 21 and as provided therein, counsel for a party may disclose (i) Confidential Information to a witness whose deposition has been noticed, outside of a deposition, provided counsel has obtained an executed Certification or (ii) Highly Confidential Information to a witness whose deposition has been

11

noticed, outside of a deposition, provided that the Producing Person has provided consent. Such consent shall not be unreasonably withheld. However, counsel need not obtain a certification or consent if (i) the person is an author or recipient of the Confidential or Highly Confidential Information; or (ii) the person has prior knowledge of (or is reasonably likely to have had prior knowledge of) the subject matter referenced in the Confidential or Highly Confidential Information to be disclosed; or (iii) the person is a former employee of the Producing Person and is known to have had prior knowledge of the specific document containing the Confidential or Highly Confidential Information to be disclosed; or (iv) the person is a former employee of the Producing Person and is reasonably likely to have had prior knowledge of the subject matter referenced in the Confidential or Highly Confidential Information to be disclosed.

24. Persons described in paragraph 19(b) (and their associated personnel) shall be deemed bound by the terms of this Order upon its entry by the Court. A party disclosing Confidential Information or Highly Confidential Information to a person described in paragraph 19(c) (and associated personnel) or 19(e) or 19(g) or any person described in the first sentence of paragraph 23 must first: (i) advise the recipient that the Information is Confidential or Highly Confidential and may only be used in connection with this or related litigation; and (ii) provide the recipient with a copy of this Order; and (iii) obtain the recipient's execution of a signed Certification.

25. Nothing in this Order shall prevent any counsel from advising his or her client concerning this Action and, in the course of providing such advice, from referring to Confidential or Highly Confidential Information, so long as he or she does not disclose its specific contents.

12

26. Nothing in this Order shall prevent the Producing Person from using the Confidential or Highly Confidential Information that they produced in any way that they so choose.

V.    **Challenges to Confidential or Highly Confidential Designations**

27. If any party disagrees with the designation by the Producing Person of any Information as Confidential or Highly Confidential, the disputing party may seek appropriate relief by motion under the Court's Individual practices for discovery disputes. Until the dispute is resolved, the material shall be treated consistent with the protocol set forth in Paragraph 15(g) of this Order. The Producing Person bears the burden of persuading the Court that the Information is in fact Confidential or Highly Confidential within the definition(s) of those term(s) set forth above. Information shall not be entitled to a Confidential or Highly Confidential designation where such material was in the public domain at the time of, or has become public since, its designation, so long as the Information did not become public in violation of this Order. Nothing in this Order precludes any party from challenging a confidentiality designation on any other ground.

VI.    **Efforts by Non-Parties to Obtain Confidential or Highly Confidential Information**

28. If any party has obtained Confidential or Highly Confidential Information under the terms of this Order and receives a subpoena or other compulsory process commanding the production of such Confidential or Highly Confidential Information, except as otherwise provided by law, such party shall notify the Producing Person as soon as practicable but in no event later than two business days following receipt of the subpoena or other compulsory process, including in such notice the date set for the production of such Information, so that the Producing Person may file a motion for a protective order to quash the subpoena or other compulsory process. In the event that the Producing Person files such a motion, the party that

13

received the subpoena or other compulsory process shall not produce any Confidential or Highly Confidential Information in response thereto without the prior written consent of the Producing Person, unless in response to an order of a court of competent jurisdiction.

29.   Except as otherwise provided by law, the parties will not object to the Producing Person having a reasonable opportunity to appear in the litigation or process commanding disclosure of such Confidential or Highly Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

**VII.   Procedures Concerning Third-Party Materials**

30.   To the extent a party or non-party is required to produce Information that was initially produced in a prior litigation, or that otherwise contains information supplied by a non-party to this Action, or that are covered by a non-disclosure agreement pursuant to which consent to production must be obtained  ("Third-Party Materials"), and notice must be given prior to production of such Third-Party Materials, the Producing Person must, within 20 days of becoming aware that a discovery request hereinafter served seeks production of Third-Party Materials, initiate the steps necessary to comply with any pre-production notice requirements imposed by any protective order in a prior litigation and/or any other notice obligations ("Third-Party Notice Requirements").   Upon satisfaction of its Third-Party Notice Requirements and resolution of any objections to the production of the Third-Party Materials, the Producing Person shall promptly re-produce such Third-Party Materials.   The parties reserve all rights to invoke this Court's jurisdiction in this litigation to resolve any issues relating to third parties' rights in the production of this material.

