UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
: 
In re:                                                                      :      09 MD 2017 (LAK)
                                                                                 :
LEHMAN BROTHERS SECURITIES AND            :
ERISA LITIGATION                                                  :      **ECF CASE**
                                                                                 :
This Document Applies to:                                    :
                                                                                 :
*In re Lehman Brothers Mortgage-Backed*       :
*Securities Litigation, No 08-CV-6762.*              :
                                                                                 :
------------------------------------------------------------X

**REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR LIMITED RELIEF FROM THE PSLRA DISCOVERY STAY**

Lead Plaintiff Locals 302 and 612 of the International Union of Operating Engineers – Employers Construction Industry Retirement Trust (the "Operating Engineers" or the "Lead Plaintiff"), Plaintiff New Jersey Carpenters Health Fund (the "New Jersey Carpenters") and Plaintiff Boilermakers-Blacksmith National Pension Trust (the "Boilermakers") (collectively, "Plaintiffs"), submit this reply memorandum of law in further support[1] of their motion seeking limited relief from the discovery stay under the Private Securities Law Reform Act, 15 U.S.C. §§ 78u, et seq. ("PSLRA"), and in response to the Rating Agency Defendants'[2] Opposition.

**PRELIMINARY STATEMENT**

Plaintiffs, incorporating the arguments made by the Equity/Debt Plaintiffs in their memorandum of law in support of their motion seeking the same relief, have described the multiple criminal, civil and regulatory investigations that are currently ongoing involving Lehman Brothers Holding, Inc. ("LBHI") and its subsidiaries.  *See In re Lehman Brothers*

---

[1]  Plaintiffs also incorporate by reference the arguments made by the Plaintiffs in *In re Lehman Brothers Equity/Debt Securities Litigation*, No. 08-cv-5523-LAK, Dkt. No. 187 (the "Equity/Debt Plaintiffs").
[2]  The Rating Agency Defendants consist of Moody's Investors Service, Inc. ("Moody's") and The McGraw-Hill Companies, Inc. ("S&P").

*Equity/Debt Securities Litigation*, No. 08-cv-5523-LAK, Dkt. No. 180. The primary focus of the investigations is on the conduct of LBHI prior to declaring bankruptcy in September, 2008. Plaintiffs' action herein also concerns LBHI's and its subsidiaries' "assembly-line" creation, in concert with the Rating Agency Defendants, of mortgage-backed securities within this same time period, and specifically, the alleged misrepresentations and omissions contained in Registration Statements and prospectus supplements regarding the underwriting guidelines purportedly used to originate the underlying collateral.

Plaintiffs' particularized request for documents that have *already* been or will be produced by LBHI and others, in parallel proceedings, to other civil plaintiffs as well as criminal and regulatory investigators is necessary to prevent undue prejudice Plaintiffs are likely to suffer as a result of being forced to sit on the sidelines as those other matters are litigated. Further, because the Rating Agency Defendants and the Individual Defendants'[3] motions to dismiss are fully briefed and remain *sub judice*, there should be little concern with the Rating Agency Defendants' unsupported claim that the instant motion is an impermissible "fishing expedition."

## ARGUMENT

### I.  The Automatic Stay Should Be Modified to Prevent Undue Prejudice.

The PSLRA provides that "in any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b) (3) (B). A stay may be modified if the court is satisfied that plaintiff's discovery request is both particularized and necessary to preserve evidence or to prevent undue prejudice. *Mishkin v. Ageloff*, 220 B.R. 784

---

[3] The Individual Defendants consist of Lana Franks, Edward Grieb, Richard McKinney, Kristine Smith, James J. Sullivan, Samir Tabet and Mark L. Zusy.

