USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/11/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:
LEHMAN BROTHERS SECURITIES AND
ERISA LITIGATION                                    09 MD 2017 (LAK)

This Document Applies to:

08 Civ. 5523, 08 Civ. 6762,
09 Civ. 1238, 09 Civ. 1239,
09 Civ. 1944, 09 Civ. 1946,
09 Civ. 3467, 09 Civ. 3468,
09 Civ. 3474, 09 Civ. 3475,
09 Civ. 3476, 09 Civ. 3478.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

Lead Plaintiffs in the Equity/Debt Securities Litigation move for partial modification of the automatic discovery stay imposed by Private Securities Litigation Reform Act of 1995 ("PSLRA")[1] in order to "obtain copies of documents, deposition transcripts, and other information that Defendants, Lehman Brothers Holdings Inc. ('Lehman' or the 'Company'), Lehman-affiliated debtors, and third parties have produced, or will soon produce, to governmental authorities and other litigants concerning investigations or litigation related to Lehman's bankruptcy." Lead Plaintiffs in the Mortgage-Backed Securities Litigation move for the same relief.[2] Defendants oppose the motions.

The PSLRA provides that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." Lead Plaintiffs claim that the stay should be modified because doing so is necessary both to minimize the danger of losing evidence and to prevent undue prejudice.

---

[1]
15 U.S.C. § 78u-4(b)(3)(B).

[2]
Plaintiffs San Mateo County Investment Pool, Monterey County Investment Pool, City of Auburn, City of Burbank, City of San Buenaventura, and Zenith Insurance Company filed a memorandum of law in joinder and support of the Equity/Debt Securities Lead Plaintiffs' motion. Plaintiffs City of South San Francisco, City of Long Beach, County of Tuolomne, and City of Freemont also filed a memorandum of law in support of the motion.

Lead Plaintiffs argue first that the stay should be lifted because of the "inherent dangers of loss of evidence in bankruptcies and reorganizations"[3] and that the requested discovery is necessary in order to "identify specific material that may be at risk of loss." Lead Plaintiffs concede, however, that the "risk of loss is reduced as to documents already produced to regulators" and that documents "produced to the Examiner, government agencies, and others presumably will be preserved."[4] Even disregarding these concessions, Lead Plaintiffs provide no reason to believe that evidence will be lost other than their own generalized concerns about Lehman's "shifting corporate landscape" and one news account about Lehman's chaotic first week in bankruptcy. These plainly are insufficient to justify lifting the automatic stay.[5]

Lead Plaintiffs argue also that failure to lift the stay would cause "undue prejudice" because it would diminish their ability to make informed litigation and settlement strategy decisions in "a rapidly shifting landscape." They principally rely on *In re Worldcom, Inc. Securities Litigation*[6] and cases using its reasoning.

*Worldcom* is, however, make it unlike this case.[7] The facts here are akin instead to *In re Refco Securities Litigation*[8] and like cases.[9] Here, unlike *Worldcom* but like *Refco*, there are

---

[3]

Equity/Debt Lead Pl. Br. at 21.

[4]

*Id.* at 21-22.

[5]

See *In re Vivendi Universal, S.A.* 381 F. Supp. 2d 129 (S.D.N.Y. 2003) ("A party alleging that discovery is necessary to preserve evidence must . . . make a specific showing that the loss of evidence is imminent as opposed to merely speculative.") (internal quotation marks omitted).

[6]

234 F. Supp.2d 301 (S.D.N.Y. 2002).

[7]

*Id.* at 305 (lifting PSLRA stay because plaintiffs would have been at disadvantage in settlement discussions with parties who had already began discovery and because delay risked eliminating plaintiffs' remedy in light of defendant's risk of insolvency).

[8]

No. 05 Civ. 8626 (GEL), 2006 WL 2337212 (S.D.N.Y. Aug. 8, 2006).

[9]

See, e.g., *380544 Canada, Inc. v. Aspen Technology, Inc.*, No. 07 Civ. 1204 (JFK), 2007 WL 2049738, at *3 (S.D.N.Y. July 18, 2007) (describing *Worldcom's* "unique circumstances" and calling reliance upon it "misplaced" where there were no court-ordered settlement discussions or risk of defendants' insolvency); *In re Vivendi Universal, S.A.*, 381 F. Supp. 2d at 130-131 (declining to lift stay based on *Worldcom* where there was no evidence of settlement discussions or that defendant's bankruptcy would leave plaintiffs without a remedy); *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, No. 02 Civ. 5575

no court-ordered settlement discussions. Similarly, Lead Plaintiffs have not demonstrated a risk, critical to the outcome in *Worldcom*, that the defendants — as opposed to non-party Lehman — will be insolvent if discovery is delayed until after the motion to dismiss, currently *sub judice*, is decided.

        Accordingly, the Lead Plaintiffs' motions to modify the PSLRA discovery stay [09 MD 2017, docket items 188 & 193; 08 Civ. 5523, docket item 179; 08 Civ. 6762, docket item 94] are denied.

        SO ORDERED.

Dated:  December 11, 2009

                                    Lewis A. Kaplan
                                United States District Judge

---

(SWK), 2003 WL 21729842, at *1 (S.D.N.Y. July 25, 2003) (declining to follow *Worldcom* where there had been no settlement discussions or risk of insolvency).