**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
In re:                                                                          :
                                                                                    :
LEHMAN BROTHERS SECURITIES                   :          09 MD 2017 (LAK)
AND ERISA LITIGATION                                   :
                                                                                    :
This document applies to:                                 :          **DEMAND FOR A JURY TRIAL**
                                                                                    :
*In re Lehman Brothers Mortgage-Backed Securities*  :
*Litigation*, No. 08-CV-6762 (LAK)                     :
-------------------------------------------------------------- x

**INDIVIDUAL DEFENDANTS' ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES
TO THE CONSOLIDATED SECURITIES CLASS ACTION COMPLAINT**

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York  10017-3954
(212) 455-2000

*Attorneys for Defendants Lana Franks, Edward
Grieb, Richard McKinney, Kristine Smith, James J.
Sullivan, Samir Tabet and Mark L. Zusy*

Pursuant to this Court's February 1, 2010 Memorandum Opinion ("February 1 Opinion") and February 17, 2010 Memorandum Opinion as amended by the Court's February 24, 2010 Order ("Opinion") in this matter, the Consolidated Securities Class Action Complaint (the "Complaint") was dismissed in all respects except for (1) Section 11 claims against defendants Lana Franks Harber (sued herein as Lana Franks), Edward Grieb, Richard McKinney, Kristine Smith, James J. Sullivan, Samir Tabet and Mark L. Zusy (collectively, the "Individual Defendants") based on alleged disclosure flaws with respect to alleged departures from mortgage loan underwriting standards as they relate to the nine securities offerings listed in Schedule A ("Schedule A") to the Opinion, and (2) Section 15 claims against the Individual Defendants based on their alleged control of Structured Asset Securities Corporation ("SASCo") in connection with those nine securities offerings.  Therefore, substantial portions of the Complaint are not operative and do not require a response.  Nevertheless, the Individual Defendants, by and through their undersigned attorneys, respond to the Complaint as follows:

## GENERAL DENIAL

The Complaint contains allegations that pertain to the conduct and/or state of mind of other named but now-dismissed defendants and third parties.  No answer is required to these allegations.  Unless as otherwise expressly admitted or denied, the Individual Defendants deny such allegations based upon their lack knowledge or information sufficient to form a belief as to the truth of allegations.  Allegations that state a legal conclusion do not require a response; to the extent that a response is required, such allegations are denied.  Finally, the Complaint contains purported excerpts from and references to a number of documents and third-party publications.  Such documents and third-party publications speak for themselves and the Individual Defendants refer to the respective documents for the complete and accurate contents thereof.

## SPECIFIC RESPONSES

1.      Paragraph 1 purports to describe the Complaint and no response thereto is required.  Defendants admit that Plaintiffs have filed a Complaint, which speaks for itself.  As to all other allegations of Paragraph 1, the Individual Defendants lack knowledge or information sufficient to form a belief as to their truth.

2.      Paragraph 2 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that Lehman Brothers, Inc. ("LBI"), underwrote the issuance of the nine securities offerings listed in Schedule A to the Opinion and refer to SASCo's public filings in connection with the nine offerings for a complete and accurate statement of their contents.

3.       Paragraph 3 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  With respect to the allegations of Paragraph 3 that pertain to the nine securities offerings listed in Schedule A, paragraph 3 asserts conclusions of law to which no response is required.  To the extent that a response is required, the Individual Defendants deny each and every such allegation.

4.      Paragraph 4 includes allegations that purport to describe the relief sought in the Complaint, assert conclusions of law, and/or pertain to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion and against defendants against which all allegations were dismissed by the Opinion, and thus no response to such allegations is required.  Insofar as the allegations of Paragraph 4 pertain to the nine securities

offerings listed in Schedule A of the Opinion, the allegations state conclusions of law to which no responsive pleading is required.  To the extent that a response is required, the Individual Defendants admit that SASCo filed the Registration Statements and acted as depositor for the nine offerings listed in Schedule A, LBI underwrote the issuance of those offerings, and Lehman Brothers Holdings, Inc. ("LBHI") and SASCo have filed for bankruptcy protection, and deny that LBI is liable under Sections 11 and 12 of the Securities Act.  As to all other allegations of Paragraph 4, the Individual Defendants lack knowledge or information sufficient to form a belief as to their truth.

5.     Paragraph 5 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants deny such allegations, except to admit that LBI underwrote the offerings listed in Schedule A of the Opinion and to refer to SASCo's public filings in connection with the nine offerings for a complete and accurate statement of their contents.

6.     Paragraph 6 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion the Individual Defendants admit that SASCo acted as depositor for the nine offerings listed in Schedule A of the Opinion, that LBI, underwrote the issuance of those offerings, that mortgage loans securitized in each of those offerings were acquired from certain originators identified in the Complaint, and refer to SASCo's public filings in connection with the nine offerings for a complete and accurate statement of their

contents.  Except as otherwise admitted, the Individual Defendants deny each and every such allegation.

7.     Paragraph 7 includes allegations about securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that Moody's and S&P assigned investment grade ratings to the Certificates and refer to SASCo's public filings in connection with the nine offerings for a complete and accurate statement of their contents.  Except as otherwise admitted, the Individual Defendants deny the allegations in paragraph 7.

8.     Paragraph 8 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants deny the allegations except admit that S&P and Moody's have downgraded certain of the Certificates.

9.     Paragraph 9 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit the allegations in paragraph 9 except deny that "losses flowed to Certificate investors" when borrowers defaulted on or were delinquent on loan payments and refer to SASCo's public filings in connection with those offerings for the complete and accurate contents of the Certificates.

10.    Paragraph 10 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and

thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that the Prospectus Supplements contained general summaries of underwriting guidelines used by originators of mortgage loan pools securitized in each offering including descriptions of the originators' discretion to depart from those guidelines, deny the other allegations in paragraph 10 except refer to SASCo's public filings in connection with those offerings for the complete and accurate contents thereof.

      11.     Paragraph 11 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants deny such allegations.

      12.     Paragraph 12 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A, the Individual Defendants deny such allegations.

      13.     Paragraph 13 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that Clayton Holdings, Inc. ("Clayton") and The Bohan Group ("Bohan") each had written contracts with LBHI and refer to the written contracts for the complete and accurate contents thereof. Except as otherwise admitted, the Individual Defendants deny such allegations.

