**MEMO ENDORSED**

# COHEN MILSTEIN



Christopher Lometti
(212) 838-7797
clometti@cohenmilstein.com

March 26, 2010

**VIA HAND DELIVERY**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, New York 10007-1312

*File in 09MD 2017
and
08 Cv. 6762*

Re: *In re Lehman Brothers Mortgage-Backed Securities Litigation*, No. 08-CV-6762 (LAK) ("MBS Action")

Dear Judge Kaplan:

We write on behalf of Lead Plaintiff Locals 302 and 612 of the International Union of Operating Engineers – Employers Construction Industry Retirement Trust (the "Operating Engineers"), Plaintiff New Jersey Carpenters Health Fund (the "New Jersey Carpenters") and Plaintiff Boilermakers-Blacksmith National Pension Trust (the "Boilermakers") (collectively, "Plaintiffs") in the above captioned matter in order to request a scheduling conference with the Court pursuant to Rule 16 of the Federal Rules of Civil Procedure.

As your Honor is aware, in the MBS Action, by Memorandum Opinion dated February 17, 2010 (the "Decision), this Court denied, in part, the Individual Defendants' motion to dismiss the Consolidated Class Action Complaint (the "Complaint"). The Decision denied the Individual Defendants' motion to dismiss with respect to the allegations that the mortgage loan underwriting guidelines described in the nine Offerings Plaintiffs purchased in were systematically disregarded.

Following the Court's ruling and pursuant to an agreed upon extension of time, on March 19, 2010 the Individual Defendants served their Answer to the Complaint (the "Answer"). As a result, Plaintiffs in the MBS Action are now poised to commence discovery and respectfully request that the stay imposed at the outset of the case pursuant to the Court's Pretrial Order No. 1 dated January 9, 2009 ("PTO No. 1") be lifted in part and a scheduling conference be held under Fed. R. Civ. P. 16.

*Denied without prejudice to
renewal of requests per further
defendants' 3/19/10 letter.
SO ORDERED.*

LEWIS A. KAPLAN, USDJ   3/31/10

The Honorable Lewis A. Kaplan
March 23, 2010
Page 2

The anticipated discovery in the MBS Action is both discrete and distinct from the discovery which may be taken in any of the other consolidated Lehman actions. Here, because the surviving allegations relate to compliance with the mortgage loan underwriting guidelines, it is anticipated that discovery will encompass unique issues. For example, the MBS Plaintiffs intend to serve subpoenas on various third parties such as: i) the loan servicers identified in each of the Offerings, *e.g.* Aurora Loan Services LLC, Greenpoint Mortgage Funding, Inc., GMAC Mortgage Corporation, IndyMac Bank, F.S.B., Countrywide Home Loans Servicing LP and others, who will have critical information from the underlying loan files evidencing noncompliance with the stated underwriting guidelines; ii) the mortgage loan originators identified in each of the Offering Documents (*i.e.*, Countrywide Home Loans, Inc., Greenpoint Mortgage, IndyMac Bank F.S.B. and Wells Fargo Bank) who purportedly underwrote the loans pursuant to the stated guidelines; and iii) Clayton Holdings LLC and The Bohan Group who allegedly examined portions of the loans securitized in the Offerings to determine if the loans' underwriting complied with the stated underwriting guidelines.

Plaintiffs' discovery is also anticipated to encompass distinct issues relating to the insurance coverage applicable to the MBS Action as well as class certification issues, such as the trading of the mortgage-backed securities in the nine Offerings. Plaintiffs believe that it is extremely important to commence discovery as soon as practicable, particularly since the discovery relates to mortgage loans originated over five years ago and will be directed, in part, to non-parties who operate in the rapidly consolidating mortgage loan industry.

Despite the discrete nature of Plaintiffs' discovery in the MBS action, counsel for the Individual Defendants have taken the position that all discovery in this case must be stayed until resolution of the anticipated motions to dismiss in *In re Lehman Brothers Equity/Debt Securities Litigation*, No. 08-CV-5523 (LAK) (the "Equity/Debt Action"). Defendants purport to rely upon PTO No. 1, which consolidated the three related cases.[1] However, at the time that Order was issued over one year ago, all three related Lehman actions, the Equity/Debt Action, the MBS Action and the ERISA Action,[2] were proceeding on an identical schedule in terms of the filing of amended complaints and briefing on the motions to dismiss. Now, however, the status of the three actions has materially changed. Under the current schedule, the Equity/Debt Action will

---

[1] The Order provides:

"Pending the development of a fair and efficient schedule, any outstanding discovery proceedings are suspended until further order of this Court, and no further discovery shall be initiated save that the parties in In re Lehman Brothers ERISA Litigation may conduct such uniquely ERISA-related discovery as they may agree upon or as the Court by subsequent order may permit Relief from this stay may be granted for good cause shown."

Significantly, in the Order itself, the Court recognized that unique discovery can and should proceed despite the general stay it imposed on the consolidated cases when it carved out "such uniquely ERISA-related discovery." See PTO No. 1, §2.4.2.

[2] *In re Lehman Brothers ERISA Litig.*, No. 08-CV-5598 (LAK)

first file its Third Amended Complaint at the end of April, 2010 with motions to dismiss that pleading to be completed in July 2010. Although the ERISA action has been dismissed, there is a pending motion to amend the judgment in order to permit the filing of an amended complaint.

Thus, there is no reason to delay discovery in the MBS Action because of the very different schedules of the other Lehman actions. Moreover, PTO No. 1 provides that the blanket stay may be lifted for "good cause shown." We believe that because the motion to dismiss has been denied in part, the discovery relevant to the MBS Action is separate from that surrounding the remaining pending Lehman actions and because there is a realistic concern that the passage of time may impair the ability of Plaintiffs in the MBS Action to obtain relevant discovery, there are sufficient grounds and good cause to lift the blanket stay with respect to the MBS Action.

As a result, for the foregoing reasons, Plaintiffs respectfully request that a conference be scheduled pursuant to Fed R. Civ P. 16 so that a pretrial discovery plan may be effected.

Respectfully submitted,

Christopher Lometti

CL.Tao

cc: Mary Elizabeth McGarry, Esq. (Via Email)

789089.1 1