Kaplan, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                          :
In re:                                                    :    09 MD 2017 (LAK)
                                                          :
LEHMAN BROTHERS SECURITIES AND                            :
ERISA LITIGATION                                          :    ECF CASE
                                                          :
This Document Applies to:                                 :
                                                          :
*In re Lehman Brothers Mortgage-Backed*                   :
*Securities Litigation, No 08-CV-6762.*                   :
                                                          :
----------------------------------------------------------X



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/22/12

RECEIVED
JAN [illegible] 2012
JUDGE KAPLAN'S CHAMBERS

## [PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS, APPROVING NOTICE TO THE CLASS AND SCHEDULING OF FINAL APPROVAL HEARING

### ~~EXHIBIT A~~

WHEREAS, Lead Plaintiffs Locals 302 and 612 of the International Union of Operating Engineers- Employers Construction Industry Retirement Trust (the "Operating Engineers" or "Lead Plaintiff") and Additional Named Plaintiffs New Jersey Carpenters Health Fund (the "New Jersey Carpenters") and Boilermakers-Blacksmith National Pension Trust (the "Boilermakers", with Operating Engineers and New Jersey Carpenters, collectively referred to as "Plaintiffs") on behalf of themselves and the Settlement Class (as hereinafter defined) have applied to the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order in the above-captioned litigation (the "Action") in accordance with the Stipulation of Settlement, dated as of January 13, 2012 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action (the "Settlement"); (1) certifying the Action as a class action for settlement purposes only; (2) approving the form and method of notice to the Settlement Class; and (3) scheduling a hearing for final approval of the settlement.

WHEREAS, the Defendants do not oppose this request; and

WHEREAS, the Court is familiar with and has reviewed the record in the Action and has reviewed the Stipulation, including the exhibits attached to the Stipulation, and found good cause for entering the following Order:

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. This order (the "Notice Order") hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. Pending further order of the Court, all litigation activity, except that contemplated herein, in the Stipulation, in the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") or in the Judgment, is hereby stayed and all hearings, deadlines and other proceedings in this Action, except the motion brought pursuant to Federal Rule of Civil Procedure 62.1 and the Final Approval Hearing, are hereby taken off calendar.

## CLASS CERTIFICATION

3. The Court hereby certifies, for settlement purposes only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Settlement Class defined as follows:

> All persons or entities who purchased or otherwise acquired mortgage pass-through certificates pursuant or traceable to Structured Asset Securities Corporation's August 16, 2005 Registration Statement or May 10, 2006 Registration Statement, and the accompanying prospectuses and prospectus supplements in the following 17 offerings and who were damaged thereby: the LXS 2005-5N offering, LXS 2005-7N offering, LXS 2005-6 offering, LXS 2005-8 offering, LXS 2006-2N offering, LXS 2006-14N offering, LXS 2006-16N offering, LXS 2006-GP2 offering, GMFT 2006-AR4 offering, GMFT 2006-AR5 offering, SARM 2006-1 offering, SARM 2006-4 offering, SARM 2007-6 offering, SASCO 2007-BC1 offering, SASCO 2007-EQ1 offering, SASCO 2007-OSI offering and FFMLT 2006-FFB offering (collectively, the "Certificates"). Excluded from the Class are Lehman Brothers Holdings, Inc. ("LBHI"), Lehman Brothers, Inc. ("LBI"), Structured Asset Securities Corporation ("SASCO"), Defendants and their respective officers, affiliates and

directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns. Also excluded from the Class are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the following plaintiffs are appointed as the Class Representatives: Locals 302 and 612 of the International Union of Operating Engineers- Employers Construction Industry Retirement Trust, New Jersey Carpenters Health Fund and Boilermakers-Blacksmith National Pension Trust, and intervenors Public Employees' Retirement System of Mississippi, and Iowa Public Employees' Retirement Systems. Cohen Milstein Sellers & Toll PLLC is appointed as Class Counsel for the Settlement Class.

5. The Court approves the appointment of Rust Consulting, Inc. as the Claims Administrator to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below:

a. No later than thirty days (30) after entry of the Notice Order, the Claims Administrator shall cause a copy of the Notice and Proof of Claim Form (the "Claim Form"), annexed hereto as Exhibits A-1 and A-2, respectively, to be mailed by first-class mail, postage prepaid, to those members of the Settlement Class who may be identified through reasonable effort, including through the cooperation of Defendants and/or their agents (the "Notice Date");

b. A summary notice (the "Summary Notice"), annexed hereto as Exhibit A-3, shall be published once in the national edition of *The Investor's Business Daily* no later than ten (10) business days after entry of the Notice Order; and

c. The Notice, the Summary Notice and the Claim Form shall also be placed on the Claims Administrator's website, on or before the Notice Date.

