UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re:

LEHMAN BROTHERS SECURITIES AND                                    09 MD 2017 (LAK)
ERISA LITIGATION

This document applies to:        10 Civ. 2926 (LAK)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/12

### PRETRIAL ORDER NO. 43
(*Remer* – Motion to Dismiss)

LEWIS A. KAPLAN, *District Judge.*

       The motion of defendant Richard Fuld to dismiss the amended complaint [09 MD 2017 Dkt. 560; 10 Civ. 2926 Dkt. 30] is granted.

       1.     Plaintiff's claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77*l*(a)(2), and 77*o*, are time-barred for the reasons set forth by defendant. Def. Mem. 2-3. Indeed, plaintiff does not dispute this. *See* Tangredi Aff. ¶ 6.

       2.     The common law fraud claim fails at least because the amended complaint fails to plead with particularity facts necessary to show that the defendant acted with the requisite *scienter*. *See* Fed. R. Civ. P. 9(b); *Acito v. IMCERA Group, Inc.,* 47 F.3d 47, 52 (2d Cir. 1995); *In re Parmalat Sec. Litig.,* 501 F. Supp.2d 560, 573, 580 (S.D.N.Y. 2007).

       3.     The negligence and breach of fiduciary duty claims fail to state claims upon which relief may be granted. No facts are alleged that would suffice to demonstrate that defendant owed plaintiff any fiduciary duty, as the fact that defendant was chief executive officer of Lehman did not give rise to such a duty in favor of anonymous purchasers of Lehman notes on the open market.[1] *See* Def. Mem. 6-7. Nor does the amended complaint sufficiently allege negligence on the part of this defendant. Among other things, it fails to allege that the defendant owed any duty to plaintiff.[2]

---

[1]    Plaintiff appears to allege a duty on the part of defendant based on plaintiff's status as a noteholder and defendant's "fiduciary responsibilities and other responsibilities . . . concerning [Lehman] notes and bonds." AC ¶ 18. Such claim is without merit. A creditor may not bring a direct claim for breach of fiduciary duty against the officers or directors of a corporation, even where the corporation is insolvent or operating in the "zone of insolvency." *N. Am. Catholic Educ. Programming Found., Inc. v. Gheewalla,* 930 A.2d 92, 97-102 (Del. 2007).

[2]    "Under New York law, a plaintiff may not recover for negligent misrepresentation in the absence of a special relationship of trust or confidence between the parties." *Banque Arabe et Internationale D'Investissement v. Maryland Nat. Bank*, 57 F.3d 146, 158 (2d Cir. 1995).

2

Moreover, to whatever extent the theory of the negligence claim is negligent misrepresentation, it fails on the independent ground that the amended complaint does not make out the other elements of such a claim.[3]

       4.     The breach of warranty claim is insufficient because the amended complaint does not allege that plaintiff and defendant entered into a contract, much less one that expressly warranted any material fact, much less that the warranty was the basis of the bargain.  Nor does it allege the breach of any such warranty.

       Plaintiff asks that leave to amend be granted in the event the motion is granted.  The Court declines to grant leave, at least absent a proposed amended pleading.  Should plaintiff move for leave to amend, she should keep in mind that she would bear an exceptionally heavy burden given the vast volume of information concerning Lehman that long has been available to the public, not to mention plaintiff's having sat by for many months if not years while other litigants filed far more detailed complaints, the sufficiency of which has long since been litigated.

       SO ORDERED.

Dated:      November 30, 2012

                             Lewis A. Kaplan
                          United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[3]    "Under New York law, the elements for a negligent misrepresentation claim are that (1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment." *Hydro Investors, Inc. v. Trafalgar Power Inc.,* 227 F.3d 8, 20 (2d Cir. 2000) (citations omitted); *see also Plaza Penthouse LLP v. CPS 1 Realty LP,* 24 Misc.3d 1238(A), 2009 WL 2568734, at *4 (N. Y. Sup. Ct. Aug. 10, 2009) (negligent misrepresentation claims under New York law require a "special relationship of trust of confidence, which creates a duty for one party to impart correct information to another, the information given was false, and there was reasonable reliance upon the information given") (internal quotation marks and citation omitted). Liability for negligent misrepresentation may be imposed "only on those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified." *Kimmell v. Schaefer,* 89 N.Y.2d 257, 263 (1996); *Accusystems, Inc. v. Honeywell Info. Sys., Inc.,* 580 F. Supp. 474, 480 (S.D.N.Y.1984) ("New York courts do not recognize a cause of action for negligent misrepresentation in the absence of some special relationship of trust or confidence between the parties.") (citations omitted).