UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re:

LEHMAN BROTHERS SECURITIES AND                    09 MD 2017 (LAK)
ERISA LITIGATION

This document applies to:      10 Civ. 8631 (LAK)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/3/12

## MEMORANDUM OPINION
(*Losciavo* – Fidelity Management Trust Motion to Dismiss)

Appearances:

David Pastor
GILMAN AND PASTOR LLP

Gregory M. Egleston
BERNSTEIN LEIBHARD, LLP

Timothy J. McFall
RIGRODSKY & LONG, P.A.

*Attorneys for Plaintiffs*

James S. Dittmar
James O. Fleckner
Chelsea W. Teachout
GOODWIN PROCTER LLP
*Attorneys for Defendant Fidelity Management Trust Company*

LEWIS A. KAPLAN, *District Judge.*

Plaintiffs, participants in The Lehman Brothers Savings Plan (the "Plan"), here purport to bring a state law breach of fiduciary duty claim against Fidelity Management Trust Company ("Fidelity"), the Plan trustee. They contend that Fidelity improperly has failed to sue Ernst & Young, the outside auditor for Lehman Brothers Holdings Inc., on behalf of the Plan for professional

2

malpractice. Fidelity moves to dismiss the complaint as to it on several grounds.[1] It is necessary to discuss only two.

*Facts*

*The Plan*

The Plan is a 401(k) plan sponsored by Lehman that provided eligible employees with a means of saving for retirement.[2] Under Article X of the Plan, all discretion for its management is vested in the Lehman Employee Benefits Plan Committee (the "Committee"), which is identified as the Plan's "Named Fiduciary." The Committee has "complete authority and discretion to control and manage the operation and administration of the Plan."[3] It "has the exclusive right to determine any question arising in connection with the interpretation, application or administration of the Plan."[4]

ERISA, with certain exceptions, requires that the assets of all plans be held in trust by

---

[1] The complaint contains two claims for relief. The first is a direct breach of fiduciary duty claim against Fidelity. The second is a state law derivative claim on behalf of the Plan against E&Y for professional malpractice. In a memorandum opinion of even date, the Court is granting the Plan's motion to dismiss the second claim for relief on the ground that the state law derivative claim is preempted by ERISA and that ERISA does not permit plan beneficiaries to bring state law claims derivatively on behalf of a plan.

[2] The Plan, the Trust, Recordkeeping and Administrative Services Agreement Between Lehman and Fidelity (the "Trust Agreement"), and the Summary Plan Description ("SPD") all properly are considered on this motion. The SPD is attached to and incorporated into the complaint. It expressly refers to the Plan, which it explains "provide[s] all the details of the Plan." The Plan in turn incorporates the Trust Agreement by Reference.

[3] Plan § 10.1.

[4] *Id.* § 10.2.

one or more trustee who has exclusive discretion for safeguarding the assets.[5] Among the exceptions, however, are plans in which the trustee is directed by a named fiduciary and therefore is "subject to proper directions of such fiduciary which are made in accordance with the terms of the plan and which are not contrary to" ERISA.[6]

In this case, the Plan establishes that Fidelity was such a directed trustee with respect to the management of the Plan assets. The Committee, as the Named Fiduciary, is responsible "to direct the Trustee with respect to the management of assets of the Plan . . . ."[7] Section 5(j) of the Trust Agreement, entitled "Reliance of Trustee on Directions," is consistent, stating "that "[i]t is the intent of [Lehman] and the Trustee, that except as expressly set forth herein, the Trustee shall function as a directed trustee and shall not have discretionary authority over the management and investment of Plan assets." It further provides that "[t]he Trustee [shall] not be responsible for any loss resulting from any action taken (or not taken) by the Trustee in accordance with a direction properly given (or properly withheld) . . ."[8]

The situation is somewhat different with respect to the commencement and prosecution of litigation. Section 5(k) provides in relevant part that

"The Trustee [Fidelity] shall have the following powers and authority:

\* \* \*

"(vi) To settle, compromise, or submit to arbitration any claims, debts, or damages due to or arising from the Trust; [and] to commence or defend suits or legal

---

[5] *See* ERISA § 403(a), 29 U.S.C. § 1103(a).

[6] ERISA § 403(a)(1), 29 U.S.C. § 1103(a)(1).

[7] Plan § 10.12.

[8] *Id.*

4

or administrative proceedings . . ."

No explicit trust provision limits the discretion of the trustee with respect to the exercise of these powers.

*The Demand*

On July 6, 2010, plaintiffs' attorney demanded that Fidelity sue E&Y for malpractice. It then brought this action on September 20, 2010.

