USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/3/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re:

LEHMAN BROTHERS SECURITIES AND
ERISA LITIGATION

This document applies to:   10 Civ. 8631
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

09 MD 2017 (LAK)

### MEMORANDUM OPINION
(*Losciavo* – Lehman Bros. Savings Plan Motion)

Appearances:

> David Pastor
> GILMAN AND PASTOR LLP
>
> Gregory M. Egleston
> BERNSTEIN LEIBHARD, LLP
>
> Timothy J. McFall
> RIDRODSKY & LONG, P.A.
>
> *Attorneys for Plaintiffs*
>
> Ardith M. Bronson
> Nicholas J. Pappas
> Allison M. Warner
> Lawrence J. Baer
> WEIL, GOTSHAL & MANGES, LLP
> *Attorneys for Defendant The Lehman Brothers Savings Plan*

LEWIS A. KAPLAN, *District Judge.*

      Plaintiffs, participants in The Lehman Brothers Savings Plan (the "Plan") here purport to bring a state law derivative claim on behalf of the Plan against Lehman Brothers Holdings Inc.'s outside accounting firm, Ernst & Young ("E&Y"), for negligence and professional malpractice. They contend that the Plan's fiduciary improperly has failed to initiate suit against

2

E&Y on behalf of the Plan. The Plan, joined by E&Y, moves to dismiss the derivative claim, the second cause of action, on the ground that ERISA preempts any state law derivative claim that otherwise might have existed and, moreover, that amendment to premise the derivative claim on ERISA itself would be futile because ERISA contemplates no such remedy.

*ERISA Preempts the State Law Derivative Claim*

ERISA expressly preempts any state laws that "relate to an employee benefit plan,"[1] including those that alter plan administration or affect the relationships among "core ERISA entities."[2] Pursuant to ERISA § 403(a), the Plan gave "complete authority and discretion to control and manage the operation and administration of the Plan [to the] Employee Benefits Plans Committee."[3] The Plan's trustee, Fidelity, was empowered to "commence or defend suits."[4] Permitting plaintiffs to usurp the fiduciaries' authority to manage and control the Plan clearly would "alter plan administration" and affect the relationships among core ERISA entities.[5] ERISA thus

---

[1] ERISA § 514(a), 29 U.S.C. § 1144(a).

[2] *Gerosa v. Savasta & Co., Inc.*, 329 F.3d 317, 324 (2d Cir. 2003).

[3] Teachout Decl. [DI 43] Ex. 1, §10.1. The Plan, the Trust, Recordkeeping and Administrative Services Agreement Between Lehman and Fidelity (the "Trust Agreement"), and the Summary Plan Description ("SPD") all properly are considered on this motion. The SPD is attached to and incorporated into the complaint. It expressly refers to the Plan, which it explains "provide[s] all the details of the Plan." The Plan in turn incorporates the Trust Agreement by Reference.

[4] Teachout Decl. [DI 43] Ex. 4, § k(vi).

[5] *Eckelkamp v. Beste*, 315 F.3d 863, 870 (8th Cir. 2002) ("The structure of the ERISA plan would be altered if beneficiaries were to sue on its behalf because federal law grants the plan trustees exclusive authority and discretion to manage and control the assets of the plan . . . . To permit ESOP beneficiaries to assert rights granted to the trustees would also alter

3

preempts plaintiffs' state law claims.

The cases upon which plaintiffs rely to argue otherwise are inapposite. The Second Circuit in *Gerosa v. Savsasta & Co., Inc.* held that ERISA does not preempt a state law malpractice claim *brought by the plan*.[6] It said nothing about the situation here, in which a plan beneficiary seeks to bring such a claim against a non-fiduciary on the Plan's behalf. Indeed, all of the cases upon which plaintiffs rely simply stand for the proposition – which defendants do not dispute – that ERISA does not preempt certain state law claims brought by a plan or a plan's fiduciary.[7] These cases are of no help to plaintiffs here.

*No State Law Derivative Claim is Available Under ERISA*

Plaintiffs' claim would have been deficient even if plaintiffs had purported to premise it on ERISA rather than on state law. ERISA § 502 sets forth the exclusive causes of action available under ERISA.[8] It nowhere confers on plan participants the authority to bring state law

---

the administration of the plan.")

[6] 329 F.3d 317 (2d Cir. 2003).

