UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re:

LEHMAN BROTHERS SECURITIES AND                    09 MD 2017 (LAK)
ERISA LITIGATION

This document applies to:

*State Compensation Ins. Fund v. Fuld,* 11 Civ. 3892 (LAK)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## MEMORANDUM OPINION
(Bank Defendants' Motion to Dismiss – SLUSA)


Appearances:

>    John C. Hueston
>    IRELL & MANELLA LLP
>    *Attorneys for Plaintiff*

>    Mitchell A. Lowenthal
>    Victor L. Hou
>    Roger L. Cooper
>    CLEARY GOTTLIEB STEEN & HAMILTON LLP
>    *Attorneys for Bank Defendants*

LEWIS A. KAPLAN, *District Judge.*

        This is one of the many securities cases filed in the wake of the 2008 collapse of Lehman Brothers Holdings Inc. ("Lehman"). It is before the Court on a motion by the underwriters of two offerings of Lehman debt securities (the "Bank Defendants")[1] to dismiss the amended complaint. For the most part, the motion raises issues that do not warrant extended discussion and is disposed of in an order of even date. The Court writes here only with respect to the Bank Defendants' contention that

---

[1] The "Bank Defendants" are listed in their memorandum (MDL Dkt. 572) at 1 n.1.

plaintiff's state law claims are precluded by The Securities Litigation Uniform Standards Act ("SLUSA"),[2] which presents an important and recurring issue.

*Facts*

This action was commenced on behalf of this plaintiff alone in the Northern District of California in May 2011.  There are no class action allegations.  It was transferred to this district by the Multidistrict Panel pursuant to Section 1407 of the Judicial Code.[3]  The amended complaint contains eleven counts, three of which are asserted against the Bank Defendants in consequence of plaintiff's alleged purchases of Lehman securities in two offerings. Counts III and IV rest on the Securities Act of 1933 and are dealt with in the companion order.  This memorandum opinion is address to Count VII, which asserts claims under Sections 25401 and 25501 of the California Corporations Code.

*Discussion*

The Bank Defendants argue that plaintiff's claims under the California Corporations Code are precluded by SLUSA, which provides in substance that no "covered class action" based upon state law and alleging misrepresentations or omissions in connection with the purchase or sale of covered securities may be maintained in any court."[4]  It is undisputed here that plaintiff's California Corporations Code claims against the Bank Defendants are based on state law, allege misrepresentations or omissions of material facts, and involve covered securities.  The only point in controversy is whether this case – which is brought solely on behalf of this plaintiff – nevertheless is a "covered class action" within the

---

[2] 15 U.S.C. § 78bb(f).

[3] 28 U.S.C. § 1407.

[4] *Id.* § 78bb(f)(1).

meaning of SLUSA.

> The statute defines a "covered class action" in relevant part as:
>
> "any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which-
>
> "(I)   damages are sought on behalf of more than 50 persons; and
>
> "(II)  the lawsuits are joined, consolidated, or otherwise proceed as a single action *for any purpose*."[5]

This case is pending in the same court as a large number of others, all of which relate to Lehman Brothers and all of which involve common questions of law or fact, most notably common issues as to whether offering materials for many offerings of Lehman securities contained material false statements or made material omissions. These cases collectively meet any definition of the word "group." Although this case is brought only on behalf of this plaintiff, damages are sought in these cases on behalf of thousands, tens of thousands, or even more persons. The actions are consolidated here for pretrial purposes by Pretrial Order No. 1 and the orders of the Judicial Panel on Multidistrict Litigation. Hence, there is no serious question that this is a "covered class action" within the plain terms of the statutory definition. Indeed, many courts have reached that conclusion on facts substantially identical to these.[6]

---

[5] *Id.* § 78bb(f)(5)(B) (emphasis added).

[6] *See, e.g., Instituto de Prevision Militar v. Merrill Lynch,* 546 F.3d 1340, 1347 (11th Cir. 2008) (individual action was "covered class action" when it was consolidated for discovery purposes with two related cases); *In re Refco Inc. Sec. Litig.*, 859 F. Supp.2d 644, 648-49 (S.D.N.Y. 2012) (participation in MDL proceeding for pretrial proceedings constitutes "proceeding as a single action" for SLUSA purposes); *In re Fannie Mae 2008 Sec. Litig.,* __ F. Supp.2d ___, Nos. 08 Civ. 7831 (PAC), 09 MDL 2013 (PAC), 09 Civ. 6102 (PAC), 10 Civ. 9184 (PAC), 2012 WL 3758537, at *11-12 (S.D.N.Y. Aug. 30, 2012) (individual actions that were part of a multidistrict litigation and consolidated for pretrial purposes with a class action constituted a "covered class action"); *In re AOL Time Warner, Inc. Sec. Litig.,* 503 F. Supp.2d 666, 671-72 (S.D.N.Y. 2007) (same)*; Amorosa v. Ernst & Young LLP,* 682 F. Supp.2d 351, 372-77 (S.D.N.Y. 2010) (participation in multidistrict litigation proceeding qualifies as "proceeding as

