```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/18/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:

LEHMAN BROTHERS SECURITIES AND
ERISA LITIGATION

09 MD 2017 (LAK)

This document applies to:

*California Public Employees' Retirement System v. Fuld,* 11 Civ. 1281 (LAK)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PRETRIAL ORDER NO. 51**
(*Calpers* – Motions to Dismiss)

LEWIS A. KAPLAN, *District Judge.*

    The complaint asserts claims under Section 11 of the Securities Act of 1933 (the "Act")[1] with respect to six offerings in which plaintiff California Public Employees Retirement System ("CALPERS") allegedly bought securities.[2] The so-called Bank Defendants[3] – in a motion joined in by M. R. Beal & Co. ("Beal"), Cabrera Capital Markets LLC ("Cabrera"), and The Williams Capital Group, LLP ("Williams") – move to dismiss (1) the entire complaint insofar as it rests on alleged misstatements and omissions as to which this Court previously held the third amended complaint in the class action insufficient in *In re Lehman Brothers Sec. & ERISA Litig.*[4] (hereinafter *"Lehman Equity/Debt"*), and (2) all claims with respect to five of the six offerings on the ground that they are foreclosed by the three-year statute of repose set forth in Section 13 of the Act.[5] MDL Dkt. 557, 585, 612, 658.   E&Y moves to dismiss the Section 11 claims on the ground that claims based on all six

---

[1] 15 U.S.C. § 77k.

[2] It asserts also claims against Ernst & Young ("E&Y") under Section 10(b) of the Securities Act of 1934 and common law.  E&Y does not move on these claims, and thus the Court declines to dismiss them.

[3] These defendants are identified in their memorandum of law, 09 MD 2017 ("MDL") Dkt. 558, at 1 n.1.

[4] 799 F. Supp.2d 258 (S.D.N.Y. 2011).

[5] 15 U.S.C. § 77m.

offerings are foreclosed by the three-year statute of repose. *Id.* Dkt. 623. Defendant HVB Capital Markets Inc. ("HVB") moves to dismiss the complaint as to it on the ground that the claims with respect to the two offerings with respect to which it has been sued are similarly foreclosed.

1. Bank Defendants

As an initial matter, Calpers correctly points out that this Court in *Lehman Equity/Debt* found many of the allegations of false statements and omissions there alleged to be sufficient. It does not mention the fact that certain other allegations were held to be insufficient. Neither Calpers nor defendants contend that the rulings made in *Lehman Equity/Debt* do not apply fully to this case to the extent the complaint here alleges substantially the same false statements and omissions.

Moreover, it is undisputed that this action was commenced more than three years after all but one of the securities at issue here were "bona fide offered to the public." The action therefore is untimely with respect to all but the securities offered pursuant to the May 2008 offering unless, as Calpers claims, a different result is warranted with respect to opt-out actions filed by putative class members that class plaintiffs had standing to represent.[6] That question appears to be presented in *International Fund Management v. Citigroup Inc.* ("*IFM*", No. 12-1903, which is *sub judice* in the Court of Appeals. The Court concludes that the prudent course is to defer ruling on this issue pending a decision in that case.

Accordingly, the Court will apply its *Lehman Debt/Equity* rulings with respect to the sufficiency of allegations of false statements and omissions in this case and, to that extent, grant the motions to dismiss while otherwise denying those motions without prejudice to their renewal following a decision in *IFM* with respect to the statute of repose issues.

2. E&Y

Unlike the Bank Defendants, E&Y argues that Calpers' claims as to the May 2008 offering also is untimely. Calpers did not name E&Y in its original complaint, and first asserted its Section 11 claims against E&Y on November 29, 2011, more than three years after the offering. Thus, contends E&Y, the claim is untimely. If that were the end of the matter, E&Y would be correct, and the motion to dismiss the claim based on the May 2008 offering would be denied without prejudice to renewal following the resolution of *IFM*. But it is not.

On February 7, 2011, Calpers and E&Y entered into a tolling agreement, in which E&Y

---

[6] Calpers was a putative class member in *Lehman Equity/Debt*, in which settlement classes were certified. Settlements with all of the defendants who have moved to dismiss in this case – except E&Y – were approved. The time within which to request exclusion has expired. Nevertheless, the parties have not advised the Court whether Calpers requested exclusion from those classes. If it did not, these actions may be barred as to most defendants by the judgment there, but that issue is not presented here.

