UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
                                              x
In re LEHMAN BROTHERS SECURITIES              :
AND ERISA LITIGATION                          :
                                              :
                                              :
This Document Relates To:                     :   Civil Action No. 09-md-02017-LAK
                                              :
The California Public Employees' Retirement   :
System vs. Richard S. Fuld, Jr., et al., Civil:
Action No. 11-cv-01281-LAK                    :
                                              :
                                              x
```

**[PROPOSED] PRETRIAL ORDER NO. 55**
**(CalPERS – Motions to Dismiss)**

On December 18, 2012, the Court issued Pretrial Order No. 51 (Dkt. No. 1104 in No. 1:09-md-02017), granting in part and denying in part the Bank Defendants'[1] and Ernst & Young LLP's ("EY") motions to dismiss the Second Amended Complaint ("SAC") filed by plaintiff The California Public Employees' Retirement System ("CalPERS").[2] Pretrial Order No. 51 also directed

---

[1] The "Bank Defendants" are ABN AMRO Inc., ANZ Securities Inc., BBVA Securities Inc., BMO Capital Markets Corp. (f/k/a Harris Nesbitt Corp.), BNP Paribas S.A., BNY Capital Markets Inc. (n/k/a BNY Mellon Capital Markets LLC), Caja de Ahorros y Monte de Piedad de Madrid, CIBC World Markets Corp., Citigroup Global Markets Inc., Daiwa Capital Markets Europe Ltd. (f/k/a Daiwa Securities SMBC Europe Ltd.), DZ Financial Markets LLC, Fortis Securities LLC, HSBC Securities (USA) Inc., ING Financial Markets LLC, Loop Capital Markets LLC, Mellon Financial Markets LLC (n/k/a BNY Mellon Capital Markets LLC), Mizuho Securities USA Inc., Muriel Siebert & Co. Inc., National Australia Capital Markets LLC (n/k/a nabSecurities, LLC), Natixis Bleichroeder Inc. (n/k/a Natixis Securities Americas LLC), RBC Capital Markets Corp. (f/k/a RBC Dain Rauscher Inc.), RBS Greenwich Capital (n/k/a RBS Securities Inc.), Santander Investment Securities Inc., Scotia Capital (USA) Inc., SG Americas Securities LLC, Sovereign Securities Corporation LLC, SunTrust Capital Markets Inc. (n/k/a SunTrust Robinson Humphrey, Inc.), Utendahl Capital Partners L.P., Wachovia Capital Markets LLC (n/k/a Wells Fargo Securities LLC), and Wells Fargo Securities LLC.

[2] The Bank Defendants' motion was joined by M.R. Beal & Co., Cabrera Capital Markets LLC, and The Williams Capital Group, LLP (together with the Bank Defendants and EY, the "Remaining Defendants"). All claims in the SAC against Richard S. Fuld, Jr., Christopher M. O'Meara, Erin M. Callan, Michael L. Ainslie, John F. Akers, Roger S. Berlind, Thomas H.

- 1 -

the parties to submit an agreed form of order implementing the substantive decision. Further, the parties have agreed to extend the date by which all Remaining Defendants must answer to February 1, 2013. Having reviewed the parties' joint proposal, and for the reasons set forth in Pretrial Order No. 51, it is hereby ORDERED:

### Count I
### Violations of Section 11 of the 1933 Act
### Against All Remaining Defendants

With Respect to All Remaining Defendants

    A.    The Existence of Materially False and Misleading Statements or Omissions

        (i)    Alleged Misstatements and Omissions Dismissed in *In re Lehman Bros. Sec. and ERISA Litig.*, 799 F. Supp. 2d 258 (S.D.N.Y. 2011) (the "*Class Action*") or in *In re Lehman Bros. Sec. and ERISA Litig.*, No. 09 MD 2017 (LAK), 2012 WL 4866504 (S.D.N.Y. Oct. 15, 2012) (the "*California Cases*")

            (1)    Risk Mitigants

1.    The motions to dismiss are granted as to the claims based on allegations that Lehman made misleading disclosures relating to its use of risk mitigants.

        (ii)    Viability in this Case of Alleged Misstatements and Omissions Upheld as Sufficient in the *Class Action* and *California Cases*

            (1)    Concentrations of credit risk in Alt-A holdings

2.    The motions to dismiss are granted as to claims based on allegations that Lehman failed to disclose concentrations of credit risk in Alt-A holdings, except as to claims based upon the offering of Lehman 7.50% Notes.

            (2)    Concentrations of credit risk in commercial real estate assets

3.    The motions to dismiss are granted as to claims based on allegations that Lehman failed to disclose concentrations of credit risk in commercial real estate assets, except as to claims based upon the offering of Lehman 7.50% Notes.

---

Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman and John D. Macomber (collectively, the "Individual Defendants") were previously dismissed pursuant to Dkt. No. 900 in No. 1:09-md-02017. All claims against HVB Capital Markets, Inc. are dismissed in accordance with the Court's October 15, 2012 Order (Pretrial Order No. 39, Dkt. No. 1019 in No. 1:09-md-02017).

    (3)  Effect of Repo 105[3] transactions on net leverage

4.  The motions to dismiss are denied as to the allegations that the offering documents failed to disclose Lehman's Repo 105 transactions and their effect on net leverage.

    (4)  Risk limits, stress tests and VaR limits

5.  The motions to dismiss are denied as to the allegations that Lehman exceeded its risk limits, stated that it used stress testing to evaluate risks associated with its real estate portfolio, and exceeded its stated Value-at-Risk limits.

B.  Timeliness

6.  The motions to dismiss claims based on all offerings except the Lehman 7.50% Notes, on the ground that such claims are foreclosed by the three-year statute of repose set forth in Section 13 of the Securities Act of 1933, are denied without prejudice to renewal after the disposition of *International Fund Management v. Citigroup Inc.*, No. 12-1903 (2d Cir.). EY's motion to dismiss the claims based upon the Lehman 7.50% Notes is denied with prejudice.

# Count III
# Violations of Section 10(b) of the 1934 Act and Rule 10b-5 Promulgated Thereunder
# Against EY

7.  EY did not challenge this claim. Thus, the Court declines to dismiss this claim.

# Count VI
# Claim for Professional Negligence and Negligent Misrepresentation
# Against EY

8.  EY did not challenge this claim. Thus, the Court declines to dismiss this claim.

*[remainder of page intentionally left blank]*

---

[3]  "Repo 105" is used to refer to Repo 105 and Repo 108 transactions collectively.

9.      The Remaining Defendants shall answer the SAC on or before February 1, 2013.

IT IS SO ORDERED.

DATED:  __1/16/13__          _____
THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE