UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re:

LEHMAN BROTHERS SECURITIES AND                                09 MD 2017 (LAK)
ERISA LITIGATION

This document applies to:

*State Compensation Ins. Fund v. Fuld,* 11 Civ. 3892 (LAK)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/13

## PRETRIAL ORDER NO. 61
(*SCIF* – Individual Defendants' Motion to Dismiss)

LEWIS A. KAPLAN, *District Judge.*

This action was commenced in the Northern District of California in May 2011 and transferred to this district by the Multidistrict Panel pursuant to 28 U.S.C. § 1407. The amended complaint, filed in November 2011, contains thirteen counts, eleven of which are asserted against the Officer Defendants[1] and the Director Defendants[2] (collectively, the "Individual Defendants"). The claims against the Individual Defendants relate to alleged purchases of Lehman medium-term notes plaintiff allegedly made between November 2004 and January 2008. The twelve counts against the Individual Defendants assert claims under Section 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j and t (Counts I and II, respectively); Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77*l*(a)(2), 77*o* (Counts III, IV, and V, respectively);[3] various sections of the California Corporations Code (Counts VI through X); and common law fraud, aiding and abetting fraud, and negligent misrepresentation (Counts XI through XIII, respectively). The matter is before the Court on the Individual Defendants' motion to

---

[1]    The Officer Defendants are Richard S. Fuld, Jr., Christopher M. O'Meara, and Erin M. Callan.

[2]    The Director Defendants include the Officer Defendants, as well as Michael L. Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman, and John Macomber.

[3]    The Securities and Exchange Act claims concern the 2007 and 2008 offerings, both of which are among those included in the class action claims asserted in *In re Equity/Debt Sec. Litig.,* 08 Civ. 5523 (LAK) (the *"Equity/Debt Class Action"*). Settlement classes have been certified there and the case settled as to almost all defendants. (MDL Dkt. 894) Although the Court has not been so informed, the Court assumes for purposes of this decision that plaintiff in this case, which was a member of the class in *Equity/Debt Class Action,* opted out of the settlement.

2

dismiss the amended complaint as against them.

1.      Defendants' motion to dismiss the Exchange Act claims against the Officer Defendants is denied to the extent the claims are based on alleged false statements, omissions, and, where applicable, *scienter* that are substantially the same as allegations that were held to be sufficient in *In re Lehman Bro. Sec. And ERISA Litig.*, 299 F. Supp. 2d 258 (S.D.N.Y. 2011) (the "*Class Action*"), or in *In re Lehman Bros. Sec. and ERISA Litig.*, – F. Supp. 2d –, No. 09 MD 2017 (LAK), 2012 WL 4866504 (S.D.N.Y. Oct. 15, 2012) (the "*California Cases*"). It is granted in all other respects.

2.      Section 13 of the Securities Act provides:

"No action shall be maintained to enforce any liability created under section [11] or [12](a)(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 77l(a)(1) of this title, unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under section [11] or [12(a)(1] of this title more than three years after the security was bona fide offered to the public, or under [12](a)(2) of this title more than three years after the sale."

Plaintiff's Securities Act claims relate to alleged purchases it made of Lehman securities in 2007 and 2008,[4] the latest of which occurred on January 25, 2008. It is therefore undisputed that this action was commenced more than three years after the securities at issue were *bona fide* offered to the public and more than three years after their sale to the plaintiff. Accordingly, the Securities Act claims are facially untimely.

Plaintiff nevertheless argues that its Securities Act claims are timely because "the securities [it] purchased . . . are at issue in the Lehman Holdings class action"[5] and that the running of the period of repose therefore was tolled under *American Pipe & Constr. Co v. Utah* during the pendency of that class action, at least to the point plaintiff opted out.[6] That question is presented in *International Fund Management v. Citigroup Inc.*, No,. 12-1903 ("*IFM*"), which is *sub judice* in the Court of Appeals. The Court concludes that the prudent course is to defer ruling on this issue pending a decision in that case. Accordingly, the Court declines to reach plaintiffs' other arguments with respect to the federal claims, as these may be mooted by the ultimate outcome of the timeliness issue.

---

[4]     Cusip Nos. 52517P-5X-5 and 525MO-BZ-9.

[5]     *I.e.,* the *Class Action.*

[6]     414 U.S. 538 (1974).

3

      3.     Plaintiff's state law and common law claims are precluded by The Securities Litigation Uniform Standards Act ("SLUSA").[7]

      4.     The defendants on three business days notice shall settle an order more fully setting forth the rulings made absent agreement by all parties to this action on the form of order, an agreement for which the Court would be grateful. The agreed or proposed order shall be submitted no later than April 1, 2013.

### Conclusion

      For the foregoing reasons, the Individual Defendants' motion to dismiss the amended complaint (MDL Dkt. 586 and 11 Civ. 3892 Dkt. 28) is granted to the extent that the state law claims are dismissed. It is denied with prejudice with respect to the Exchange Act claims and denied with respect to the Securities Act claims without prejudice to renewal after the disposition of the *IFM* case.

      SO ORDERED.

Dated:      March 26, 2013

                                      Lewis A. Kaplan
                                   United States District Judge

---

[7] *In re Lehman Bros. Sec. & ERISA Litig.*, 11 CIV. 3892 (LAK), 2012 WL 6603321 (S.D.N.Y. Dec. 17, 2012).