UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

LEHMAN BROTHERS SECURITIES AND
ERISA LITIGATION

This document applies to:

*Epstein Real Estate Advisory Retirement Trust v.
Richard S. Fuld, Jr., et al.,* 10 Civ. 5617 (LAK)
------------------------------------------------------------x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/13
```

09 MD 2017 (LAK)

### PRETRIAL ORDER NO. 62
(*Epstein* – Individual Defendants' Motion to Dismiss)

LEWIS A. KAPLAN, *District Judge*.

    Plaintiffs filed their complaint in this action on July 23, 2010. It brings claims under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77*o* against the Individual Defendants[1] and Ernst & Young LLP ("E&Y"). The Individual Defendants move to dismiss the complaint as time-barred.

    Section 13 of the Securities Act provides that "[i]n no event shall any such action be brought to enforce a liability created under section [11] of this title more than three years after the security was bona fide offered to the public." Plaintiffs allegedly made five purchases of Lehman securities, the latest of which occurred on June 6, 2007.[2] It is thus undisputed that this action was commenced more than three years after the securities at issue were *bona fide* offered to the public.[3] Accordingly, plaintiffs' claims are facially untimely.

    Plaintiffs nevertheless argue that its claims are timely because the second amended complaint in *In re Equity/Debt Sec. Litig.,* 08 Civ. 5523 (LAK) – filed on February 23, 2009 – was

---

[1]  The Individual Defendants are defined in defendants' moving memorandum, MDL Dkt. 580, at 1.

[2]  Compl. ¶¶ 1-2.

[3]  Defendants correctly point out that "[b]ased on the alleged purchases alone, it is clear that Plaintiffs' claims are barred by the statute of repose because the securities at issue would normally have been offered before they were purchased, and all the alleged purchases occurred more than three years before the Complaint was filed on July 23, 2010." MDL Dkt 580, at 3.

"filed on behalf of a class including . . . Plaintiffs"[4] and therefore tolled the running of the period of repose under *American Pipe & Constr. Co v. Utah*[5] until plaintiffs filed their complaint.[6] That question is presented in *International Fund Management v. Citigroup Inc.,* No,. 12-1903 ("*IFM*", which is *sub judice* in the Court of Appeals. The Court will therefore defer ruling on this issue pending a decision in that case.

*Conclusion*

For the foregoing reasons, the Individual Defendants' motion to dismiss the amended complaint (MDL Dkt. 579 and 10 Civ. 5617 Dkt. 23) is denied without prejudice to renewal after the disposition of the *IFM* case.

SO ORDERED.

Dated:   March 26, 2013

_____
Lewis A. Kaplan
United States District Judge

---

[4]   MDL Dkt. 737, at 1.

[5]   414 U.S. 538 (1974).

[6]   MDL Dkt. 737, at 2-3.