# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION<br><br>This Document Applies To:<br><br>　　In re Lehman Brothers Equity/Debt<br>　　Securities Litigation, 08-CV-5523-LAK | Case No. 09-MD-2017 (LAK)<br><br><u>ECF CASE</u> |

# THE STRUCTURED PRODUCTS CLASS REPRESENTATIVES'
# MEMORANDUM OF LAW IN SUPPORT OF
# MOTION FOR ENTRY OF PRELIMINARY ORDER PURSUANT TO RULE 23

# **TABLE OF CONTENTS**

I. Preliminary Statement ................................................................................................1

II. The Settlement Was Reached on a Well-Developed Record ...................................1

III. Certification of an Expanded Class for Settlement Purposes Is Appropriate .......3

    A. The Class Representatives Have Standing to Represent Investors in All 84 Offerings ...........................................................................................................4

    B. The Rule 23(a) Prerequisites Are Satisfied ..................................................5

    C. Common Issues Predominate Over Individual Issues .................................7

    D. The Settlement Class Is Superior to Individual Arbitrations ....................7

IV. The Proposed Form and Manner of Notice .............................................................8

V. The Proposed Schedule ................................................................................................9

VI. Conclusion ....................................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**

*Amchem Products v. Windsor*
   521 U.S. 591 117 S. Ct. 2231 (1997).................................................................................. 7, 8

*Blum v. Yaretsky*
   457 U.S. 991 102 S. Ct. 2777 (1982)....................................................................................... 4

*Consolidated Rail Corp. v. Town of Hyde Park*
   47 F.3d 473 (2d Cir. 1995)...................................................................................................... 5

*Erhardt v. Prudential Group, Inc.*
   629 F.2d 843 (2d Cir. 1980)..................................................................................................... 9

*Gratz v. Bollinger*
   539 U.S. 244 S. Ct. 2411 (2003).............................................................................................. 4

*In re Flag Telecom Holdings, Ltd. Securities Litig.*
   574 F.3d 29 (2d Cir. 2009)....................................................................................................... 6

*In re IndyMac Mortgage-Backed Securities Litig.*
   286 F.R.D. 226 (S.D.N.Y. 2012) ............................................................................................. 7

*In re Marsh & McLennan Cos., Inc. Securities Litig.*
   2009 WL 5178546 (S.D.N.Y. Dec. 23, 2009) ..................................................................... 3, 7

*In re Monster Worldwide, Inc. Securities Litig.*
   251 F.R.D. 132 (S.D.N.Y. 2008) ............................................................................................. 8

*In re Morgan Stanley Pass-Through Certificates Litig.*
   2013 WL 139556 (S.D.N.Y. Jan. 11, 2013) ............................................................................ 5

*In re NYSE Specialists Securities Litig.*
   260 F.R.D. 55 (S.D.N.Y. 2009) ............................................................................................... 7

*In re Prudential Securities Inc. Ltd. Partnerships Litig.*
   163 F.R.D. 200 (S.D.N.Y. 1995) ............................................................................................. 3

*In re Salomon Analyst Metromedia Litig.*
   544 F.3d 474 (2d Cir. 2008)..................................................................................................... 7

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*
   693 F.3d 145 (2d Cir. 2012)................................................................................................. 2, 4

*New Jersey Carpenters Health Fund v. Royal Bank of Scotland Group, PLC*
  709 F.3d 109 (2d Cir. 2013).................................................................................................... 5

*Public Employees' Retirement System of Miss. v. Merrill Lynch & Co., Inc.*
  277 F.R.D. 97 (S.D.N.Y. 2011) .............................................................................................. 6

*Robidoux v. Celani*
  987 F.2d 931 (2d Cir. 1993)) ................................................................................................. 6

*Wal-Mart Stores, Inc. v. Dukes*
  131 S. Ct. 2541 (2011)............................................................................................................ 6

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*
  396 F.3d 96 (2d Cir. 2005)...................................................................................................... 8

*Weinberger v. Kendrick*
  698 F.2d 61 (2d Cir. 1982)...................................................................................................... 3

**Rules**

Fed. R. Civ. Proc. 23............................................................................................................... passim

**Statutes**

15 U.S.C. §78u-4 ........................................................................................................................ 9

**Other Authorities**

Manual for Complex Litigation, Fourth § 13.14 (2010).............................................................. 3

I.     **Preliminary Statement**

The Structured Products Class Representatives and UBS Financial Services, Inc. ("UBSFS") have agreed to a settlement in the amount of $120,000,000. The settlement, which was negotiated at a mature stage in the litigation with the assistance of a highly qualified mediator, is conditioned on Court approval under Rule 23(e). The Structured Products Class Representatives ("Plaintiffs") submit this memorandum in support of their motion for entry of the accompanying Preliminary Order, which authorizes the parties to provide notice of the settlement to the class and sets a date for the settlement hearing. The Preliminary Order also modifies for settlement purposes only the Court's class certification order to include all 84 offerings of Lehman Structured Products sold by UBSFS.

