# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

In re LEHMAN BROTHERS SECURITIES
AND ERISA LITIGATION

This Document Applies To:

    In re Lehman Brothers Equity/Debt
    Securities Litigation, 08-CV-5523-LAK

Case No. 09-MD-2017 (LAK)

ECF CASE



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/16/13

## [PROPOSED] ORDER CONCERNING PROPOSED SETTLEMENT WITH UBS FINANCIAL SERVICES, INC.

WHEREAS, the Structured Products Class Representatives and Defendant UBS Financial

Services Inc. ("UBSFS") entered into a Stipulation of Settlement and Release on September 11,

2013 (the "Stipulation" or "Settlement"), setting forth the terms and conditions of their proposed

settlement and the dismissal of the Action against UBSFS with prejudice upon the terms and

conditions set forth in the Stipulation;

WHEREAS, the Structured Products Class Representatives have moved the Court for

entry of a preliminary order concerning the proposed Settlement pursuant to Federal Rule of

Civil Procedure 23;

WHEREAS, UBSFS does not oppose this request;

WHEREAS, the Court is familiar with and has reviewed the record and has reviewed the

Stipulation, including the exhibits attached to the Stipulation, and found good cause for entering

the following Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.       For purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation.

## CLASS CERTIFICATION

2.       The Court finds, upon a preliminary evaluation and for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) have been met. The Court preliminarily certifies the following class for purposes of the Settlement only:  all persons and entities that bought or otherwise acquired any of the Structured Products set forth in Exhibit B-1 and who were damaged thereby (the "Settlement Class").  Excluded from the Settlement Class are (i) Defendants; (ii) current and former executive officers and directors of each Defendant, and the members of their immediate families; (iii) the members of Defendants' immediate families; (iv) any entity in which a Defendant owns a majority interest, provided, however, that the Settlement Class shall include any investment company or pooled investment fund, including without limitation mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which any Defendant has or may have a direct or indirect interest, or as to which it or its affiliates may act as an investment advisor but in which the Defendant or any of its affiliates is not a majority owner or does not hold a majority beneficial interest; (v) Lehman; (vi) any person or entity that has (a) litigated claims in any forum against UBSFS arising out of the purchase of Structured Products and received a judgment, or (b) settled and released claims against UBSFS arising out of the purchase of Structured Products (as identified on a confidential Exhibit which shall be produced by UBSFS on a confidential basis to the Claims Administrator, but shall not be provided to the Structured Products Class Representatives or to Structured Products Plaintiffs' Counsel or to any other person or entity); and (vii) the legal representatives,

2

heirs, successors or assigns of any excluded party. Also excluded from the Settlement Class are any persons or entities that exclude themselves by filing a timely request for exclusion in accordance with the requirements set forth in the Notice.

3.     The Court preliminarily finds, for purposes of the Settlement only, that the prerequisites of Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied for the Settlement Class in that:  (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Structured Products Class Representatives are typical of the claims of the Settlement Class; (d) the Structured Products Class Representatives and Structured Products Class Counsel will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     The Court preliminarily appoints the following Structured Products Class Representatives for the Settlement Class:  Mohan Ananda, Richard Barrett, Ed Davis, Neel Duncan, Rick Fleischman, Nick Fotinos, Gastroenterology Associates, Ltd. Profit Sharing Plan and Trust FBO Charles M. Brooks, MD, Stephen Gott, Karim Kano, David Kotz, Barbara Moskowitz, Ronald Profili, Joseph Rottman, Shea-Edwards Limited Partnership, Juan Tolosa, Grace Wang and Miriam Wolf.

5.     The Court also preliminarily appoints Structured Products Class Counsel as counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

3

## MAILING AND PUBLICATION NOTICE

6.      The Court authorizes Structured Products Class Counsel to retain, and the Court hereby appoints, A.B. Data, Ltd. as the Claims Administrator to supervise and administer the notice procedures, as well as the processing of claims as more fully set forth below:

a.      No later than 21 calendar days after entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Claim Form (attached as Exhibits B-2 and B-3, respectively) (collectively, the "Notice Packet") to be mailed by first-class mail, postage prepaid, to those members of the Settlement Class who may be identified through reasonable effort, including those identified in the records of Lehman or UBSFS, or their transfer agent(s), as provided to the Claims Administrator;

b.      A summary notice (the "Summary Notice"), attached as Exhibit B-4, shall be published once in the national edition of *The Wall Street Journal* and *Investor's Business Daily* no later than 10 business days after the Notice Date; and

c.      The Notice, the Summary Notice and the Claim Form shall also be placed on the Claims Administrator's website, or a website created for the settlements obtained in this Action, on or before the Notice Date.

7.      The Court approves the form of the Notice and Summary Notice (together, the "Notices") and the Claim Form, and finds that the procedures established for publication, mailing and distribution of the Notices substantially in the manner and form set forth in Paragraph 6 of this Order meet the requirements of Federal Rule of Civil Procedure 23, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and the Constitution of the United States, and constitute the best notice practicable under the circumstances.

8.    Settling Defendant shall provide information reasonably available to it that will assist in the identification of potential Settlement Class Members for the purpose of sending notifications of the Settlement within ten (10) business days of the entry of this Order, at no expense to the Settlement Class, Structured Products Class Counsel, or the Settlement Fund.

9.    No later than 35 calendar days prior to the Settlement Hearing (as defined below), Structured Products Class Counsel shall cause to be filed with the Court affidavits or declarations showing that the mailing of the Notice Packet and publication of the Summary Notice have been made in accordance with this Order.

## NOMINEE PROCEDURES

10.    Nominees who purchased Structured Products for beneficial owners who are Settlement Class Members are directed to, within fourteen (14) calendar days of receipt of the Notice Packet: (a) request additional copies of the Notice Packet from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator. If a nominee elects to send the Notice Packet to beneficial owners, such nominee is directed to mail the Notice Packet within fourteen (14) calendar days of receipt from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice Packet, if the nominee elected or elects to do so. Such properly

5

documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

## THE SETTLEMENT HEARING

11.     The Court will hold a settlement hearing (the "Settlement Hearing") on **Dec. 10**, 2013, at **4:30** p.m., in the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, Courtroom 21B, for the following purpose:  (i) to finally determine whether the Settlement Class satisfies the applicable prerequisites for class action treatment under Rules 23(a) and 23(b)(3); (ii) to determine whether the Settlement should be approved as fair, reasonable, adequate and in the best interests of the Settlement Class; (iii) to determine whether a Judgment substantially in the form attached as Exhibit C to the Stipulation should be entered dismissing and releasing the Structured Products Claims with prejudice; (iv) to rule upon the Plan of Allocation; (v) to rule upon Structured Products Class Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses; and (vi) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

12.     The Court reserves the right to (a) adjourn or continue the Settlement Hearing without further notice to Settlement Class Members and (b) approve the Stipulation with modification and without further notice to Settlement Class Members.

13.     The Released Parties shall have no responsibility or liability with respect to the Plan of Allocation or Structured Products Class Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses.  The Plan of Allocation and Structured Products Class Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses will be considered separately from the fairness, reasonableness and adequacy of the

6

Settlement. At or after the Settlement Hearing, the Court will determine whether the proposed

Plan of Allocation should be approved, and the amount of attorneys' fees and Litigation

Expenses to be awarded to Structured Products Class Counsel. Any appeal from any orders

relating solely to the Plan of Allocation or solely to Structured Products Class Counsel's

application for an award of attorneys' fees and Litigation Expenses, or any reversal or

modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay

the finality of the Judgment approving the Stipulation and the Settlement.

14.    If the Settlement is approved, all Settlement Class Members will be bound by the

proposed Settlement provided for in the Stipulation, and by any judgment or determination of the

Court affecting Settlement Class Members, regardless of whether or not a Settlement Class

Member submits a Claim Form. All Settlement Class Members shall be bound by all

determinations and judgments in the Action concerning the Settlement, whether favorable or

unfavorable to the Settlement Class.

15.    Papers in support of the Settlement, the Plan of Allocation and Structured

Products Class Counsel's application for attorneys' fees and reimbursement of Litigation

Expenses shall be filed no later than 35 calendar days prior to the Settlement Hearing. Papers in

opposition shall be filed in accordance with paragraph 16 below. Reply papers shall be filed no

later than 7 calendar days prior to the Settlement Hearing.

**OBJECTIONS AND APPEARANCE AT THE SETTLEMENT HEARING**

16.    Any member of the Settlement Class may appear at the Settlement Hearing and

show cause why the proposed Settlement should or should not be approved as fair, reasonable,

adequate and in the best interests of the Settlement Class, or why the Judgment should or should

not be entered, or to present opposition to the Plan of Allocation or to the application of

Structured Products Class Counsel for attorneys' fees and reimbursement of Litigation Expenses.

No Settlement Class Member or any other person shall be heard or entitled to contest the

approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be

entered approving the Settlement, or the terms of the Plan of Allocation or the application by

Structured Products Class Counsel for an award of attorneys' fees and reimbursement of

Litigation Expenses, unless that Settlement Class Member or person (i) filed objections, papers

and briefs with the Clerk of the United States District Court for the Southern District of New

York no later than 21 calendar days prior to the Settlement Hearing; and (ii) has served written

objections, by hand or first-class mail, including the basis for the objection(s), as well as copies

of any papers and briefs in support of his, her or its position upon each of the following counsel

for receipt no later than 21 calendar days prior to the Settlement Hearing:  Daniel C. Girard,

Girard Gibbs LLP, 601 California Street, Suite 1400, San Francisco, CA  94108 on behalf of the

Structured Products Class Representatives; and Jonathan C. Dickey and Marshall R. King,

Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166-0193 on behalf of the

Settling Defendant.

17.     Any objection must include:  (a) the full name (and the name of the purchasing

entity if it is different), address, and telephone number of the objecting Settlement Class

Member; (b) information concerning all of the Settlement Class Member's transactions involving

Structured Products, including CUSIP numbers of the Structured Product(s), brokerage

confirmation receipts or other competent documentary evidence of such transactions, the amount

and date of each purchase, acquisition or sale, and the price paid and/or received; (c) a written

statement of all grounds for the objection accompanied by any legal support for the objection; (d)

copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all

8

persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Settlement Hearing; (g) a list of all other cases in which the objector or the objector's counsel has appeared either as a settlement objector or as counsel for objectors in the past five years; and (h) the objector's signature, even if represented by counsel. If the objector intends to appear at the Settlement Hearing through counsel, the objection must also state the identity of all attorneys who will appear on the objector's behalf at the Settlement Hearing.

18.    Any Settlement Class Member who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation or to the application by Structured Products Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. By objecting, or otherwise requesting to be heard at the Settlement Hearing, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement, including but not limited to enforcement of the terms of the Settlement.

