UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                        :

LEHMAN BROTHERS SECURITIES AND
ERISA LITIGATION                                             :    MASTER DOCKET
                                                                  09 MD 2017 (LAK)  ECF CASE
This Document Applies To:                                    :

*State Compensation Insurance Fund v.*                       :
*Fuld et al.*, 11 Civ. 3892 (LAK)
------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED
## MOTION FOR ENTRY OF BAR AND JUDGMENT REDUCTION ORDER

ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 610-6300

*Attorneys for Richard S. Fuld, Jr.*

PETRILLO KLEIN & BOXER LLP
655 Third Avenue, 22nd Floor
New York, New York 10017
Tel: (212) 370-0334

*Attorneys for Christopher M. O'Meara*

FINN DIXON & HERLING LLP
177 Broad Street
Stamford, Connecticut 06901
Tel: (203) 325-5000

*Attorneys for Erin M. Callan*

Defendants Richard S. Fuld, Jr., Christopher M. O'Meara and Erin M. Callan (collectively, the "Bar Order Defendants") hereby move this Court to enter the proposed bar and judgment reduction order (the "Bar Order") as required by the Settlement Agreement and Mutual Release dated as of October 18, 2013 ("Settlement Agreement") agreed and entered into by the Settling Defendants and plaintiff State Compensation Insurance Fund ("Plaintiff").

Counsel for the Bar Order Defendants have vetted the substantive language of the Bar Order (paragraphs 1 and 2) with counsel for Plaintiff and co-defendant Ernst & Young, and have received no objections.

## BACKGROUND

### A. Procedural History of the Case

This action originally was filed in United States District Court for the Northern District of California and then transferred to this Court pursuant to a transfer order from the Judicial Panel on Multidistrict Litigation, and ultimately coordinated with the master MDL case, *In re: Lehman Brothers Securities and ERISA Litigation*, Master Docket No. 09 MD 2017 (LAK) (S.D.N.Y.), for pretrial proceedings. *See, e.g.*, Conditional Transfer Order, *State Compensation Insurance Fund v. Fuld, et al.*, No. 09 MD 2017 (LAK) (S.D.N.Y. June 3, 2011), ECF No. 116.

Plaintiff filed an Amended Complaint on November 29, 2011. *See In re Lehman Bros. Sec. & ERISA Litig.*, No. 09 MD 2017 (S.D.N.Y. Nov. 29, 2011), ECF No. 530. The Amended Complaint named as defendants the Settling Defendants, who are former officers of Lehman Brothers Holdings Inc. ("Lehman"); certain former outside directors of Lehman; Ernst & Young LLP, Lehman's external auditor; and various bank defendants. The Amended Complaint alleges that Plaintiff suffered damages in connection with their purchases of Lehman securities between

2004 and 2008. *See, e.g.*, Am. Compl. ¶ 1. The Amended Complaint included claims for relief against the Settling Defendants based on Sections 11 and 15 of the Securities Act of 1933, Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, violations of the California Corporations Action, common law fraud, aiding and abetting fraud and negligent misrepresentation. *See, e.g.* Am. Compl. ¶¶ 489-602.

On January 6, 2012, various defendants filed motions to dismiss the Amended Complaint. *See In re Lehman Bros. Sec. & ERISA Litig.*, No. 09 MD 2017 (S.D.N.Y. Jan. 6, 2012), ECF Nos. 570, 586, 623. On March 26, 2013, this Court granted in part and denied in part the Settling Defendants' motion to dismiss. *See In re Lehman Bros. Sec. & ERISA Litig.*, No. 09 MD 2017 (S.D.N.Y. March 26, 2013), ECF No. 1157 (Pretrial Order No. 61). On May 9, 2013, this Court entered an order setting forth the rulings made in Pretrial Order No. 61. *See In re Lehman Bros. Sec. & ERISA Litig.*, No. 09 MD 2017 (S.D.N.Y. May 9, 2013), ECF No. 1023 (Pretrial Order No. 66). Thereafter, upon renewed motions to dismiss of various defendants, this Court dismissed Plaintiff's Securities Act claims. *See In re Lehman Bros. Sec. & ERISA Litig.*, No. 09 MD 2017 (S.D.N.Y. Aug. 9, 2013), ECF No. 1280 (Pretrial Order No. 74). As a result of these rulings, Plaintiff's remaining claims against the Settling Defendants consisted of alleged violations under the Securities Exchange Act.

