UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION<br><br>This Document Applies To:<br><br>*In re Lehman Brothers Equity/Debt Securities Litigation*, 08-CV-5523 (LAK) | Case No. 09-MD-2017 (LAK) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
AUTHORIZATION TO NOTIFY THE SETTLEMENT CLASS OF
PROPOSED SETTLEMENT WITH ERNST & YOUNG LLP AND
<u>TO SCHEDULE A SETTLEMENT HEARING</u>**

I.      **PRELIMINARY STATEMENT**

Court-appointed Class Representative Oklahoma Firefighters Pension and Retirement System ("Oklahoma") and Lead Plaintiffs Alameda County Employees' Retirement Association, Government of Guam Retirement Fund, Northern Ireland Local Government Officers' Superannuation Committee, City of Edinburgh Council as Administering Authority of the Lothian Pension Fund, and Operating Engineers Local 3 Trust Fund ("Lead Plaintiffs" and, collectively with Oklahoma, "Plaintiffs") move pursuant to Fed. R. Civ. P. 23(e) for authorization to provide notice of the proposed Settlement with defendant Ernst & Young LLP ("EY") and to schedule a hearing for consideration of approval of the proposed Settlement.[1] Through this motion, Plaintiffs respectfully request that the Court (i) preliminarily certify the proposed Settlement Class for purposes of effectuating the proposed Settlement; (ii) approve the form and manner of providing notice of the proposed Settlement to the Settlement Class; (iii) schedule a hearing to consider the terms of the proposed Settlement as set forth in the Stipulation and hear from any person or entity who wishes to speak on whether the Court should grant approval of the Settlement and other related issues (the "Settlement Hearing"); and (iv) maintain the stay of all deadlines and other proceedings in the Action to the extent they involve claims against EY, except for the Settlement Hearing.

Subject to Court approval, Plaintiffs have agreed to settle the claims asserted in the Action against EY in exchange for a cash payment of $99,000,000.00. The proposed Settlement is the result of more than three years of hard-fought litigation, which included Plaintiffs' extensive investigation into the claims; the filing of multiple detailed complaints, including the

---

[1] All capitalized terms that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement and Release dated November 20, 2013 (the "Stipulation"), which is being filed concurrently herewith. *See* Exhibit 1 hereto.

operative Third Amended Class Action Complaint (the "Complaint"); briefing on EY's motion to dismiss; briefing on Plaintiffs' motion for class certification; and extensive discovery, including participation in more than 50 depositions and the receipt and review of over 26 million pages of documents. In light of the risks of continued litigation, Plaintiffs respectfully submit that the Settlement is fair, reasonable and adequate, and represents an exceptional recovery for the Settlement Class.

Plaintiffs respectfully request that the Court authorize issuance of the Notice pursuant to Fed. R. Civ. P. 23(e), and establish the following schedule for notice to the Settlement Class and consideration of the proposed Settlement:

| **Event** | **Proposed Due Date** | **Date/Deadline**[2] |
|---|---|---|
| Deadline for mailing the Notice and Claim Form to Settlement Class Members[3] ("Notice Date") | 10 business days following the Court's entry of the Notice Order | December 20, 2013 |
| Deadline for publishing Summary Notice[4] | 10 business days after the Notice Date | January 7, 2014 |
| Deadline for filing of papers in support of approval of Settlement, Plan of Allocation, and Co-Lead Counsel's application for attorneys' fees and expenses | 35 calendar days prior to Settlement Hearing | February 4, 2014 |
| Deadline for receipt of exclusion requests or objections | 21 calendar days prior to Settlement Hearing | February 18, 2014 |

---

[2] The specific proposed dates are respectfully estimated assuming that the Court enters the proposed Notice Order on or about December 6, 2013. In the event that the Court does not enter the proposed Notice Order on or before that date, Co-Lead Counsel respectfully request that the same separation of dates in the schedule be provided for by the Court.

[3] *See* Exhibits A-1 and A-2 to the Notice Order (Exhibit A to the Stipulation).

[4] *See* Exhibit A-3 to the Notice Order.

| Event | Proposed Due Date | Date/Deadline[2] |
|---|---|---|
| Deadline for receipt of request for removal from the excluded list if a Person is a plaintiff named in an Individual Action listed on Appendix C to the Stipulation | 21 calendar days prior to Settlement Hearing | February 18, 2014 |
| Deadline for filing reply papers | 7 calendar days prior to Settlement Hearing | March 4, 2014 |
| Settlement Hearing | At least 100 calendar days after the motion for Notice Order is filed | March 11, 2014 |
| Deadline for submitting Claim Forms[5] | 120 calendar days after the Notice Date | April 19, 2014 |

As this Court is aware, the Court has previously approved the settlements obtained with the Underwriter Defendants ("Underwriter Settlements") and the Lehman Directors and Officers (the "D&O Settlement"). In the event that the Court approves the instant Settlement with EY, as well as the proposed settlement with UBS Financial Services, Inc. obtained on behalf of a class of purchasers of certain structured products (the "SNP Settlement"),[6] this Action will be fully resolved.

