UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re LEHMAN BROTHERS SECURITIES
AND ERISA LITIGATION

This Document Applies To:

    In re Lehman Brothers Equity/Debt
    Securities Litigation, 08-CV-5523-LAK

Case No. 09-MD-2017 (LAK)

ECF CASE

## JUDGMENT AND ORDER APPROVING SETTLEMENT BETWEEN STRUCTURED PRODUCT PLAINTIFFS AND UBS FINANCIAL SERVICES INC.

This matter came for hearing on December 10, 2013 (the "Settlement Hearing") on the application of the Settling Parties to determine (1) whether the terms and conditions of the Stipulation of Settlement (the "Stipulation" or "Settlement") between the Structured Products Class Representatives and Defendant UBS Financial Services Inc. ("UBSFS" or "Settling Defendant") dated September 11, 2013 are fair, reasonable, and adequate, and should be approved; (2) whether a final judgment should be entered (a) dismissing the Third Amended Class Action Complaint for Violations of the Federal Securities Laws (along with any predecessor version, the "Complaint") on the merits and with prejudice in favor of Settling Defendant only, and as against Settlement Class Members; (b) releasing the Released Claims as against the Settling Defendant and all other Released Parties, and (c) entering the Bar Order and judgment reduction provisions set forth in paragraphs 13 and 14 herein. The Court, having considered all matters submitted to it at the Settlement Hearing and otherwise, and it appearing that a notice of the Settlement Hearing substantially in the form approved by the Court was

1

mailed to all persons and entities reasonably identifiable as members of the Settlement Class, and

that a summary notice of the Settlement Hearing substantially in the form approved by the

Court was published in the national edition of *The Wall Street Journal* and *Investor's Business*

*Daily* pursuant to the specifications of the Court;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Judgment hereby incorporates by reference the definitions in the

Settlement, and all capitalized terms used herein shall have the same meaning as set forth in

the Stipulation including:

a. "Released Parties" shall mean Settling Defendant and any and all of its
current and former trustees, officers, directors, partners, principals, predecessors,
successors, assigns, attorneys, parents, affiliates, employers, employees, agents,
subsidiaries, and any of their heirs, joint tenants, tenants in common, beneficiaries,
executors, and administrators, but specifically does not include any other Defendants.

b. "Released Claims" shall mean any and all claims, rights, demands,
liabilities and causes of action of every nature and description, to the fullest extent that
the law permits their release in this Action, whether known claims or Unknown Claims,
whether arising under federal, state, common or foreign law, whether class, derivative or
individual in nature, that the Structured Products Class Representatives or any other
member of the Settlement Class: (a) alleged in the Complaint or the Action, or (b) could
have asserted in any forum that arise out of or are based upon or are related to the
allegations, contentions, transactions, facts, matters or occurrences, representations or
omissions involved, set forth, or referred to in the Complaint or the Action, including
without limitation any claims relating to (i) alleged misrepresentations or omissions in
connection with the recommendation, sale or marketing of Structured Products to
Settlement Class Members, and/or (ii) the purchase, acquisition or holding of the
Structured Products. Notwithstanding the foregoing, the Releasing Parties, through the
release in the Settlement, will not release: (i) any claims against Ernst & Young LLP;
(ii) any claims or interests in the Lehman Bankruptcy Proceeding or the LBI SIPA
Proceeding asserted by any Settlement Class Member based upon the ownership of any
Lehman security which is entitled to a distribution under any confirmed plan of
reorganization in the Lehman Bankruptcy Proceeding because of such ownership; or (iii)
claims relating to the enforcement of the Settlement.

2. This Court has jurisdiction to enter this Judgment. The Court has jurisdiction

over the subject matter of the Action and over all parties to the Action, including all

2

Settlement Class Members.

