*Kaplan. J.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION

This Document Applies To:

*In re Lehman Brothers Equity/Debt Securities Litigation*, 08-CV-5523 (LAK)

Case No. 09-MD-2017 (LAK)

ECF CASE

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/16/2014

## [PROPOSED] JUDGMENT AND ORDER APPROVING SETTLEMENT BETWEEN PLAINTIFFS AND ERNST & YOUNG LLP

This matter came for hearing on April 16, 2014 (the "Settlement Hearing"), on the application of the Settling Parties to determine (i) whether the terms and conditions of the Stipulation of Settlement and Release between Plaintiffs, on behalf of themselves and the Settlement Class, and Ernst & Young LLP ("EY") (the "Stipulation") are fair, reasonable, and adequate, and should be approved. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that a notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all persons and entities reasonably identifiable as members of the Settlement Class, and that a summary notice of the Settlement Hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* and *Investor's Business Daily* pursuant to the specifications of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Judgment hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meaning as set forth in the Stipulation.

1

2.     This Court has jurisdiction to enter this Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.     The Court hereby affirms its findings in its prior Order dated December 3, 2013 (the "Notice Order," ECF No. 542), that for purposes of the Settlement only, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class they seek to represent; (d) the Settlement Class Representatives and Co-Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     The Court further affirms its determinations in the Notice Order and finally certifies, for purposes of the Settlement only, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Action to proceed as a class action on behalf of all investors who (a) purchased or otherwise acquired Lehman Securities identified in Appendix A to the Stipulation, (b) purchased or otherwise acquired Lehman Structured Notes identified in Appendix B to the Stipulation, and/or (c) purchased or otherwise acquired Lehman common stock or call options and/or sold Lehman put options, during the Settlement Class Period. Excluded from the Settlement Class are (i) the named defendants in the Complaint, (ii) Lehman, (iii) the executive officers and directors of each Defendant or Lehman, (iv) any entity in which

any Defendant or Lehman have or had a controlling interest, (v) members of any Defendant's immediate families, (vi) the plaintiffs named in the actions listed on Appendix C to the Stipulation (the "Individual Actions") who did not request removal from the excluded list in accordance with Paragraph 34 of the Stipulation (the "Individual Action Plaintiffs"); (vii) any person or entity that has (a) litigated claims in any forum against EY arising out of the purchase of Lehman Securities during any portion of the Settlement Class Period and received a judgment, or (b) settled and released claims against EY arising out of the purchase of Lehman Securities during any portion of the Settlement Class Period (as identified on a confidential exhibit that was or will be produced by EY on a confidential basis to the Claims Administrator, but shall not be provided to Lead Counsel or Lead Plaintiffs or to any other person or entity); and (viii) the legal representatives, heirs, successors or assigns of any such excluded party.  Also excluded from the Settlement Class are the persons and/or entities who timely and validly requested exclusion from the Settlement Class as listed on Exhibit 1 annexed hereto.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the Settlement only, this Court affirms its findings in the Notice Order that the Settlement Class Representatives are adequate class representatives and finally certifies them as Settlement Class Representatives, and finally certifies the law firms of Bernstein Litowitz Berger & Grossmann LLP and Kessler Topaz Meltzer & Check, LLP as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

6.      Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of

due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

7.     Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Settlement Class Members, advising them of the Settlement, of Co-Lead Counsel's intent to apply for attorneys' fees and reimbursement of Litigation Expenses associated with the Action, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Settlement Class Members to be heard with respect to the foregoing matters.  Thus, it is hereby determined that all Settlement Class Members who did not timely and validly elect to exclude themselves by written communication postmarked or otherwise delivered on or before the date set forth in the Notice and the Notice Order, are bound by this Judgment.

8.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class Members, including Plaintiffs.  This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties.  Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

9.    The Complaint is hereby dismissed with prejudice as against EY and without costs against any of the parties, except for the payments expressly provided for in the Stipulation.

10.    Upon the Effective Date, each of the Named Plaintiffs and all other Settlement Class Members release and shall be deemed by operation of law to have irrevocably, absolutely and unconditionally, fully, finally and forever released, waived, discharged and dismissed each and every Settled Claim against each and all of the Released Parties with prejudice, and shall forever be enjoined from prosecuting any or all Settled Claims against any Released Party.

11.    Upon the Effective Date, EY, on behalf of itself and the other Released Parties release and shall be deemed by operation of law to have released, waived, discharged and dismissed each and every Released Parties' Claims against each and all of the Named Plaintiffs, and their respective counsel, and any other Settlement Class Member, and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims against Named Plaintiffs, their respective counsel, or any other Settlement Class Member.

12.    This Judgment, the Stipulation, and any of their terms and provisions, and any of the negotiations or proceedings connected with it, and any of the documents or statements referred to therein:

a.    shall not be offered or received against any of the Released Parties as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of the Released Parties with respect to the truth of any fact alleged by Named Plaintiffs or the validity of any claim that was or could have been asserted against any of the Released Parties in this Action or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Released Parties;

5

b.      shall not be offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against any of the Named Plaintiffs or any other Settlement Class Members as evidence of any infirmity in the claims of the Named Plaintiffs or the other Settlement Class Members;

c.      shall not be offered or received against any of the Released Parties or against any of the Named Plaintiffs or any other Settlement Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, or against any of the Named Plaintiffs or any other Settlement Class Members, in any other civil, criminal or administrative action, arbitration or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, EY, Named Plaintiffs and any other Settlement Class Member may refer to it to effectuate the protection from liability granted them thereunder and/or by the Judgment, or otherwise to enforce the terms of the Settlement;

d.      shall not be construed against any Released Parties, any Named Plaintiff or any other Settlement Class Member as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

e.      shall not be construed as or received in evidence as an admission, concession or presumption against any Named Plaintiff or any other Settlement Class Member that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

13.     The Court reserves jurisdiction over, without affecting in any way the finality of this Judgment, (a) implementation and enforcement of the Settlement; (b) approving a plan of

allocation; (c) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (d) disposition of the Settlement Fund; (e) hearing and determining Co-Lead Counsel's application for attorneys' fees, costs, interest and expenses, including fees and costs of experts and/or consultants; (f) hearing and determining Plaintiffs' application for their reasonable costs and expenses directly related to their representation of the Settlement Class; (g) enforcing and administering this Judgment; (h) enforcing and administering the Stipulation including any releases executed in connection therewith; and (i) other matters related or ancillary to the foregoing.

14.     Separate Orders shall be entered regarding Lead Plaintiffs' motion for approval of the proposed Plan of Allocation and Co-Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses.  Such Orders shall not disturb or affect any of the terms of this Judgment.

15.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to EY (or such persons or entities responsible for funding the Settlement Amount), and such amount is not replaced, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; (b) the fact of the Settlement shall not be admissible in any trial of this Action and the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in this Action immediately prior to October 11, 2013; and (c) the Settlement Amount, less any Taxes paid or due with respect to such income, and less Notice and Administration Costs actually incurred and paid or payable, shall be returned as provided in the Stipulation.

16.   Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17.   There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

18.   The Clerk shall terminate 08 Civ. 5523 DI 547 and 09 MD 2017 DI 1379.

Dated: _____            _____
          4/16/14                             The Honorable Lewis A. Kaplan
                                              United States District Judge

## EXHIBIT 1
**(Requests for Exclusion from the EY Settlement Class)**

Robert D. Aitcheson

Timothy J. Anderson

George W. Dignan, Jr.

Mary & Ross Hildreth

Liliane LeBlanc

James M. Thompson