USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/2014

RECEIVED APR 15 2014 JUDGE KAPLAN'S CHAMBERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re LEHMAN BROTHERS SECURITIES
AND ERISA LITIGATION

This Document Applies To:

*In re Lehman Brothers Equity/Debt
Securities Litigation*, 08-CV-5523 (LAK)

Case No. 09-MD-2017 (LAK)

ECF CASE

PRETRIAL ORDER No. 86

[PROPOSED] ORDER APPROVING PAYMENT OF ELIGIBLE CLAIMS-IN-PROCESS, LATE ADJUSTED CLAIMS, AND LATE SUBMITTED CLAIMS

Lead Plaintiffs, on notice to Defendants' counsel, moved this Court for an order (i) approving the Claims Administrator's determinations regarding the acceptance and rejection of those claims that were referred to as "Claims-in-Process" in this Court's June 10, 2013 Order Approving Distribution Plan ("Initial Distribution Order"), so that distributions can be made in accordance with the Initial Distribution Order to those Claimants whose Claims-in-Process are eligible for payment; (ii) approving for payment certain claims that were rejected in their entirety or in part in the Initial Distribution Order but as to which the deficiencies have subsequently been cured; (iii) approving for payment otherwise eligible claims that were submitted after the cut-off date used in connection with the Initial Distribution; (iv) approving the Claims Administrator's determinations to reject the Disputed Claims; (v) authorizing payment of GCG's additional fees and expenses incurred and to be incurred in connection with the proposed Claims-in-Process Distribution; and (vi) approving reimbursement of additional Litigation Expenses relating to the D&O and UW Settlements incurred by Lead Counsel for which reimbursement was not previously sought. The Court having considered all the materials and arguments submitted in support of the motion, including the Declaration of Stephen J. Cirami in Support of

Lead Plaintiffs' Motion for Approval of Payment of Eligible Claims-in-Process, Late Adjusted Claims, and Late Submitted Claims (the "Cirami Declaration"), the Joint Declaration of David R. Stickney and David Kessler in Support of Reimbursement of Additional Litigation Expenses in Connection with the D&O and UW Settlements, and Lead Plaintiffs' Memorandum in Support of Motion for Approval of Payment of Eligible Claims-in-Process, Late Adjusted Claims, and Late Submitted Claims, submitted therewith;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in (a) the Cirami Declaration and (b) the Declaration of Stephen J. Cirami in Support of Lead Plaintiffs' Motion for Approval of Distribution Plan (ECF No. 495) (the "Initial Cirami Declaration"), and all terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in the Cirami Declaration or Initial Cirami Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Classes.

3. Lead Plaintiffs' Motion for Approval of Payment of Eligible Claims-in-Process, Late Adjusted Claims, and Late Submitted Claims [09 MD 2017 DI 1395 & 08 Civ. 5523 DI 565] is **GRANTED**. Accordingly,

   (a) The Court hereby adopts the administrative recommendations of the Court-approved Claims Administrator, The Garden City Group, Inc. ("GCG") to accept the eligible Claims-in-Process as set forth on Exhibit A-1 to the Cirami Declaration;

   (b) The Court hereby adopts GCG's administrative recommendations to accept the Late Adjusted Claims as set forth on Exhibit B to the Cirami Declaration and to accept the otherwise eligible Late Submitted Claims as set forth on Exhibit C-1 to the Cirami Declaration, and hereby modifies its Initial Distribution Order insofar as that

Order authorized (i) rejection of the Late Adjusted Claims or acceptance of the Late Adjusted Claims for Net Recognized Loss amounts less than those set forth on Exhibit B to the Cirami Declaration, and (ii) prohibited the acceptance or adjustment of Proofs of Claim after April 17, 2013;

(c) The Court hereby adopts GCG's administrative recommendations to reject the wholly ineligible or otherwise deficient claims, including the ineligible Claims-in-Process, the ineligible Late Submitted Claims, and the Disputed Claims, as set forth on Exhibits A-2, C-2, and D to the Cirami Declaration, respectively;

(d) The Court hereby directs GCG to conduct the Claims-in-Process Distribution in accordance with paragraph 3(d) of the Initial Distribution Order using funds from the D&O Reserve and UW Reserve to bring the eligible Claims-in-Process, Late Adjusted Claims, and Late Submitted Claims (listed on Exhibits A-1, B, and C-1 to the Cirami Declaration, respectively) into parity with the claims that were paid pursuant to the Initial Distribution Order;

(e) All Claimants who or which will receive payments pursuant to this Order shall be deemed Authorized Claimants;

(f) In order to encourage the Authorized Claimants who or which will receive payments pursuant to this Order to cash their distribution checks promptly and to avoid or reduce future expenses relating to uncashed distribution checks, all distribution checks with respect to the eligible Claims-in-Process, Late Adjusted Claims, and Late Submitted Claims shall bear the following notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]";

(g) Authorized Claimants who do not cash their distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlements, and the funds allocated to all such stale-dated checks will be available for re-distribution to other Authorized Claimants. Similarly, Authorized Claimants who do not cash subsequent distributions within the time allotted will irrevocably forfeit any further recovery from the Settlements;

(h) The Initial Distribution Order shall remain in effect and further distributions of the Net Settlement Funds shall be made in accordance with the Initial Distribution Order, except that the references to "April 17, 2013" in paragraphs 3(f)(2) and 3(g) of the Initial Distribution Order shall be amended to read "March 31, 2014";

(i) No further Proofs of Claim shall be accepted, and no further adjustments to Proofs of Claim shall be made for any reason, after March 31, 2014, subject to the exception set forth in paragraph 3(h) of the Initial Distribution Order; and

(j) The fees and expenses incurred and to be incurred by GCG as set forth in Exhibit E to the Cirami Declaration are approved; accordingly, Lead Counsel shall direct payment of $59,906.05 out of the Settlement Funds to GCG on a *pro rata* basis as follows: 17.43% from the D&O Reserve and 82.57% from the UW Reserve.

4. Lead Counsel are hereby awarded $15,193.61 in reimbursement of additional Litigation Expenses relating to the D&O and UW Settlements for which reimbursement was not previously sought, which expenses shall be paid out of the Settlement Funds on a *pro rata* basis as follows: 17.43% from the D&O Reserve and 82.57% from the UW Reserve.

5. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlements, and such other and further relief as this Court deems appropriate.

SO ORDERED:

Dated: New York, New York

_____June 5_____, 2014

_____
The Honorable Lewis A. Kaplan
United States District Judge

#786602