USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

LEHMAN BROTHERS SECURITIES AND
ERISA LITIGATION

This Document Applies to:

*In re Lehman Brothers Mortgage-Backed
Securities Litigation, No. 08-CV-6762*

09 MD 2017 (LAK)

ECF CASE

PRETRIAL ORDER No. 85

[~~PROPOSED~~] DISTRIBUTION ORDER

This matter comes before the Court on Lead Counsel's Application in Support of

an Order for Distribution of Class Settlement Fund, made pursuant to Paragraph 26 of the

Stipulation of Settlement (the "Stipulation") dated January 13, 2012, which requires Lead

Counsel to apply to the Court, for an order approving the Claims Administrator's administrative

determinations concerning the acceptance and rejection of claims submitted herein and

approving any fees and expenses of the Claims Administrator not previously applied for, and

directing payment of the Net Settlement Fund to Authorized Claimants.

NOW, THEREFORE, upon review of Lead Counsel's Application for an Order

forDistribution of Class Settlement Fund and the accompanying Affidavit of Katherine Lloyd of

Rust Consulting, Inc., the Claims Administrator, and upon all prior proceedings herein, and after

due deliberation, the Court hereby finds and orders as follows:

1. At least 30 (thirty) days have passed since the filing of Lead Counsel's Application for

an Order for Distribution of Class Settlement Fund, and no claimant has filed a response to such

Application.

2. The administrative determinations of the Claims Administrator accepting the claims as

indicated in Exhibits I and J to the Affidavit of Katherine Lloyd are approved, and said claims

are accepted.

3. The balance of the Settlement Fund and interest accrued thereon after deducting the payments and reserves previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the eligible claimants listed in Exhibits G and H to the Affidavit of Katherine Lloyd in proportion to the Recognized Claim allocated to each such eligible claimant.

4. The payments to be distributed to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 120 DAYS AFTER ISSUE DATE." Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and/or contact any eligible claimant who has not cashed his, her or its distribution within said time.

5. Rust Consulting Inc., shall be paid the sum of $375,710.68 currently outstanding, from the Settlement Fund and the interest accrued thereon for the balance of its fees and expenses incurred and to be incurred in connection with the services performed and to be performed in giving notice to the Class, processing the Proofs of Claim, and administering and distributing the Net Settlement Fund.   Lead Counsel shall be reimbursed the sum of $4,950.00 from the Settlement Fund for the fees and expenses of Hartzmark Economics Litigation Practice, LLC and Michael Hartzmark, Ph.D., incurred in connection with his services performed during this Settlement Administration.

6. If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: a) first to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but

otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, which were not previously authorized by the Court to be paid, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, and (b) second to pay any additional settlement administration fees and expenses, including those of Lead Counsel as may be approved by the Court. If, six months after the distribution any funds remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, Lead Counsel shall seek the Court's approval to redistribute the remaining balance to the Settlement Class or, if it is not effective or efficient to do so, to donate the remaining funds to a non-profit charitable organization ~~that Lead Counsel selects.~~ *approved by the Court.*

7. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the\ amount allocated to them pursuant to this Order.

8. The Claims Administrator is authorized to discard paper or hard copies of the Proofs of Claim and supporting documents not less than one year after the distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible claimants.

9. This Court retains jurisdiction over any further application or matter that may arise in connection with this Action.

10. No claim submitted after March 15, 2014 may be included in the initial distribution for any reason whatsoever.

SIGNED this _____ day of _____, 2014.

*4. The Clerk should terminate DI 1386 in 09 MD 2017 and DI 227 in 09 Civ. 6762.*

_____
Judge Lewis A. Kaplan
United States District Judge

**SO ORDERED**

_____
LEWIS A. KAPLAN, USDJ

4