# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA

June 17, 2014

**VIA HAND DELIVERY**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *In re Lehman Brothers Equity/Debt Securities Litigation*, 08-cv-5523 (LAK)

Dear Judge Kaplan:

We are Co-Lead Counsel for Plaintiffs and the Settlement Class in the settlement with Defendant Ernst & Young LLP ("EY") in the above-referenced action (the "EY Settlement"). We write in response to the Court's Pretrial Order No. 88, entered June 9, 2014 ("PTO 88," ECF No. 575). PTO 88 orders that, "[i]n light of *Eubank v. Pella Corporation, et al.*, Nos. 13-2091, 13-2133, 13-2136, 13-2162, 13-2202, 2014 WL 2444388 (7th Cir. June 2, 2014), lead counsel for plaintiffs and the settlement class shall provide to the Court by June 17, 2014 the amount the settlement class actually will receive, as distinguished from the amount the class is entitled to receive."

*First*, the Settlement Class is entitled to the entire $99 million cash Settlement Amount, plus income or interest earned thereon (the "Settlement Fund"). The amount that the Settlement Class actually will receive in distribution is the entire Settlement Fund, less any Court-awarded fees and reimbursed expenses. Lead Counsel has requested an award of $29.7 million in attorneys' fees, reimbursement of $4,279,706.87 in litigation expenses, and approval of claims administration costs (currently incurred administration costs total approximately $2.7 million), as well as minimal tax return preparation fees, taxes owed for interest earned on the Settlement Fund and escrow fees.

In addition to the foregoing amount, the class received more than $412 million from the settlements with the director and officer defendants and underwriter defendants. ECF Nos. 503, 574. In this case, the value of the EY Settlement is fixed and established at $99 million in cash. EY paid the Settlement Amount into an escrow account on December 18, 2013, for the benefit of the Settlement Class. As set forth in paragraph 11 of the Stipulation of Settlement and Release dated as of November 20, 2013 (ECF No. 535-1), the $99 million cash Settlement Amount is wholly unaffected by the number or amount of claims submitted, and no funds will be returned to Defendants.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Lewis A. Kaplan
June 17, 2014
Page 2

By contrast, the products liability settlement in *Eubank* was a "claims-made" settlement, and subject to certain warranty and coupon provisions. The value of the settlement depended on the number and value of claims actually submitted. In addition, portions of the estimated settlement value were based on valuing "coupons" and extended warranty provisions, the value of which were questionable. As recognized by the Seventh Circuit, the value of the consideration that would ultimately be received by the class could not be determined with any certainty. *Eubank*, 2014 WL 2444388, at *6.

***Second***, the claim forms in *Eubank* were lengthy and complex, making the value of the settlement less certain because relatively few class members submitted claims. *Id.* at *9. Because it was a claims-made settlement, the low claims rate ultimately reduced the defendants' cost of the settlement. Here, by contrast, the claim forms are straightforward, and Settlement Class Members are not required to complete and submit claim forms if they had already done so for prior settlements in this Action.

***Third***, in *Eubank* the settlement suffered from problems of adequate representation that do not exist here. *Id.* at *6-7. Class counsel was a relative of the lead class representative, and class counsel replaced four additional class representatives when those class representatives disagreed with the proposed settlement. Those defrocked class representatives objected to the settlement, ultimately resulting in the Seventh Circuit's opinion. By contrast, here, all five of the original Court-appointed Lead Plaintiffs, as well as the certified class representative, moved for approval of the EY Settlement. *See* ECF No. 548, at p. 4. Following notice and a hearing, the Court approved the EY Settlement. ECF No. 571.

***Finally***, the sole appeal has now been voluntarily withdrawn, and the period to appeal has expired so the Judgment is now final.

We hope this answers the Court's question but, if not, we will of course supplement this submission as the Court deems necessary.

Respectfully submitted,

Max W. Berger

cc: (via email)
    Miles Ruthberg, Esq.