```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/29/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re:

LEHMAN BROTHERS SECURITIES AND                           09 MD 2017 (LAK)
ERISA LITIGATION

This document applies to:

*Fifty-Ninth Street Investors LLC and*
*Arthur N. Abbey v. Fuld, et al.*, 11-cv-4278 (LAK)

*Avi Schron and Adina Schron, JTWROS v.*
*Fuld, et al.*, 11-cv-5112 (LAK)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PRETRIAL ORDER NO. 94**
(Plaintiff Arthur Abbey's Motion for Leave to File a Second Amended Complaint)

LEWIS A. KAPLAN, *District Judge.*

   Plaintiff Arthur N. Abbey ("Abbey") brought claims against Ernst & Young LLP ("EY") and former LBHI officers Richard Fuld and Christopher O'Meara under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act")[1] and for common law fraud.[2] On October 22, 2013, the Court dismissed all claims against the officer defendants for failure adequately to plead reliance and granted the plaintiffs leave to file a motion to amend the pleadings.[3] Although that memorandum opinion did not address the claims against EY, its reasoning arguably applied with equal force to EY, which had filed a separate motion to dismiss the claims against it for plaintiffs' failure adequately to plead reliance.[4]

   Currently before the Court is Abbey's motion for leave to file a second amended complaint.[5]

---

[1] 15 U.S.C. §§ 78j(b), 78t.

[2] Am. Compl. ¶ 1. Abbey filed suit alongside Fifty-Ninth Street Investors LLC. The action was consolidated by order of this Court with *Schron et al. v. Ernst & Young et al.*, No. 11-cv-5112 (LAK). The Court refers to Fifty-Ninth Street Investors, the *Schron* plaintiffs, and Abbey collectively as the "plaintiffs."

[3] *See* MDL Dkt. 1305; No. 11-cv-5112 (LAK), Dkt. 49; No. 11-cv-4278 (LAK), Dkt. 50).

[4] *See* MDL Dkt. 623; No. 11-cv-5112 (LAK), Dkt. 12; No. 11-cv-4278 (LAK), Dkt. 13).

[5] Abbey Mem. [MDL Dkt. 1317]. Abbey did not file his motion on the individual case docket (No. 11-cv-4278 (LAK)).

As the other plaintiffs have declined to pursue their claims and the officer defendants have settled the claims against them,[6] only Abbey's claims against EY remain. EY has not opposed Abbey's motion.

Rule 15 of the Federal Rules of Civil Procedure ("Rule 15") provides that courts "should freely give leave" to amend "when justice so requires," but "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."[7]

There is no good reason to deny Abbey's motion for leave to amend the pleadings. Although the Court granted the officer defendants' motion to dismiss the Exchange Act and state law claims on the grounds that plaintiff failed to "allege that [he] actually relied upon the alleged misrepresentations in purchasing the [w]arrants in order to state a claim,"[8] Abbey now seeks leave to plead that he "read and directly relied on [EY's] certification of LBHI's financials" in deciding to purchase the warrants.[9] EY's motion to dismiss for a failure to plead actual reliance therefore is moot.

Abbey's motion for leave to file the proposed second amended complaint attached to his motion is granted [MDL Dkt. 1317]. Because neither the *Schron* plaintiffs nor plaintiff Fifty-Ninth Street Investors moved to amend the pleadings, the Clerk shall close the *Schron* case (No. 11-cv-5112 (LAK)) and terminate this action as to plaintiff Fifty-Ninth Street Investors (No. 11-cv-4278 (LAK)). In light of Abbey's settlement with the officer defendants,[10] the Clerk shall terminate also defendants Fuld and O'Meara in this action (No. 11-cv-4278 (LAK)). EY's motion to dismiss the first amended complaint (MDL Dkt. 623; No. 11-cv-5112 (LAK), Dkt. 12; No. 11-cv-4278 (LAK), Dkt. 13) is dismissed as moot.

SO ORDERED.

Dated:   July 29, 2014

_____
Lewis A. Kaplan
United States District Judge

---

[6] *See* Abbey Mem. at 1 n.1 (noting that plaintiffs Fifty-Ninth Street Investors and Avi and Schron declined to seek leave to file a second-amended complaint); MDL Dkt. 1351, No. 11-cv-4278 (LAK), Dkt. 59 (letter informing Court of settlement of Abbey's claims against Richard Fuld and Christopher O'Meara).

[7] *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[8] *In re Lehman Bros. Sec. & ERISA Litig.*, Nos. 11-cv-5112 (LAK), 11-cv-4278 (LAK), 2013 WL 5730020, at *4 (S.D.N.Y. Oct. 22, 2013).

[9] MDL Dkt. 1317-1 (Proposed Second Amended Complaint) ¶ 62.

[10] MDL Dkt. 1351, No. 11-cv-4278 (LAK), Dkt. 59.