UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
In re                                                       :
                                                            :
LEHMAN BROTHERS SECURITIES AND                              :
ERISA LITIGATION                                            :   MASTER DOCKET
                                                            :   09 MD 2017 (LAK) ECF CASE
This Document Applies To:                                   :
                                                            :
*Zenith Ins. Co. v. Fuld et al.*, 09-CV-1238-LAK;           :
*The San Mateo County Inv. Pool v. Fuld et al.*,            :
09-CV-1239-LAK; *Mary A. Zeeb, Monterey County* :
*Treasurer, on Behalf of the Monterey County*               :
*Investment Pool v.Fuld, et al.*, 09-cv-01944-LAK;          :
*City of Auburn v. Fuld et al.*, 09-CV-03474-LAK;           :
*City of Burbank v. Fuld et al.*, 09-CV-3475-LAK;           :
*City of San Buenaventura v. Fuld et al.*,                  :
09-CV-03476-LAK; *Vallejo Sanitation and Flood*             :
*District Control  v. Fuld et al.*, 09-CV-06040-LAK; :
*Contra Costa Water District v. Fuld et al.*,               :
 09-CV-06652-LAK                                            :
                                                            :
*American National Insurance Co. v. Fuld et al.*,           :
09-CV-02363-LAK                                             :
                                                            :
*State of New Jersey, Dep't of Treasury,*                   :
*Div. of Inv. v. Fuld et al.*, 10-CV-5201-LAK               :
                                                            :
*Starr International USA Investments LC and*                :
*C.V. Starr & Co. v. Ernst & Young LLP*,                    :
11-CV-3745-LAK                                              :
                                                            :
*Retirement Housing Foundation, et al. v. Fuld, et al,*:
10-CV-06185-LAK                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**<u>PLAINTIFFS' OPPOSITION TO DEFENDANT ERNST & YOUNG'S
REQUEST FOR JUDICIAL NOTICE</u>**

I.

PRELIMINARY STATEMENT

Plaintiffs in the above-captioned cases hereby oppose Defendant Ernst & Young's ("EY") Request for Judicial Notice ("RJN")[1] in support of EY's Motions for Summary Judgment to the extent it seeks judicial notice for the purpose of asking the Court to consider the documents for the truth of the matter asserted.

EY's RJN requests that the Court take judicial notice of several newspaper articles and analyst reports not simply for the fact that these articles and analyst reports were published and available to the public, but also apparently for the purported "facts" contained therein. Under Federal Rule of Evidence 201, judicial notice is not an appropriate tool for this purpose and accordingly, EY's RJN should be denied in all instances where EY seeks to judicially notice the truth of the alleged facts contained in these documents.[2]  Specifically, Plaintiffs object to EY's improper use of Exhibits 7, 8, 16, 20, 35, 42, and 138.[3]

II.

ARGUMENT

A.  **A Court May Not Take Judicial Notice of the Truth of the Matters Asserted in Analyst Reports.**

Plaintiffs agree with the general proposition that a court may take judicial notice of published analyst reports to determine what the market knew or for the fact of their publication.

---

[1] Master Dkt. Nos. 1481 and 1488.

[2] Plaintiffs do not oppose the Court taking judicial notice of these documents for the fact that they were published and/or available to the public.

[3] All exhibits referenced herein were attached to the Declarations of Kevin McDonough (Master Dkt. No. 1485) and Daniel Brown (Master Dkt. No. 1489).

1

*In re Avon Prods.*, 2009 U.S. Dist. LEXIS 34564, 72, n.10 (S.D.N.Y. Feb. 23, 2009) ("'Judicial notice can be taken of . . . published analyst reports in determining what the market knew.' [citation]."). However, it is improper for a court to take judicial notice of the alleged facts contained in these analyst reports. *Staehr v. Hartford Fin. Servs. Group, Inc.*, 547 F.3d 406, 424-25 (2d Cir. 2008) (upholding the taking of judicial notice of media reports and regulatory filings for the fact of their publication but not for the truth of the matters asserted); *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1157-58 (C.D. Cal. 2007) (explaining that a court may take judicial notice of matter of public record but "[s]uch documents as analyst reports, however, may only be considered 'when they are submitted to establish whether and when certain information was provided to the market,' not the truth of the matters asserted in the reports"); *In re Century Aluminum Co. Secs. Litig.*, 2011 U.S. Dist. LEXIS 21406, 29 (N.D. Cal. Mar. 3, 2011) ("However, courts routinely take judicial notice of analyst reports, not in order to take notice of the truth of the matters asserted therein, but in order to determine what may or may not have been disclosed to the public.").

Here, EY improperly requests that the Court take judicial notice of several exhibits, including **Exhibit 7** (a report by the Buckingham Research Group), **Exhibit 8** (a report by Bernstein Research) and **Exhibit 16** (a report by Credit Suisse), for the truth of the matters asserted.[4] *See* EY's Statement of Material Facts ("EY SOF") at ¶¶ 12, 12 & 18, respectively (Master Dkt. Nos. 1482 & 1484). Accordingly, the Court should deny EY's RJN as to these exhibits.

---

[4] Plaintiffs additionally oppose all other "Analysts' and Other Publicly Available Reports and Testimony" listed in Category B of EY's Request for Judicial Notice to the extent they are being cited truth of the matter asserted.