31.   In the event that a Producing Person inadvertently discloses Third-Party Materials without first complying with any Third-Party Notice Requirements ("Inadvertently Disclosed Third-Party Materials"), the Producing Person may request the return of the Inadvertently

14

Disclosed Third-Party Materials, and the possessing parties shall, within five business days, use commercially reasonable efforts to return or destroy such Inadvertently Disclosed Third-Party Materials. In the event that a possessing party expects to move for an order allowing continued retention and use of the recalled Inadvertently Disclosed Third-Party Materials, the possessing party may retain one copy of such materials, solely for use in connection with such a motion. Promptly after discovering its production of Inadvertently Disclosed Third-Party Materials, the Producing Person shall comply within any applicable Third-Party Notice Requirements.

## VIII. Filing Under Seal

32. All Confidential or Highly Confidential Information filed with the Court shall be filed under seal pursuant to the following procedures:

a. Where possible, only Confidential or Highly Confidential portions of filings with the Court shall be filed under seal. Documents or other materials filed under seal shall be placed in sealed envelopes, on which shall be the title to the applicable action(s), the words "FILED UNDER SEAL," and a statement substantially in the following form:

> "This envelope is sealed pursuant to order of the Court and contains Confidential Information [and/or Highly Confidential Information] filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

The envelope shall not be opened without further order of the Court. Any envelope containing documents or other materials filed under seal that is an exhibit to a pleading shall also bear the name of the pleading. Where documents or other materials filed under seal are transmitted between the parties by facsimile, the above message shall be placed on the facsimile cover sheet or on a sheet directly following the facsimile cover sheet. A full and unredacted copy of any such submissions may be provided directly to chambers,

15

marked "Chambers Copy" and "Contains Confidential or Highly Confidential Information Subject to Protective Order."

     b.    If any party objects to identified portions of the documents or other materials remaining under seal, it shall, within ten business days of filing of the documents or other materials, state its objections in a faxed letter to counsel for all parties in the Action. The interested parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution.

     c.    Confidential or Highly Confidential Information filed with an appellate court shall be filed in conformance with that court's rules for filing documents under seal.

## IX.   Use of Confidential or Highly Confidential Information at Trial

    33.   In the event that any Confidential Information or Highly Confidential Information is used in any pre-trial court hearing or proceeding in this Action, and there is any dispute as to whether such material continues to be Confidential or Highly Confidential, the parties will meet and confer to resolve such dispute.

    34.   The parties shall confer and attempt to agree before any trial or other hearing on the procedures under which Confidential or Highly Confidential Information may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching such agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Confidential or Highly Confidential Information which may be used or introduced at such trial or hearing.

    35.   Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential and Highly Confidential Information at trial or hearing upon reasonable notice to all parties and/or non-parties who have produced such information.

## X.    Procedures Upon Termination of Action

36.  All provisions of this Protective Order restricting the use of Information obtained during discovery shall continue to be binding after the conclusion of this Action, including settlement or judgment and all appeals, until further order of the Court, unless the parties agree otherwise in writing, and except to the extent necessary for counsel to defend its conduct if such conduct is challenged in a collateral or pending action. Any and all originals and copies of documents or other Information deemed to be Confidential or Highly Confidential shall, at the request of the Producing Person, be destroyed or (at the expense of the Producing Person) be returned to the Producing Person, within 60 days after a final judgment and all appeals herein, or settlement of this Action except that outside counsel for each party (whether or not counsel of record) may maintain in its files copies of each pleading and  litigation document filed with the Court, and each written discovery request and written response thereto (but not Confidential or Highly Confidential Information produced in response to a request for production of documents, which must be returned to the Producing Person or destroyed in accordance with the procedure identified elsewhere in this Paragraph). If the possessing party elects to destroy the Information rather than return it, the possessing party shall provide the Producing Person written certification that the destruction has been completed using commercially reasonable efforts. Nothing in this Paragraph shall require any party to destroy attorney work product or attorney-client communication that contains or reflect Confidential or Highly Confidential Information. Nothing in this provision shall limit the right, if any, of any party or non-party to object to, and seek a ruling of the Court concerning, a parties' retention of any Information produced.  To the extent any person or entity retains copies of Information pursuant to the terms of this Paragraph, such Information shall continue to be subject to the protections provided by this Order. In addition, all restrictions in this Order regarding the use

17

by any person or entity of anything contained in or obtained from the Information shall continue even after such Information is returned or destroyed.