(S.D.N.Y. 1998); *In re WorldCom, Inc. Securities Litigation*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002). Further, although undue prejudice must be shown, "courts have modified the discovery stay in securities class actions when doing so would not frustrate Congress' purposes in enacting the PSLRA." *Seippel v. Sidley, Austin, Brown & Wood LLP*, No. 03-cv-6942 (SAS), 2005 U.S. Dist. LEXIS 2388, at *1 (S.D.N.Y. Feb. 17, 2005). In addition, courts may consider other factors when deciding whether or not to modify the stay, including "the defendants' financial state, settlement negotiations, case management and the effect of delay in determining whether to life the discovery stay." *In re Bank of America Corp. Sec., Deriv. & ERISA Litig.*, No. 09-md-2058 (DC), Mem. Dec., at 4 (S.D.N.Y. Nov. 16, 2009) (citing *In re Worldcom*, 234 F. Supp. 2d at 306 (finding that plaintiffs risk having to "pursue its actions against defendants who no longer have anything or at least much to offer" if denied access to the documents until the motion to dismiss is decided.)) Undue prejudice has been found where, as here, plaintiffs would be unable to make informed decisions about their litigation strategy in a rapidly shifting landscape because they are one of only a few major interested parties without the necessary documents forming the core of their proceedings. *In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 182 (S.D.N.Y. 2004); *Worldcom*, 234 F. Supp. 2d at 305.

In this case, Plaintiffs' claims concern the process of securitization employed by LBHI and its subsidiaries, most importantly, Lehman Brothers, Inc. ("LBI"), the underwriter of the 94 offerings involved in this action. There is no doubt that the demise of Lehman was at least in part caused by their exposure to the mortgage-backed securities ("MBS") they created and marketed to Plaintiffs and the Class. As a result, the investigations that are currently ongoing are of great relevance to this litigation and Plaintiffs' case. However, without knowledge of the

documents already produced, Plaintiffs remain shielded from vital information that is necessary to properly litigate this case.

Several courts faced with similar arguments have found that such information disadvantages are a sufficient "undue prejudice" so as to warrant modification of the stay. *See Bank of America Corp.*, No. 09-md-2058 (DC), Mem. Dec. at 5. *Worldcom*, 234 F. Supp. 2d at 306; *In re Delphi Corp. Sec., Derivative & "ERISA" Litig*., No. 05-md-1725, 2007 U.S. Dist. LEXIS 10408, *6-8 (E.D. Mi. Feb. 15, 2007) (Plaintiffs would be unfairly disadvantaged in pursuing litigation and settlement strategy); *In re Enron Corp. Sec., Deriv. & ERISA Litig*., No. 02-md-3624, 2002 U.S. Dist. LEXIS 26261, *1-2 (S.D. Tex. Aug. 16, 2002).

In *Bank of America,* plaintiffs sought documents that defendants had produced or would be producing in multiple governmental investigations into the Bank of America and Merrill Lynch merger. In granting plaintiffs' request, Judge Chin observed that "discovery is moving apace in parallel litigation. Without access to documents produced in these other proceedings, plaintiffs in these cases will be unduly prejudiced and will be less able to make informed decision about litigation strategy." *Bank of America Corp.*, No. 09-md-2058 (DC), Mem. Dec. at 5. Similarly, here, discovery is moving forward in parallel proceedings; without access to the requested documents, Plaintiffs' will be unduly prejudiced by the ever-growing information disadvantage.

Additionally, the Rating Agency Defendants argue that Plaintiffs have failed to establish the existence of "exceptional circumstances" warranting the lifting of the stay. However, this standard was explicitly rejected by Judge Chin in *Bank of America.*, where he ruled: "I reject that standard to the extent that it implies that something more than "undue prejudice" is required. *Id.* at 5. As a result, the Rating Agency Defendants' argument is without merit.

II.    **Plaintiff's Request Is Sufficiently Particularized**

A discovery request targeting the same list of documents that has already been produced to governmental authorities is more likely to be found "particularized." *In re Spectranetics Corp. Sec. Litig.*, No. 08-cv-02048-REB-KLM, 2009 U.S. Dist. LEXIS 100748, at *3 (D. Colo. Oct. 14, 2009); *see e.g., Royal Ahold*, 220 F.R.D. at 250. In *Royal Ahold*, the court held that a request for documents that had already been provided to securities regulators was appropriate, despite its girth, because the documents sought had already been compiled. *Id*. at 250. Additionally, in *WorldCom*, the court granted discovery of documents that had already been produced during securities investigations. *WorldCom*, 234 F. Supp. 2d at 306.