14.     Paragraph 14 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants deny the allegations in paragraph 14 except refer to the document referenced in the footnote to paragraph 14 for the complete and accurate contents thereof.

15.     Paragraph 15 includes allegations pertaining to alleged misrepresentations or omissions with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations except refer to SASCo's public filings in connection with the nine offerings identified in Schedule A to the Opinion for the complete and accurate contents thereof.

16.     Paragraph 16 includes allegations pertaining to alleged misrepresentations or omissions with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 16 except refer to SASCo's public filings in connection with the nine offerings identified in Schedule A to the Opinion for the complete and accurate contents thereof.

17.     Paragraph 17 includes allegations pertaining to alleged misrepresentations or omissions with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that the allegations require a response, the Individual Defendants deny the allegations in paragraph 17 insofar as they relate to

the nine offerings identified in Schedule A to the Opinion except refer to the documents referenced in paragraph 17 for the complete and accurate contents thereof.

18.     Paragraph 18 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants deny the allegations in paragraph 18.

19.     Paragraph 19 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the allegations state conclusions of law to which no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 19 except refer to SASCo's public filings in connection with the nine offerings identified in Schedule A to the Opinion for the complete and accurate contents thereof.

20.     The Individual Defendants admit that the Plaintiffs purport to assert claims against the Individual Defendants arising under Sections 11 and 15 of the Securities Act and deny that Plaintiffs assert claims against the Individual Defendants under Section 12 of the Securities Act.  The remaining allegations in paragraph 20 assert conclusions of law to which no response is required.

21.      Paragraph 21 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine

securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that SASCo, LBI, and LBHI conducted business in this County and otherwise deny the allegations in paragraph 21.

22.     The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 except deny that Plaintiffs have suffered injury compensable under the Securities Act in connection with Certificates they allegedly purchased.

23.     The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 except deny that Plaintiffs have suffered injury compensable under the Securities Act in connection with Certificates they allegedly purchased.

24.     The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 except deny that Plaintiffs have suffered injury compensable under the Securities Act in connection with Certificates they allegedly purchased.

25.     The Individual Defendants admit the allegations in paragraph 25 except deny that Lehman Commercial Paper, Inc. is a wholly-owned, direct subsidiary of LBHI.

26.     Paragraph 26 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that SASCo acted as the depositor for the offerings, acquired mortgage assets from LBHI in

connection with the offerings and conveyed the mortgage assets to certain Issuing Trusts.  Except as otherwise admitted, the Individual Defendants deny such allegations.

27.  The Individual Defendants admit that LBHI is a Delaware Corporation with headquarters in New York City and that LBHI filed for Chapter 11 bankruptcy protection on September 15, 2008, and deny that LBHI was headquartered at 145 Seventh Avenue, New York. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 27.

28.  Paragraph 28 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that LBHI served as Sponsor of the offerings.  Except as otherwise admitted, the Individual Defendants deny the allegations in paragraph 28.

29.  Paragraph 29 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that LBI was a wholly-owned subsidiary of LBHI, LBI was a registered broker-dealer based in New York, New York, and LBI acted as underwriter for the offerings.  The Individual Defendants deny the other allegations in paragraph 29.

30.  Paragraph 30 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine

securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that those offerings were underwritten by LBI pursuant to the 2005 Registration Statement, the accompanying Prospectuses and individual Prospectus Supplements for each offering, and refer to those documents for a complete and accurate description of the offerings.  Except as otherwise admitted, the Individual Defendants deny the allegations in paragraph 30.

31.    Paragraph 31 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that those offerings were underwritten by LBI pursuant to the 2006 Registration Statement, the accompanying Prospectuses and individual Prospectus Supplements for each offering, and refer to those documents for a complete and accurate description of the offerings.  Except as otherwise admitted, the Individual Defendants deny the allegations in paragraph 31.

32.    Paragraph 32 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that certain trusts issued Certificates in connection with each offering and refer to SASCo's public filings in connection with the offerings for a complete and accurate description of the offerings.  Except as otherwise admitted, the Individual Defendants deny the allegations in paragraph 32.

33.    Paragraph 33 sets forth allegations pertaining to a defendant against which all claims have been dismissed, and thus no response is required.

34.      Paragraph 34 sets forth allegations pertaining to a defendant against which all claims have been dismissed by the Court, and thus no response is required.

35.      Paragraph 35 sets forth allegations pertaining to defendants against which all claims have been dismissed by the Court, and thus no response is required.

36.      Paragraph 36 sets forth allegations pertaining to defendants against which all claims have been dismissed by the Court, and thus no response is required.

37.      The Individual Defendants admit that Mr. Zusy signed the 2005 Registration Statement as Chairman, President and Managing Director of SASCo.  Except as otherwise admitted, the Individual Defendants deny the allegations in paragraph 37.

38.      The Individual Defendants admit the allegations in paragraph 38 except state that Mr. Tabet's name is misspelled.

39.      The Individual Defendants admit that Lana Franks Harber, sued here as Lana Franks, signed the 2006 Registration Statement as President, Principal Executive Officer and Chairman of the Board of Directors of SASCo.  Except as otherwise admitted, the Individual Defendants deny the allegations in paragraph 39.

40.      The Individual Defendants admit the allegations in paragraph 40.

41.      The Individual Defendants admit the allegations in paragraph 41.

42.      The Individual Defendants admit the allegations in paragraph 42.

43.      The Individual Defendants admit the allegations in paragraph 43.

44.      The Individual Defendants deny the allegations in paragraph 44 except admit that the Defendants identified in paragraphs 37-43 are referred to in the Complaint as the "Individual Defendants."

45.      The Individual Defendants deny the allegations in paragraph 45.

11

46.    The Individual Defendants deny that paragraph 46 is a complete description of mortgage securitization and refer to SASCo's public filings in connection with the nine offerings identified in Schedule A to the Opinion for a complete and accurate description of those offerings, and to other more complete descriptions of securitization transactions.

47.    The Individual Defendants admit that mortgage securitization generally shifts to investors who purchase an interest in the securitized pool of mortgage loans both the opportunity to profit from borrowers' payment of interest and repayment of principal and some of the risk that borrowers will not repay their loans, and that when an originator holds a mortgage through the term of the loan it has both the opportunity to profit from the borrowers' payment of interest and repayment of principal as well as the risk that some borrowers will not repay their loans.  Except as otherwise admitted, the Individual Defendants deny the allegations in paragraph 47.