6. The Court approves the form of Notice and Summary Notice (together, the "Notices") and the Claim Form, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in Paragraph 5 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Exchange Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 77aa-(a)(7), the Constitution of the United States, and any other applicable law, and constitute the best notice practicable under the circumstances.

7. For the purpose of identifying and providing notice to the Settlement Class, on or before no later than fifteen (15) days after entry of the Notice Order, Defendants shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) any lists they and/or their agent(s) have that identify potential Class Members (including names and addresses), in electronic form.

8. No later than fourteen (14) days prior to the Final Approval Hearing, Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order.

9. Nominees who purchased Lehman mortgage pass-through certificates for beneficial owners who are Class Members are directed to: (a) request within fourteen (14) calendar days of receipt of the Notice additional copies of the Notice and the Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within fourteen (14) calendar days after receipt of

the Notice. If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within fourteen (14) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class. Upon full compliance with this Notice Order, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Notice Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of this Notice Order shall be paid from the Settlement Fund.

## HEARING: RIGHT TO BE HEARD

10.  The Court will hold a settlement hearing (the "Final Approval Hearing") on  June 21 , 2012, at 11:30 A.M., in the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 21B, New York, New York, for the following purposes: (i) to determine whether the Settlement should be finally approved as fair, reasonable, adequate and in the best interests of the Settlement Class; (ii) to determine whether the Judgment, in the form attached as Exhibit B to the Stipulation, should be entered dismissing and releasing the Settled Claims (as that term is defined in the Stipulation) with prejudice; (iii) to rule upon the Plan of Allocation; (iv) to rule upon Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses; and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

11. Papers in support of the Settlement, the Plan of Allocation and Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses shall be filed no later than twenty-one (21) days prior to the Final Approval Hearing, 2012. Any Reply papers shall be filed no later seven (7) days following the receipt of any objections as described in paragraph 12, below.

12. Any member of the Settlement Class may appear at the Final Approval Hearing and show cause why the proposed Settlement embodied in the Stipulation should or should not be approved as fair, reasonable, adequate and in the best interests of the Settlement Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses. However, no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the terms of the Plan of Allocation or the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, unless that Class Member or person (i) has served written objections, by hand or first-class mail, including the basis therefor, as well as copies of any papers and/or briefs in support of his, her or its position upon the following counsel for receipt no later than fourteen (14) days prior to the Final Approval Hearing:

**Lead Counsel for the Settlement Class**
COHEN MILSTEIN SELLERS & TOLL, PLLC
Steven J. Toll
1100 New York Avenue N.W.
Suite 500
Washington, D.C. 20005

Joel P. Laitman
Christopher Lometti
Richard A. Speirs

Daniel B. Rehns
88 Pine Street, 14th Floor
New York, New York 10005

**Counsel for the Individual Defendants**
WOLLMUTH MAHER & DEUTSCH LLP
William A. Maher
Michael C. Ledley
500 Fifth Avenue
New York, New York 10110

and (ii) filed said objections, papers and briefs with the Clerk of the United States District Court for the Southern District of New York. Any objection must include: (a) the full name, address, and phone number of the objecting Class Member; (b) a list and documentation of all of the Class Member's transactions involving Lehman mortgage pass-through certificates included in the Settlement Class definition, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the price paid and/or received; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel. If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Final Approval Hearing. Any Class Member who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as reflected in the Stipulation, to the Plan of Allocation or to the

application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. The manner in which a notice of objection should be prepared, filed and delivered shall be stated in the Notice. By objecting to the Settlement, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise requesting to be heard at the Final Approval Hearing, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to the person's or entity's objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement (including, but not limited to, the release of the Settled Claims provided for in the Stipulation and the Judgment).

13. If approved, all Class Members will be bound by the proposed Settlement provided for in the Stipulation, and by any judgment or determination of the Court affecting Class Members, regardless of whether or not a Class Member submits a Claim Form.