*Discussion*

This motion turns on whether Fidelity had the discretion to sue E&Y on behalf of the Plan and, if so, whether the complaint adequately breached its duty in failing to do so.

*The Directed Trustee Argument*

ERISA specifically provides that where a "plan expressly provides that the trustee or trustees are subject to the direction of a named fiduciary who is not a trustee . . . the trustees shall be subject to proper directions of such fiduciary which are made in accordance with the terms of the plan and which are not contrary to" ERISA.[9] Thus, the fiduciary duties of a directed trustee are "extremely narrow."[10] They "are . . . significantly narrower than the duties generally ascribed to a discretionary trustee under common law trust principles."[11] Such a trustee has no duty "to duplicate or second-guess

---

[9] ERISA § 403(a)(1), 29 U.S.C. § 1103(a)(1).

[10] *F.W. Webb Co. v. State Street Bank and Trust Co.,* No. 09 Civ. 1241 (RJH), 2010 WL 3219284, at *13 (S.D.N.Y. Apr. 12, 2010).

[11] *U.S. Dep't of Labor Field Assistance Bulletin 2004-03* (Dec. 17, 2004).

5

the work of the plan fiduciaries that have discretionary authority over the management of plan assets.[12] Its "liability is limited to instances in which it fails to follow such proper directions or it complies with directions that are improper, or contrary to the Plan or ERISA."[13]

In this case, the management of plan assets was expressly committed to the Committee and not to Fidelity.[14] Fidelity argues that any claim the Plan may have against E&Y is a plan asset[15] and, in consequence, that Fidelity had no authority whatever to sue E&Y.

Plaintiffs respond by pointing to Section 5(k)(vi) of the Trust Agreement, which grants the trustee the power, among many others, "to commence or defend suits or legal or administrative proceedings."[16] Fidelity rejoins that its ability to exercise that power is subject to the overriding direction or approval of the Committee.

The Trust Agreement in this respect is no better, from Fidelity's point of view, than ambiguous. While it leaves no doubt that the Committee is responsible for the management of Plan assets and that Fidelity is obliged to follow its directions in that regard, as well as protected from liability as long as it does so, that is not the end of the discussion. The Trust Agreement

---

[12] *Id.*; *see Herman v. NationsBank Trust Co.*, 126 F.3d 1354, 1361-62 (11th Cir. 1997) (directed trustee has no direct obligation of prudence under ERISA).

[13] *DeFelice v. U.S. Airways, Inc.*, 397 F. Supp.2d 735, 746 (E.D. Va. 2005).

[14] Plan § 10.12; Trust Agreement § 5(j).

[15] *See, e.g., Rohm v. Halpin*, 566 F.3d 286, 290 (2d Cir. 2009) (plan's claim is a plan asset); *Navarre v. Luna*, 406 F.3d 1192, 1199-2000 and 1199 n.4 (10th Cir. 2005) (plan meaning of the term "asset" includes "a chose in action"); DOL Adv. Op. 95-26A (Oct. 17, 1995) (plan's claim against service provider is a "chose in action" that is the plan's "property").

[16] Pl. Mem. 21-22 (citing Trust Agreement § 5(k)(vi)).

conspicuously fails explicitly to cabin the trustee's authority to bring suit on behalf of the trust. Thus, it reasonably may be argued that the distinction between the trustee's authority with respect to the management of Plan assets and its authority to sue on behalf of the trust reflects a real difference in the extent of its discretion in the two situations.

Where, as here, the governing instrument is reasonably subject to material, differing interpretations, its meaning may not properly be decided on a motion to dismiss the complaint.[17] But that does not get plaintiffs where they wish to go.

*E&Y Owed No Duty to the Plan*

The claim that plaintiffs contend the Plan should have brought against E&Y is for professional negligence, i.e., auditor malpractice.

Liability for auditor malpractice requires "either privity of contract between the plaintiff and the defendant or a relationship 'so close as to approach that of privity.'"[18] Where, as here, there is no privity of contract between the plaintiffs and the defendant auditor, the auditor owes a duty to the plaintiffs only if:

> "1) the accountant [was] aware that the reports would be used for a particular purpose; 2) in furtherance of which a known party was intended to rely; and 3) some

---

[17] *See, e.g., Red Rock Commodities, Ltd. v. Std. Chartered Bank,* 140 F.3d 420, 423-24 (2d Cir. 1998) (contract ambiguous where reasonable basis for difference of opinion); *Brown v. Owens Corning Inv. Review Comm.,* 541 F. Supp.2d 958, 968 (N.D. Ohio 2008) (declining to decide on motion to dismiss whether plan trustee was named fiduciary with respect to authority to commence and defend lawsuits under trust agreement similar to that at issue here), *overruled on other grounds by Brown v. Owens Corning Inv. Review Comm.,* 3:06 CV 2125, 2008 WL 5378361 (N.D. Ohio Dec. 24, 2008).