[7] *See Arizona State Carpenters Pension Trust Fund v. Citibank*, 125 F.3d 715 (9th Cir. 1997) (ERISA does not preempt state law claims brought by trust funds and their trustees); *Coyne & Delany Co. v.. Selman*, 98 F.3d 1457, 1460 (4th Cir. 1996) (malpractice claim brought by employer fiduciary not preempted); *Custer v. Sweeney*, 89 F.3d 1156 (4th Cir. 1996) (malpractice claim brought by trustee not preempted); *Painters of Philadelphia Dist. Council No. 21 Welfare Fund v. Price Waterhouse*, 879 F.2d 1146, 1153 n.7 (3d Cir. 1989) ("professional malpractice actions *brought by a plan*" are not preempted by ERISA) (emphasis added); *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 703 (6th Cir. 2005) (state law claims brought by plan against non-fiduciary not preempted).

[8] 29 U.S.C. § 1132(a).

claims derivatively.[9] Indeed, the Supreme Court repeatedly has admonished lower courts that judicial creation of remedies with respect to ERISA plans that are not found in the express terms of Section 502(a) is impermissible.

Plaintiffs' reliance on *Alfarone v. Bernie Wolff Constr. Corp.*,[10] *Diduck v. Kaszycki & Sons Contractors, Inc.* (*Diduck I*),[11] *Diduck v. Kaszycki & Sons Contractors, Inc.* (*Diduck II*),[12] and *Struble v. New Jersey Brewery Employees' Welfare Trust Fund*,[13] is misplaced. While, in those cases, the Second and Third Circuits permitted plan beneficiaries to assert claims derivatively on behalf of their plans, the claims all were based on express provisions of ERISA. The cases thus turned on whether ERISA provides plan participants with a right of action for violations of the ERISA provisions at issue.

That is not the question here. Plaintiffs do not allege that E&Y violated a provision of ERISA. Instead, they seek to assert a state law claim. Plaintiffs have cited no cases, and the Court has found none, in which a plan participant was permitted to assert a plan's non-ERISA claims derivatively against a non-fiduciary on behalf of the plan. Plan participants are not entitled to bring a derivative action "where the cause of action is *not* one of the specifically enumerated

---

[9] *See Eckelkamp*, 315 F.3d at 870 (holding state law breach of fiduciary duty claim brought derivatively by plan beneficiary preempted by ERISA because "[a]lthough permission to bring a breach of fiduciary duty claim . . . is an exercise of traditional state power, permission for ERISA beneficiaries to assert such a claim is not").

[10] 788 F.2d 76, 80 (2d Cir. 1986).

[11] 874 F.2d 912 (2d Cir. 1989).

[12] 974 F.2d 270 (2d Cir. 1992).

[13] 732 F.2d 325 (3d Cir. 1984).

5

ERISA remedies."[14] Thus, even if plaintiffs attempted to re-assert their state law claim under ERISA, their claim would fail nonetheless.[15]

*Conclusion*

For the foregoing reasons, the motion of The Lehman Brothers Savings Plan to dismiss plaintiffs' second cause of action [09 MD 2017 Dkt. 832; 10 Civ. 8631 Dkt. 34], joined in by E&Y, is granted. The action is dismissed as to the Plan and E&Y.

SO ORDERED.

Dated:        December 3, 2012

_____
Lewis A. Kaplan
United States District Judge

---

[14] *Mehling v. N.Y. Life Insurance Co.*, 413 F. Supp. 2d 476 (E.D. Pa. 2005); *see also Mimms v. PricewaterhouseCoopers, LLP*, 11 Civ. 0030 (DAB), 2012 WL 2527205, at *5 (S.D.N.Y. Feb. 16, 2012) ("[n]either the statute or the common law of ERISA provides a right of action whereby Plaintiff can bring a derivative suit against a non-fiduciary for breaches of state law"). To the extent the *Mimms* court would have permitted plaintiff to bring its common law negligence and malpractice claim had plaintiff established a breach of fiduciary duty, this Court respectfully disagrees.

[15] The Plan argues that ERISA does not permit a plan participant to assert *any* of the Plan's claims derivatively on behalf of the Plan, even those based on provisions in the statute. The Court declines to so find. In *Alfarone, Diduck I*, and *Diduck II*, the Second Circuit permitted plan beneficiaries to bring claims for delinquent contribution derivatively on behalf of the plan, so long as the participants established that the plan fiduciary breached its duty in failing to assert the claims itself. While portions of the *Diduck II* decision have not survived subsequent Supreme Court determinations, the portion permitting beneficiaries to bring derivative suits for delinquent contribution remains good law.