4

Plaintiff nevertheless argues that the Court should adopt a strained construction of the statute's "group of lawsuits" language to avoid the conclusion that an individual action becomes part of a "covered class action" – thus resulting in the dismissal of any state claims that may be asserted in it – by virtue of a Section 1407 consolidation or coordination by the Multidistrict Panel whenever the Panel's action results in a group of cases in a single court that, in the aggregate, seek damages on behalf of more than 50 persons. It describes any other course as creating "a perverse outcome relative to the federal statute empowering multi-district litigation."[7] Moreover, the undersigned is well aware of the implications of its holding here – consistent with many other courts – for the positions likely to be taken before the Panel by plaintiffs with state law claims on behalf of one or a small number of persons.[8] But that, in the last analysis, is not helpful to plaintiffs for at least four reasons.

First, the language of SLUSA is crystal clear. It is not this Court's province to construe it in an unnatural way in order to achieve whatever result it might think desirable as a matter of policy. That is particularly so in view of the fact that SLUSA was enacted in 1998, decades after Section 1407 was passed and multidistrict litigation had become a common feature of our legal landscape. Yet Congress enacted language that reads precisely on the facts before it – "any group of lawsuits filed in

---

a single action" even absent consolidation order); *Fed. Nat'l Mortg. Ass'n Sec., Derivative & ERISA Litig.,* 503 F. Supp.2d 25, 31-33 (D. D.C. 2007) (opt-out actions consolidated with class action were "covered class actions"); *Gordon Partners v. Blumenthal,* No. 02 Civ. 7377 (LAK), 2007 WL 1438753, at *3 (S.D.N.Y. 2007) (individual action consolidated with class action resulted in "covered class action" )*In re WorldCom, Inc., Sec. Litig.,* 308 F. Supp.2d 236, 246 (S.D.N.Y. 2004) (ten individual actions, which were consolidated for pretrial purposes, constituted a covered class action).

[7] Pl. Mem. (MDL Dkt. 718) at 32.

[8] *See, e.g.,* Brief in Support of Motion to Vacate Condition Transfer Order (CTO-7) in *In re Tremont Group Holdings, Inc. Litig.,* MDL No. 2052 (JPML filed Oct. 11, 2012), Dkt. No. 120-1 (seeking vacatur of conditional transfer order to avoid conclusion that case in question would become part of a "covered class action" by virtue of the transfer itself).

5

or pending in the same court and involving common questions of law or fact" "in which . . . damages are sought on behalf of more than 50 persons" and that are "joined, consolidated, or otherwise proceed as a single action for any purpose." Indeed, it is difficult to imagine language that would capture more clearly the situation of an individual case seeking damages on behalf of a single person that is transferred for coordinated or consolidated pretrial purposes with a class action or multiple individual actions where damages are sought on behalf of more than 50 persons. Speculation based on snippets of legislative history in such circumstances, whichever way they might cut, have little bearing in such circumstances.[9]

Second, even if recourse to legislative history were appropriate here, it would not significantly help the plaintiff. As Judge McMahon explained in *Amorosa,* the overriding purpose of SLUSA was to prevent plaintiffs in securities cases from "sidestepping the PSLRA's heightened pleading requirements by filing in state rather than federal court" by foreclosing state law claims with respect to covered securities where, as here, those claims find themselves in groups of lawsuits that seek damages on behalf of substantial numbers of persons.[10] While Congress might have sought to accomplish that objective by narrower means – for example, by limiting the SLUSA bar to cases initiated in state courts or by carving out of the definition of "group of lawsuits" cases that become part of such a group only by virtue of a transfer by the Multidistrict Panel, it was not obliged to do proceed in that fashion.

Third, even if a transfer by the Multidistrict Panel were not in itself sufficient to trigger SLUSA, such a transfer combined with a formal consolidation order certainly would be. In Pretrial Order No. 1, the Court consolidated all then-pending and subsequently filed Equity/Debt actions "for

---

[9] *Zuni Pub. Sch. Dist. No. 89 v. Dep't of Educ.*, 550 U.S. 81, 93 (2007) (a court shall not resort to legislative history "if the intent of Congress is clear and unambiguously expressed by the statutory language.").

[10] *Amorosa,* 682 F. Supp.2d at 372-77.

6

all pretrial purposes."[11]  This action was filed subsequently and consolidated accordingly. Such consolidation clearly satisfies SLUSA's requirement that an action be "consolidated . . . for any purpose" with another action or group of actions.[12]

Finally, it must be borne in mind that the result here is dictated by the words of the statute. Congress is well able to change it if it concludes that a different outcome in future cases is preferable.

*Conclusion*

For the foregoing reasons, the Bank Defendants' motion to dismiss the state law claims contained in the amended complaint is granted.

SO ORDERED.

Dated:      December 17, 2012

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[11] Pretrial Order No. 1 [MDL Dkt. 1].

[12] 15 U.S.C. § 78bb(f)(5)(B)(II).