agreed "not to plead or otherwise assert as a defense any statute of limitations, statute of repose . . . or any other time based doctrine or defense" for any claims for which the time within which to bring suit had not expired when the agreement was signed.[7] When the agreement was signed, three years had not passed since the May 2008 offering, so a Section 11 claim based on that offering would not have been precluded by the statute of repose. In reliance on the tolling agreement, Calpers waited until November 2011 to file suit. In a notable bit of "chutzpah," E&Y now argues that – notwithstanding its tolling agreement – the claim is time-barred. The agreement, E&Y contends, is contrary to Section 13 and therefore void. E&Y's argument is not just wrong, it is "ridiculous."[8] E&Y is estopped from asserting it.

E&Y relies on *Midstate Horticultural Co., Inc. v. Pennsylvania R.R. Co.*,[9] a case involving the Interstate Commerce Act, to argue that statutes of repose cannot be waived in tolling agreements. This case is of little help to it here. Although *Midstate* held that a three-year limit on suits under the Interstate Commerce Act could not be tolled by agreement, it did so largely on the basis that permitting tolling by agreement in such a case would have disrupted the "uniformity and equality of treatment . . . between carrier and shipper" that the Interstate Commerce Act was meant to protect.[10] The Court contrasted that case to one in which "only the parties' private interests or equities were involved."[11] Permitting tolling of the limitation of Section 16 of the Interstate Commerce Act would have affected not only the parties to the litigation, but also the "comprehensive scheme of regulation" that was meant to "secure the general public interest in adequate, nondiscriminatory transportation at reasonable rates."[12]

---

[7] Turner Decl. Ex. 4 [MDL Dkt. 627].

[8] DI 51, at 2 (citing *S.E.C. v. Kelly*, 663 F. Supp. 2d 276, 287 (S.D.N.Y. 2009)).

[9] 320 U.S. 356 (1943).

[10] *Id.* at 361.

[11] *Id.*

[12] 320 U.S. at 361. Indeed, the holding in *Midstate* has generally been limited to cases involving shippers and carriers and the Interstate Commerce Act. *See Davis v. Valley Distrib. Co.*, 522 F.2d 827, 830 n.7 (9th Cir. 1975) ("[t]his construction of the limitations provision had been thought necessary to implement the strong congressional policy favoring uniformity of rates among all shippers, a policy which might otherwise be undermined either by application of varying state periods of limitation or by the carriers' waiver of the limitations defense in some cases but not others.").

By contrast, this case involves only "parties' private interests or equities." Unlike the Interstate Commerce Act, the Act does not have as its central purpose uniformity and equality of treatment. No public policy would be offended by permitting a private party like Calpers to contract out of the Act's statute of repose with a particular litigant. In fact, a very important public interest may be served in doing so. Tolling agreements allow parties to extend statutory periods while they evaluate their claims and defenses in the hope that they can resolve their dispute without litigation. In cases such as this one, such agreements can serve the interests of the parties, the public, and the courts.

Given that E&Y induced Calpers to delay the filing of a timely action with respect to the May 2008 offering, it is estopped to assert the three year bar with respect to that claim.

### 3. Conclusion

The motions of the Bank Defendants, joined in by Beal, Cabrera, and Williams (MDL Dkt. 557) and E&Y (MDL Dkt. 623) to dismiss the complaint are granted to the extent that they rest on alleged misstatements and omissions as to which this Court previously held the third amended complaint in the class action insufficient in *Lehman Equity/Debt*, and denied in all other respects. The denial is without prejudice to renewal after the disposition of *IFM*, save that E&Y's motion with respect to the claim based on the May 2008 offering is rejected with prejudice. This order terminates MDL Dkt. 557. It does not terminate MDL Dkt. 596 or MDL Dkt. 623, as they remain pending in certain respects to other cases.

The parties shall submit, on or before January 3, 2013, an agreed form of order implementing the decision.

SO ORDERED.

Dated:     December 18, 2012

_____
Lewis A. Kaplan
United States District Judge