II.    **The Settlement Was Reached on a Well-Developed Record**

The settlement was reached after almost five years of litigation, following entry of this Court's order certifying a class for liability purposes and the Second Circuit's denial of UBSFS's petition for an immediate appeal under Rule 23(f). The parties have exchanged thousands of pages of documents and taken numerous depositions. Plaintiffs' counsel have reviewed all of the documents produced by UBSFS and relevant documents obtained from the Lehman estate's records. Plaintiffs have developed a thorough understanding of the strengths of the case and the procedural and substantive obstacles they would face in prevailing at trial and on appeal.

The settlement negotiations leading to the proposed settlement are the product of many meetings and phone calls and two mediation sessions conducted by the Hon. Daniel Weinstein (Ret.), who served as mediator in connection with the earlier partial settlements approved by this Court. The parties' first mediation occurred in December 2012. In January 2013, the Court

issued its order granting in large part the Structured Products Plaintiffs' motion for class certification. UBSFS petitioned the Second Circuit under Rule 23(f).

In March, the Supreme Court denied the petition for certiorari review of *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co*, 693 F.3d 145 (2d Cir. 2012). And in April, the Second Circuit denied UBSFS's Rule 23(f) petition for leave to appeal the class certification order. (Dkt. No. 1180) Shortly thereafter, Plaintiffs renewed their motion seeking to reinstate a number of offerings dismissed on standing grounds and to modify the class to include all of the offerings sold by UBSFS. (Dkt. No. 1183) The Court had denied an earlier motion without prejudice pending the Supreme Court's decision on the petition for certiorari. (Dkt. No. 1054) Concurrently, pursuant to the schedule entered by the Court following the January 2013 conference, the parties prepared for depositions and trial.

The parties scheduled a further mediation session for late May, also before Judge Weinstein. With the continued assistance of the mediator, in June the parties reached a tentative agreement on a $120 million cash settlement. The parties then negotiated the specific terms of the settlement, as set forth in the Stipulation of Settlement attached as Exhibit 1.

In accordance with this Court's practice, Plaintiffs have not submitted evidence of the sufficiency of the settlement in support of this motion, but will provide supporting evidence with their motion for final approval of the settlement. Plaintiffs' counsel estimate the $120 million settlement represents a recovery of 13.4% of the total face value of the Structured Products (and 15.5% of the class's maximum recoverable statutory damages of $773 million), without taking into account any of UBSFS's defenses and rights of offset, which could substantially reduce or eliminate any recovery. The settlement compares favorably with other recoveries in "credit crisis" securities actions, and gives purchasers of Structured Products who suffered damages an

opportunity to share in the recovery. The parties believe the settlement is fair, reasonable and adequate, and therefore are submitting it to the Court to authorize public notice and a hearing. *See* Manual for Complex Litigation, Fourth § 13.14 (2010).

### III.    Certification of an Expanded Class for Settlement Purposes Is Appropriate

The parties have stipulated to certification of a settlement class which includes investors in all 84 of the offerings listed on Exhibit A to the Stipulation of Settlement. The Court has already certified the claims of purchasers of 31 of these offerings. In doing so, the Court found that the Rule 23(a) prerequisites were satisfied, that common issues predominated, and that class wide litigation was superior to a multitude of individual arbitrations. *See* Dkt. No.1129. The Court also appointed 18 plaintiffs as class representatives, and held that under *NECA-IBEW* the class representatives could adequately represent the investors in two notes they did not purchase because "Lehman issued them off of the same registration statement" and because of "the substantial similarity in alleged misrepresentations across the class period." *Id.*

The same rationale applies to the claims of investors in the additional 53 offerings the parties have stipulated to include in the settlement. As discussed below, the proposed settlement class satisfies the requirements of Rule 23. And the Second Circuit has long recognized the propriety of certifying a class solely for the purposes of a class action settlement. *See Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982); *In re Marsh & McLennan Cos., Inc. Securities Litig.*, No. 04 civ. 8144 (CM), 2009 WL 5178546, at *8 (S.D.N.Y. Dec. 23, 2009); *see also In re Prudential Securities Inc. Ltd. Partnerships Litig.*, 163 F.R.D. 200, 205 (S.D.N.Y. 1995) (certification of a settlement class "has been recognized throughout the country as the best, most practical way to effectuate settlements involving large numbers of claims by relatively small claimants").