19.    Any Settlement Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If a Settlement Class Member does not enter an appearance, he, she or it will be represented by Structured Products Class Counsel.

## CLAIMS PROCESS

20.    In order to be entitled to participate in the Settlement, a Settlement Class Member must complete and submit a Claim Form in accordance with the instructions contained therein.

To be valid and accepted, Claim Forms submitted in connection with the Settlement must be postmarked or submitted electronically no later than 120 calendar days after the Notice Date.

21.     Any Settlement Class Member who does not timely submit a valid Claim Form shall not be eligible to share in the Settlement Fund, unless otherwise ordered by the Court, but will otherwise be bound by all of the terms of the Stipulation, including the terms of the Judgment to be entered in the Action and the releases provided for therein.

## REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS

22.     Any requests for exclusion must be postmarked no later than 21 calendar days prior to the Settlement Hearing. Any person who would otherwise be a member of the Settlement Class who wishes to be excluded from the Settlement Class must provide his, her or its (i) name (and the name of the purchasing entity if it is different), (ii) address, (iii) telephone number and if applicable email address(es), (iv) the CUSIP numbers and amount of Structured Product(s) bought or acquired, and the date of each purchase or acquisition; (v) the CUSIP numbers and amount of Structured Product(s) sold, if any, and the date of each sale; and (vi) a statement that the person or entity wishes to be excluded from the Settlement Class. Such statement must be signed by the person or entity requesting exclusion. All persons or entities that submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any orders of the Court, or any final judgment.

23.     Any person who would otherwise be a member of the Settlement Class who does not request exclusion from the Settlement Class in the manner stated in this Order shall be deemed to have waived his, her or its right to be excluded from the Settlement Class, and shall forever be barred from requesting exclusion from the Settlement Class in this or any other

proceeding, and shall be bound by the Settlement and the Judgment, including, but not limited to, the release of the Released Claims against the Released Parties provided for in the Stipulation and the Judgment, if the Court approves the Settlement.

### THE SETTLEMENT FUND, NOTICE AND ADMINISTRATION COSTS

24.     Only Settlement Class Members and Structured Products Plaintiffs' Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

25.     The Settlement Fund shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

26.     As set forth in the Stipulation, notwithstanding the fact that the Effective Date has not yet occurred, Structured Products Class Counsel may pay from the Settlement Fund, without further approval from the Settling Defendant, but subject to the prior approval of this Court, all reasonable Notice and Administration Costs actually incurred. In the event that the Settlement is terminated pursuant to the terms of the Stipulation, all Notice and Administration Costs reasonably paid or reasonably incurred shall not be returned or repaid to the Settling Defendant, any Released Parties or any person or entity who or that contributed any portion of the Settlement Amount.

### THE USE OF THIS ORDER

27.     As set forth in the Stipulation, the fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum or other

11

tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of the Settling Defendant to the Structured Products Class Representatives, the Settlement Class or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) of any damages or lack of damages suffered by the Structured Products Class Representatives, the Settlement Class or anyone else, or (v) that the Settlement Amount (or any other amount) represents the amount that could or would have been recovered in this Action against the Settling Defendant if it was not settled at this point in time.  The fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, including, but not limited to, the Judgment and the release of the Released Claims provided for in the Stipulation and the Judgment, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement.

## <u>TERMINATION OF THE SETTLEMENT</u>

28.    In the event that the Settlement fails to become effective in accordance with its terms, or if the Judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Order (except Paragraphs 26 and 27) shall be null and void, the Stipulation shall be deemed terminated (excepts for any paragraphs that, pursuant to the terms of the Stipulation, survive termination of the Stipulation), and the Settling Parties shall return to their positions without prejudice in any way, as provided for in the Stipulation.

29.     The Court retains exclusive jurisdiction over the Action to consider all further

matters arising out of or connected with the Settlement.

Dated: **Sept. 16**, 2013

_____

The Honorable Lewis A. Kaplan
United States District Judge

13

# EXHIBIT B-1

EXHIBIT B-1
LIST OF STRUCTURED PRODUCTS

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 01 | March 30, 2007 | 52520W564 524908VP2 | 100% Principal Protection Notes Linked to a Global Index Basket | $10.00 | $1.33 |
| 02 | March 30, 2007 | 52520W556 524908VQ0 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 03 | April 30, 2007 | 52517PY21 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 04 | April 30, 2007 | 52517PX63 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 05 | April 30, 2007 | 52520W549 | 100% Principal Protection Notes Linked to a Currency Basket | $10.00 | $1.33 |
| 06 | April 30, 2007 | 52520W515 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 07 | May 31, 2007 | 52517PY62 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 08 | May 31, 2007 | 52517PY70 | 100% Principal Protection Callable Daily Range Accrual Notes with Interest Linked to the 10-Year Constant Maturity U.S. Treasury Rate | $1,000.00 | $133.38 |

[1] Because reliable pricing data was not available for any of the Structured Products after Lehman's bankruptcy on September 15, 2008, the average closing prices for five other Lehman senior unsecured notes (CUSIP Nos. 52517P4C2, 52517P5X5, 52517P5Y3, 5252M0BZ9 and 5252M0JD4), for which reliable pricing data was available, was used to estimate value per note of the Structured Products as of October 31, 2008. October 31, 2008 is the date on which the first lawsuit asserting claims on behalf of investors in the Structured Products was filed.

1

**EXHIBIT B-1**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 09 | May 31, 2007 | 52520W440 | 100% Principal Protection Notes Linked to a Currency Basket | $10.00 | $1.33 |
| 10 | June 22, 2007 | 52522L202 | 100% Principal Protection Notes Linked to a Global Index Basket | $10.00 | $1.33 |
| 11 | June 29, 2007 | 52517P2P5 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 12 | June 29, 2007 | 52520W390 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 13 | July 31, 2007 | 52517P3H2 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 14 | July 31, 2007 | 52520W358 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 15 | August 31, 2007 | 52522L129 | Performance Securities with Contingent Protection Linked to the S&P 500 Index | $10.00 | $1.33 |
| 16 | August 31, 2007 | 52522L137 | Performance Securities with Contingent Protection Linked to the Dow Jones EURO STOXX 50 Index | $10.00 | $1.33 |
| 17 | August 31, 2007 | 52522L145 | Performance Securities with Contingent Protection Linked to the Nikkei 225 Index | $10.00 | $1.33 |
| 18 | August 31, 2007 | 52522L186 | 100% Principal Protection Notes Linked to an International Index Basket | $10.00 | $1.33 |
| 19 | August 31, 2007 | 52522L889 | 100% Principal Protection Notes Linked to a Global Index Basket | $10.00 | $1.33 |

2

**EXHIBIT B-1**
**LIST OF STRUCTURED PRODUCTS**

| Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 20 | September 18, 2007 | 52522L251 | Autocallable Optimization Securities with Contingent Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 21 | September 28, 2007 | 52522L236 | Return Optimization Securities Linked to an International Index Basket | $10.00 | $1.33 |
| 22 | September 28, 2007 | 52522L244 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 23 | September 28, 2007 | 52517P5K3 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 24 | October 31, 2007 | 52520W341 | Medium-Term Notes, Series I, 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 25 | October 31, 2007 | 52522L400 | 100% Principal Protection Barrier Notes Linked to FTSE/Xinhua China 25 Index | $10.00 | $1.33 |
| 26 | October 31, 2007 | 52522L293 | 100% Principal Protection Absolute Return Barrier Notes Linked to the S&P 500 Index | $10.00 | $1.33 |
| 27 | October 31, 2007 | 52522L301 | Return Optimization Securities Linked to an Index | $10.00 | $1.33 |
| 28 | October 31, 2007 | 52522L319 | Return Optimization Securities Linked to an Index | $10.00 | $1.33 |
| 29 | October 31, 2007 | 52522L327 | Return Optimization Securities Linked to an Index | $10.00 | $1.33 |
| 30 | October 31, 2007 | 52522L335 | Return Optimization Securities Linked to an Index | $10.00 | $1.33 |

3

**EXHIBIT B-1**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 31 | October 31, 2007 | 52522L384 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 32 | November 7, 2007 | 52522L418 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Index | $10.00 | $1.33 |
| 33 | November 14, 2007 | 52522L426 | Performance Securities with Partial Protection Linked to an International Index Basket | $10.00 | $1.33 |
| 34 | November 26, 2007 | 52522L475 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 35 | November 30, 2007 | 52520W333 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 36 | November 30, 2007 | 52522L376 | 100% Principal Protection Absolute Return Barrier Notes Linked to the MSCI EAFE Index | $10.00 | $1.33 |
| 37 | November 30, 2007 | 52522L392 | Return Optimization Securities Linked to an International Index Basket | $10.00 | $1.33 |
| 38 | November 30, 2007 | 52522L459 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Index | $10.00 | $1.33 |
| 39 | December 31, 2007 | 52522L483 | Return Optimization Securities Linked to an International Index Basket | $10.00 | $1.33 |
| 40 | December 31, 2007 | 52522L491 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Index | $10.00 | $1.33 |
| 41 | December 31, 2007 | 52522L533 | Performance Securities with Partial Protection Linked to a Global Basket Consisting of Indices and an Index Fund | $10.00 | $1.33 |

4

**EXHIBIT B-1**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 42 | January 31, 2008 | 52517P4N8 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 43 | January 31, 2008 | 52520W325 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 44 | January 31, 2008 | 52522L525 | 100% Principal Protection Absolute Return Barrier Notes Linked to the S&P 500 Index | $10.00 | $1.33 |
| 45 | February 8, 2008 | 52522L657 | Autocallable Optimization Securities with Contingent Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 46 | February 13, 2008 | 52522L673 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 47 | February 13, 2008 | 52522L699 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 48 | February 13, 2008 | 52522L707 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 49 | February 13, 2008 | 52522L715 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 50 | February 13, 2008 | 52522L723 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 51 | February 29, 2008 | 5252M0CZ8 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 52 | February 29, 2008 | 52522L632 | Performance Securities Linked to an Asian Currency Basket | $10.00 | $1.33 |

5

**EXHIBIT B-1**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 53 | February 29, 2008 | 52522L574 | Return Optimization Securities with Partial Protection Notes Linked to the S&P 500 Index | $10.00 | $1.33 |
| 54 | February 29, 2008 | 52522L582 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 55 | February 29, 2008 | 52522L566 | 100% Principal Protection Absolute Return Barrier Notes Linked to the Russell 2000 Index | $10.00 | $1.33 |
| 56 | February 29, 2008 | 52522L772 | Securities Linked to the Relative Performance of the Consumer Staples Select Sector SPDR Fund vs. the Consumer Discretionary Select Sector SPDR Fund | $10.00 | $1.33 |
| 57 | February 29, 2008 | 52523J412 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 58 | March 7, 2008 | 52523J420 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 59 | March 19, 2008 | 52523J115 | 100% Principal Protection Absolute Return Barrier Notes Linked to the SPDR S&P Homebuilders ETF | $10.00 | $1.33 |
| 60 | March 25, 2008 | 52523J149 | Bearish Autocallable Optimization Securities with Contingent Protection Linked to the Energy Select Sector SPDR Fund | $10.00 | $1.33 |
| 61 | March 28, 2008 | 52523J131 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 62 | March 31, 2008 | 5252M0EK9 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |

6

**EXHIBIT B-1**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 63 | March 31, 2008 | 52523J438 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 64 | March 31, 2008 | 52522L806 | Return Optimization Securities with Partial Protection Notes Linked to the S&P 500 Index | $10.00 | $1.33 |
| 65 | March 31, 2008 | 52522L814 | Return Optimization Securities with Partial Protection Notes Linked to the MSCI EM Index | $10.00 | $1.33 |
| 66 | March 31, 2008 | 52522L871 | Bearish Autocallable Optimization Securities with Contingent Protection Linked to the Energy Select Sector SPDR Fund | $10.00 | $1.33 |
| 67 | March 31, 2008 | 5252M0EV5 | 100% Principal Protection Accrual Notes with Interest Linked to the Year-Over-Year Change in the Consumer Price Index | $1,000.00 | $133.38 |
| 68 | March 31, 2008 | 52522L798 | 100% Principal Protection Absolute Return Barrier Notes Linked to the Russell 2000 Index | $10.00 | $1.33 |
| 69 | April 4, 2008 | 52522L848 | Return Optimization Securities Linked to a Basket of Global Indices | $10.00 | $1.33 |
| 70 | April 4, 2008 | 52522L830 | 100% Principal Protection Absolute Return Barrier Notes Linked to a Basket of Global Indices | $10.00 | $1.33 |
| 71 | April 23, 2008 | 52523J172 | Return Optimization Securities with Partial Protection Linked to a Basket of Global Indices | $10.00 | $1.33 |
| 72 | April 30, 2008 | 52523J156 | 100% Principal Protection Absolute Return Barrier Notes Linked to the Russell 2000 Index | $10.00 | $1.33 |
| 73 | May 12, 2008 | 52523J503 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |

7

**EXHIBIT B-1**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 74 | May 15, 2008 | 52523J206 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 75 | May 16, 2008 | 52523J222 | Return Optimization Securities with Partial Protection Linked to a Portfolio of Common Stocks | $10.00 | $1.33 |
| 76 | May 21, 2008 | 52523J214 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 77 | May 30, 2008 | 52523J230 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 78 | June 16, 2008 | 52520W283 | 100% Principal Protection Absolute Return Notes Linked to the Euro/U.S. Dollar Exchange Rate | $10.00 | $1.33 |
| 79 | June 20, 2008 | 5252M0FU6 | 100% Principal Protection Notes with Interest Linked to the Year-Over-Year Change in the Consumer Price Index | $1,000.00 | $133.38 |
| 80 | June 30, 2008 | 5252M0CD7 | 100% Principal Protection Notes with Interest Linked to the Year-Over-Year Change in the Consumer Price Index | $1,000.00 | $133.38 |
| 81 | June 30, 2008 | 52523J263 | Return Optimization Securities with Partial Protection Linked to the PowerShares WilderHill Clean Energy Portfolio | $10.00 | $1.33 |
| 82 | June 30, 2008 | 524935129 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |

8

**EXHIBIT B-1**
**LIST OF STRUCTURED PRODUCTS**

| Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|------|-----------|-------|-------------|---------------------|-----------------------------------------|
| 83 | June 30, 2008 | 52523J248 | 100% Principal Protection Absolute Return Barrier Notes | $10.00 | $1.33 |
| 84 | June 30, 2008 | 52523J255 | 100% Principal Protection Absolute Return Barrier Notes | $10.00 | $1.33 |

9

# EXHIBIT B-2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION<br><br>This Document Applies To:<br><br>    In re Lehman Brothers Equity/Debt Securities<br>    Litigation, 08-CV-5523-LAK | Case No. 09-MD-2017 (LAK)<br><br>ECF CASE<br><br>Notice of Pendency of Class Action and<br>Proposed Settlement |

**IF YOU BOUGHT OR ACQUIRED THE LEHMAN-ISSUED STRUCTURED PRODUCTS DESCRIBED BELOW, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- This class action Settlement involves securities known as structured products that were issued by Lehman Brothers Holdings Inc. and underwritten and sold by UBS Financial Services Inc. ("UBSFS") in 2007 and 2008. Structured products are a kind of security that consists of a fixed income security and a type of derivative, such as a basket of securities, options, commodities, or foreign currencies. Some of the structured products involved in the class action also offered "principal protection." A list of the structured products that are part of this Settlement is attached as Exhibit A to this notice. A full and complete copy of the parties' Stipulation of Settlement ("Stipulation"), along with the proposed Plan of Allocation for distribution of the Net Settlement Fund, can be found at website.com. Capitalized terms used but not defined in this Notice have the meanings defined in the Stipulation.

- A settlement fund of $120,000,000 (before deduction of attorneys' fees and expenses and administrative costs) will be distributed to certain investors who bought or acquired the securities identified on Exhibit A (which are referred to in this Notice as the "Structured Products") during the relevant time period, and who make a "Recognized Claim" under the proposed Plan of Allocation. Plaintiffs estimate that Class Members who purchased or acquired Structured Products with a total face value of approximately $892 million may have suffered damages during the relevant time period. Assuming all Class Members submit valid and timely claims, plaintiffs estimate that the average recovery per damaged Structured Product under the Settlement is $1.34 for Structured Products with a face value of $10.00 and $134.00 for Structured Products with a face value of $1,000.00, before deduction of Court-awarded attorneys' fees and expenses and administrative costs.

- Plaintiffs and UBSFS disagree on damages and do not agree on the average amount of damages per Structured Product that would be recoverable if plaintiffs were to have prevailed at trial. Plaintiffs estimate that if they prevailed at trial, the maximum statutory damages per Structured Product would be, on average, $8.67 for Structured Products with a face value of $10.00 and $867.00 for Structured Products with a face value of $1,000.00, based on the assumption that such damages would be equal to the difference between the par value of such Structured Products and the estimated value of such Structured Products on October 31, 2008, the date that the first lawsuit concerning the Structured Products was filed. These estimates do not take into account any of UBSFS's defenses or rights of offset, including loss causation defenses, which could substantially reduce or eliminate any such statutory damages. UBSFS denies that it is liable to plaintiffs or the class and specifically denies that plaintiffs and the class could recover damages in the range plaintiffs have described in this Notice. UBSFS contends that actual damages, if any, would be a fraction of such statutory damages as calculated by plaintiffs.

- The Settlement resolves a lawsuit in which investors allege that UBSFS sold the Structured Products by means of offering materials that were false and misleading. The litigation also involved inquiry into, among other topics, (i) the procedures by which UBSFS structured, marketed and sold structured products through its financial advisors, including the Lehman-issued Structured Products, (ii) the sales commissions payable to UBSFS and its financial advisors relating to the sale of structured products, (iii) the training and education of UBSFS financial advisors relating to the sale of structured products, (iv) communications between UBSFS financial advisors or consultants and purchasers of Structured Products, (v) whether Class Members had knowledge of facts related to the creditworthiness of Lehman, and (vi) the understanding of UBSFS financial advisors and customers of the principal protection features of Lehman-issued Structured Products. UBSFS denies that it did anything wrong, or that any of the investors' losses were caused by any alleged misrepresentations in the offering materials. The Settlement avoids the costs and risks to you of continuing the lawsuit; provides a recovery to investors who have a Recognized Claim; and releases UBSFS and other "Released Parties" (as defined in the Stipulation) from liability.

- Court-appointed attorneys for the Settlement Class will ask the Court for up to 22 percent of the Settlement Fund (or $26.3 million) as fees for representing the plaintiffs and recovering the Settlement and up to $1,000,000 to reimburse expenses they incurred in the litigation and the costs and expenses incurred by the Structured Products Class Representatives. If awarded, these fees and expenses would amount to an average per damaged Structured Product of approximately $0.30 for Structured Products with a face value of $10.00 and approximately $30.00 for Structured Products with a face value of $1,000.00. These attorneys have undertaken the representation of the class since 2008 on an entirely contingent basis.

- Plaintiffs and UBSFS disagree about whether plaintiffs would have enough evidence to proceed to trial and, if there was a trial, whether the plaintiffs would win. UBSFS believes it would have strong defenses to plaintiffs' claims, and that it would prevail at trial. Both sides recognize that there are risks and uncertainties in further litigating the case, however, and believe that a settlement is in the best interests of the parties.

- Your legal rights are affected whether you act or do not act. Please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to receive a payment. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to be part of any other timely legal proceeding against UBSFS about the legal claims in this case. |
| **OBJECT OR COMMENT** | Write to the Court about why you do or do not like the Settlement. |
| **GO TO A HEARING** | Ask to speak to the Court about the fairness of the Settlement. |
| **DO NOTHING** | Receive no payment and give up your rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court has to decide whether to approve the settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ............................................................................................................................**PAGE 3**
   1.  Why did I receive this Notice?
   2.  What is this lawsuit about?
   3.  Why is the case a class action?
   4.  Why is there a settlement?
   5.  I've received notices about this case before. How is this one different?

**WHO IS IN THE SETTLEMENT** ...............................................................................................................**PAGE 3**
   6.  How do I know if I am part of the Settlement?
   7.  Are there exceptions to being included?
   8.  I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS—WHAT YOU RECEIVE** .................................................................**PAGE 4**
   9.  What does the Settlement provide?
  10.  How much will my payment be?

**HOW YOU RECEIVE A PAYMENT—SUBMITTING A CLAIM FORM** ...........................................**PAGE 4**
  11.  How can I receive a payment?
  12.  When would I receive my payment?
  13.  What am I giving up to receive a payment or stay in the class?

**YOU MAY EXCLUDE YOURSELF FROM THE SETTLEMENT** .......................................................**PAGE 4**
  14.  How do I exclude myself from the class and the Settlement?
  15.  What are the consequences if I exclude myself?
  16.  If I don't exclude myself, can I sue UBSFS for the same thing later?
  17.  If I exclude myself, will I receive a payment from this Settlement?

**THE LAWYERS REPRESENTING YOU** ...................................................................................................**PAGE 5**
  18.  Do I have a lawyer in this case?
  19.  How will the lawyers be paid?