On or about October 18, 2013, Plaintiff and the Settling Defendants agreed to settle the claims brought against the Settling Defendants in this action, entering into the Settlement Agreement. As a result of this settlement, Ernst & Young is the only remaining defendant in this action.

B.  **The Bar Order**

The Settlement Agreement states that "[i]t is a condition of the Settlement that the Settling Parties shall obtain entry by the District Court of an appropriate bar order . . . ." Settlement Agreement, ¶ II.A.4.  The Bar Order accompanying this motion provides:

> 1. The Settling Defendants and the other Releasees are discharged from all claims for contribution and all claims for indemnification, however styled, by any person or entity, whether arising under state, federal or common law, based upon, arising from, relating to, or in connection with the Plaintiff's Released Claims released in the Settlement Agreement (together, "Contribution Claims"). Accordingly, to the fullest extent provided by law, the Court bars, enjoins, and restrains any and all Contribution Claims (a) against the Settling Defendants and the other Releasees, or (b) against Ernst & Young by any or all of the Settling Defendants and the other Releasees, their insurers, subrogees, or assigns, or anyone acting on behalf of the Settling Defendants, the other Releasees, their insurers, subrogees, or assigns.

In addition to barring claims for contribution and indemnification against the Bar Order Defendants, the Bar Order also provides for a corresponding judgment reduction credit for non-settling defendants or any future defendants as follows:

> 2. In the event Plaintiff seeks to recover damages or any other form of monetary relief ("Damages") from any person or entity based upon, arising from, relating to, or in connection with the Plaintiff's Released Claims released in the Settlement Agreement, any verdict or judgment in such action in favor of Plaintiff shall be reduced by the greater of: (a) the amount of recovery obtained by the Plaintiff in connection with the Settlement Agreement; or (b) the amount of any and all of the Settling Defendants' percentage share of responsibility for the Damages.

Counsel for the Bar Order Defendants have vetted the substantive language of the Bar Order (paragraphs 1 and 2) with counsel for Plaintiff and co-defendant Ernst & Young, and have received no objections.

## ARGUMENT

Federal courts have long had the authority to enter contribution bar orders in securities cases where there is a partial settlement under both the common-law and pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4, *et seq.* ("PSLRA"). As discussed below, the Bar Order is appropriate under both common law (*see* Point I) and the PSLRA (*see* Point II).

### I. THE BAR ORDER SHOULD BE ENTERED PURSUANT TO COMMON LAW.

In cases of partial settlement, as a matter of well-established common law, a district court may properly bar claims of non-settling defendants against settling defendants for contribution and indemnity. *See Gerber v. MTC Elec. Techs. Co., Ltd.*, 329 F.3d 297, 305 (2d Cir. 2003). Indeed, "[c]ourts commonly enter contribution bar orders where the plaintiff settles with only some of the defendants," as here. *In re Del-Val Fin. Corp. Secs. Litig.*, 868 F. Supp. 547, 550 n.6 (S.D.N.Y. 1994). The rationale for entering such bar orders, as the Second Circuit has observed, is to advance the long-recognized public policy in favor of settlements. That court, *In re Masters Mates & Pilots Pension Plan & IRAP Litig.*, 957 F.2d 1020 (2d Cir. 1992), observed that:

> If a nonsettling defendant against whom judgment had been entered were allowed to seek payment from a defendant who had settled, then settlement would not bring the latter much peace of mind. He would remain potentially liable to the nonsettling defendant for an amount by which a judgment against a nonsettling defendant exceeded a nonsettling defendant's proportionate fault. This potential liability would surely diminish the incentive to settle.