## II.  THE SETTLEMENT RESULTS FROM EXTENSIVE NEGOTIATIONS AND LITIGATION

The Settlement is the result of arms'-length negotiations, following substantial litigation, dispositive and non-dispositive motion practice, extensive discovery, consultation with experts, and class certification proceedings. The parties' on-going settlement efforts included in-person and telephonic discussions, as well as formal mediation. In December 2011, the parties

---

[5] As set forth in the Notice, Plaintiffs propose that valid Claim Forms submitted in connection with the D&O Settlement or Underwriter Settlements be accepted for purposes of participating in the Settlement with EY.

[6] The Settlement Hearing for the SNP Settlement is scheduled for December 10, 2013.

- 3 -

participated in an in-person mediation session under the auspices of the Hon. Layn R. Phillips (Ret.), former federal district judge for the Western District of Oklahoma and an experienced and highly respected mediator. Prior to the mediation, Plaintiffs and EY submitted detailed mediation statements setting out their respective positions. While the December 2011 mediation did not result in the resolution of the Action, the discussions allowed each side to better understand the other's position and the parties continued settlement negotiations thereafter.

Following the substantial completion of fact discovery and just prior to the deadline for exchanging expert reports, the parties reached an agreement in principle to settle the Action against EY for $99 million.

### III. CLASS CERTIFICATION FOR SETTLEMENT PURPOSES IS APPROPRIATE

The Parties have stipulated to certification of the Settlement Class, which is described in the Notice. The proposed Settlement Class is defined as follows:

> All investors who (a) purchased or otherwise acquired Lehman Securities identified in Appendix A to the Stipulation, (b) purchased or otherwise acquired Lehman Structured Notes identified in Appendix B to the Stipulation, and/or (c) purchased or otherwise acquired Lehman common stock or call options and/or sold Lehman put options, during the Settlement Class Period (i.e., the period between June 12, 2007 and September 15, 2008, through and inclusive).

Certain persons and entities are expressly excluded from the agreed-upon definition of the Settlement Class, including:

> (i) the named defendants in the Complaint, (ii) Lehman, (iii) the executive officers and directors of each Defendant or Lehman, (iv) any entity in which any Defendant or Lehman have or had a controlling interest, (v) members of any Defendant's immediate families, (vi) the plaintiffs named in the actions listed on Appendix C to the Stipulation (the "Individual Actions") who do not request removal from the excluded list in accordance with Paragraph 34 of the Stipulation (the "Individual Action Plaintiffs"), (vii) any person or entity that has (a) litigated claims in any forum against EY arising out of the purchase of Lehman Securities during any portion of the Settlement Class Period and received a judgment, or (b) settled and released claims against EY arising out of the purchase of Lehman Securities during any portion of the Settlement Class Period (as identified on a confidential exhibit that will be produced by EY on a confidential basis to the Claims Administrator, but shall not be provided to Co-Lead Counsel or Lead

>Plaintiffs or to any other person or entity), and (viii) the legal representatives, heirs, successors or assigns of any such excluded party. Also excluded from the Settlement Class are any persons or entities who exclude themselves by filing a timely request for exclusion in accordance with the requirements set forth in the Notice.

The Second Circuit has long recognized that class actions may be certified for the purpose of settlement only. *See Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982); *In re Marsh & McLennan Cos., Inc. Sec. Litig.*, 2009 WL 5178546, at *8 (S.D.N.Y. Dec. 23, 2009); *see also In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 205 (S.D.N.Y. 1995) (certification of a settlement class "has been recognized throughout the country as the best, most practical way to effectuate settlements involving large numbers of claims by relatively small claimants").

Here, the proposed Settlement Class is substantially similar to the settlement class previously certified for purposes of the D&O Settlement. Like the D&O settlement class, the proposed EY Settlement Class readily satisfies the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. First, the numerosity requirement of Rule 23(a)(1) is satisfied. Notably, over 902,000 notice packets were mailed to potential members of the settlement classes certified by the Court in connection with the D&O and Underwriter Settlements. Here, the size of the Settlement Class will be of a similar size. Therefore, the members of the Settlement Class are sufficiently numerous that joinder of all members would be impracticable. *See, e.g., Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995); *Lapin v. Goldman Sachs & Co.*, 254 F.R.D. 168, 175 (S.D.N.Y. 2008) (class of shareholders numbering in hundreds or thousands satisfied the numerosity requirement).