3.     The Court hereby affirms its findings in its Order Concerning Proposed Settlement with UBS Financial Services Inc., dated September 16, 2013 (the "Preliminary Order"), that for purposes of the Settlement only, the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Structured Products Class Representatives are typical of the claims of the Settlement Class; (d) the Structured Products Class Representatives and Structured Products Class Counsel will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     The Court further affirms its determinations in the Preliminary Order and finally certifies, for purposes of the Settlement only, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), that the Action shall proceed as a class action on behalf of all persons and entities that bought or otherwise acquired any of the Structured Products set forth in Exhibit A to the Preliminary Order and who were damaged thereby ("Settlement Class"). Excluded from the Settlement Class are (i) Defendants; (ii) current and former executive officers and directors of each Defendant, and the members of their immediate families; (iii) the members of Defendants' immediate families; (iv) any entity in which a Defendant owns a majority interest, provided, however, that the Settlement Class shall include any investment company or pooled investment fund, including without limitation mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which any Defendant has or may have a direct or

3

indirect interest, or as to which it or its affiliates may act as an investment advisor but in which the Defendant or any of its affiliates is not a majority owner or does not hold a majority beneficial interest: (v) Lehman; (vi) any person or entity that has (a) litigated claims in any forum against UBSFS arising out of the purchase of Structured Products and received a judgment, or (b) settled and released claims against UBSFS arising out of the purchase of Structured Products (as identified on a confidential Exhibit which has been produced by UBSFS on a confidential basis to the Claims Administrator); and (vii) the legal representatives, heirs, successors or assigns of any excluded party. Also excluded from the Settlement Class are the persons and entities that timely and validly requested exclusion from the Settlement Class as listed on the attached Exhibit 1.

5.     Pursuant to Federal Rule of Civil Procedure 23, for purposes of the Settlement only, this Court affirms its findings in the Preliminary Order that the Structured Products Class Representatives are adequate class representatives and finally certifies Mohan Ananda, Richard Barrett, Ed Davis, Neel Duncan, Rick Fleischman, Nick Fotinos, Gastroenterology Associates, Ltd. Profit Sharing Plan and Trust FBO Charles M. Brooks, MD, Stephen Gott, Karim Kano, David Kotz, Barbara Moskowitz, Ronald Profili, Joseph Rottman, Shea-Edwards Limited Partnership, Juan Tolosa, Grace Wang and Miriam Wolf as Settlement Class Representatives.

6.     Having considered the factors described in Federal Rule of Civil Procedure 23(g), the Court hereby appoints the law firm of Girard Gibbs LLP as Structured Products Class Counsel.

7.     Notice of the pendency of this Action as a class action and of the proposed Settlement was given to potential Settlement Class Members in accordance with the Court's Preliminary Order. The form and method of notifying potential Settlement Class Members of

the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Federal Rule of Civil Procedure 23, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and the Constitution of the United States, and constituted the best notice practicable under the circumstances.

8.      Pursuant to and in compliance with Federal Rule of Civil Procedure 23, the Court hereby finds that due and adequate notice of these proceedings was directed to all potential Settlement Class Members, advising them of the Settlement, of Structured Products Class Counsel's intent to apply for attorneys' fees and reimbursement of Litigation Expenses associated with the Action, and of their right to object thereto, and that a full and fair opportunity was accorded to all such potential Settlement Class Members to be heard with respect to the foregoing matters, or to exclude themselves from the Settlement Class and the Settlement. Thus, it is hereby determined that all members of the Settlement Class, who did not timely and validly elect to exclude themselves by written communication postmarked no later than the date set forth in the Notice and the Preliminary Order, are bound by this Judgment.

9.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement as set forth in the Stipulation, and finds that the Settlement is in all respects fair, reasonable and adequate, and in the best interests of Settlement Class Members. This Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

10.     The Action, the Complaint, and the claims asserted therein by the Structured

5

Products Class Representatives are hereby dismissed with prejudice against the Settling Defendant and without costs except for the payments expressly provided for in the Stipulation.

11. Upon the Effective Date, each of the Structured Products Class Representatives and all other Settlement Class Members release and shall be deemed by operation of law to have irrevocably, absolutely and unconditionally, fully, finally and forever released, waived, discharged and dismissed each and every Released Claim against each and all of the Released Parties with prejudice, and shall forever be enjoined from prosecuting any or all Released Claims against any Released Party.