## B. A Court May Not Take Judicial Notice of the Truth of the Matters Asserted in Newspaper and Journal Articles.

Similarly, while a court may take judicial notice of newspaper articles for the fact of their publication, newspaper and journal articles cannot be considered for the truth of the matters asserted. *See Condit v. Dunne*, 317 F. Supp. 2d 344, 358 (S.D.N.Y. 2004) ("The Court does not look to the substance of the articles to resolve any disputed issue on defendant's motion, but does consider the fact of the publication of these articles as evidence of the media frenzy, and thus takes judicial notice of the widespread publicity. . . ."); *HB v. Monroe Woodbury Cent. Sch. Dist.*, 2012 U.S. Dist. LEXIS 141252, 14 (S.D.N.Y. Sept. 27, 2012) ("[The Court] will take judicial notice of the internet and news articles for the fact of their publication, but not for the truth of the statements contained therein"). EY again asks that the Court take judicial notice of newspaper and journal articles – **Exhibit 20** (an article from the *Journal of Economic Perspectives*), **Exhibit 42** (a *New York Times* article) and **Exhibit 138** (a *New York Times* article) – for the truth of the matters asserted. *See* EY SOF ¶¶ 25, 41 & 141, respectively. Thus, the Court should deny EY's RJN as to these exhibits.

The Court should further deny EY's RJN for **Exhibit 35**, a purported timeline compiled by the Federal Reserve Bank of St. Louis of "Events and Policy Actions" relating to "the financial crisis" – apparently based on information reported in third party press releases (*e.g.* "BNP Paribas Press Release," "Citigroup Press Release"), in "SEC filing[s]" and in other unidentified sources – which EY attempts to use for the truth of the matters asserted. *See* EY SOF ¶ 34. While a court may take judicial notice of media reports, internet articles and press releases for the fact that they were published and available to the public, it is improper for a court to take judicial notice of these documents for the alleged facts contained therein.

3

## III.

## CONCLUSION

Defendant EY appears to request that the Court judicially notice every alleged fact contained in Exhibits 7, 8, 16, 20, 35, 42, and 138.  Because courts may not take judicial notice of the truth of the matters asserted in analyst reports, newspaper articles and journal articles, Plaintiffs respectfully request that the Court deny EY's RJN as to these specific documents to the extent that EY requests judicial notice of the truth of the matters asserted.

Dated:  September 19, 2014	Respectfully submitted,

/s/ Matthew K. Edling
**COTCHETT, PITRE & MCCARTHY, LLP**
Matthew K. Edling (medling@cpmlegal.com)
Bryan M. Payne (bpayne@cpmlegal.com)
840 Malcolm Road, Suite 200
Burlingame, California 94010
Tel: (650) 697-6000

*Counsel for Plaintiffs Vallejo Sanitation & Flood Control District, the Monterey County Investment Pool (through Mary Zeeb, Monterey County Treasurer), Contra Costa Water District, City of Burbank, City of San Buenaventura, City of Auburn, the San Mateo County Investment Pool, and Zenith Insurance Company*

/s/ John J. Calandra
**MCDERMOTT WILL & EMERY LLP**
John J. Calandra (jcalandra@mwe.com)
Banks Brown (bbrown@mwe.com)
Michael Huttenlocher (mhuttenlocher@mwe.com)
Audrey Lu (aulu@mwe.com)
Allison E. Fleischer (afleischer@mwe.com)
340 Madison Avenue
New York, NY 10173
Tel:  (212) 547-5400

Fax: (212) 547-5444

*Counsel for Plaintiffs Starr International USA Inv. LC and C.V. Starr & Co., Inc. Trust*

/s/ Merrill G. Davidoff
**BERGER & MONTAGUE, P.C.**
Merrill G. Davidoff (mdavidoff@bm.net)
Lawrence Lederer (llederer@bm.net)
Robin Switzenbaum (rswitzenbaum@bm.net)
Gary Cantor (gcantor@bm.net)
Jon Lambiras (jlambiras@bm.net)
1622 Locust St.
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax (215) 875-4604

*Counsel for Plaintiff The State of New Jersey, Department of Treasury, Division of Investment*

/s/ Andrew Mytelka
**GREER, HERZ & ADAMS, LLP**
Andrew Mytelka (amytelka@greerherz.com)
David LeBlanc (dleblanc@greerherz.com)
Jeanne Urbani Walser (jwalser@greerherz.com)
One Moody Plaza, 18th Floor
Galveston, Texas 77550
Tel: (409) 797-3200
Fax: (409) 766-6424

*Counsel for American National Insurance Company and its subsidiaries and The Moody Foundation*

/s/ Timothy D. Reuben
**REUBEN RAUCHER & BLUM**
Timothy D. Reuben, pro hac vice
Stephen L. Raucher, pro hac vice
(sraucher@rrbattorneys.com)
Ashley J. Brick, pro hac vice

5

(abrick@rrbattorneys.com)
10940 Wilshire Blvd., 18th Floor
Los Angeles, CA 90024
Tel: (310) 777-1990
Fax: (310) 777-1989

*Counsel for Plaintiffs Retirement Housing Foundation and Foundation Property Management, Inc.*