## XI. **Miscellaneous**

37. This Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

38. The signatories to this Order may modify the provisions of the Order at anytime, by written stipulation and court order except the parties and Producing Persons may extend any of the time limits contained herein by written agreement.

39. Entering into, agreeing to and/or producing or receiving Confidential or Highly Confidential Information pursuant to, or otherwise complying with the terms of this Protective Order shall not:

    A. operate as an admission by any party or Producing Person that any particular Confidential or Highly Confidential Information contains or reflects trade secrets or any other type of confidential information;

    B. prejudice in any way the rights of the parties or Producing Persons to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential or Highly Confidential Information;

    C. prejudice in any way the rights of any party or Producing Person to object to the relevancy, authenticity, or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

    D. prejudice in any way the rights of a party or Producing Person to seek a determination by the Court whether any Information, whether Confidential or Highly Confidential or not, should be subject to the terms of this Protective Order;

    E. prejudice in any way the rights of a party or Producing Person to petition the Court for a further protective order relating to any purportedly confidential information;

    F. prejudice the right of any party or Producing Person to move the Court to broaden or restrict the rights of access to and use of particular Information.

18

G. prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Information; or

H. be construed as an agreement by any person or entity to produce or supply any document, or as a waiver by any person or entity of his its right to object to the production of any document, or as a waiver of any claim of privilege with respect to the production of any document.

| | |
|---|---|
| Mark C. Rifkin<br>Scott J. Farrell<br>Rachel S. Poplock<br>**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**<br>270 Madison Avenue<br>New York, NY 10016<br>Tel: 212-545-4600<br>Fax: 212-545-4653<br>rifkin@whafh.com<br>sfarrell@whafh.com<br><br>Thomas J. Mckenna<br>**GAINEY & MCKENNA**<br>295 Madison Avenue 4th Fl.<br>New York, NY 10017<br>Tel: 212-983-1300<br>Fax: 212-983-0383<br>tjmckenna@gaineyandmckenna.com<br><br>*Co-lead counsel for Plaintiffs* | Michael J. Chepiga<br>Jonathan K. Youngwood<br>**SIMPSON THACHER & BARTLETT LLP**<br>425 Lexington Avenue<br>New York, NY 10017-3954<br>Tel: 212-455-2000<br>Fax: 212-455-2502<br>mchepiga@stblaw.com<br>jyoungwood@stblaw.com<br><br>*Counsel for Individual Defendants other than Richard S. Fuld, Jr.*<br><br>Patricia M. Hynes<br>Todd S. Fishman<br>**ALLEN & OVERY**<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Tel: 212-610-6300<br>Fax: 212-610-6399<br>patricia.hynes@newyork.allenovery.com<br>todd.fishman@newyork.allenovery.com<br><br>*Counsel for Individual Defendant Richard S. Fuld, Jr.* |

SO ORDERED:

_____
HON. LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
_____, 2009

19

G. prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Information; or

H. be construed as an agreement by any person or entity to produce or supply any document, or as a waiver by any person or entity of his its right to object to the production of any document, or as a waiver of any claim of privilege with respect to the production of any document.