The facts and circumstances here are no different. Plaintiffs have requested only the limited universe of documents that have already been or will soon be produced to regulators and other plaintiffs. Thus, Defendants' reliance on *Faulkner v. Verizon Communications, Inc.,* 156 F. Supp. 2d 384 (S.D.N.Y. 2001) and *In re Viviendi Universal, S.A., Securities Litigation,* 381 F. Supp. 2d 129 (S.D.N.Y. 2003) is misplaced. In *Viviendi*, the Court held that Plaintiffs had failed to show that "exceptional circumstances" existed, necessitating modification of the discovery stay. The *Viviendi* court's holding was not at all based on a lack of a particularized request. In any event, the "exceptional circumstances" requirement applied in *Viviendi*, as discussed above, has since been rejected. *Bank of America Corp.*, No. 09-md-2058 (DC), Mem. Dec. at 5. In *Faulkner*, the Court held that an open-ended discovery request for all documents that "have been previously produced or will be produced in the future" was not sufficiently particularized. 156 F. Supp. 2d at 404. The circumstances here are quite different. Plaintiffs have requested only the limited universe of documents that have ***already*** been or will soon be produced to regulators and

5

other Plaintiffs. *See Royal Ahold,* 220 F.R.D. at 250, *Worldcom*, 234 F. Supp. 2d at 306; *Delphi Corp.*, 2007 U.S. Dist. LEXIS 10408. Therefore, Plaintiffs' request is sufficiently particularized.

### III. Plaintiffs' Request Poses No More Than a Minimal Burden on the Producing Parties.

The Rating Agency Defendants further contend that the burden imposed on the producing parties is neither minimal nor relevant to the present inquiry. The Rating Agency Defendants are incorrect. As an initial matter, in determining whether to lift the stay, courts have weighed "the burden to defendants against the potential prejudice to plaintiffs, focusing on the production costs to defendants and plaintiffs' need for early review of the documents." *Bank of America Corp.*, No. 09-md-2058 (DC), Mem. Dec. at 3 (S.D.N.Y. Nov. 16, 2009). *See also Royal Ahold,* 220 F.R.D. at 250 ("determining that the motion at issue here describes a 'clearly defined universe of documents,' and the burden of producing the materials should be slight, considering that the defendants have previously produced them to other entities").

Further, the burden on the defendants is "slight when a defendant has already found, reviewed and organized the documents." *Bank of America Corp.*, No. 09-md-2058, Mem. Dec. at 3 (citing *Waldman v. Wachovia*, No. 08-cv-2913, 2009 U.S. Dist. LEXIS 1988, at *2 (S.D.N.Y. Jan. 12, 2009). *See also Enron Corp.*, No. 02-md-3624, 2002 U.S. Dist. LEXIS 26261, at *1. In this case, defendants fail to explain why the producing parties cannot make the same production they have already made under those same terms, *i.e.,* with the same claw-back provisions and protective orders. The use of these claw-back provisions, accompanied with the fact that the documents have already, or will soon be, found, reviewed and organized makes clear that only the minimal burden of creating another set of copies will be imposed on the producing parties.

**CONCLUSION**

For the reasons set forth herein, and in the Equity/Debt Defendants Reply memorandum in support of their motion for limited relief from the PSLRA discovery stay, incorporated herein by reference, Plaintiffs' motion should be granted.

Dated: November 23, 2009

        **COHEN MILSTEIN SELLERS & TOLL, PLLC**

        /s/ Christopher Lometti
        Christopher Lometti (CL-9124)
        Joel P. Laitman (JL-8177)
        Daniel B. Rehns (DR-5506)
        Kenneth M. Rehns (KR-9822)
150 East 52nd Street, Thirtieth Floor
New York, New York 10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
jlaitman@cohenmilstein.com
clometti@cohenmilstein.com
drehns@cohenmilstein.com
krehns@cohenmilstein.com

        Steven J. Toll
        S. Douglas Bunch
1100 New York Avenue NW, Suite 500 West
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
dbunch@cohenmilstein.com

**CERTIFICATE OF SERVICE**

    I, Kenneth M. Rehns, hereby certify that on November 23, 2009, I caused the foregoing document to be filed electronically with the United States District Court for the Southern District of New York through the Court's mandated ECF service. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the document(s) upon confirmation of e-filing.

                                                                        /s/ Kenneth M. Rehns
                                                                         Kenneth M. Rehns