48.    The Individual Defendants admit that in the 1980's and 1990's mortgage securitizations were generally performed by Government Sponsored Entities ("GSEs"), deny knowledge or information sufficient to form a belief as to whether the mortgage loans in GSE securitizations were generally originated pursuant to strict underwriting guidelines approved by the GSEs, and otherwise deny the allegations in paragraph 48.

49.    The Individual Defendants admit that there was an increase in non-GSE securitizations between 2001 and 2006, lack knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 49 and refer to the documents referenced therein for a full and accurate description of their contents.

50.     The Individual Defendants admit that Lehman[1] acquired Aurora and BNC and deny the other allegations in paragraph 50.

51.     Paragraph 51 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that the offerings included securitization of Alt-A loans, deny that the offerings included securitization of subprime loans, lack knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 51 with respect to entities other than Lehman, deny the other allegations in paragraph 51 with respect to Lehman, except refer to the documents referenced therein for a full and accurate description of their contents.

52.     The Individual Defendants admit that the market for adjustable rate mortgages grew from 2001 to 2006, lack knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 52, and refer to the documents referenced therein for a full and accurate description of their contents.

53.     Paragraph 53 includes allegations pertaining to alleged misrepresentations or omissions with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants admit that a number of loans pooled in the nine offerings identified on Schedule A to the Opinion were adjustable rate mortgages.  Except as otherwise admitted, the Individual Defendants deny the allegations in paragraph 53.

---

[1]     For purposes of this Answer, Defenses and Affirmative Defenses only, the Individual Defendants adopt the Complaint's definition of "Lehman" as LBHI and LBI together.

54.     The Individual Defendants admit that LBHI's United States domestic RMBS operations were managed from its offices at 745 Seventh Avenue in New York City, in 2005 and 2006 defendants McKinney and Franks reported to David Sheer, McKinney's employment responsibilities included, but were not limited to, the securitization of prime and Alt-A mortgage loans, Franks' employment responsibilities included, but were not limited to, the securitization of subprime mortgage loans, and certain employees reported to Franks and McKinney.  Except as otherwise admitted, the Individual Defendants deny the allegations in paragraph 54.

55.     The Individual Defendants deny that paragraph 55 is a complete description of the purchase from third-party originators of loans underlying the nine offerings.

56-62.  Paragraphs 56 to 62 set forth allegations pertaining to alleged misrepresentations or omissions with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.

63.     Paragraph 63 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that Clayton and Bohan each had written contracts with LBHI and refer to the written contracts for the complete and accurate contents thereof, that a due diligence team oversaw the work of Clayton and Bohan, and that the loans were rated and certain loans were removed from the loan pool or re-priced.   Except as otherwise admitted, the Individual Defendants deny the allegations in paragraph 63.

64.     Paragraph 64 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that LBHI acquired loans from Aurora for certain of the offerings.  Except as otherwise admitted, the Individual Defendants deny the allegations in paragraph 64.

65.     Paragraph 65 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that loans were classified as Prime/Alt-A (including Alt-B), subprime and "Scratch and Dent" loans.  Except as otherwise admitted, the Individual Defendants deny the allegations in paragraph 65.

66.     Paragraph 66 set forth allegations pertaining to alleged misrepresentations or omissions with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.

67.      Paragraph 67 set forth allegations pertaining to alleged misrepresentations or omissions with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.

68.     Paragraph 68 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that the mortgage loans underlying the Structured Adjustable Rate Mortgage Loan Trust Certificates were

primarily adjustable prime or Alt-A mortgages, the mortgage loans underlying the Lehman XS

Trust Certificates were primarily Alt-A, Alt-B and negative amortization loans, and that the loans

underlying the  Greenpoint Mortgage Funding Trust Pass-Through Certificates were acquired

from Greenpoint.  Except as otherwise admitted, the Individual Defendants deny the allegations in

paragraph 68 and footnote 7 thereto.

       69.    The Individual Defendants lack knowledge or information sufficient to form

a belief as to the truth of the allegations paragraph 69 and refer to the documents referenced

therein for a full and accurate description of their contents.

       70.    Paragraph 70 includes allegations pertaining to securities offerings with

respect to which all claims against the Individual Defendants were dismissed by the Opinion, and

thus no response is required to those allegations.  Insofar as the allegations pertain to the nine

securities offerings listed in Schedule A of the Opinion, the Individual Defendants lack knowledge

or information sufficient to form a belief as to the truth of the allegations in paragraph 70 and refer

to the document referenced therein for the complete and accurate contents thereof.

       71.    The Individual Defendants lack knowledge or information sufficient to form

a belief as to the truth of the allegations in paragraph 71 and refer to the document referenced

therein for the complete and accurate contents thereof.

       72.    Paragraph 72 includes allegations pertaining to securities offerings with

respect to which all claims against the Individual Defendants were dismissed by the Opinion, and

thus no response is required to those allegations.  Insofar as the allegations pertain to the nine

securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that

Moody's downgraded certain of the Certificates, refer to the statements of Moody's for a full and

accurate description thereof, and deny the other allegations in paragraph 72 except refer to the document referenced in paragraph 72.

73.     Paragraph 73 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion the Individual deny the allegations in paragraph 73.

74.     The Individual Defendants deny the allegations in paragraph 74 except refer to the document referenced therein for the complete and accurate contents thereof.

75.     Paragraph 75 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion the Individual Defendants refer to the statements of Moody's and S&P for a full and accurate description thereof, and deny the other allegations in paragraph 75.

76.     The Individual Defendants deny the allegations in paragraph 76.

77.     Paragraph 77 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion the Individual Defendants deny the allegations in paragraph 77.

78.     The Individual Defendants admit that the quoted words in paragraph 78 are contained in the document referenced therein and refer to the document for the complete and accurate contents thereof.

79.     The Individual Defendants deny the allegations in paragraph 79.

80.     The Individual Defendants admit the allegations in the first and second sentences of paragraph 80, and lack knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 80.

81.     The Individual Defendants deny the allegations in paragraph 81 except lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 that purport to characterize certain documents and refer to those documents for a full and accurate description of their contents.

82.     The Individual Defendants admit that in January 2008 LBHI issued a press release stating, among other things, that LBHI "will substantially reduce its resources and capacity in the U.S. residential mortgage origination space," and refer to the document for the full and accurate contents thereof.