14. Any member of the Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

15. The Court reserves the right to (a) adjourn or continue the Final Approval Hearing, or any adjournment or continuance thereof, without further notice to Class Members and (b) approve the Stipulation with modification and without further notice to Class Members. The Court retains jurisdiction of this Action to consider all further applications arising out of or otherwise relating to the proposed Settlement, and as otherwise warranted.

16. All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

## CLAIMS PROCESS

17. In order to be entitled to participate in the Settlement, a Class Member must complete and submit a Claim Form in accordance with the instructions contained therein. To be valid and accepted, Claim Forms submitted in connection with this Settlement must be postmarked no later than one hundred-fifty days from the date of the Notice Order.

18. Any Class Member who does not timely submit a valid Claim Form shall not be eligible to share in the Settlement Fund, unless otherwise ordered by the Court, but nonetheless shall be barred and enjoined from asserting any of the Settled Claims and shall be bound by any judgment or determination of the Court affecting the Class Members.

## REQUEST FOR EXCLUSION FROM THE CLASS

19. Any requests for exclusion must be submitted for receipt no later than twenty-one (21) days prior to the Final Approval Hearing. Any Class Member who wishes to be excluded from the Settlement Class must provide (i) name, (ii) address, (iii) telephone number, (iv) number and type of mortgage pass-through certificates traceable to the Offerings purchased (or otherwise acquired) or sold, (v) prices or other consideration paid or received for such mortgage pass-through certificates, (vi) the date of each purchase or sale transaction, and (vii) a statement that the person or entity wishes to be excluded from the Settlement Class. It must also be signed by the person or entity requesting exclusion, and provide a telephone number for that person or entity. All persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

20. Any member of the Settlement Class who does not request exclusion from the Settlement Class in the manner stated in this Order shall be deemed to have waived his, her or its

right to be excluded from the Settlement Class, and shall forever be barred from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be bound by the Settlement and the Judgment, including, but not limited to the release of the Settled Claims provided for in the Stipulation and the Judgment, if the Court approves the Settlement.

21. The Released Parties shall have no responsibility or liability whatsoever with respect to the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses. The Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses will be considered separately from the fairness, reasonableness and adequacy of the Settlement. At or after the Final Approval Hearing, the Court will determine whether Lead Counsel's proposed Plan of Allocation should be approved, and the amount of attorneys' fees and Litigation Expenses to be awarded to Lead Counsel. Any appeal from any orders relating solely to the Plan of Allocation or solely to Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, or any reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action set forth therein.

22. Only Class Members and Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23. All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

24. As set forth in the Stipulation, immediately after payment of the Settlement Fund to the Escrow Agent, and without further order of the Court, Lead Counsel may direct payment from the Escrow Account up to $500,000.00 for the actual costs incurred in connection with providing notice to the Settlement Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim Forms, and paying taxes, escrow fees and costs, if any. In the event the Court does not approve the Settlement, or if the Settlement otherwise fails to become effective, neither Lead Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed for such purposes.

25. The fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum or other tribunal, constitute an admission of, or evidence of, or be deemed to create any inference of, (i) any acts of wrongdoing or lack of wrongdoing, (ii) any liability on the part of Defendants to Lead Plaintiffs, the Settlement Class or anyone else, (iii) any deficiency of any claim or defense that has been or could have been asserted in this action, (iv) any damages or lack of damages suffered by Lead Plaintiffs, the Settlement Class or anyone else, or (v) that the Settlement Amount (or any other amount) represents the amount that could or would have been recovered in this Action if it was not settled at this point in time. The fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative

agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement, including, but not limited to, the Judgment and the release of the Settled Claims provided for in the Stipulation and the Judgment

26. Unless otherwise provided in the Stipulation, there shall be no distribution of any of the Net Settlement Fund to any Class Member until a plan of allocation is finally approved and is affirmed on appeal or certiorari or is no longer subject to review by appeal or certiorari and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

27. Upon the date for publishing the Summary Notice, pending final determination of whether Settlement should be approved, the Lead Plaintiffs, all putative Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute or commence any action which asserts the Settled Claims against the Released Parties, unless such putative Class Member requests exclusion from the Settlement Class in accordance with the Notice.

28. In the event that the Settlement fails to become effective in accordance with its terms, or if the Judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Order (except Paragraphs 25 and 28) shall be null and void, the Stipulation shall be deemed terminated, and the parties shall return to their positions without prejudice in any way, as provided for in the Stipulation.

IT IS SO ORDERED.

DATED: March 22, 2012

THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT COURT JUDGE