[18] *Sykes v. RFD Third Ave. 1 Assocs., LLC,* 15 N.Y.3d 370, 372 (2010) (quoting *Ultramares Corp. v. Touche,* 255 N.Y. 170, 182-83 (1931)).

conduct by the accountant 'linking' him or her to that third party."[19]

This "near privity" standard imposes a "heavy burden"[20] which plaintiffs have not met. The complaint does not allege that E&Y's Lehman audits were "prepared for the specific benefit" of the Plan or its participants.[21] It does not allege sufficient "linking conduct which evinced the accountant's understanding of [the Plan's] reliance."[22] And while the complaint does allege that E&Y audited the Plan in 2000-2006 and therefore knew that the SPD incorporated Lehman's public filings, that is not enough.

First, the complaint alleges that E&Y audited the Plan only through 2006 whereas the allegedly negligent Lehman audits began in mid-2007.[23]

Second, even if E&Y knew that plaintiffs were entitled to receive copies of Lehman's securities filings, via the SPD or otherwise, that would not be sufficient linking conduct.[24]

Doubtless recognizing the handwriting on the wall, plaintiffs mount a novel argument that the standard for auditor negligence liability adopted by the New York Court of Appeals in

---

[19] *SIPC v. BDO Seidman, LLP,* 222 F.3d 63, 73 (2d Cir. 2000) (citing *Credit Alliance Corp. v. Arthur Andersen Co.,* 65 N.Y.2d 536, 551 (1985)).

[20] *Id.*

[21] *See SIPC v. BDO Seidman,* 95 N.Y.2d 702, 711 (2001).

[22] *Id.*

[23] *See* Cpt. ¶ 2 (defining "Relevant Period" as July 10, 2007 through September 15, 2008).

[24] *See, e.g., CRT Invests., Ltd. v. Merkin,* No. 601052/09, 29 Misc.3d 1218(A), 2010 WL 434033, at *12 (Sup. Ct. N.Y. Co. May 5, 2010) (fact that plaintiffs were entitled to and received a copy of the audited financial statements, or that auditor knew that they would rely upon them did not establish requisite linking conduct), *aff'd, CRT Invests., Ltd. v. MDO Seidman, LLP,* 85 A.D.3d 470, 471-72 (1st Dept. 2011) (same).

8

*Credit Alliance* should be liberally construed to permit characterization of the relationship between auditors of public companies and their investors (including participants in benefit plans that invest in their shares) as one of "near privity," thus entitling the investors to sue the company auditors for negligence.[25] Indeed, they seek support for their position in the suggestion that application of *Credit Alliance* in the public company context otherwise would be in tension with a ninety-year old Court of Appeals decision in *Glanzer v. Shepard*.[26]

The construction of *Credit Alliance* that plaintiffs seek effectively would overrule that decision, as the plaintiffs' implicit suggestion that the New York Court of Appeals was ignorant of or did not intend to formulate principles guiding the scope of the liability of auditors of public companies in writing the most important New York auditor liability case since *Ultramares* is not persuasive. Indeed, the Court of Appeals explicitly rejected essentially the rule for which these plaintiffs contend by expressing its disapproval of "a rule permitting recovery by any foreseeable plaintiff."[27] And the plaintiffs' suggestion of a need to "harmonize" *Credit Alliance* with *Glanzer* is unsustainable given the careful attention by the Court of Appeals in *Credit Alliance* to doing just that.

In sum, the complaint fails to allege facts which, if true, would demonstrate the existence of a legal duty on the part of E&Y to the Plan or its participants with respect to its audits of Lehman. Plaintiffs therefore have failed to allege facts demonstrating the existence of any viable negligence claim on the part of the Plan against E&Y. Their complaint is insufficient.

---

[25] Plaintiffs assert that their argument is a matter "of first impression." Pl. Mem. 11.

[26] 233 N.Y. 236 (1922).

[27] 65 N.Y.2d at 552.

9

*Conclusion*

For the foregoing reasons, Fidelity's motion to dismiss the complaint as to it [10 Civ. 8631 Dkt. 36] is granted. As this ruling disposes of all claims asserted against Fidelity and it raises an issue peculiar to this defendant, there is no just reason for delay and the Clerk is directed to enter judgment of dismissal as to Fidelity.

SO ORDERED.

Dated:     December 3, 2012

_____
Lewis A. Kaplan
United States District Judge