### A. The Class Representatives Have Standing to Represent Investors in All 84 Offerings

In *NECA-IBEW*, the Second Circuit held that "a plaintiff has class standing if he plausibly alleges (1) that he 'personally has suffered some actual ... injury as a result of the putatively illegal conduct of the defendant,' and (2) that such conduct implicates 'the same set of concerns' as the conduct alleged to have caused injury to other members of the putative class by the same defendants." 693 F.3d at 162 (citing *Blum v. Yaretsky*, 457 U.S. 991, 999, 102 S. Ct. 2777, 2783 (1982); *Gratz v. Bollinger*, 539 U.S. 244, 267, 123 S. Ct. 2411, 2426 (2003)). The court added that "in the context of claims alleging injury based on misrepresentations, the misconduct alleged will almost always be the same: the making of a false or misleading statement." *Id.*

As this Court has already recognized, the offering documents contain substantially similar (and mostly identical) misstatements and omissions about Lehman's financial condition and the principal protection feature of the notes. (*See* Dkt. No. 1129 at 3 & n.6)  The misstatements and omissions about Lehman were made in twelve of Lehman's SEC filings, one or more of which were incorporated into the offering documents for each of the 84 offerings. Under *NECA-IBEW*, a plaintiff whose offering documents incorporated Lehman's 10-Q for the third quarter of 2007 has class standing to represent investors in other offerings with offering documents that incorporated the same 10-Q, because they were injured by identical misstatements and omissions. 693 F.3d at 163 ("Sections 11 and 12(a)(2) claims brought by a purchaser of debt from" one of "a series of corporate debt offerings, issued over the course of a year, all of which contained an identical misrepresentation about the issuing company's impending insolvency … would raise a 'set of concerns' nearly identical to that of a purchaser

4

from another offering"). The statements about principal protection in the offering documents are similarly uniform.

The current class representatives therefore have standing to represent investors in the additional 53 offerings. *See, e.g., New Jersey Carpenters Health Fund v. Royal Bank of Scotland Group, PLC*, 709 F.3d 109, 128 (2d Cir. 2013) (noting that the relevant factual issue is "whether the relevant prospectuses contained 'similar if not identical'" misstatements and omissions); *In re Morgan Stanley Mortgage Pass-Through Certificates Litig.*, No. 09 Civ. 2137 (LTS) (MHD), 2013 WL 139556, at *2-3 (S.D.N.Y. Jan. 11, 2013) (reinstating fourteen dismissed offerings because the defendant's conduct implicated the same set of concerns for each offering).

In addition, investors in the two offerings that occurred on March 30, 2007 are properly included in the settlement class. The Court dismissed claims based on those offerings as barred by the statute of repose. When class representative Stephen Gott filed his initial complaint on November 6, 2008, however, the statute of repose had not run for those two offerings. Mr. Gott's complaint was filed on behalf of "a Class consisting of all persons or entities who, between May 30, 2006 and September 15, 2008 inclusive, purchased Lehman Principal Protection Notes, and who were damaged thereby." Since, under *NECA-IBEW*, Mr. Gott had class standing to pursue claims on behalf of investors of all of the principal protection offerings, including the two March 30, 2007 offerings, the statute of repose does not bar those claims.

### B. The Rule 23(a) Prerequisites Are Satisfied

The settlement class satisfies all four of the Rule 23(a) prerequisites. The class is too numerous for joinder to be practicable. *See Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (holding that numerosity is presumed when a class consists of 40 or more members). There is commonality because the claims based on all offerings "depend upon a common contention" that "is capable of class wide resolution—which means that determination

5

of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). One of the common contentions is that the offering documents contained misstatements and omissions of material fact, found specifically in the twelve Lehman SEC filings and the pricing supplements' statements about principal protection. *See Public Employees' Retirement System of Miss. v. Merrill Lynch & Co., Inc.*, 277 F.R.D. 97, 105 (S.D.N.Y. 2011) ("[C]ourts in this circuit have held that the Rule 23 commonality requirement is 'plainly satisfied [where] the alleged misrepresentations in the prospectus relate to all the investors, [as the] existence and materiality of such misrepresentations obviously present important common issues.'" (citation omitted)). Another common contention is whether the misstatements and omissions were material to a reasonable investor. *Id.* at 114 ("Because materiality is determined by an objective rather than a subjective standard, the question of materiality, 'rather than being an individual issue, is in fact a common issue.'" (citation omitted)).