**COMMENTING ON THE SETTLEMENT** ...............................................................................................**PAGE 5**
  20.  How do I tell the Court what I think about the Settlement?
  21.  What is the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING** .....................................................................................................**PAGE 6**
  22.  When and where will the Court decide whether to approve the Settlement?
  23.  Do I have to come to the fairness hearing?
  24.  May I speak at the fairness hearing?

**IF YOU DO NOTHING** ...............................................................................................................................**PAGE 6**
  25.  What happens if I do nothing?

**GETTING MORE INFORMATION** ..........................................................................................................**PAGE 6**
  26.  Are there more details about the Settlement?
  27.  How do I get more information?

## BASIC INFORMATION

### 1.   Why did I receive this Notice?

You or someone in your family may have purchased or acquired one or more of the Structured Products listed on Exhibit A.

You received this Notice because you have a right to know about a proposed settlement of a class action lawsuit and all of your options before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after objections and appeals, if any, are resolved, an administrator appointed by the Court will make the payments that the Settlement allows to qualified Class Members who submit a Proof of Claim and Release form ("Claim Form") and who make a Recognized Claim.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of New York. The case is called *In re Lehman Brothers Equity/Debt Securities Litigation*, Case No. 08-cv-5523 (S.D.N.Y.). The people who sued are called plaintiffs, and the company they sued, UBS Financial Services Inc. (or UBSFS), is called the defendant.

### 2.   What is this lawsuit about?

The lawsuit alleges that UBSFS violated federal securities laws in underwriting and selling the Structured Products. The plaintiffs contend, among other things, that the offering materials for the Structured Products contained materially false and misleading statements and omitted material information about Lehman's financial condition and about the "principal protection" feature of some of the Structured Products. During the litigation the plaintiffs also inquired into the procedures by which UBSFS structured, marketed, and sold the Structured Products, the sales commissions earned, and communications between UBSFS financial advisors and customers. UBSFS denies that it did anything wrong, or that any purchasers of Structured Products incurred losses due to any alleged misrepresentations or omissions in the offering materials.

### 3.   Why is the case a class action?

In a class action, one or more people called the representative plaintiffs sue on behalf of people who have similar claims. All these people with similar claims are a class or class members. One court resolves the issues for all class members. The representative plaintiffs in this class action are Mohan Ananda, Richard Barrett, Ed Davis, Neel Duncan, Rick Fleischman, Nick Fotinos, Gastroenterology Associates, Ltd. Profit Sharing Plan and Trust FBO Charles M. Brooks M.D., Stephen Gott, Karim Kano, David Kotz, Barbara Moskowitz, Ronald Profili, Joseph Rottman, Shea-Edwards Limited Partnership, Juan Tolosa, Grace Wang, and Miriam Wolf. U.S. District Judge Lewis A. Kaplan is in charge of the class action.

### 4.   Why is there a settlement?

The Court did not decide in favor of the plaintiffs or the defendant. If the litigation continues, the Court will have to decide a number of critical legal and factual issues, including whether the plaintiffs have enough favorable evidence to proceed to trial, whether UBSFS committed any wrongs, and whether investors were damaged. If the case were to go to trial, the parties disagree about whether the plaintiffs would win. If plaintiffs won at trial, the parties disagree about the amount the plaintiffs could recover on behalf of themselves and the Class Members. It is possible that the plaintiffs could recover nothing at trial, or that UBSFS could substantially offset any damages by showing that those damages were due to the fault of others, including Lehman officers and directors who previously settled claims against them. It is also possible that any favorable verdict could be reversed on appeal, or that other Court rulings in the case could be reversed. The Settlement avoids the cost, risks and uncertainties of continuing with the litigation, and ensures that the investors who lost money on these investments will recover a portion of their losses. The representative plaintiffs and their attorneys believe the Settlement is fair and reasonable, and is in the best interests of all Class Members.

### 5.   I've received notices about this case before. How is this one different?

You may have received prior class settlement notices in connection with the settlement of claims involving other Lehman securities than the Structured Products or in connection with the settlement of claims against other defendants involving the Structured Products. This Notice is different because it discusses a settlement of the claims brought against UBSFS on behalf of investors in the Structured Products. This Settlement is only with UBSFS, and does not involve any of the other defendants in the case. The prior settlements resolved claims against Lehman's directors and officers, as well as against various financial institutions acting as underwriters of other securities offerings. You may have filled out a claim form and received a payment from those settlements. **To participate in this Settlement, you need to submit a new Claim Form.**

## WHO IS IN THE SETTLEMENT

### 6.   How do I know if I am part of the settlement?

Subject to the exceptions listed directly below, the Settlement includes everyone who bought or otherwise acquired any of the Structured Products listed on Exhibit A and suffered damages thereby.

### 7.   Are there exceptions to being included?

Yes. You are **not** a Class Member if:

- You are one of the Defendants (as defined in the Stipulation) or a current or former executive officer or director of any Defendant or a member of any of their immediate families, or an immediate family member of any of the Defendants named in the Third

Case 1:09-md-02017-LAK-GWG   Document 1290-1   Filed 09/11/13   Page 84 of 124
Amended Class Action Complaint filed on April 23, 2010 in In re Lehman Brothers Securities and ERISA Litigation, Case No. 09-MD-2017 (S.D.N.Y.);[1] or

- You represent an entity in which a Defendant owns a majority interest, provided, however, that you are not excluded if you are an investment company or pooled investment fund, including without limitation mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which any Defendant has or may have a direct or indirect interest, or as to which it or its affiliates may act as an investment advisor but in which Defendant or any of its affiliates is not a majority owner or does not hold a majority beneficial interest;
- You litigated claims against UBSFS relating to the Structured Products in any forum and received a judgment; or
- You settled and released claims against UBSFS arising out of the purchase of the Structured Products; or
- You are the legal representative, heir, successor or assign of an excluded party; or
- You exclude yourself by submitting a request for exclusion that complies with the requirements and deadline set forth in the response to question 14 below.

| 8.   I'm still not sure if I am included. |
| --- |

If you are still not sure whether you are a Class Member, you can ask for free help. You can call 888-211-3565 or visit website.com for more information. You may also want to contact your broker to find out if you bought any of the Structured Products.

## THE SETTLEMENT BENEFITS—WHAT YOU RECEIVE

| 9.   What does the Settlement provide? |
| --- |

UBSFS will pay $120 million into a settlement fund, and will have no further legal or financial obligation with respect to the Settlement fund. The distribution of the Settlement Fund is described in the response to question 10 below.

| 10.   How much will my payment be? |
| --- |

When the Settlement is final, the Net Settlement Fund will be distributed to Class Members who submit a valid Claim Form and who make a Recognized Claim (as defined in the Plan of Allocation). After payment of any taxes and administrative costs and any attorneys' fees and expenses awarded by the Court, the Class Members will receive payments in accordance with the proposed Plan of Allocation, a copy of which is attached as Exhibit B to this Notice. Your share of the Net Settlement Fund will depend on whether you have a Recognized Claim (as defined in the Plan of Allocation) and for what amount, the number of valid Claim Forms that are submitted, and the total of all Class Members' Recognized Claims.

You can use the proposed Plan of Allocation to calculate your "Recognized Claim." It is unlikely that you will receive the full amount of your Recognized Claim, however, because your payment will depend on the number of valid Claim Forms that are received and the total of all Class Members' Recognized Claims.

## HOW YOU RECEIVE A PAYMENT—SUBMITTING A CLAIM FORM

| 11.   How can I receive a payment? |
| --- |

You will have to submit a Claim Form to receive a payment from the Net Settlement Fund. A Claim Form is included with this Notice. You can also visit website.com to obtain a Claim Form, complete and file a Claim Form online or call 888-211-3565 to request that a Claim Form be mailed to you. Please retain all records of your ownership of Structured Products because they may be needed to document your claim. **Claim Forms must be postmarked by DATE or filed online by midnight on DATE.**

| 12.   When would I receive my payment? |
| --- |

The Court will hold a hearing on **DATE, 2013**, to decide whether to approve the Settlement. If the Court approves the Settlement, the claims administrator will review all of the Claim Forms to determine how much each claimant will receive. The claims administrator expects to process all claims within six months of the deadline to file a claim.

| 13.   What am I giving up to receive a payment or stay in the class? |
| --- |

You must stay in the Settlement class to receive a payment when the Settlement is final. By staying in the class, you will give up any right you may have to sue, continue to sue, or be part of any other lawsuit, arbitration or administrative action against UBSFS, as well as the Released Parties (as defined in the Stipulation). The full text of the release of UBSFS and the Released Parties is set forth in the Stipulation, which you may obtain at website.com or by calling 888-211-3565. You will also be bound by the Court's orders in this case, including the final judgment.

## YOU MAY EXCLUDE YOURSELF FROM THE SETTLEMENT

| 14.   How do I exclude myself from the class and the Settlement? |
| --- |

Any request for exclusion from the class must be in writing, and must be delivered by hand, overnight delivery service, or First-Class Mail, postage paid to the following address:

---

[1] A copy of the complaint is available at website.com

*In re Lehman Brothers Equity/Debt Securities Litigation*
(STRUCTURED PRODUCTS LITIGATION)
CLAIMS ADMINISTRATOR
EXCLUSIONS
c/o A.B. DATA, LTD.
3410 WEST HOPKINS STREET
MILWAUKEE, WI 53216

. . . . . . st for exclusion must be received at this address no later than **DATE, 2013**. The request for exclusion must be signed by the . . . . . . . . questing exclusion and must include the following information: (a) your name and the name of the purchasing entity if it is different, address, telephone number and, if applicable, e-mail addresses; (b) the CUSIP numbers of the Structured Product(s) you purchased or acquired, the amount you purchased or acquired, and the date of each purchase or acquisition; (c) the CUSIP numbers of the Structured Product(s) you sold, if any, the amount you sold, and the date of each sale; and (d) a statement that you wish to be excluded from the Settlement class.

---

### 15.  What are the consequences if I exclude myself?

If you exclude yourself from the class—which is sometimes called "opting out" of the class—you will not be eligible to receive any cash payment under this Settlement. If you exclude yourself, you will not be legally bound by the Court's orders in the case, including the . . . . . of claims and the Court's final judgment, and you will not receive any payment from the Settlement. If you exclude yourself, you will not be barred from pursuing your separate claim, if any, for damages against UBSFS or the Released Parties.

---

### 16.  If I don't exclude myself, can I sue UBSFS for the same thing later?

No. If you remain a member of the class, you are giving up any right to sue UBSFS, or any of the other Released Parties for any of the Released Claims, as those terms are described in the Stipulation.

---

### 17.  If I exclude myself, will I receive a payment from this Settlement?

No. If you exclude yourself, you will not receive any payment from this Settlement.