*Id.* at 1028; *see also Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) (recognizing strong public policy supporting settlements). "Accordingly, federal courts have virtually without exception approved orders barring claims by non-settling Defendants against settling Defendants

in connection with both federal and state securities law claims." *S. Carolina Nat'l Bank v. Stone*, 749 F. Supp 1419, 1430–31 (D.S.C. 1990) (listing cases including *First Fed. Sav. & Loan v. Oppenheim, Appel, Dixon & Co.*, 631 F. Supp. 1029, 1036 (S.D.N.Y. 1986)).

The Court should follow this precedent and enter the Bar Order. The Bar Order requested here is appropriately limited to claims for contribution or indemnification against the Bar Order Defendants and other Releasees "based upon, arising from, relating to, or in connection with" this action. Bar Order ¶ 1. The Second Circuit in *Gerber*, in an opinion by then-Judge Sotomayor, endorsed a similar bar order entered in a securities case. *See Gerber*, 329 F.3d at 307.[1] The Bar Order here is similarly circumscribed to contribution and indemnity claims and does not seek to extinguish any other independent claims non-settling defendants, or any other parties, may have. *See* Bar Order ¶ 1. Consequently, the scope of the Bar Order is appropriately limited under *Gerber* and should be entered.

In addition, the Bar Order protects the rights of non-settling defendants in this case by providing for a judgment reduction credit that reduces any judgment against them by the greater of "the amount of recovery obtained by the Plaintiff in connection with the Settlement Agreement; or . . . the amount of any and all of the Settling Defendants' percentage share of responsibility for" the judgment entered. Bar Order ¶ 2. The Second Circuit has held that this type of judgment reduction provision is inherently fair to non-settling parties because it

---

[1] *See also Carroll v. LeBoeuf, Lamb, Greene & MacRae, L.L.P.*, No. 05-cv-391, 2008 WL 2789766, at *2–3 (S.D.N.Y. July 16, 2008) (Kaplan, J.); *Compudyne Corp. v. Shane*, No. 05-cv-4300, 2007 WL 2106554, at *2 (S.D.N.Y. July 18, 2007); *In re WorldCom, Inc. Sec. Litig.*, No. 02-cv-3288, 2005 WL 613107, at *8,*11 (S.D.N.Y. Mar. 15, 2005); *In re Computer Assocs. Sec. Litig.*, No. 02-cv-1226, 2003 WL 25770761, at *3 (E.D.N.Y. Dec. 8, 2003); *In re Sterling Foster & Co., Inc. Sec. Litig.*, 238 F. Supp. 2d 480, 485–86 (E.D.N.Y. 2002).

"ensur[es], at the end of the day, the non-settling defendants are not held responsible for any damages for which the settling defendants are proven liable." *Gerber*, 329 F.3d at 306. Indeed, where "the non-settling defendants' credit will be the *greater* of the proportionate fault [of the Bar Order Defendants] or the settlement amount," as here, the Second Circuit has held that "no [ ] fairness hearing is necessary" with respect to the settlement as to non-settling third parties. *Id.* (emphasis in original).

For these reasons, the Court should enter the Bar Order for which this motion is being made, just as it had previously approved similar bar orders proposed by many of these same Bar Order Defendants in other individual actions in the Lehman multi-district litigation. *See, e.g., In re Lehman Bros. Sec. & ERISA Litig.*, No. 09-md-2017 (S.D.N.Y. Mar. 20, 2012), ECF No. 821 (granting bar orders in lawsuits brought by the Washington State Investment Board, the California Public Employees' Retirement System, and certain Texas plaintiffs); *In re Lehman Bros. Sec. & ERISA Litig.*, No. 09-md-2017 (S.D.N.Y. Mar. 13, 2012), ECF No. 813 (granting bar orders in lawsuits brought by six California municipalities); *In re Lehman Bros. Sec. & ERISA Litig.*, No. 09-md-2017 (S.D.N.Y. Nov. 7, 2011), ECF No. 496 (granting bar order in lawsuit brought by the New Jersey Department of Treasury).