Second, the Rule 23(a)(2) commonality requirement is also satisfied. The claims asserted in the Action present questions of law and fact common to all Settlement Class Members, including: (i) whether EY violated the federal securities laws through its acts and omissions as

alleged in the Complaint; (ii) whether Lehman's financial statements during the relevant period, and EY's opinions thereon, misrepresented and/or omitted material facts about the business and financial condition of Lehman; (iii) whether the market price of Lehman's securities during the relevant period was artificially inflated due to EY's alleged material misrepresentations and failures to disclose material facts complained of in the Complaint; and (iv) the extent to which the members of the Settlement Class have sustained damages and the proper measure of such damages.  *See In re Initial Pub. Offering Sec. Litig.*, 243 F.R.D. 79, 85 (S.D.N.Y. 2007) (commonality requirement satisfied where "putative class members have been injured by similar material misrepresentations and omissions"); *see also In re Oxford Health Plans, Inc.*, 191 F.R.D. 369, 374 (S.D.N.Y. 2000) ("Where the facts as alleged show that Defendants' course of conduct concealed material information from an entire putative class, the commonality requirement is met."); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (to satisfy commonality requirement, class members' "claims must depend upon a common contention" and "[t]hat common contention . . . must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.").

Third, the Rule 23(a)(3) typicality requirement is satisfied because "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009) (quoting *Robidoux v. Celani,* 987 F.2d 931, 936 (2d Cir.1993)); *see also In re Vivendi Universal, S.A.*, 242 F.R.D. 76, 85 (S.D.N.Y. 2007) (typicality requirement satisfied where "the claims of the named plaintiffs arise from the same practice or course of conduct that gives rise to the claims of the proposed class members." (citation omitted)); *Oxford*

*Health Plans*, 191 F.R.D. at 375. Plaintiffs' claims, and the claims of absent Settlement Class Members, are based on the same legal arguments and would be proven by the same evidence.

Fourth, the Rule 23(a)(4) adequacy requirement is satisfied because Plaintiffs' claims do not conflict with those of other Settlement Class Members, and Co-Lead Counsel are qualified, experienced, and generally able to conduct the litigation. *See In re NYSE Specialists Sec. Litig.*, 260 F.R.D. 55, 73 (S.D.N.Y. 2009) ("The [adequacy] analysis focuses on whether the proposed class representatives possess 'the same interest and suffer the same injury as the class members.'" (quoting *Amchem Prods. v. Windsor*, 521 U.S. 591, 625–26 (1997))); *see also Marsh & McLennan*, 2009 WL 5178546, at *10; *Oxford Health Plans*, 191 F.R.D. at 376; *In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

Lastly, the requirements of Rule 23(b)(3) are established. As discussed above, the common issues relating to EY's liability predominate over any individualized issues. *Amchem*, 521 U.S. at 623 ("The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."). Moreover, class certification is the superior method of litigating the Settlement Class Members' claims. *See In re Blech Sec. Litig.*, 187 F.R.D. 97, 107 (S.D.N.Y. 1999); *Marsh & McLennan*, 2009 WL 5178546, at *12 (recognizing that the "class action is uniquely suited to resolving securities claims," because "the prohibitive cost of instituting individual actions" in such cases gives class members "limited interest in individually controlling the prosecution or defense of separate actions"); *In re Monster Worldwide, Inc. Sec. Litig.*, 251 F.R.D. 132, 139 (S.D.N.Y. 2008) ("as a general rule, securities fraud cases 'easily satisfy the superiority requirement [as] [m]ost violations of the federal securities laws . . . inflict economic injury on large numbers of geographically dispersed persons such that the cost of pursuing individual litigation to seek recovery is often not feasible'"

(quoting *Darquea v. Jarden Corp.*, 2008 WL 622811, at *5 (S.D.N.Y. Mar. 6, 2008))) (alterations in original); *In re NYSE*, 260 F.R.D. at 80 ("[c]ourts have long recognized that [c]lass actions are a particularly appropriate and desirable means to resolve claims based on the securities laws." (quoting *In re Veeco Instruments, Inc. Sec. Litig.*, 235 F.R.D. 220, 235 (S.D.N.Y. 2006))) (alterations in original). Furthermore, concerns regarding Rule 23(b)(3) manageability are not at issue in a class certified for settlement purposes. *See Amchem*, 521 U.S. at 593 ("Whether trial would present intractable management problems . . . is not a consideration when settlement-only certification is requested").