12. Upon the Effective Date, the Settling Defendant releases and shall be deemed by operation of law to have irrevocably, absolutely and unconditionally, fully, finally and forever released, waived, discharged and dismissed the Released Parties' Claims against each and all of the Structured Products Class Representatives and any of their spouses or representatives, Arthur Simons and his spouse, and Structured Products Plaintiffs' Counsel, and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims against any of the Structured Products Class Representatives and any of their spouses or representatives, Arthur Simons and his spouse, and Structured Products Plaintiffs' Counsel.

13. Upon the Effective Date, any and all claims for contribution and indemnification (or any other claim where the injury is the person's or entity's liability to one or more members of the Settlement Class), arising from, relating to, or in connection with the Released Claims (i) by any person or entity against any or all of the Released Parties, their insurers, subrogees or assigns, or anyone acting on behalf of the Released Parties, their insurers, subrogees or assigns, or (ii) by any or all of the Released Parties, their insurers, subrogees or assigns, or anyone acting on behalf of the Released Parties, their insurers, subrogees or assigns against any Defendant

6

(other than the Settling Defendant), its insurers, subrogees or assigns, or anyone acting on behalf of any Defendant (other than the Settling Defendant), its insurers, subrogees or assigns, other than a person or entity whose liability to the Settlement Class has been extinguished pursuant to this Settlement, are, to the fullest extent provided by law, permanently barred and fully discharged, *provided that* the discharge of such claims shall not affect any Defendant's claims or defenses arising under the Distribution Agreement, dated May 30, 2006, or filed against Lehman in its bankruptcy proceeding or against LBI in the LBI SIPA Proceeding.

14.     Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or any Settlement Class Member against any person or entity subject to the Bar Order in paragraph 13 shall be reduced by the greater of: (i) an amount that corresponds to the percentage of responsibility of the Settling Defendant for common damages; or (ii) the amount paid by or on behalf of the Settling Defendant to the Settlement Class or the Settlement Class Member, as applicable, for common damages.

15.     This Judgment and the Stipulation, whether or not the Judgment becomes Final, and any proceedings taken pursuant to the Stipulation, including exhibits, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

a.     shall not be offered or admitted against any of the Released Parties as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of the Released Parties with respect to the truth of any fact alleged by Structured Products Class Representatives or the validity of any claim that was or could have been asserted against any of the Released Parties in this Action or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Released Parties;

7

b.      shall not be offered or admitted against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties or associated with any Structured Products sold or underwritten by the Released Parties, or against any of the Structured Products Class Representatives or any other Settlement Class Members as evidence of any infirmity in the claims of the Structured Products Class Representatives or the other Settlement Class Members;

c.      shall not be offered or admitted against any of the Released Parties as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of the Released Parties that any of the Court's prior decisions in the Action, including without limitation the Motion to Dismiss Order and the Class Certification Order, were correct or free of error, or as a waiver of any of the arguments or defenses set forth in the Recitals;

d.      shall not be offered or admitted against any of the Released Parties or against any of the Structured Products Class Representatives or any other Settlement Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, or against any of the Structured Products Class Representatives or any other Settlement Class Members, in any other civil, criminal or administrative action, arbitration or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Settling Defendant, any Released Party, Structured Products Class Representatives, and any other Settlement Class Member may file the Stipulation and/or the Judgment in

8

any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

     e.     shall not be construed against any Released Parties, any Structured Products Class Representative or any other Settlement Class Member as an admission, concession or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

     f.     shall not be construed as or admitted in evidence as an admission, concession or presumption against any Structured Products Class Representative or any other Settlement Class Member that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

16.     The Court reserves jurisdiction over, without affecting in any way the finality of this Judgment, (a) implementation and enforcement of the Settlement; (b) approval of a plan of allocation; (c) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (d) disposition of the Settlement Fund; (e) hearing and determining Structured Products Class Counsel's application for attorneys' fees and reimbursement of Litigation Expenses; (f) the enforcement and administration of this Judgment; (g) the enforcement and administration of the Settlement, including any releases executed in connection with the Settlement; and (h) any other matter related or ancillary to the foregoing.