| | |
|---|---|
| Mark C. Rifkin<br>Scott J. Farrell<br>Rachel S. Poplock<br>**WOLF HALDENSTEIN ADLER**<br>**FREEMAN & HERZ LLP**<br>270 Madison Avenue<br>New York, NY 10016<br>Tel: 212-545-4600<br>Fax: 212-545-4653<br>rifkin@whafh.com<br>sfarrell@whafh.com<br><br>Thomas J. Mckenna<br>**GAINEY & MCKENNA**<br>295 Madison Avenue 4th Fl.<br>New York, NY 10017<br>Tel: 212-983-1300<br>Fax: 212-983-0383<br>tjmckenna@gaineyandmckenna.com<br><br>*Co-lead counsel for Plaintiffs* | Michael J. Chepiga<br>Jonathan K. Youngwood<br>**SIMPSON THACHER &**<br>**BARTLETT LLP**<br>425 Lexington Avenue<br>New York, NY 10017-3954<br>Tel: 212-455-2000<br>Fax: 212-455-2502<br>mchepiga@stblaw.com<br>jyoungwood@stblaw.com<br><br>*Counsel for Individual Defendants other than*<br>*Richard S. Fuld, Jr.*<br><br>*Todd Fishman* ( 10/5/09 )<br>Patricia M. Hynes<br>Todd S. Fishman<br>**ALLEN & OVERY LLP**<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Tel: 212-610-6300<br>Fax: 212-610-6399<br>patricia.hynes@newyork.allenovery.com<br>todd.fishman@newyork.allenovery.com<br><br>*Counsel for Individual Defendant Richard S.*<br>*Fuld, Jr.* |

SO ORDERED:

_____
HON. LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
_____, 2009

19

G. prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Information; or

H. be construed as an agreement by any person or entity to produce or supply any document, or as a waiver by any person or entity of his its right to object to the production of any document, or as a waiver of any claim of privilege with respect to the production of any document.

| | |
|---|---|
| Mark C. Rifkin<br>Scott J. Farrell<br>Rachel S. Poplock<br>**WOLF HALDENSTEIN ADLER**<br>**FREEMAN & HERZ LLP**<br>270 Madison Avenue<br>New York, NY 10016<br>Tel: 212-545-4600<br>Fax: 212-545-4653<br>rifkin@whafh.com<br>sfarrell@whafh.com | Michael J. Chepiga<br>Jonathan K. Youngwood<br>**SIMPSON THACHER &**<br>**BARTLETT LLP**<br>425 Lexington Avenue<br>New York, NY 10017-3954<br>Tel: 212-455-2000<br>Fax: 212-455-2502<br>mchepiga@stblaw.com<br>jyoungwood@stblaw.com |
| Thomas J. Mckenna<br>**GAINEY & MCKENNA**<br>295 Madison Avenue 4th Fl.<br>New York, NY 10017<br>Tel: 212-983-1300<br>Fax: 212-983-0383<br>tjmckenna@gaineyandmckenna.com<br><br>*Co-lead counsel for Plaintiffs* | *Counsel for Individual Defendants other than*<br>*Richard S. Fuld, Jr.*<br><br>Patricia M. Hynes<br>Todd S. Fishman<br>**ALLEN & OVERY**<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Tel: 212-610-6300<br>Fax: 212-610-6399<br>patricia.hynes@newyork.allenovery.com<br>todd.fishman@newyork.allenovery.com<br><br>*Counsel for Individual Defendant Richard S.*<br>*Fuld, Jr.* |

SO ORDERED:

HON. LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
_____, 2009

Dated: 10/6/09

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
IN RE LEHMAN BROTHERS SECURITIES      : Civil Action 09 MD 2017
AND ERISA LITIGATION                          :
                                                  :
This Document Applies To:                  :
*In re Lehman Brothers ERISA Litigation,*     :    **CERTIFICATION**
08 Civ. 5598 (LAK)                            :
                                                  :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    I, _____ hereby certify that: (i) I have read the Protective Order

governing Confidential and Highly Confidential Material (the "Order") that has been entered by the

Court in *In re Lehman Brothers ERISA Litigation*, 08 Civ. 5598 (LAK) (the "Action"), and I

understand its terms; (ii) I understand that Confidential Material and/or Highly Confidential Material is

being provided to me pursuant to the terms of the Order; (iii) I agree to be fully bound by the

provisions of the Order, including its provisions restricting disclosure of material designated as

Confidential or Highly Confidential under the Order and limiting the use of such material to the

conduct of this Action; and (iv) I hereby submit to the jurisdiction of the United States District Court

for the Southern District of New York for purposes of enforcing the Order.


Dated:                              Signature: _____


20