83-87.   Paragraphs 83-87 set forth allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the material allegations in these paragraphs except refer to the documents referenced therein for the complete and accurate contents thereof.

88.     The Individual Defendants deny the allegations in paragraph 88, except admit that the quoted language appears in the article referenced in paragraph 88 and refer to the article for the complete and accurate contents thereof.

89.     Paragraph 89 sets forth allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the material allegations in paragraph 89.

90.     Paragraph 90 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion the Individual Defendants admit that Moody's and S&P downgraded the ratings for the Certificates sold in the offerings.  The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 90 and refer to the statements of Moody's and S&P for a full and accurate description thereof.

91.     Paragraph 91 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that Countrywide was subject to certain investigations commenced after the issuance of the Certificates, deny any "ongoing" Senate investigation, and  lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 91.

92.      The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 except refer to the statement referenced in paragraph 92 for the complete and accurate contents thereof.

93.     The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 and refer to the documents referenced therein for the complete and accurate contents thereof.

94.     The Individual Defendants admit that a complaint was filed against Countrywide in the United States District Court for the Central District of California on April 11, 2008 and, on December 1, 2008, that court issued a decision ("Countrywide Decision").  The Individual Defendants refer to the Countrywide Decision for a complete and accurate description of its contents.  Except as so admitted, the Individual Defendants deny the allegations in paragraph 94.

95.     The Individual Defendants deny the allegations in paragraph 95 except refer to the Countrywide Decision for the complete and accurate contents thereof.

96.     The Individual Defendants deny the allegations in paragraph 96 insofar as they pertain to the nine securities offerings listed in Schedule A of the Opinion, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 except refer to the document referenced in paragraph 96 for the complete and accurate contents thereof.

97.     The Individual Defendants deny the allegations in paragraph 97 insofar as they pertain to the nine securities offerings listed in Schedule A of the Opinion, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 except refer to the document referenced in paragraph 97 for the complete and accurate contents thereof.

98.     The Individual Defendants deny the allegations in paragraph 98 insofar as they pertain to the nine securities offerings listed in Schedule A of the Opinion, and otherwise lack

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 except refer to the document referenced in paragraph 98 for the complete and accurate contents thereof.

99.     The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99.

100.     The Individual Defendants deny the allegations in paragraph 100 insofar as they pertain to the nine securities offerings listed in Schedule A of the Opinion, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 except refer to the document referenced in paragraph 100 for the complete and accurate contents thereof.

101.     The Individual Defendants deny the allegations in paragraph 101 insofar as they pertain to the nine securities offerings listed in Schedule A of the Opinion, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 except refer to the document referenced in paragraph 101 for the complete and accurate contents thereof.

102.     The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 and refer to the document referenced in paragraph 102 for the complete and accurate contents thereof.

103.     The Individual Defendants deny the allegations in paragraph 103 insofar as they pertain to the nine securities offerings listed in Schedule A of the Opinion, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 except refer to the document referenced in paragraph 103 for the complete and accurate contents thereof.

104.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 and refer to the document referenced in paragraph 104 for the complete and accurate contents thereof.

105.    Paragraph 105 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion the Individual Defendants admit that Moody's and S&P downgraded the ratings for the Certificates sold in the offerings.  The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 105 and refer to the statements of Moody's and S&P for a full and accurate description thereof.

106.     The Individual Defendants admit the allegations in the second sentence of paragraph 106 and lack knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 106.

107.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 and refer to the document referenced in paragraph 107 for the complete and accurate contents thereof

108.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 and refer to the document referenced in paragraph 108 for the complete and accurate contents thereof.

109.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 and refer to the document referenced in paragraph 109 for the complete and accurate contents thereof.

110.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 and refer to the document referenced in paragraph 110 for the complete and accurate contents thereof.

111.    The Individual Defendants deny the first sentence in paragraph 111 and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 111.

112.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 and refer to the document referenced in paragraph 112 for the complete and accurate contents thereof.

113.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 and refer to the document referenced in paragraph 113 for the complete and accurate contents thereof.

114.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 and refer to the document referenced in paragraph 114 for the complete and accurate contents thereof.

115.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 and refer to the document referenced in paragraph 115 for the complete and accurate contents thereof.

116.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 and refer to the decision of the U.S. District Court for the Central District of California referenced in paragraph 116 for the complete and accurate contents thereof.

117.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 117, and deny the remaining allegations in paragraph 117 except refer to the document reference therein for the complete and accurate contents thereof.

118.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 and refer to the document referenced in paragraph 118 for the complete and accurate contents thereof.

119.    Paragraph 119 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion the Individual Defendants admit that Moody's and S&P downgraded the ratings for the Certificates sold in the offerings.  The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 119 and refer to the documents referenced in paragraph 90 for a full and accurate description of their contents.

120.    The Individual Defendants admit that GreenPoint was a large originator of Alt-A loans, lack knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 120 and refer to the document referenced in paragraph 120 for the complete and accurate contents thereof.

121.    Paragraph 121 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion the Individual Defendants deny the

allegations in paragraph 121 except refer to documents referenced therein for a complete and accurate statement of their contents.

122.    The Individual Defendants deny the allegations in paragraph 122 except refer to the documents referenced in paragraph 122 for the complete and accurate contents thereof.

123.    The Individual Defendants deny the allegations in paragraph 123 except refer to the document referenced in paragraph 123 for the complete and accurate contents thereof.

124.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 and refer to the document referenced in paragraph 124 for the complete and accurate contents thereof.

125.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125.

126.    The Individual Defendants admit that "stated income" and "no doc" loans generally refer to loans based on the borrower's representation regarding his or her income and require little or no documentation from the borrower.  The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 126.

127.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 and refer to the document referenced in paragraph 127 for the complete and accurate contents thereof.

128-138.  Paragraphs 128-138 include allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the material allegations in these paragraphs except refer to the documents referenced therein for the complete and accurate contents thereof.

139.    Paragraph 139 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion the Individual Defendants admit that Moody's and S&P downgraded the ratings for the Certificates sold in the offerings.  The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 139 and refer to the documents referenced in paragraph 139 for a full and accurate description of their contents.

140.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 and refer to the document referenced in paragraph 140 for the complete and accurate contents thereof.

141.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 and refer to the documents referenced in paragraph 141 for a full and accurate description of their contents.

142.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142.