  The class representatives' claims are typical of all members of the expanded class because "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *In re Flag Telecom Holdings, Ltd. Securities Litig.*, 574 F.3d 29, 35 (2d Cir. 2009) (quoting *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993)). The Court has also found that the class representatives will adequately represent the class, including class members who purchased the two offerings that none of the class representatives purchased. Because "the proposed class representatives possess 'the same interest and suffer the same injury as the class members,'" they are adequate representatives of the class members who purchased the 53 additional offerings. *In re NYSE*

6

*Specialists Securities Litig.*, 260 F.R.D. 55, 73 (S.D.N.Y. 2009) (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625-26, 117 S. Ct. 2231, 2251 (1997)).

    **C.**  **Common Issues Predominate Over Individual Issues**

  The predominance requirement "tests whether a proposed class is 'sufficiently cohesive to warrant adjudication by representation.'" *In re Salomon Analyst Metromedia Litig.*, 544 F.3d 474, 480 (2d Cir. 2008) (citation omitted). In its class certification order, the Court noted "the substantial similarity in alleged misrepresentations across the class period." Dkt. No. 1129 at 3, 7. And this Court has previously recognized that "[c]ourts in this and other districts have found that such substantial similarity of the allegedly misleading statements in Offering Documents is sufficient for class certification, even where class members purchased different offerings at different times." *In re IndyMac Mortgage-Backed Securities Litig.*, 286 F.R.D. 226, 241 (S.D.N.Y. 2012); *see also Amchem*, 521 U.S. at 594 (the predominance "inquiry trains on the legal or factual questions that qualify each class member's case as a genuine controversy … and tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation").

    **D.**  **The Settlement Class Is Superior to Individual Arbitrations**

  Certifying a class of purchasers of all 84 offerings for settlement purposes is the superior method for resolving this litigation. In its class certification ruling, the Court held that class members are "entitled to the benefits of class treatment" and that individual FINRA arbitrations were not superior to a class action. Dkt. No. 1129 at 7-8. The Court recognized that "[t]his is not a case in which all of the investors have the means to maintain separate actions and invested large sums." *Id.* at 7; *see also Marsh & McLennan*, 2009 WL 5178546, at *12 (recognizing that the "class action is uniquely suited to resolving securities claims" because "the prohibitive cost of instituting individual actions" gives class members "limited interest in individually controlling

7

the prosecution or defense of separate actions"); *In re Monster Worldwide, Inc. Securities Litig.*, 251 F.R.D. 132, 139 (S.D.N.Y. 2008) ("as a general rule, securities fraud cases 'easily satisfy the superiority requirement [as] [m]ost violations of the federal securities laws … inflict economic injury on large numbers of geographically dispersed persons such that the cost of pursuing individual litigation to seek recovery is often not feasible") (citation omitted). In addition, the manageability concerns of Rule 23(b)(3) are not an issue for a class certified for settlement purposes. *See Amchem*, 521 U.S. at 593, 117 S. Ct. at 2235.

## IV. The Proposed Form and Manner of Notice

Plaintiffs propose to notify the class by sending a notice and claim form by first class mail to all class members who can be identified from the records maintained by the transfer agent Depository Trust Company and UBSFS's records and by publishing notice in *The Wall Street Journal* and *Investor's Business Daily*. The vast majority of class members will receive the full notice and a claim form, copies of which are attached as Exhibits B-2 and B-3 to the Stipulation of Settlement. The class also includes secondary purchasers, who will be notified by publication of the short form notice, a copy of which is attached as Exhibit B-4 to the Stipulation. This approach comports with Rule 23(c)(2), which requires "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."

The summary and full notices "fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 114 (2d Cir. 2005). The full notice is modeled on the form provided by the Federal Judicial Center (available at www.fjc.gov), and the notices are written in plain English. *See id.* ("Notice is adequate if it may

8

be understood by the average class member."). The summary notice provides a brief description of the proposed settlement, and explains how to obtain a copy of the full notice and claim form.