### THE LAWYERS REPRESENTING YOU

---

### 18.  Do I have a lawyer in this case?

The Court has appointed the law firm of Girard Gibbs LLP to represent you and the other Class Members. This law firm is called Class Counsel. You can reach Class Counsel by calling 866-981-4800 and identifying yourself as a member of the Settlement class in this matter. You will not be charged directly for the services provided by these lawyers. Their fees will be paid from the Settlement Fund in an amount to be approved by the Court, as described in the response to question 19. If you want to be represented by your own lawyer, you may hire one at your own expense.

---

### 19.  How will the lawyers be paid?

Class Counsel have prosecuted this matter on an entirely contingent basis since 2008. When they ask the Court to approve the Settlement, Class Counsel will also ask the Court to approve a payment of 22 percent of the Settlement Fund for attorneys' fees, or approximately $26.3 million. Class Counsel will also ask the Court to approve payment of up to $1,000,000 for the expenses they and the Structured Products Class Representatives have incurred. The Court will decide whether to approve these payments and may award less than these amounts. Class Counsel will be paid when the Court's order is no longer subject to appeal, except that, upon application of Class Counsel, the Court may authorize payment after approval of the Settlement, in such amounts and on such terms as the Court finds appropriate. These amounts will be paid from the Settlement Fund and will reduce the total amount of the fund distributed to Class Members. In addition, Class Counsel will ask the Court to approve payment to the claims administrator of reasonable costs for administering the Settlement under the Court's supervision. Class Counsel anticipate that these administration costs will not exceed $500,000. The administration costs will also be paid from the Settlement Fund before any distribution to Class Members.

### COMMENTING ON THE SETTLEMENT

You may tell the Court that you agree or do not agree with the Settlement or any part of it.

---

### 20.  How do I tell the Court what I think about the Settlement?

If you are a member of the class, you can submit a comment in support of or objecting to the Settlement. You must give reasons why you think the Court should or should not approve it and include copies of any papers, briefs or other documents upon which any objection is based. The Court will consider your views. To submit a comment, you must send a letter that includes the name of the case—*In re Lehman Brothers Equity/Debt Securities Litigation*, Case No. 08-cv-5523 (S.D.N.Y.)—as well as your name, address and telephone number, the reasons you support or object to the Settlement, and your signature. To object, you must also provide (1) the CUSIP numbers of the Structured Products you purchased or acquired, the amount you purchased or acquired, and the date of each purchase or acquisition (and include brokerage confirmation receipts or other competent evidence of the transactions); (2) the CUSIP numbers of the Structured Products you sold, the amount you sold, and the date of each sale (and include brokerage confirmation receipts or other competent evidence of the transactions); (3) a list of all other cases in which you have appeared as a Settlement objector in the last five years; and (4) a list of all other cases in which your counsel has appeared as counsel for Settlement objectors in the last five years. Your objection must include your signature, even if you are represented by counsel.

If you do not present your views in writing in compliance with these procedures by the deadline, your views will not be considered, and you will waive any objections you have.

Mail your comment to each of these three different places so that it is received by each no later than **DATE, 2013**:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>for the Southern District of New York<br>500 Pearl Street<br>New York, NY 10007-1312 | Daniel C. Girard<br>GIRARD GIBBS LLP<br>601 California Street, 14th Floor<br>San Francisco, CA 94108 | Jonathan C. Dickey and Marshall R. King<br>GIBSON DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166 |

### 21. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you are opposed to the Settlement. You can object only if you stay in the class. Excluding yourself is telling the Court that you do not want to be part of the class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will have a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to do so.

### 22. When and where will the Court decide whether to approve the Settlement?

The Court will have a fairness hearing on **DATE, 2013**, at ____ _.m. in Courtroom 21B of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may also decide how much to pay in fees and expenses to the Court-appointed attorneys for the class. The Court will listen to people who have asked to speak at the hearing or object to the fairness of the Settlement or the fee award, and who have complied with the Court's order concerning the submission of objections prior to the Settlement hearing. At or after the hearing, the Court will decide whether to approve the Settlement. The Court may change the time or date for the fairness hearing without further notice. If you wish to attend the fairness hearing and would like to know if the date and time of the hearing have changed, you may contact Class Counsel.

### 23. Do I have to come to the fairness hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense or you can pay your lawyer to attend, but it is not necessary. If you send a written comment or objection, you do not have to come to Court to talk about it. As long as you mailed your written comment or objection on time and in compliance with the requirements described in response to question 20, the Court will consider it. However, if you do not present your written views in compliance with these procedures by the deadline, your views will not be considered, and you will waive any objections you have.

### 24. May I speak at the fairness hearing?

If you do not exclude yourself, you may ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re Lehman Brothers Equity/Debt Securities Litigation*, Case No. 08-cv-5523 (S.D.N.Y.)." You must include your name, address, telephone number and signature, state the position you intend to present at the hearing, list any witnesses you may call to testify and exhibits you intend to introduce into evidence at the hearing and identify all attorneys representing you who will appear at the hearing. Your Notice of Intention to Appear must be sent to the Clerk of the Court, Class Counsel and Defense Counsel at the three addresses provided in the response to question 20 above, and must be received no later than **Month 00, 2013**.

## IF YOU DO NOTHING

### 25. What happens if I do nothing?

If you do nothing, you will not receive a payment from the Settlement. In addition, you will not be able to start, continue with, benefit from, or be part of any other lawsuit, arbitration or administrative action against UBSFS or any of the other Released Parties for any of the Released Claims, as those terms are described in the Stipulation.

## GETTING MORE INFORMATION

### 26. Are there more details about the Settlement?

This Notice provides only a summary of the proposed Settlement. For more details, you may review the Stipulation and other documents from the case at website.com. You may also contact Class Counsel by writing to Daniel C. Girard, Girard Gibbs LLP, 601 California Street, 14th Floor, San Francisco, CA 94108, or calling 866-981-4800.

### 27. How do I get more information?

For more information about the Settlement, you can call 888-211-3565 toll free, visit website.com, or write to: *In re Lehman Brothers Equity/Debt Securities Litigation* (STRUCTURED PRODUCTS LITIGATION), CLAIMS ADMINISTRATOR, c/o A.B. DATA, LTD., PO BOX 170900, MILWAUKEE, WI 53217, info@website.com.

Please do not contact the Court with questions about the Settlement.

DATE: MONTH 00, 2013

BY ORDER OF THE COURT<br>UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT A TO NOTICE

**EXHIBIT A**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 01 | March 30, 2007 | 52520W564 524908VP2 | 100% Principal Protection Notes Linked to a Global Index Basket | $10.00 | $1.33 |
| 02 | March 30, 2007 | 52520W556 524908VQ0 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 03 | April 30, 2007 | 52517PY21 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 04 | April 30, 2007 | 52517PX63 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 05 | April 30, 2007 | 52520W549 | 100% Principal Protection Notes Linked to a Currency Basket | $10.00 | $1.33 |
| 06 | April 30, 2007 | 52520W515 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 07 | May 31, 2007 | 52517PY62 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 08 | May 31, 2007 | 52517PY70 | 100% Principal Protection Callable Daily Range Accrual Notes with Interest Linked to the 10-Year Constant Maturity U.S. Treasury Rate | $1,000.00 | $133.38 |

---

[1] Because reliable pricing data was not available for any of the Structured Products after Lehman's bankruptcy on September 15, 2008, the average closing prices for five other Lehman senior unsecured notes (CUSIP Nos. 52517P4C2, 52517P5X5, 52517P5Y3, 5252M0BZ9 and 5252M0FD4), for which reliable pricing data was available, was used to estimate value per note of the Structured Products as of October 31, 2008. October 31, 2008 is the date on which the first lawsuit asserting claims on behalf of investors in the Structured Products was filed.

1

**EXHIBIT A**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 09 | May 31, 2007 | 52520W440 | 100% Principal Protection Notes Linked to a Currency Basket | $10.00 | $1.33 |
| 10 | June 22, 2007 | 52522L202 | 100% Principal Protection Notes Linked to a Global Index Basket | $10.00 | $1.33 |
| 11 | June 29, 2007 | 52517P2P5 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 12 | June 29, 2007 | 52520W390 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 13 | July 31, 2007 | 52517P3H2 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 14 | July 31, 2007 | 52520W358 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 15 | August 31, 2007 | 52522L129 | Performance Securities with Contingent Protection Linked to the S&P 500 Index | $10.00 | $1.33 |
| 16 | August 31, 2007 | 52522L137 | Performance Securities with Contingent Protection Linked to the Dow Jones EURO STOXX 50 Index | $10.00 | $1.33 |
| 17 | August 31, 2007 | 52522L145 | Performance Securities with Contingent Protection Linked to the Nikkei 225 Index | $10.00 | $1.33 |
| 18 | August 31, 2007 | 52522L186 | 100% Principal Protection Notes Linked to an International Index Basket | $10.00 | $1.33 |
| 19 | August 31, 2007 | 52522L889 | 100% Principal Protection Notes Linked to a Global Index Basket | $10.00 | $1.33 |

**EXHIBIT A**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 20 | September 18, 2007 | 52522L251 | Autocallable Optimization Securities with Contingent Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 21 | September 28, 2007 | 52522L236 | Return Optimization Securities Linked to an International Index Basket | $10.00 | $1.33 |
| 22 | September 28, 2007 | 52522L244 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 23 | September 28, 2007 | 52517P5K3 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 24 | October 31, 2007 | 52520W341 | Medium-Term Notes, Series I, 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 25 | October 31, 2007 | 52522L400 | 100% Principal Protection Barrier Notes Linked to FTSE/Xinhua China 25 Index | $10.00 | $1.33 |
| 26 | October 31, 2007 | 52522L293 | 100% Principal Protection Absolute Return Barrier Notes Linked to the S&P 500 Index | $10.00 | $1.33 |
| 27 | October 31, 2007 | 52522L301 | Return Optimization Securities Linked to an Index | $10.00 | $1.33 |
| 28 | October 31, 2007 | 52522L319 | Return Optimization Securities Linked to an Index | $10.00 | $1.33 |
| 29 | October 31, 2007 | 52522L327 | Return Optimization Securities Linked to an Index | $10.00 | $1.33 |
| 30 | October 31, 2007 | 52522L335 | Return Optimization Securities Linked to an Index | $10.00 | $1.33 |