II. **THE PSLRA REQUIRES THAT CONTRIBUTION AND INDEMNIFICATION CLAIMS AGAINST THE BAR ORDER DEFENDANTS RELATED TO THIS ACTION BE BARRED.**

In addition to the favor with which federal courts have consistently viewed contribution bar orders under federal common law, the entry of a bar order sought here is mandated with respect to the Bar Order Defendants by the PSLRA. In relevant part, the PSLRA provides:

> A covered person who settles any private action at any time before final verdict or judgment shall be discharged from all claims for contribution brought by other persons. Upon entry of the settlement by the court, *the court shall enter a bar order constituting the final discharge of all obligations to the plaintiff of the settling covered person arising out of the action.*

15 U.S.C. § 78u-4(f)(7)(A) (emphasis added). A "covered person" is defined as "a defendant in any private action arising under this chapter [*i.e.*, a claim under the Securities Exchange Act of 1934]." *Id.* § 78u-4(f)(10)(C).

The claims against the Bar Order Defendants are expressly covered under the bar provisions of the PSLRA. The Amended Complaint brings claims, among other things, under the Securities Exchange Act against the Settling Defendants, all who were former officers of Lehman. *See, e.g.*, Am. Compl. ¶¶ 2, 490. Because at least some of the federal securities claims against the Bar Order Defendants are "covered" under the PSLRA's bar provisions, all of the other federal securities claims against them in this action are also "covered" because they are "integrally related" to the federal securities claims. *See In re Sterling Foster & Co., Inc. Sec. Litig.*, 238 F. Supp. 2d at 485 (holding "because at least one of the claims against each of the defendants" are subject to the PSLRA bar provision, "any of the securities claims asserted in the complaint" are subject to those provisions); *In re Cendant Corp. Sec. Litig.*, 139 F. Supp. 2d 585, 593 (D.N.J. 2001) (holding PSLRA bar "applies to prohibit all future claims for contribution

arising out of the action against a settling covered person" and "to the extent a claim is 'integrally related' to the securities claim settled, all contribution claims that arise out of that action are barred"). The federal securities claims asserted in this action are "integrally related" because they all "arise out of practically the exact same factual environment and require nearly identical proofs." *In re Cendant Corp.*, 139 F. Supp. 2d at 593; *see also* Am. Compl. ¶ 1. All of the federal securities claims arise from Plaintiff's alleged purchases of Lehman securities in 2004 through 2008, which claim the securities were artificially inflated by, among other things, alleged misstatements and omissions made, *inter alia*, in Lehman's contemporaneous securities filings. Am. Compl. ¶ 2. The Bar Order is further appropriate because it also provides for the same judgment reduction credit for non-settling defendants that is required under the PSLRA. *See* 15 U.S.C. § 78u-4(f)(7)(B)(i)–(ii).

Accordingly, under both the common law and the PSLRA, the Bar Order is appropriate and should be entered.

## CONCLUSION

For the foregoing reasons, the Bar Order Defendants respectfully request that the Bar Order agreed to in connection with the settlement of this action be entered by the Court.

Dated: November 26, 2013
New York, New York

Respectfully submitted,

ALLEN & OVERY LLP

By: /s/ Todd Fishman
Patricia M. Hynes
(patricia.hynes@allenovery.com)
Todd S. Fishman
(todd.fishman@allenovery.com)
1221 Avenue of the Americas
New York, New York 10020
Tel: 212-610-6300

*Attorneys for Richard S. Fuld, Jr*

PETRILLO KLEIN & BOXER LLP

By: /s/ Joshua Klein
Joshua Klein
(jklein@pkbllp.com)
Guy Petrillo
(gpetrillo@pkllp.com)
655 Third Avenue, 22nd Floor
New York, New York 10017
Tel: 212-370-0334

*Attorneys for Christopher M. O'Meara*

FINN DIXON & HERLING LLP

By /s/ Richard Gora
Alfred U. Pavlis
(apavlis@fdh.com)
Richard S. Gora
(rgora@fdh.com)
177 Broad Street
Stamford, Connecticut 06901
Tel: 203-325-5000

*Attorneys for Erin M. Callan*