### IV. THE FORM AND MANNER OF NOTICE TO THE SETTLEMENT CLASS SHOULD BE APPROVED

As outlined in the proposed Order Concerning Proposed Settlement with Defendant Ernst & Young LLP (the "Notice Order"), Plaintiffs will notify Settlement Class Members of the proposed Settlement by mailing a Notice and Claim Form to all Settlement Class Members who can be identified with reasonable effort.[7] The Notice will advise Settlement Class Members of, *inter alia*: (i) the pendency of the class action; (ii) the essential terms of the Settlement; and (iii) information regarding Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses. The Notice will also provide specific information regarding the date, time and place of the Settlement Hearing and will set forth the procedures and deadlines for

---

[7] Plaintiffs respectfully request that the Court appoint The Garden City Group, Inc. ("GCG") to serve as the Claims Administrator in connection with the Settlement with EY. GCG – who serves as the Claims Administrator for the D&O and Underwriter Settlements – not only has extensive background knowledge of this case, but having GCG serve as the Claims Administrator for the present Settlement will reduce certain administrative costs as GCG, *inter alia*: (i) maintains the database of potential Settlement Class Members for purposes of mailing; (ii) possesses the calculation programs which will be utilized for calculating Claims under the proposed Plan of Allocation; (iii) maintains the settlement website; and (iv) possesses the Claim Forms submitted in connection with the D&O and Underwriter Settlements which will be processed in connection with this Settlement.

requesting exclusion from the Settlement Class, objecting to any aspect of the Settlement, the proposed Plan of Allocation or the motion for attorneys' fees and reimbursement of Litigation Expenses and submitting a Claim Form.

The Notice will also advise Settlement Class Members that if they already submitted a valid Claim Form in connection with the D&O Settlement or Underwriter Settlements, they do not need to submit another Claim Form in order to be potentially eligible to participate in the Settlement with EY.  Valid Claim Forms submitted in connection with the D&O Settlement or Underwriter Settlements will be processed in connection with this Settlement.  Accordingly, the Notice and Summary Notice "fairly apprise the prospective members of the class of the terms of the proposed settlement[s] and of the options that are open to them in connection with the proceedings." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 114 (2d Cir. 2005) (internal quotation marks omitted).

The proposed Notice Order further mandates that the Summary Notice be published in *The Wall Street Journal* and *Investor's Business Daily*.  Co-Lead Counsel will also post copies of the Notice, as well as other important documents, on their respective firm websites and on the website developed, and currently maintained, for the D&O and Underwriter Settlements, www.LehmanSecuritiesLitigationSettlement.com.  Further, Plaintiffs, through the assistance of the Claims Administrator, will give notice to nominee purchasers such as brokerage firms and other persons who purchased or acquired Lehman Securities as record owners but not as beneficial owners.  Plaintiffs, through the Claims Administrator will also disseminate copies of the Notice directly to counsel for the plaintiffs named in the individual actions listed on

Appendix C to the Stipulation.[8] The form and manner of providing notice to the Settlement Class represent the best notice practicable under the circumstances and satisfy the requirements of due process, Rule 23, and the Private Securities Litigation Reform Act of 1995. *See In re Warner Chilcott Ltd. Sec. Litig.*, 2008 WL 5110904, at *3 (S.D.N.Y. Nov. 20, 2008); *In re Global Crossing Sec. and ERISA Litig.*, 225 F.R.D. 436, 448-49 (S.D.N.Y. 2004).

## V.     CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court enter the proposed Notice Order which will, preliminarily certify the Settlement Class for settlement purposes only, schedule a date and time for the Settlement Hearing to consider approval of the Settlement and related matters following an opportunity for Settlement Class Members to be heard, and stay all hearings, deadlines and other proceedings in the Action to the extent they involve claims against EY, except for the Settlement Hearing.

DATED:  November 27, 2013                         Respectfully Submitted,

                                   **BERNSTEIN LITOWITZ BERGER**
                                      **& GROSSMANN LLP**

By:        /s/ David R. Stickney
      Max Berger
      Steven Singer
      David R. Stickney
      Niki L. Mendoza
      1285 Avenue of the Americas
      New York, NY  10019
      Telephone:  (212) 554-1400
      Facsimile:  (212) 554-1444

---

[8] Pursuant to the Stipulation, the Individual Action Plaintiffs are excluded from the Settlement Class; however, the Individual Action Plaintiffs may remove themselves from the excluded list and participate in the Settlement by requesting such removal in writing, agreeing to forego their particular Individual Action and agreeing not to object to any aspect of the Settlement, including the terms of the Settlement, the Plan of Allocation or the requested attorneys' fees and reimbursement of Litigation Expenses.

- 11 -

KESSLER TOPAZ
   MELTZER & CHECK, LLP


By:      /s/ David Kessler
       David Kessler
       Gregory M. Castaldo
       Kimberly Justice
       Jennifer L. Enck
       280 King of Prussia Road
       Radnor, PA 19087
       Telephone: (610) 667-7707
       Facsimile: (610) 667-7056

*Co-Lead Counsel for Plaintiffs*
*and the Settlement Class*