17.     Separate orders shall be entered regarding the Structured Products Class Representatives' motion for approval of the proposed Plan of Allocation and Structured

9

Products Class Counsel's application for attorneys' fees and reimbursement of Litigation Expenses. Those Orders shall not disturb or affect any of the terms of this Judgment.

18.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Settling Defendant (or such persons or entities responsible for funding the Settlement Amount), and is not replaced by others, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; (b) the fact of the Settlement shall not be admissible for any purpose and the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in this Action as of June 7, 2013; and (c) the Settlement Amount plus accrued interest, less any Taxes paid or due with respect to such income, and less Notice and Administration Costs actually and reasonably incurred and paid or payable, shall be returned in full as provided in paragraph 37 of the Stipulation.

19.     Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: **Dec. 10, 2013**

The Honorable Lewis A. Kaplan
United States District Judge

10

## EXHIBIT 1

### Persons and Entities Requesting Exclusion from the Settlement Class

1. Michael S. Shaw
   West Palm Beach, FL

2. Arlen and Yvonne Wittrock
   Pocatello, ID

3. Nikland Enterprises, LP.
   Stephanie Schumacher
   c/o Aidikoff, Uhl & Bakhtiari
   Austin, TX

4. Mei-Mei Chen
   c/o Judy Pai Hua Lin
   c/o Aidikoff, Uhl & Bakhtiari
   Pasadena, CA

5. Yen Hsi Chen
   c/o Judy Pai Hua Lin
   c/o Aidikoff, Uhl & Bakhtiari
   Pasadena, CA

6. Hui-Quan Han and Minnie Chou
   TTEES
   Hui-Quan Han and Minnie Chou
   Family Trust DTD 11/03/06
   c/o Aidikoff, Uhl & Bakhtiari
   Thousand Oaks, CA

7. Society for Buddhist Renaissance
   c/o May Yau
   c/o Aidikoff, Uhl & Bakhtiari
   Torrance, CA

8. Cardiology Assoc. of Lexington 401k
   Profit Sharing Plan
   FBO John P. Loventhal
   c/o Mihalek Law
   Lexington, KY

9. John and Molly Caudill
   c/o Mihalek Law
   Lexington, KY

10. Carol A. Fening
    c/o Mihalek Law
    Lexington, KY

11. Ivy Kuan
    c/o Aidikoff, Uhl & Bakhtiari
    Walnut, CA

12. Mei Yun Yang
    c/o Aidikoff, Uhl & Bakhtiari
    Taipei, Taiwan

13. Thomas T. Tucker
    c/o Mihalek Law
    Bradfordsville, KY

14. Reishier Jui-Chiang Cheng and Scott
    Hsin Jung Cheng as Joint Owners and
    as Trustees of the Leponitt Trust
    c/o Aidikoff, Uhl & Bakhtiari
    Claremont, CA

15. Kelly A. Chaka
    Mentor, OH

16. Melissa Dougherty
    c/o Zamansky LLC
    Austin, TX

17. Jean Ezzell Paulson
    JMD 3 LLC
    c/o Zamansky LLC
    Lexington, KY

18. Paul Louis Paesano
    c/o Zamansky LLC
    Rockville Centre, NY

19. Leonardo T. Llames
    c/o Zamansky LLC
    Rio Verde, AZ

20. Ronald F. Moening and Francis L.
    Moening
    c/o Zamansky LLC
    Bloomington, MN

21. Ronald F. Moening
    c/o Zamansky LLC
    Bloomington, MN

22. Stephen Anesti Zoto
c/o Zamansky LLC
Ambler, PA

23. Joanne Marie Zoto
c/o Zamansky LLC
Ambler, PA

24. Sharon A. Chang
c/o Zamansky LLC
Kingston, PA

25. Rhonda Rachlin & Mitchell Rachlin
c/o Zamansky LLC
Sag Harbor, NY

26. Donna J. Jablonski
c/o Zamansky LLC
Marlton, NJ

27. Scott R. Ward
c/o Zamansky LLC
Cincinnati, OH

28. Keith G. Berg and Mary L. Hedblom
Living Family Trust U/A DTD March
13, 2002
Keith G. Berg and Mary L. Hedblom
c/o Zamansky LLC
Mundelein, IL