143-145.  Paragraphs 143-145 include allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the material allegations in these paragraphs except refer to the documents referenced therein for the complete and accurate contents thereof.

Paragraphs 146-150 include allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and

thus no response is required.  To the extent that a response is required, the Individual Defendants deny the material allegations in these paragraphs except refer to the documents referenced therein for the complete and accurate contents thereof.

151.    Paragraph 151 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that the Registration Statements refer to general loan underwriting guidelines expected to be included in the respective Prospectus Supplement for each offering and that the Prospectus Supplements contained general summaries of underwriting guidelines used by originators of mortgage loan pools securitized in each offering, including descriptions of the originators' discretion to depart from those guidelines.  Except as so admitted, the Individual Defendants deny the allegations in paragraph 151 except refer to SASCo's public filings in connection with the nine offerings for the complete and accurate contents thereof.

152.    Paragraph 152 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion the Individual Defendants deny the allegations in paragraph 152.

153.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 except admit, upon information and belief, that Clayton Holdings, Inc. and The Bohan Group each had written contracts with LBHI and refer to the written contracts for the complete and accurate contents thereof.

154.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154.

155.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 and refer to the document referenced in paragraph 155 for the complete and accurate contents thereof.

156.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 and refer to the documents referenced in paragraph 156 for the complete and accurate contents thereof.

157.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157 and refer to the document referenced in paragraph 157 for the complete and accurate contents thereof.

158.    The Individual Defendants deny the allegations in the first sentence in paragraph 158 insofar as those allegations pertain to Lehman, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 158 except refer to the document referenced in paragraph 158 for the complete and accurate contents thereof.

159-184.  Paragraphs 159-184 set forth allegations pertaining to alleged misrepresentations or omissions with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the material allegations in these paragraphs except refer to the documents referenced therein for the complete and accurate contents thereof.

185.    The Individual Defendants admit that the language excerpted in paragraph 185 appears in the 2005 Registration Statement and refer to SASCo's public filings in connection with the nine securities offerings listed in Schedule A of the Opinion for a complete and accurate

statement of the documents' contents.  Except as so admitted, the Individual Defendants deny the allegations in paragraph 185.

186.   The Individual Defendants deny the allegations in paragraph 186.

187.   The Individual Defendants admit that the language excerpted in paragraph 187 appears in the 2005 Registration Statement and refer to SASCo's public filings in connection with the nine securities offerings listed in Schedule A of the Opinion for a complete and accurate statement of the documents' contents.  Except as so admitted, the Individual Defendants deny the allegations in paragraph 187.

188.   The Individual Defendants deny the allegations in paragraph 188.

189.   Paragraph 189 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that underlying mortgage loans for certain offerings were originated by Aurora or LBB and that the Prospectus Supplements for those offerings contained general summaries of underwriting guidelines used by Aurora in originating the mortgage loans, including descriptions of Aurora's discretion to depart from those guidelines, and refer to the Prospectus Supplements for the complete and accurate contents thereof.  Except as so admitted, the Individual Defendants deny the allegations in paragraph 189.

190.   Paragraph 190 sets forth allegations pertaining to a securities offering with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants

admit that the quoted words are contained in the document referenced in paragraph 190 and refer to the document for the complete and accurate contents thereof.

191.     Paragraph 191 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 191 except refer to SASCo's public filings for the complete and accurate contents thereof.

192.     Paragraph 192 sets forth allegations pertaining to a securities offering with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants admit that the quoted words are contained in the document referenced in paragraph 192 and refer to the document for the complete and accurate contents thereof.

193.     Paragraph 193 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 193 except refer to SASCo's public filings for the complete and accurate contents thereof.

194.     Paragraph 194 sets forth allegations pertaining to a securities offering with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants admit that the quoted words are contained in the document referenced in paragraph 194 and refer to the document for a complete and accurate description of its contents.

195.     Paragraph 195 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 195 except refer to SASCo's public filings for the complete and accurate contents thereof.

196.     Paragraph 196 sets forth allegations pertaining to a securities offering with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants admit that the quoted words are contained in the document referenced in paragraph 196 and refer to the document for the complete and accurate contents thereof.

197.     Paragraph 197 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 197 except refer to SASCo's public filings for the complete and accurate contents thereof.

198-202.  Paragraphs 198-202 set forth allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the material allegations in these paragraphs except refer to the documents referenced therein for the complete and accurate contents thereof.

203.     Paragraph 203 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine

31

securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that underlying mortgage loans for certain offerings were originated by GreenPoint and that the Prospectus Supplements for those offerings contained general summaries of underwriting guidelines used by GreenPoint in originating the mortgage loans, including descriptions of GreenPoint's discretion to depart from those guidelines, and refer to the Prospectus Supplements for the complete and accurate contents thereof. Except as so admitted, the Individual Defendants deny the allegations in paragraph 203.

204.     Paragraph 204 sets forth allegations pertaining to a securities offering with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required. To the extent that a response is required, the Individual Defendants admit that the quoted words are contained in the document referenced in paragraph 204 and refer to the document for the complete and accurate contents thereof.

205.     Paragraph 205 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required. To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 205 except refer to SASCo's public filings for the complete and accurate contents thereof.

206.     Paragraph 206 sets forth allegations pertaining to a securities offering with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required. To the extent that a response is required, the Individual Defendants admit that the quoted words are contained in the document referenced in paragraph 206 and refer to the document for the complete and accurate contents thereof.

207.    Paragraph 207 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 207 except refer to SASCo's public filings for the complete and accurate contents thereof.

208.    Paragraph 208 sets forth allegations pertaining to a securities offering with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants admit that the quoted words are contained in the document referenced in paragraph 208 and refer to the document for the complete and accurate contents thereof.

209.    Paragraph 209 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 209 except refer to SASCo's public filings for the complete and accurate contents thereof.

210.    Paragraph 210 sets forth allegations pertaining to a securities offering with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants admit that the quoted words are contained in the document referenced in paragraph 210 and refer to the document for the complete and accurate contents thereof.

211.    Paragraph 211 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants

deny the allegations in paragraph 211 except refer to SASCo's public filings for the complete and accurate contents thereof.