The full notice provides all of the information required by due process, Rule 23(c)(2) and (e), and the PSLRA. It describes the background of the case; provides the class definition; describes the settlement and the proposed plan of allocation; explains how to opt out; says that class members may enter an appearance through their own counsel; and explains the binding effect of the settlement approval proceedings. It also provides the date, time and place of the settlement hearing, and the procedures for commenting on the settlement and appearing at the hearing. As required by the PSLRA, the notice states the amount of the settlement to be distributed to class members, in both the aggregate and an approximate amount per dollar invested, and the amount of attorneys' fees and expenses that Class Counsel will seek, in both the aggregate and an approximate amount per dollar invested. 15 U.S.C. §78u-4(a)(7). And the full and summary notices both provide a toll-free number, website address and physical address for the claims administrator and Class Counsel so that class members can obtain additional information.

In short, the notice "sets forth an impartial recital of the subject matter of the suit, informs [class] members that their rights are in litigation, and alerts them to take appropriate steps to make certain their individual interests are protected." *Erhardt v. Prudential Group, Inc.*, 629 F.2d 843, 846 (2d Cir. 1980). Plaintiffs therefore request that the Court authorize them to provide notice to the class of the proposed settlement in the form and manner proposed.

## V. The Proposed Schedule

The parties propose the following schedule:

9

| Event | Proposed Due Date | Date/Deadline[1] |
|---|---|---|
| Notice Date: deadline to mail notice and claim forms to class members[2] | 21 calendar days after entry of preliminary order | September 3, 2013 |
| Deadline to publish summary notice[3] | 10 business days after the Notice Date | September 17, 2013 |
| Deadline to file papers in support of settlement approval, plan of allocation, and application for attorneys' fees and expenses | 35 calendar days before the Settlement Hearing | October 11, 2013 |
| Deadline for class members to file requests for exclusion or objections | 21 calendar days before the Settlement Hearing | October 25, 2013 |
| Deadline to file reply papers in support of settlement, plan of allocation, and application for attorneys' fees and expenses | 7 calendar days before the Settlement Hearing | November 8, 2013 |
| Settlement Hearing | Subject to the Court's availability, the parties request a Settlement Hearing date in November 2013 | November 15, 2013 |
| Deadline for class members to submit claim forms | 120 calendar days after the Notice Date | January 1, 2014 |

## VI. Conclusion

The Structured Products Class Representatives respectfully request that the Court authorize notice to the settlement class of the proposed settlement in the form and manner

---

[1] Plaintiffs propose these specific dates based on the assumption the Court will enter the proposed Preliminary Order on August 13, 2013. Plaintiffs' proposed Preliminary Order includes the same date intervals proposed above and, in the event the Court does not enter the proposed Order by August 13, Plaintiffs request that the Court adopts those intervals.

[2] See Exhibit B-2.

[3] See Exhibit B-4.

described in this motion, and set a settlement hearing on or about November 15, or a date convenient for the Court.

Dated: August 8, 2013

Respectfully submitted,

**GIRARD GIBBS LLP**

By:    */s/ Daniel C. Girard*
       Daniel C. Girard

Jonathan K. Levine
Amanda M. Steiner
John A. Kehoe
Dena C. Sharp
601 California Street, Floor 14
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dcg@girardgibbs.com
jkl@girardgibbs.com
as@girardgibbs.com
jak@girardgibbs.com
chc@girardgibbs.com

*Class Counsel and Counsel for Plaintiffs Mohan Ananda, Richard Barrett, Neel Duncan, Nick Fotinos, Stephen Gott, Karim Kano, Barbara Moskowitz, Ronald Profili, Joe Rottman, Grace Wang and Miriam Wolf*

**ZWERLING, SCHACHTER
  &amp; ZWERLING, LLP**
Susan Salvetti
Justin M. Tarshis
41 Madison Avenue
New York, New York 10010
Telephone: (212) 223-3900
Facsimile: (212) 371-5969
ssalvetti@zsz.com
jtarshis@zsz.com

*Counsel for Plaintiffs Ed Davis, Rick Fleischman, Gastroenterology Associates, Ltd. Profit Sharing*

*Plan FBO Charles M. Brooks M.D., Arthur Simons, and Juan Tolosa*

**LAW OFFICES OF JAMES V. BASHIAN, P.C.**
James V. Bashian
500 Fifth Avenue, Suite 2700
New York, New York 10110
Telephone: (212) 921-4110
Facsimile: (212) 921-4229

*Counsel for Plaintiff David Kotz*

**BONNETT FAIRBOURN FRIEDMAN & BALINT, P.C.**
Andrew Friedman
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Telephone: (602) 274-1100
Facsimile: (602) 274 1199

**TIFFANY & BOSCO P.A.**
Richard G. Himelrick
2525 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 255-6000
Facsimile: (602) 255-0103

*Counsel for Plaintiff Shea-Edwards Limited Partnership*