3

**EXHIBIT A**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 31 | October 31, 2007 | 52522L384 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 32 | November 7, 2007 | 52522L418 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Index | $10.00 | $1.33 |
| 33 | November 14, 2007 | 52522L426 | Performance Securities with Partial Protection Linked to an International Index Basket | $10.00 | $1.33 |
| 34 | November 26, 2007 | 52522L475 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 35 | November 30, 2007 | 52520W333 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 36 | November 30, 2007 | 52522L376 | 100% Principal Protection Absolute Return Barrier Notes Linked to the MSCI EAFE Index | $10.00 | $1.33 |
| 37 | November 30, 2007 | 52522L392 | Return Optimization Securities Linked to an International Index Basket | $10.00 | $1.33 |
| 38 | November 30, 2007 | 52522L459 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Index | $10.00 | $1.33 |
| 39 | December 31, 2007 | 52522L483 | Return Optimization Securities Linked to an International Index Basket | $10.00 | $1.33 |
| 40 | December 31, 2007 | 52522L491 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Index | $10.00 | $1.33 |
| 41 | December 31, 2007 | 52522L533 | Performance Securities with Partial Protection Linked to a Global Basket Consisting of Indices and an Index Fund | $10.00 | $1.33 |

4

**EXHIBIT A**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 42 | January 31, 2008 | 52517P4N8 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 43 | January 31, 2008 | 52520W325 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 44 | January 31, 2008 | 52522L525 | 100% Principal Protection Absolute Return Barrier Notes Linked to the S&P 500 Index | $10.00 | $1.33 |
| 45 | February 8, 2008 | 52522L657 | Autocallable Optimization Securities with Contingent Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 46 | February 13, 2008 | 52522L673 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 47 | February 13, 2008 | 52522L699 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 48 | February 13, 2008 | 52522L707 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 49 | February 13, 2008 | 52522L715 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 50 | February 13, 2008 | 52522L723 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 51 | February 29, 2008 | 5252M0CZ8 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |
| 52 | February 29, 2008 | 52522L632 | Performance Securities Linked to an Asian Currency Basket | $10.00 | $1.33 |

5

**EXHIBIT A**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 53 | February 29, 2008 | 52522L574 | Return Optimization Securities with Partial Protection Notes Linked to the S&P 500 Index | $10.00 | $1.33 |
| 54 | February 29, 2008 | 52522L582 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |
| 55 | February 29, 2008 | 52522L566 | 100% Principal Protection Absolute Return Barrier Notes Linked to the Russell 2000 Index | $10.00 | $1.33 |
| 56 | February 29, 2008 | 52522L772 | Securities Linked to the Relative Performance of the Consumer Staples Select Sector SPDR Fund vs. the Consumer Discretionary Select Sector SPDR Fund | $10.00 | $1.33 |
| 57 | February 29, 2008 | 52523J412 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 58 | March 7, 2008 | 52523J420 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 59 | March 19, 2008 | 52523J115 | 100% Principal Protection Absolute Return Barrier Notes Linked to the SPDR S&P Homebuilders ETF | $10.00 | $1.33 |
| 60 | March 25, 2008 | 52523J149 | Bearish Autocallable Optimization Securities with Contingent Protection Linked to the Energy Select Sector SPDR Fund | $10.00 | $1.33 |
| 61 | March 28, 2008 | 52523J131 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 62 | March 31, 2008 | 5252M0EK9 | 100% Principal Protection Callable Spread Daily Accrual Notes with Interest Linked to the Spread between the 30-year and the 2-year Swap Rates | $1,000.00 | $133.38 |

6

**EXHIBIT A**
**LIST OF STRUCTURED PRODUCTS**

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 63 | March 31, 2008 | 52523J438 | 100% Principal Protection Notes Linked to an Asian Currency Basket | $10.00 | $1.33 |
| 64 | March 31, 2008 | 52522L806 | Return Optimization Securities with Partial Protection Notes Linked to the S&P 500 Index | $10.00 | $1.33 |
| 65 | March 31, 2008 | 52522L814 | Return Optimization Securities with Partial Protection Notes Linked to the MSCI EM Index | $10.00 | $1.33 |
| 66 | March 31, 2008 | 52522L871 | Bearish Autocallable Optimization Securities with Contingent Protection Linked to the Energy Select Sector SPDR Fund | $10.00 | $1.33 |
| 67 | March 31, 2008 | 5252M0EV5 | 100% Principal Protection Accrual Notes with Interest Linked to the Year-Over-Year Change in the Consumer Price Index | $1,000.00 | $133.38 |
| 68 | March 31, 2008 | 52522L798 | 100% Principal Protection Absolute Return Barrier Notes Linked to the Russell 2000 Index | $10.00 | $1.33 |
| 69 | April 4, 2008 | 52522L848 | Return Optimization Securities Linked to a Basket of Global Indices | $10.00 | $1.33 |
| 70 | April 4, 2008 | 52522L830 | 100% Principal Protection Absolute Return Barrier Notes Linked to a Basket of Global Indices | $10.00 | $1.33 |
| 71 | April 23, 2008 | 52523J172 | Return Optimization Securities with Partial Protection Linked to a Basket of Global Indices | $10.00 | $1.33 |
| 72 | April 30, 2008 | 52523J156 | 100% Principal Protection Absolute Return Barrier Notes Linked to the Russell 2000 Index | $10.00 | $1.33 |
| 73 | May 12, 2008 | 52523J503 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |

7

EXHIBIT A
LIST OF STRUCTURED PRODUCTS

| Product Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 74 | May 15, 2008 | 52523J206 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 75 | May 16, 2008 | 52523J222 | Return Optimization Securities with Partial Protection Linked to a Portfolio of Common Stocks | $10.00 | $1.33 |
| 76 | May 21, 2008 | 52523J214 | Performance Securities with Partial Protection Linked to a Global Index Basket | $10.00 | $1.33 |
| 77 | May 30, 2008 | 52523J230 | Return Optimization Securities with Partial Protection Linked to the S&P 500 Financials Index | $10.00 | $1.33 |
| 78 | June 16, 2008 | 52520W283 | 100% Principal Protection Absolute Return Notes Linked to the Euro/U.S. Dollar Exchange Rate | $10.00 | $1.33 |
| 79 | June 20, 2008 | 5252M0FU6 | 100% Principal Protection Notes with Interest Linked to the Year-Over-Year Change in the Consumer Price Index | $1,000.00 | $133.38 |
| 80 | June 30, 2008 | 5252M0CD7 | 100% Principal Protection Notes with Interest Linked to the Year-Over-Year Change in the Consumer Price Index | $1,000.00 | $133.38 |
| 81 | June 30, 2008 | 52523J263 | Return Optimization Securities with Partial Protection Linked to the PowerShares WilderHill Clean Energy Portfolio | $10.00 | $1.33 |
| 82 | June 30, 2008 | 524935129 | Return Optimization Securities with Partial Protection | $10.00 | $1.33 |

8

**EXHIBIT A**
**LIST OF STRUCTURED PRODUCTS**

| Code | Issue Date | CUSIP | Description | Issue Price Per Note | Estimated Value Per Note as of 10/31/08[1] |
|---|---|---|---|---|---|
| 83 | June 30, 2008 | 52523J248 | 100% Principal Protection Absolute Return Barrier Notes | $10.00 | $1.33 |
| 84 | June 30, 2008 | 52523J255 | 100% Principal Protection Absolute Return Barrier Notes | $10.00 | $1.33 |

9

# EXHIBIT B TO NOTICE

## PLAN OF ALLOCATION FOR THE NET SETTLEMENT FUND

### Purpose And Overview Of The Plan

Subject to the Court's approval, this Plan of Allocation ("Plan") specifies the method by which settlement money will be allocated among all class members entitled to such allocations. As discussed in more detail below, the allocation to each such class member is based on that person's "Recognized Claim," which will be calculated from the person's transactions in the Structured Products listed on Exhibit A to the notice.

**Even if you have already submitted a claim form in connection with an earlier settlement in any Lehman-related litigation, you must submit a new claim form to participate in this settlement.**

Under the Stipulation of Settlement and Release dated September 11, 2013 ("Stipulation"), $120,000,000 in cash will be provided for the benefit of the class. This money, plus any income or interest earned on it, will first be applied to pay taxes and Court-approved notice and administrative costs and attorneys' fees and expenses. The remaining balance is called the "Net Settlement Fund." The Net Settlement Fund will be allocated among all class members who (i) submit a timely and valid claim form and (ii) have a Recognized Claim. These class members are called "Authorized Claimants."

Assuming you are an Authorized Claimant, the amount of your allocation will be a *pro rata* share of the Net Settlement Fund, based on the amount of your Recognized Claim. What this means is that you will be allocated a percentage of the Net Settlement Fund equal to the percentage that your Recognized Claim represents in relation to the total of all Authorized Claimants' Recognized Claims. In other words, if your Recognized Claim is $X$ percent of the total of all Recognized Claims, you will be allocated $X$ percent of the Net Settlement Fund. Note that your Recognized Claim is not intended to be an estimate of the amount you will be paid under this settlement, or the amount you might have been able to recover after trial.

### Determining Your Recognized Claim

If you submit a timely and valid claim form, the Claims Administrator will proceed to determine whether you have a Recognized Claim and its amount according to the following steps.

A.    <u>Calculation of losses and gains for each Structured Product</u>. If you purchased or acquired a Structured Product, your losses and gains will be calculated as follows:

        (1)    *If you purchased a Structured Product and sold it prior to September 15, 2008, your loss for that note is zero and your gain for that note is zero.*

        (2)    *If you purchased a Structured Product prior to September 15, 2008 and sold it between September 15, 2008 and October 31, 2008 (inclusive)*, your loss or gain for that note is the lesser of (i) the price you paid for the note minus the sale price; or (ii) the issue price of the note (listed on Exhibit A) minus the sale price.

1

    (3)   *If you purchased a Structured Product prior to September 15, 2008 and sold it after October 31, 2008*, your loss or gain for that note is the lesser of (i) the price you paid for the note minus either the sale price or the note's estimated value on October 31, 2008 (listed on Exhibit A), whichever is greater; or (ii) the issue price of the note (listed on Exhibit A) minus either the sale price or the note's estimated value on October 31, 2008 (listed on Exhibit A), whichever is greater.

    (4)   *If you purchased a Structured Product prior to September 15, 2008 and still own it as of the date you submit your claim form*, your loss or gain for that note is the lesser of (i) the price you paid for the note minus the note's estimated value on October 31, 2008 (listed on Exhibit A); or (ii) the issue price of the note (listed on Exhibit A) minus the note's estimated value on October 31, 2008 (listed on Exhibit A).

    (5)   *If you purchased a Structured Product after September 15, 2008*, your loss for that note is zero and your gain for that note is zero.

**B.**    <u>Multiple purchases and sales of the same Structured Product</u>. If you bought a particular Structured Product more than once and sold that Structured Product more than once, your purchases and sales of that Structured Product will be matched on a first-in, first-out basis. Sales will be matched against purchases of the same security in chronological order, beginning with the earliest purchase. The losses and gains for such purchase-sale matches will then be calculated according to Part A above. Purchases and sales shall be deemed to have occurred on the "contract" or "trade" date, not the "settlement" or "payment" date.