29. J & E Chen Family Trust U/A DTD
5-6-94
Joseph L. Chen and Elizabeth S. Chen
CO-TTEES
c/o Aidikoff, Uhl & Bakhtiari
Dana Point, CA

30. Dennis M. Gehrisch Trust
Dennis M. Gehrisch TTEE
Mentor, OH

31. Michael & Judith Campbell
c/o Shepherd Smith Edwards &
Kantas
Tequesta, FL

32. John J. Davidson, Jr. and
Greta R. Davidson
c/o Shepherd Smith Edwards &
Kantas
Bel Air, MD

33. Charles A. Ritchey & Joell L. Ritchey
c/o Shepherd Smith Edwards &
Kantas
Fallston, MD

34. Lisa Alston
c/o Graham Law
Oklahoma City, OK

35. George and Aggie Auer
c/o Graham Law
Holladay, UT

36. Vernon Beevers
c/o Graham Law
Evanston, WY

37. George and Margo Blakeslee
c/o Graham Law
Evanston, WY

38. Guy Bledsoe
c/o Graham Law
Eagle, ID

39. Kent Bloomfield
c/o Graham Law
Evanston, WY

40. Dan Bolen
c/o Graham Law
Scottsdale, AZ

41. Reindhardt Bsumek
c/o Graham Law
Sandy, UT

42. Steve Caspersen
c/o Graham Law
Mountain View, CA

43. Lisa Corbett
c/o Graham Law
Lakewood, CO

44. Christopher Davis
c/o Graham Law
Henderson, NV

45. Scott L. Dickerson
c/o Graham Law
Lyman, WY

46. Chris Edgel
c/o Graham Law
Big Piney, WY

47. Art Fermelia
c/o Graham Law
Rock Springs, WY

48. Bryan and Julie Geary
c/o Graham Law
Morgan, UT

49. Robert Goddard
c/o Graham Law
Ogden, UT

50. Brent and Marianne Gourley
c/o Graham Law
Alpine, UT

51. Dorathy M. and George Hart
c/o Graham Law
SLC, UT

52. Kevin Henrie
c/o Graham Law
Bountiful, UT

53. Bert and Jeanne Johnson
c/o Graham Law
Midvale, UT

54. Steven F. Johnson
c/o Graham Law
Willow, AK

55. Darrell T. Jones
c/o Graham Law
Draper, UT

56. Glenna M. Jones
c/o Graham Law
Syracuse, UT

57. Lois and Thomas L. Jones
c/o Graham Law
Bountiful, UT

58. Tamara Jones
c/o Graham Law
Henderson, NV

59. Marsha Kauffman
c/o Graham Law
Sandy, UT

60. Carolyn Kawabata
c/o Graham Law
Kaysville, UT

61. Robert Kennedy
c/o Graham Law
Sandy, UT

62. Duncan Lambert
c/o Graham Law
Salt Lake City, UT

63. Jeff Lenart
c/o Graham Law
Lakewood, CO

64. Christie and Craig Lester
c/o Graham Law
Evanston, WY

65. R.N. Malouf