212.     Paragraph 212 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that underlying mortgage loans for certain offerings were originated by Countrywide and that the Prospectus Supplements for those offerings contained general summaries of underwriting guidelines used by Countrywide in originating the mortgage loans, including descriptions of Countrywide's discretion to depart from those guidelines, and refer to the Prospectus Supplements for the complete and accurate contents thereof.  Except as so admitted, the Individual Defendants deny the allegations in paragraph 212.

213.     Paragraph 213 sets forth allegations pertaining to a securities offering with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants admit that the quoted words are contained in the document referenced in paragraph 213 and refer to the document for the complete and accurate contents thereof.

214.     Paragraph 214 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 214 except refer to SASCo's public filings for the complete and accurate contents thereof.

215.    The Individual Defendants deny the allegations of paragraph 215 except refer to the document referenced in paragraph 215 for the complete and accurate contents thereof.

216.    Paragraph 216 sets forth allegations pertaining to a securities offering with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants admit that the quoted words are contained in the document referenced in paragraph 216 and refer to the document for the complete and accurate contents thereof.

217.    Paragraph 217 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 217 except refer to SASCo's public filings for the complete and accurate contents thereof.

218.    Paragraph 218 sets forth allegations pertaining to a securities offering with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants admit that the quoted words are contained in the document referenced in paragraph 218 and refer to the document for the complete and accurate contents thereof.

219.    Paragraph 219 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 219 except refer to SASCo's public filings for the complete and accurate contents thereof.

220.    Paragraph 220 sets forth allegations pertaining to a securities offering with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants admit that the quoted words are contained in the document referenced in paragraph 220 and refer to the document for the complete and accurate contents thereof.

221.    Paragraph 221 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 221 except refer to SASCo's public filings for the complete and accurate contents thereof.

222.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 222, and refer to the document referenced in paragraph 222 for the complete and accurate contents thereof.

223.    Paragraph 223 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that underlying mortgage loans for certain offerings were originated by IndyMac and that the Prospectus Supplements for those offerings contained general summaries of underwriting guidelines used by IndyMac in originating the mortgage loans, including descriptions of Indymac's discretion to depart from those guidelines, and refer to the Prospectus Supplements for the complete and accurate contents thereof.  Except as so admitted, the Individual Defendants deny the allegations in paragraph 223.

224.     Paragraph 224 sets forth allegations pertaining to a securities offering with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants admit that the quoted words are contained in the document referenced in paragraph 224 and refer to the document for the complete and accurate contents thereof.

225.     Paragraph 225 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 225 except refer to SASCo's public filings for the complete and accurate contents thereof.

226.     Paragraph 226 sets forth allegations pertaining to a securities offering with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants admit that the quoted words are contained in the document referenced in paragraph 226 and refer to the document for the complete and accurate contents thereof.

227.     Paragraph 227 includes allegations pertaining to a securities offering with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 227 except refer to SASCo's public filings for the complete and accurate contents thereof.

228.     The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 228, and refer to the document referenced in paragraph 228 for the complete and accurate contents thereof.

229.    Paragraph 229 sets forth allegations pertaining to a securities offering with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants admit that the quoted words are contained in the document referenced in paragraph 229 and refer to the document for the complete and accurate contents thereof.

230.    Paragraph 230 sets forth allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 230 except refer to SASCo's public filings for the complete and accurate contents thereof.

231.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 231, and refer to the document referenced in paragraph 231 for a full and accurate statement of its contents.

232.    Paragraph 232 sets forth allegations pertaining to a securities offering with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants admit that the quoted words are contained in the document referenced in paragraph 232 and refer to the document for the complete and accurate contents thereof.

233.    Paragraph 233 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 233 except refer to SASCo's public filings for the complete and accurate contents thereof.

234.    Paragraph 234 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations pertain to the nine securities offerings listed in Schedule A of the Opinion, the Individual Defendants admit that underlying mortgage loans for certain offerings were originated by Wells Fargo and that the Prospectus Supplements for those offerings contained general summaries of underwriting guidelines used by Wells Fargo in originating the mortgage loans, including descriptions of Wells Fargo's discretion to depart from those guidelines, and refer to the Prospectus Supplements for the complete and accurate contents thereof.  Except as so admitted, the Individual Defendants deny the allegations in paragraph 234.

235.    Paragraph 235 sets forth allegations pertaining to a securities offering with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants admit that the quoted words are contained in the document referenced in paragraph 235 and refer to the document for the complete and accurate contents thereof.

236.    Paragraph 236 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 236 except refer to SASCo's public filings for the complete and accurate contents thereof.

237.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 237.

238.   Paragraph 238 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 238 except refer to SASCo's public filings in connection with the nine securities offerings listed in Schedule A of the Opinion for the complete and accurate contents thereof.

239.   Paragraph 239 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 239 except refer to SASCo's public filings for the complete and accurate contents thereof.

240.   Paragraph 240 sets forth allegations pertaining to a securities offering with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants admit that the quoted words are contained in the document referenced in paragraph 240 and refer to the document for the complete and accurate contents thereof.

241.   Paragraph 241 includes allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion, and thus no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 241 except refer to SASCo's public filings for the complete and accurate contents thereof.

242-273.  Paragraphs 242-273 set forth allegations pertaining to securities offerings with respect to which all claims against the Individual Defendants were dismissed by the Opinion,

and thus no response is required. To the extent that a response is required, the Individual Defendants deny the material allegations in these paragraphs except refer to the documents referenced therein for the complete and accurate contents thereof.

274. Paragraph 274 asserts conclusions of law to which no response is required. To the extent that a response is required, the Individual Defendants admit that Plaintiffs purport to bring this action as a class action but deny that class certification is appropriate and state that, to the extent class certification may be deemed appropriate, any such class must be limited to purchasers in the nine offerings listed in Schedule A to the Opinion.

275. Paragraph 275 describes persons Plaintiffs purport to exclude from the putative class and no response is required.

276. Paragraph 276 purports to state legal or other conclusions to which no response is required. To the extent that a response is required, the Individual Defendants admit that billions of dollars of Certificates were issued pursuant to the Registration Statements, deny that class certification is appropriate and state that they lack knowledge or information as to other allegations in paragraph 276.

277. Paragraph 277 asserts conclusions of law to which no response is required. To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 277.

278. Paragraph 278 asserts conclusions of law to which no response is required. To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 278.

279.     Paragraph 279 asserts conclusions of law to which no response is required. To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 279.

280.     Paragraph 280 asserts conclusions of law to which no response is required. To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 280.