**C.**    <u>Treatment of Structured Products acquired by means of a gift, inheritance, or operation of law</u>. If you acquired any Structured Products by means of a gift, inheritance, or operation of law, the purchase date for that acquisition will be the original date of purchase and not the date of transfer, unless the transfer resulted in a taxable event or other change in the cost basis of those Structured Products.

**D.**    <u>Calculation of Recognized Claim</u>. Your individual losses and gains will be calculated, as described above, for all purchases and acquisitions of Structured Products that you properly report on a valid claim form. These losses and gains (if any) will then be summed. If the result is a loss of $10.00 or more, and you did not receive restitution under the FINRA consent decree described in Part E below, then that loss is your Recognized Claim. If the result is a loss of less than $10.00 or a gain, you do not have a Recognized Claim and are not entitled to a share of the settlement money.

**E.**    <u>FINRA restitution</u>. In April 2011, UBS Financial Services Inc. entered into a consent decree with the Financial Industry Regulatory Authority (FINRA) under which UBS Financial Services Inc. provided restitution to certain class members. If the summing of your individual losses and gains as described in Part D above results in a loss of $10.00 or more, and you received any restitution under the consent decree, then the loss will be offset by the restitution you received. If the result is still a loss of $10.00 or more, then

that loss is your Recognized Claim.  If the result is a loss of less than $10.00 or a gain, you do not have a Recognized Claim and are not entitled to a share of the settlement money.

F.    Net Loss Under $10.00.  As stated above, if you have a net loss and it is less than $10.00, you do not have a Recognized Claim and will not be entitled to an allocation or distribution of settlement money.  As net losses of less than $10.00 are not Recognized Claims, they will be excluded from the calculation of the Recognized Claim total that is necessary for making *pro rata* allocations to Authorized Claimants.

## Distribution Of The Net Settlement Fund

The Claims Administrator will distribute the Net Settlement Fund among all Authorized Claimants according to the Plan after the Court has given final approval of the Settlement and the Plan, the Judgment becomes Final, and all claims have been processed.  The Claims Administrator will make this distribution by mailing each Authorized Claimant a check in the amount of the person's *pro rata* allocation, described above under the heading "Purpose And Overview Of The Plan."  If any distributable balance remains in the Net Settlement Fund by reason of uncashed checks or otherwise one year after the initial distribution, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, then that balance shall be redistributed on a *pro rata* basis among those Authorized Claimants who have cashed their checks and who would receive at least $10.00 from the redistribution, after payment of any additional costs or fees incurred in administering the Net Settlement Fund for the redistribution.

If six months after the redistribution any balance still remains in the Net Settlement Fund, and Class Counsel have determined that a further redistribution would be uneconomical, Class Counsel shall seek an order approving the contribution of the balance to one or more non-sectarian, not-for-profit, 501(c)(3) organizations.  Class Counsel's motion shall identify at least three proposed recipients.  The proposed recipients shall have been selected by one or more of the following individuals:  the President of the New York City Bar Association, the President of the New York State Bar Association, and the President of the American Bar Association.  The proposed recipients shall not include any organization listed in the preceding sentence and shall be independent of Class Counsel so that Class Counsel does not derive a direct or indirect benefit from the selection of such organization as the recipient of a charitable contribution.  Class Counsel's motion will include a declaration detailing the means by which the proposed recipients were selected.

The Court has reserved jurisdiction to allow, disallow or adjust on equitable grounds any claim. The Court also reserves the right to modify this Plan without further notice to class members. Payment pursuant to the Court-approved Plan shall be conclusive against all Authorized Claimants.  No person shall have any claim against any of the Released Parties, the Structured Products Class Representatives, Structured Products Plaintiffs' Counsel, the Claims Administrator, or any other agents designated by counsel based on distributions made

3

substantially in accordance with the terms of the Stipulation, the Plan, or any further orders of the Court.

**REMEMBER:** You must file a timely claim form to receive a payment from the Net Settlement Fund. If you do not timely file a claim form in accordance with the terms of the Stipulation, you will not receive a payment from the Net Settlement Fund, but you will still be bound by the Settlement and the Final Judgment entered by the Court.

If you have any questions about the Plan or the calculation of your Recognized Claim, please contact the Claims Administrator at 1-888-211-3565 or info@website.com.

# EXHIBIT B-3

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION <br><br> This Document Applies To: <br><br> In re Lehman Brothers Equity/Debt Securities Litigation, 08-CV-5523-LAK | Case No. 09-MD-2017 (LAK) <br><br> ECF CASE |

### PROOF OF CLAIM AND RELEASE

DEADLINE FOR SUBMISSION. _____, 2013.

***IN RE LEHMAN BROTHERS EQUITY/DEBT SECURITIES LITIGATION***
**(STRUCTURED PRODUCTS LITIGATION)**
**CLAIMS ADMINISTRATOR**
**c/o A.B. DATA, LTD.**
**PO BOX 170900**
**MILWAUKEE, WI 53217**

**info@website.com**

IF YOU BOUGHT OR ACQUIRED ANY OF THE "STRUCTURED PRODUCTS" LISTED ON EXHIBIT A TO THE NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT (THE "NOTICE"), YOU MAY BE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

Please note that this Settlement relates to securities known as "Structured Products" that were issued by Lehman Brothers Holdings Inc. and underwritten and sold by UBS Financial Services Inc. in 2007 and 2008. Even if you have already submitted a claim form in connection with an earlier settlement in any Lehman-related litigation (as described in the Notice), you must submit a new claim form to participate in this Settlement.

IT IS IMPORTANT THAT YOU READ AND UNDERSTAND THE NOTICE AND THE PLAN OF ALLOCATION INCLUDED IN THE NOTICE. THE NOTICE AND PLAN OF ALLOCATION DESCRIBE THE PROPOSED SETTLEMENT, HOW CLASS MEMBERS WILL BE AFFECTED BY THE SETTLEMENT, AND THE MANNER IN WHICH THE NET SETTLEMENT FUND WILL BE DISTRIBUTED, IF THE COURT APPROVES THE SETTLEMENT AND THE PLAN OF ALLOCATION.

You are **not** a Class Member if:

- You are one of the Defendants (as defined in the Stipulation), or a current or former executive officer or director of any Defendant or a member of any of their immediate families, or an immediate family member of any of the Defendants named in the Third Amended Class Action Complaint filed on April 23, 2010 in *In re Lehman Brothers Securities and ERISA Litigation*, Case No. 09-MD-2017 (S.D.N.Y.);[1] or

- You represent an entity in which a Defendant owns a majority interest, provided, however, that you are not excluded if you are an investment company or pooled investment fund, including without limitation mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which any Defendant has or may have a direct or indirect interest, or as to which it or its affiliates may act as an investment advisor but in which Defendant or any of its affiliates is not a majority owner or does not hold a majority beneficial interest; or

- You litigated claims against UBS Financial Services Inc. ("UBSFS") relating to the Structured Products in any forum and received a judgment; or

- You settled and released claims against UBSFS arising out of the purchase of the Structured Products; or

- You are the legal representative, heir, successor or assign of an excluded party; or

- You exclude yourself by submitting a request for exclusion that complies with the requirements and deadline set forth in the Notice.

---

[1] A copy of the complaint is available at website.com

Case 1:09-md-02017-LAK-GWG   Document 1290-1   Filed 09/14/13   Page 104 of 124

If you are not a Class Member, you are not eligible to share in the settlement benefits described in the Notice and should not submit a Claim Form.

If you are a Class Member, you must complete and submit this form to be eligible for any settlement benefits.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM (THE "CLAIM FORM") AND EITHER COMPLETE AND FILE IT ONLINE AT WEBSITE.COM NO LATER THAN MIDNIGHT ON [DATE] 2013 OR MAIL IT BY FIRST-CLASS MAIL TO THE FOLLOWING ADDRESS, TO BE POSTMARKED NO LATER THAN _____, 2013:

**IN RE LEHMAN BROTHERS EQUITY/DEBT SECURITIES LITIGATION**
**(STRUCTURED PRODUCTS LITIGATION)**
**CLAIMS ADMINISTRATOR**
**c/o A.B. DATA, LTD.**
**PO BOX 170900**
**MILWAUKEE, WI 53217**

IF YOUR ONLINE CLAIM IS NOT RECEIVED BY _____, 2013, OR YOUR CLAIM FORM IS NOT POSTMARKED BY _____, 2013, YOUR CLAIM MAY BE REJECTED AND YOU MAY NOT RECEIVE ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS LITIGATION.

You must submit your Claim Form only to the Claims Administrator. A Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator. If you wish to be assured that your Claim Form is actually received by the Claims Administrator, you should send it by Certified Mail, Return Receipt Requested. No acknowledgment will be made as to the receipt of Claim Form.

Do not mail or deliver your Claim Form directly to the Court or to any of the parties or their counsel, as doing so does not constitute a valid submission of your claim. Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. Distribution of the Net Settlement Fund will be governed by the Plan of Allocation for the Settlement, if it is approved by the Court, or by such other plan of allocation as the Court approves.

## STATEMENT OF CLAIM AND RELEASE

1.  I bought or acquired one or more of the Structured Products listed on Exhibit A to the Settlement Notice for my benefit or for the benefit of the person or entity that is a Class Member.[2]

2.  By submitting this Claim Form, I state that I believe in good faith that I am a Class Member, as defined above and in the Notice, or am acting for a person or entity that is a Class Member; that I am not excluded from the Settlement Class; that I have read and understand the Notice; that I believe that I am entitled to receive a share of the Net Settlement Fund; that I elect to participate in the proposed Settlement described in the Notice; that I have not obtained a judgment or settled or released my claims against UBSFS with respect to the Structured Products listed on Exhibit A; and that I have not filed a request for exclusion.

3.  I have included below all relevant information about each purchase or acquisition, and any sales, of the Structured Products listed on Exhibit A to the Notice.

4.  In support of my claim, I have enclosed or attached copies of transaction confirmations, UBS or other brokerage account statements, relevant portions of my tax returns or other documents evidencing each purchase, acquisition, or sale of the Structured Products listed below.[3]

5.  I understand that the information in this Claim Form is subject to verification by the Claims Administrator or the Court, and I agree to cooperate in any request for verification or additional information.[4]

6.  On the Effective Date (as defined in the Stipulation of Settlement), my signature will constitute confirmation of a full and complete release by me or by any person or entity on whose behalf I am submitting this Proof of Claim of the Released Claims (as defined in the Stipulation of Settlement).

7.  NOTICE REGARDING ELECTRONIC FILES: Class Members with large numbers of transactions (greater than 50) may request or may be asked to submit information regarding their transactions in electronic files. All Class Members MUST submit a manually signed paper Proof of Claim Form listing all their Structured Product transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator by emailing efiling@abdata.com, calling 800-949-0194 or visiting the settlement website at website.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to such filer a written acknowledgment of receipt and acceptance of electronically submitted data.