c/o Graham Law
Logan, UT

66. William Marchione
c/o Graham Law
Kemmerer, WY

67. Shawn and Cari Martin
c/o Graham Law
Evanston, WY

68. Sharon Peacock McCully
c/o Graham Law
Cottonwood Heights, UT

69. Milton Mecham
c/o Graham Law
Kemmerer, WY

70. Norm Moreau
c/o Graham Law
Las Vegas, NV

71. Mitchell J. and Kristy A. Nielson
c/o Graham Law
Rock Springs, WY

72. Peggy Nielson
c/o Graham Law
Monroe, UT

73. Paul and Nancy Parker
c/o Graham Law
Rock Springs, WY

74. Tamara Parsons
c/o Graham Law
Monroe, UT

75. Paul Peterson
c/o Graham Law
Green River, WY

76. Jim and Julie Phillips
c/o Graham Law
Evanston, WY

77. Steve and Mary Ellen Prescott
c/o Graham Law
Santaquin, UT

78. John T. Price
c/o Graham Law
Green River, WY

79. Cris Roberts
c/o Graham Law
Las Vegas, NV

80. Lorin Ronnow
c/o Graham Law
SLC, UT

81. Ed and Barbara Ropelato
c/o Graham Law
Diamondville, WY

82. Thomas P. Rudy
c/o Graham Law
Mountain View, WY

83. Barbara Savor
c/o Graham Law
Evanston, WY

84. Vincent Schibetta
MMC Contractors West, Inc.
c/o Graham Law
Las Vegas, NV

85. Rodney Schulz
c/o Graham Law
Clinton, UT

86. Paul R. Skog
c/o Graham Law
Evanston, WY

87. Pete Simpson
c/o Graham Law
Green River, WY

88. John and Jennifer Spears
c/o Graham Law
North Las Vegas, NV

89. Chesley Smiley
c/o Graham Law
Frisco, TX

90. Cheryl Taricco
c/o Graham Law
Henderson, NV

91. Jerald and Linda Wiebe
c/o Graham Law
Green Valley, AZ

92. Steiner & Libo Professional Corp
401K U/A DTD 01/01/98
FBO Leonard Steiner
Leonard Steiner TTEE
Beverly Hills, CA

93. Steiner & Libo Professional Corp
401K U/A DTD 01/01/98
FBO David Libo
Leonard Steiner TTEE
Beverly Hills, CA

94. Steiner & Libo Professional Corp
Cash Balance Pension Plan & Trust
Leonard Steiner TTEE
Beverly Hills, CA

95. James R. Marlowe, II
c/o Mihalek Law
Georgetown, KY

96. Edward Schwartz
Longmeadow, MA

97. Ann Harriet Cole
Arlington, VT

98. The Bill B. & Mitchell W. Dewitt
Associates Limited Partnership
Bill & Michelle Dewitt
c/o Shepherd Smith Edwards &
Kantas
Fairfax, VA