## **ANSWER TO FIRST CAUSE OF ACTION**

281.     The Individual Defendants repeat and incorporate the responses to the allegations contained in the paragraphs referred to in paragraph 281 as if fully set forth herein.

282.     Paragraph 282 asserts conclusions of law to which no response is required. To the extent that a response is required, the Individual Defendants admit that Plaintiffs purport to bring a claim under Section 11 of the Securities Act against the Individual Defendants on behalf of themselves and a putative class but otherwise deny the allegations in paragraph 282.

283.     The Individual Defendants deny the allegations in paragraph 283.

284.     Paragraph 284 asserts conclusions of law to which no response is required. To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 284.

285.     The Individual Defendants deny the allegations in paragraph 285.

286.     The allegations in paragraph 286 pertain to defendants and allegations and/or claims dismissed by the Opinion, and thus no response is required.

287.     Paragraph 287 asserts conclusions of law to which no response is required. To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 287.

288.     The Individual Defendants deny the allegations in paragraph 288.

289.     The Individual Defendants deny the allegations in paragraph 289.

290.     The Individual Defendants deny the allegations in paragraph 290.

291.     Paragraph 291 asserts conclusions of law to which no response is required. To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 291.

292.     The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 292 except deny that the Registration Statements contained misstatements or omissions or material fact.

293.     The Individual Defendants deny the allegations in paragraph 293.

294.     Paragraph 294 asserts conclusions of law to which no response is required. To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 294.

295.     Paragraph 295 asserts conclusions of law to which no response is required. To the extent that a response is required, the Individual Defendants admit that the action was brought within three years of the nine offerings identified in Schedule A to the Opinion but otherwise deny the allegations in paragraph 295.

## ANSWER TO SECOND CAUSE OF ACTION

296.     The Individual Defendants repeat and incorporate the responses to the allegations contained in the paragraphs referred to in paragraph 296 as if fully set forth herein.

297-303.  Paragraphs 297 to 303 set forth allegations pertaining to claims against defendants other than the Individual Defendants to which no response is required.

## ANSWER TO THIRD CAUSE OF ACTION

304.     The Individual Defendants repeat and incorporate the responses to the allegations contained in the paragraphs referred to in paragraph 304 as if fully set forth herein.

305.     Paragraph 305 asserts conclusions of law to which no response is required. To the extent that a response is required, the Individual Defendants admit that Plaintiffs purport to bring a claim under Section 15 of the Securities Act against the Individual Defendants.

306.     Paragraph 306 asserts conclusions of law to which no response is required. To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 306.

307.     Paragraph 307 sets forth allegations pertaining defendants other than the Individual Defendants to which no response is required.

308.     The Individual Defendants deny the allegations in paragraph 308.

309.     The Individual Defendants deny the allegations in paragraph 309.

310.     The Individual Defendants admit that they reviewed certain of the Registration Statements and Prospectus Supplements to the extent that they signed such documents, but deny the other allegations in paragraph 310.

311.     Paragraph 311 sets forth allegations pertaining to defendants other than the Individual Defendants to which no response is required.

312.     Paragraph 312 asserts conclusions of law to which no response is required. To the extent that a response is required, the Individual Defendants deny the allegations in paragraph 312.

## DEFENSES AND AFFIRMATIVE DEFENSES

The Individual Defendants assert the following affirmative defenses with respect to the causes of action alleged in the Complaint, without assuming the burden of proof where the burden of proof rests on the Plaintiffs:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitation.

### THIRD DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### FOURTH DEFENSE

The Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to pursue claims against the Individual Defendants.

### FIFTH DEFENSE

Neither Section 11 of the Securities Act of 1933 nor Section 15 of the Securities Act with respect to liability for a "controlled" (as "control" is defined in the federal securities laws and regulations) person's violation of Section 11 affords a remedy to purchasers that buy securities in the secondary market.  To the extent that any securities that are the subject of this action were not purchased in the initial offering of those securities, Plaintiffs fail to state a claim with respect to such securities under Section 11 of the Securities Act of 1933 or Section 15 of the Securities Act with respect to liability for a controlled person's violation of Section 11.

## SIXTH DEFENSE

The claims asserted against the Individual Defendants are barred, in whole or in part, because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## SEVENTH DEFENSE

Certain statements alleged in the Complaint as false and misleading are forward-looking statements accompanied by meaningful cautionary language and are therefore not actionable under the safe harbor provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA") and/or the bespeaks caution doctrine.

## EIGHTH DEFENSE

The claims are barred, in whole or in part, because the alleged misrepresentations are non-actionable statements that contain expressions of opinion that Plaintiffs have not alleged, and cannot prove, were not truly held.

## NINTH DEFENSE

Certain purportedly material information alleged in the Complaint to have been omitted from the Offering Documents is a matter of public knowledge and therefore was not required to be disclosed.  Plaintiffs' claims with respect to such information therefore are barred.

## TENTH DEFENSE

Plaintiffs' claims are barred because the Individual Defendants at all times acted with reasonable care and due diligence with respect to the matters alleged in the Complaint to have been misrepresented in or misleadingly omitted from the registration statements, prospectuses, prospectus supplements or public filings incorporated therein ("Offering Documents").  After reasonable investigation, the Individual Defendants had reasonable ground to believe and did

believe that the statements contained in the Offering Documents were true as of the date they were made and that there was no omission to state a material fact required to be stated therein or necessary to make statements therein not misleading.

## ELEVENTH DEFENSE

Plaintiffs knew, or should have known, of any untruth or omission in the Offering Documents.

## TWELFTH DEFENSE

Plaintiffs' claims are barred because the Individual Defendants did not have "control" over any person primarily liable, as the term "control" is defined in the federal securities laws and regulations.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred because the Individual Defendants did not culpably participate in any fraudulent scheme, misstatements of fact or omissions by others.  None of the Individual Defendants had knowledge of, or a reasonable ground to believe in the existence of, facts by reason of which the liability of the controlled person is alleged to have existed.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred because the Individual Defendants did not directly or indirectly induce any act or acts alleged in the Complaint to constitute a violation of any federal securities law or regulation.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred because the Individual Defendants are not responsible in law or in fact for any alleged false or misleading statements or omissions by others.

### SIXTEENTH DEFENSE

Plaintiffs' claims against the Individual Defendants are barred because the Individual Defendants did not breach any duty owed to Plaintiffs.