---

[2] If you are acting in a representative capacity on behalf of a Class Member (e.g., as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member, such as letters testamentary, letters of administration, or a copy of relevant trust documents.

[3] If you do not have documentation of your purchases, acquisitions or sales of the Structured Products, please obtain documentation from your financial advisor or tax advisor, because these documents are necessary to prove and process your claim.

[4] The Claims Administrator may request additional information if it is necessary to efficiently and reliably calculate the Recognized Claim (as defined in the Plan of Allocation). In some cases the Claims Administrator may condition acceptance of the claim on the production of additional information.

QUESTIONS? CALL TOLL FREE 888-211-3565 OR VISIT WEBSITE.COM                                          PAGE 2 OF 6

| For Official Use Only | UNITED STATES DISTRICT COURT | MUST BE POSTMARKED |
|---|---|---|
| *Lehman Brothers* | SOUTHERN DISTRICT OF NEW YORK | NO LATER THAN [DATE] |

*In re Lehman Brothers Equity Debt Securities Litigation*
Case No. 08-CV-5523 (LAK)
PROOF OF CLAIM AND RELEASE
PLEASE TYPE OR PRINT

**8   STATEMENT OF CLAIM**

Last Name (Claimant)                                                First Name (Claimant)

Last Name (Beneficial Owner If Different From Claimant)             First Name (Beneficial Owner)

Last Name (Co–Beneficial Owner)                                    First Name (Co–Beneficial Owner)

Company/Other Entity (If Claimant Is Not an Individual)             Contact Person (If Claimant Is Not an Individual)

Record Owner's Name (If Different From Beneficial Owner Listed Above, *e.g.*, Brokerage Firm, Bank, Nominee, Other, etc.)

Account Number (If Claimant Is Not an Individual)                  Trust/Other Date (If Applicable)

Address Line 1

Address Line 2 (If Applicable)

City                                          State        Zip Code

Telephone Number (Day)                        Telephone Number (Night)

Email Address [an email address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.]

○ **Check Here to Use Alternate Address for Distribution (Optional)**
Distribution Address Line 1

Distribution Address Line 2 (If Applicable)

City                                          State        Zip Code

IDENTITY OF CLAIMANT (check only one):   Individual   Corporation   Joint Owners   Estate   Trust   Partnership   Private Pension Fund   Legal Representative
IRA, Keogh, or Other Type of Individual Retirement Plan (indicate type of plan, mailing address, and name of current custodian on separate sheet)
Other (specify, describe on separate sheet) _____

Employer Identification Number (EIN for estates, trusts, corporations)   Case 1:09-md-02017-LAK-GWG   Document 1290-1   Filed 09/11/13   Page 106 of 124   Social Security Number (SSN for individuals)

9.   I MADE THE FOLLOWING PURCHASES OF STRUCTURED PRODUCTS LISTED ON EXHIBIT A (must be documented):

| Product Code (see Exhibit A) | Date(s) of Purchase (List Chronologically) (Month/Day/Year) | | Number of Notes Purchased | Purchase Price Per Note in USD | Aggregate Cost in USD (net of commissions, taxes, and fees) | Proof of Purchase Enclosed |
|---|---|---|---|---|---|---|
| | / | / | | | | Y N |
| | / | / | | | | Y N |
| | / | / | | | | Y N |
| | / | / | | | | Y N |
| | / | / | | | | Y N |
| | / | / | | | | Y N |
| | / | / | | | | Y N |
| | / | / | | | | Y N |

10.   I MADE THE FOLLOWING SALES OF THE STRUCTURED PRODUCTS LISTED ON EXHIBIT A (must be documented):

| Product Code (see Exhibit A) | Date(s) of Sale (List Chronologically) (Month/Day/Year) | | Number of Notes Sold | Sale Price Per Note in USD | Amount Received in USD (net of commissions, taxes, and fees) | Proof of Sale Enclosed |
|---|---|---|---|---|---|---|
| | / | / | | | | Y N |
| | / | / | | | | Y N |
| | / | / | | | | Y N |
| | / | / | | | | Y N |
| | / | / | | | | Y N |
| | / | / | | | | Y N |
| | / | / | | | | Y N |
| | / | / | | | | Y N |

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THE RELEVANT PAGES AND LIST ANY ADDITIONAL INFORMATION.

11.  I HELD THE FOLLOWING ~~Case 1:09-md-02017-LAK-GWG~~ ~~Document 1290~~ ~~Filed 09/11/13~~ ~~Page 107 of 124~~ SUBMITTED THIS CLAIM
      FORM (must be documented):

| Product Code (see Exhibit A) | Number of Notes Held | Proof Enclosed |
|---|---|---|
| | | Y |
| | | N |
| | | Y |
| | | N |
| | | Y |
| | | N |
| | | Y |
| | | N |
| | | Y |
| | | N |
| | | Y |
| | | N |
| | | Y |
| | | N |
| | | Y |
| | | N |

12.  **I received the following amount of restitution pursuant to an April 2011 consent decree between the Financial Industry Regulatory Authority (FINRA) and UBSFS pertaining to certain Structured Products listed on Exhibit A:**     $

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THE RELEVANT PAGES AND LIST ANY ADDITIONAL INFORMATION.

**SUBSTITUTE FORM W-9**

Request for Taxpayer Identification Number:

Enter Taxpayer Identification Number below for the Beneficial Owner(s).  For most individuals, this is your Social Security number.  The Internal Revenue Service (IRS) requires your Taxpayer Identification Number.  If you do not provide this information, your claim may be rejected.

    Social Security number (for individuals)          OR          Taxpayer Identification Number (for estates, trusts, corporations, etc.)

13. **CERTIFICATION**

UNDER THE PENALTY OF PERJURY, I/WE CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS CLAIM FORM IS TRUE, CORRECT AND COMPLETE.

I/We certify that I am/we are NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am/We are exempt from backup withholding, or (b) I/We have not been notified by the IRS that I am/we are subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me/us that I am/we are no longer subject to backup withholding.

NOTE:  If you have been notified by the IRS that you are subject to backup withholding, please cross out the language above that says that you are not subject to backup withholding.

Executed this _____ day of _____ (month/year) in _____ (city/state).

_____         _____
Signature of Claimant                                                         Type or Print Your Name Here

_____         _____
Signature of Joint Claimant, if any                                        Type or Print Your Name Here

_____
Capacity of Person(s) Signing (*e.g.*, Beneficial Owner, Purchaser, Executor, Administrator, Trustee, etc.)

YOU MUST COMPLETE AND SIGN THIS CLAIM FORM AND EITHER FILE IT ONLINE AT WEBSITE.COM NO LATER THAN MIDNIGHT ON [DATE] 2013 OR MAIL IT BY FIRST-CLASS MAIL TO THE FOLLOWING ADDRESS, TO BE POSTMARKED NO LATER THAN ___, _____, 2013:

*IN RE LEHMAN BROTHERS EQUITY/DEBT SECURITIES LITIGATION*
**(STRUCTURED PRODUCTS LITIGATION)**
**CLAIMS ADMINISTRATOR**
**c/o A.B. DATA, LTD.**
**PO BOX 170900**
**MILWAUKEE, WI 53217**

You should be aware that it may take up to six months from the deadline for submission of Claim Forms for the Claims Administrator to process fully all of the Claim Forms and to administer the Settlement.  This work will be completed as promptly as possible, given the need to investigate and tabulate each Claim Form.  Please be patient, and please notify the Claims Administrator of any change of address by writing to:

*IN RE LEHMAN BROTHERS EQUITY/DEBT SECURITIES LITIGATION*
**(STRUCTURED PRODUCTS LITIGATION)**
**CLAIMS ADMINISTRATOR**
**c/o A.B. DATA, LTD.**
**PO BOX 170900**
**MILWAUKEE, WI 53217**

**info@website.com**

# EXHIBIT B-4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION | Case No. 09-MD-2017 (LAK) |
| This Document Applies To: | ECF CASE |
| In re Lehman Brothers Equity/Debt Securities Litigation, 08-CV-5523-LAK | |

**SUMMARY NOTICE OF PENDENCY OF CLASS**
**ACTION AND PROPOSED SETTLEMENT**

**TO: ALL PERSONS WHO BOUGHT OR OTHERWISE ACQUIRED LEHMAN**
**BROTHERS-ISSUED STRUCTURED PRODUCTS IDENTIFIED ON EXHIBIT A**
**TO THE NOTICE OF PENDENCY OF CLASS ACTION**

YOU ARE HEREBY NOTIFIED that a proposed settlement has been reached in this action between UBS Financial Services Inc. ("UBSFS") and a class of all persons and entities, subject to certain exclusions, who bought or otherwise acquired certain structured products that were issued by Lehman Brothers Holdings, Inc. and underwritten and sold by UBSFS in 2007 and 2008. A complete list of the structured products that are part of the settlement (the "Structured Products") is attached as Exhibit A to the full printed notice, which is available as described below. The proposed settlement, as set forth in a Stipulation of Settlement and Release, dated September 11, 2013 (the "Settlement"), is in the amount of $120,000,000.

This notice provides only a summary of matters regarding the litigation and Settlement. The full printed notice describing the litigation, the Settlement, and the rights of purchasers of the Structured Products to participate in or exclude themselves from the Settlement has been mailed to persons or entities known to be potential Settlement Class Members. If you have not yet received the full printed notice and a claim form, you may obtain copies of these documents by visiting www.website.com, calling 1-888-211-3565, or writing: Claims Administrator, c/o AB Data, Ltd., PO Box 170900, Milwaukee, WI 53217.

A hearing will be held before the Honorable Lewis A. Kaplan in Courtroom 21B of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, at [time] on [date] to determine whether the proposed Settlement should be approved by the District Court as fair, reasonable, and adequate, and to consider Class Counsel's motion for attorneys' fees and reimbursement of litigation expenses.

**IF YOU ARE A POTENTIAL MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND OR EXCLUDE YOURSELF FROM THE SETTLEMENT.**

To participate in the Settlement, you must submit a claim form no later than **Month, 00, 2013**.

To exclude yourself from the Settlement, you must submit a written request for exclusion.  You can find the requirements for excluding yourself in the full printed notice and on www.website.com.  Your exclusion must be received no later than **Month 00, 2013**.  If you do not exclude yourself, your rights will be affected even if you do not submit a claim form.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

Inquiries may be made to Class Counsel by calling 415-981-4800, or writing to In re Lehman Equity/Debt Securities Litigation (Structured Products Litigation), Girard Gibbs LLP, 601 California Street, 14th Floor, San Francisco, CA 94108.

By Order of the Court

# EXHIBIT C