99. Hsiao Yi-Li Lim and Chin Chuan
Lim
c/o Aidikoff, Uhl & Bakhtiari
Taipei, Taiwan

100. James R. Hammes IRA
Racine, WI

101. David Rose
c/o Zamansky LLC
Los Angeles, CA

102. Joanna Speed
c/o Zamansky LLC
Los Angeles, CA

103. Jitender Vij
c/o Zamansky LLC
Trumbull, CT

104. Reecie Stagnolia
c/o Zamansky LLC
Cumberland, KY

105. Robert Rudnick
c/o Zamansky LLC
Galloway, NJ

106. Robert Rudnick & Shirley Rudnick
c/o Zamansky LLC
Galloway, NJ

107. Shirley Rudnick
c/o Zamansky LLC
Galloway, NJ

108. Clare Rose Living Trust U/A/D
08/23/1996
Clare Rose
c/o Zamansky LLC
Los Angeles, CA

109. Lawrence Rose
c/o Zamansky LLC
Beverly Hills, CA

110. John W. Sapanski Trust U/A/D
11/08/95
John W. Sapanski
c/o Zamansky LLC
Saint Petersburg, FL

111. Elizabeth Sapanski Trust U/A/D
11/08/95
Elizabeth Sapanski
c/o Zamansky LLC
Saint Petersburg, FL

112. Paulits Foundation
James M. Paulits
c/o Zamansky LLC
Berwyn, PA

113. Lisbeth Holbrook Jones Living Trust
c/o Jonathan W. Evans & Associates
Palo Alto, CA

114. Elizabeth Edelstein
c/o Shepherd Smith Edwards &
Kantas
Phoenix, MD

115. Arthur K. Olsen, Jr.
c/o Shepherd Smith Edwards &
Kantas
Sunset Beach, NC

116. Donahue Living Trust
Silvia Donahue TTEE
c/o Jonathan W. Evans & Associates
Malibu, CA

117. Grandchildren Trust FBO Garrett Joel
Donahue Holding
c/o Jonathan W. Evans & Associates
Malibu, CA

118. Andu Ltd, L.P. Donahue Holding
Pleg'd Coll Acct
c/o Jonathan W. Evans & Associates
Malibu, CA

119. Andu Ltd, L.P. Pleg'd Coll Acct
c/o Jonathan W. Evans & Associates
Malibu, CA

120. Andu Ltd, L.P. Lindig Holding
Pleg'd Coll Acct
c/o Jonathan W. Evans & Associates
Malibu, CA

121. Excelline Food Products Inc. &
AFFCOS Defined Benefit
Pension Plan Holding
c/o Jonathan W. Evans & Associates
Malibu, CA

122. Andu Ltd, L.P. Lindig Grandchildren
Holding Pleg'd Coll Acct
c/o Jonathan W. Evans & Associates
Malibu, CA

123. Andu Ltd, L.P. Garrett Donahue
Holding
Pleg'd Coll Acct
c/o Jonathan W. Evans & Associates
Malibu, CA

124. Andu Ltd, L.P. Macedonio Holding
Pleg'd Coll Acct
c/o Jonathan W. Evans & Associates
Malibu, CA

125. Andu Ltd, L.P. Pungus Macedonio
Holding
c/o Jonathan W. Evans & Associates
Malibu, CA

126. BJ Hoppe
c/o Lax & Neville, LLP
New York, NY

127. Dorothy M. Coleman Revocable
Trust and Established Tax Shelter
Trust
Maryanne Harmuth TTEE
c/o Lax & Neville, LLP
Madison, CT

128. Justin, Taylor and Ross Mondshine
Accounts
Randi Mondshine TTEE
c/o Lax & Neville, LLP
Roslyn, NY

129. Jonathan and Fred Kutnick Accounts
Michele Kutnick TTEE
c/o Lax & Neville, LLP
Cresskill, NJ

130. The Jules J Bonavolonta Trust
Jules Bonavolonta
c/o Lax & Neville, LLP
Vero Beach, FL

131. Linda Bloch
c/o Lax & Neville, LLP
Easton, PA

132. Ronald A. Balkin
c/o Lax & Neville, LLP
New Hyde Park, NY

133. John Cirillo
c/o Lax & Neville, LLP
Monroe, NY

134. Frances Demiris Bayiokos
c/o Lax & Neville, LLP
Harrington Park, NJ

135. Jacqueline Gadaleta
c/o Lax & Neville, LLP
Woodcliff Lake, NJ

136. Mary Hubert
c/o Lax & Neville, LLP
Tenafly, NJ

137.  Herold & Co., Inc.
      c/o Doreen Herold
      c/o Lax & Neville, LLP
      Hackensack, NJ

138.  Nancy Kraft
      c/o Lax & Neville, LLP
      Hohokus, NJ

139.  Richard Seta
      c/o Lax & Neville, LLP
      Morganville, NJ

140.  Marie Smyth
      c/o Lax & Neville, LLP
      New York, NY

141.  Steven & Elizabeth Zaillian Living
      Trust
      U/D/T DTD 4/29/08
      Steven and Elizabeth Zaillian TTEES
      c/o Zamansky LLC
      Santa Monica, CA

142.  Susan J. Eliot
      Pasadena, CA

143.  Peter Moren
      Pasadena, CA

144.  Sammy W. Pearson and Barbara E.
      Pearson
      Fairfax, VA

145.  Sammy W. Pearson
      Fairfax, VA

146.  Barbara E. Pearson
      Fairfax, VA