### SEVENTEENTH DEFENSE

Certain Individual Defendants did not sign certain of the Offering Documents that allegedly included misleading or false information, or had resigned from the Board as of the date of the documents in question.  Accordingly, these Individual Defendants are not liable to Plaintiffs under the federal securities laws or regulations in connection with these filings or offerings.

### EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have received and continue to receive payments as required by the terms of Certificates they purchased. Accordingly, Plaintiffs have failed to allege, and have not suffered, any cognizable injury, including but not limited to any cognizable injury attributable, in whole or in part, to any conduct by any of the Individual Defendants.

### NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any damages recoverable by Plaintiffs must be reduced by the amount of payments received and to be received in the future by Plaintiffs under the terms of the Certificates they purchased.

### TWENTIETH DEFENSE

Without admitting that Plaintiffs suffered damages in any amount, or that the Individual Defendants are or should be liable for any such damages, the Individual Defendants assert that their liability for damages may not exceed the statutory limitation to damages set forth in 15 U.S.C. §77k(e).

## **TWENTY-FIRST DEFENSE**

The Individual Defendants were entitled to, and did, rely upon the opinions of professionals and experts in affixing their signatures to, and authorizing the filing of Offering Documents in connection with the Certificates.  The Individual Defendants believed that these experts were, in fact, expert in their field and were competent to render the opinions they had provided.  Without admitting that any opinions provided by these experts were in anyway inadequate, unfounded or incorrect, the Individual Defendants had no notice that the opinions provided by these experts were in any way inadequate, unfounded or incorrect.  The Individual Defendants had no reasonable ground to believe, and did not believe, that any statements contained in such filings were untrue or that there was an omission to state a fact required to be stated therein or necessary to make the statements therein not materially misleading.  As a result of that reasonable reliance, the Individual Defendants did not know, and in the exercise of reasonable diligence could not have known, that the Offering Documents filed in connection with the Certificates contained material misrepresentations and omissions.

## **TWENTY-SECOND DEFENSE**

The actions or inactions of the Individual Defendants were not the sole cause or a partial cause of any loss allegedly suffered by any Plaintiff.  Any damages allegedly suffered by Plaintiffs were the result of superseding and intervening causes.

## **TWENTY-THIRD DEFENSE**

The actions or inactions of the Individual Defendants were not the sole or partial cause of any decision by a plaintiff to purchase the Certificates.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part because any alleged depreciation in the value of the Certificates resulted from factors other than the misstatements and omissions alleged in the Complaint.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims against the Individual Defendants are barred because the injuries Plaintiffs sustained, if any, were caused by the actions or inactions of parties other than the Individual Defendants, actions or inactions by parties outside the control of the Individual Defendants, or economic events that were, likewise, outside the control of the Individual Defendants.  These actions, inactions and events were intervening or superseding causes of Plaintiffs' alleged damages.

### TWENTY-SIXTH DEFENSE

The provisions of the PSLRA require that any liability of the Individual Defendants under the federal securities laws be determined in accordance with the proportionate fault provisions of 15 U.S.C. § 78u-4.  Accordingly, the Individual Defendants are entitled to a submission asking the jury to assess the percentage of fault of each Individual Defendant, and the percentage of fault (if any) of the other persons or entities that the jury finds contributed to cause the harm alleged by the Plaintiffs.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims against the Individual Defendants are barred, in whole or in part, because Plaintiffs assumed the risks disclosed in the Offering Documents associated with the Certificates and any losses Plaintiffs experienced were caused because those risks came to fruition. Plaintiffs who purchased with knowledge of those risks, or knowledge of adverse events in the

market, likewise assumed the risks that there would be deterioration or further deterioration in the price or value of the Certificates, such that their damages are not recoverable as a matter of law.

## TWENTY-EIGHTH DEFENSE

Sections 11 and 15 of the Securities Act of 1933 do not afford a remedy to purchasers who bought their securities in a private placement pursuant to Rule 144A.  Plaintiffs' claims are barred to the extent that their purchases of Certificates were made in a private placement.

## TWENTY-NINTH DEFENSE

Plaintiffs are limited to only those damages authorized by the Securities Act of 1933 and the PSLRA and therefore Plaintiffs may not recover damages in excess of those authorized by these statutes or the regulations promulgated pursuant to these statutes.

## THIRTIETH DEFENSE

Plaintiffs' claims for damages or injury are barred, in whole or in part, because Plaintiffs failed to make reasonable efforts to mitigate such damages or injury, which would have prevented their damages or injury.

## THIRTY-FIRST DEFENSE

The Individual Defendants are entitled to be indemnified and/or receive contribution for any liability they incur.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims against the Individual Defendants are barred, in whole or in part, insofar as they allege material misstatements or omissions concerning mortgage loan underwriting guidelines because under Regulation AB, Section 1111, 17 C.F.R. § 229.1111(a)(3), Defendants were only required to disclose "[a] description of the solicitation, credit-granting or underwriting

criteria used to originate or purchase the pool assets, including, to the extent known, any changes in such criteria and the extent to which such policies and criteria are or could be overridden" and the Offering Documents filed in connection with the Certificates described the solicitation, credit-granting and underwriting criteria used to originate the underlying mortgage loans and, to the extent known by the Individual Defendants, any changes to the criteria and the extent to which the criteria could be overridden.

## THIRTY-THIRD DEFENSE

The Individual Defendants hereby reserve and assert all defenses and affirmative defenses available under any applicable federal or state law.  The Individual Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have available other, as yet unstated, defenses or affirmative defenses.  Therefore, the Individual Defendants reserve their right to assert any additional defenses or affirmative defenses that discovery indicates may be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, the Individual Defendants respectfully request entry of judgment granting the following relief:

(a)      dismissing the Complaint in its entirety, with prejudice;

(b)      awarding the costs of defending this action, including attorneys' fees, costs and disbursements; and

(c)      granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       March 19, 2010

**SIMPSON THACHER & BARTLETT LLP**

By        /s/ Michael J. Chepiga

Michael J. Chepiga (mchepiga@stblaw.com)
Mary Elizabeth McGarry (mmcgarry@stblaw.com)
Michael C. Ledley (mledley@stblaw.com)

425 Lexington Avenue
New York, New York  10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for Defendants Lana Franks, Edward Grieb, Richard McKinney, Kristine Smith, James J. Sullivan, Samir Tabet and Mark L. Zusy*